1  Laurence M. Rosen, Esq. (SBN 219683)
2  **THE ROSEN LAW FIRM, P.A.**
   355 South Grand Avenue, Suite 2450
3  Los Angeles, CA 90071
   Telephone: (213) 785-2610
4  Facsimile: (213) 226-4684
5  Email: lrosen@rosenlegal.com

6
7  [Proposed] Lead Counsel for Plaintiffs and Class

8              UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
9

| | | |
|---|---|---|
| 10 | AMRAM GALMI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | No.  2:16-cv-08259-TJH-AS |
| 11 | | |
| 12 | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ROBERT BROSNAN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** |
| 13 | Plaintiff, | |
| 14 | vs. | |
| 15 | | |
| 16 | TEVA PHARMACEUTICAL INDUSTRIES LIMITED, EREZ VIGODMAN, and EYAL DESHEH, | |
| 17 | | |
| 18 | Defendants. | |
| 19 | | CLASS ACTION |
| 20 | | JUDGE: Hon. Terry J. Hatter, Jr. |
| 21 | | Hearing Date: February 6, 2017
Time: UNDER SUBMISSION |
| 22 | | CTRM:  9B – 9th Floor (1st Street) |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |

28

1

Memorandum of Points and Authorities ISO Motion of Robert Brosnan To Consolidate Related Actions, For
Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 2:16-cv-08259-TJH-AS

| | |
|---|---|
| ANTHONY LEONE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, and KOBI ALTMAN,<br><br>Defendants. | No.  2:16-cv-09545-DSF-AFM<br><br>CLASS ACTION<br><br>JUDGE: Hon. Dale S. Fischer |

## MEMORANDUM OF POINTS AND AUTHORITIES

Robert Brosnan ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff in this action for all persons other than Defendants who purchased or otherwise acquired the securities of Teva Pharmaceutical Industries Limited ("Teva" or the "Company"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

Memorandum of Points and Authorities ISO Motion of Robert Brosnan To Consolidate Related Actions, For Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 2:16-cv-08259-TJH-AS

## I.     PERTINENT BACKGROUND

On November 6, 2016, this action was commenced against the Company and certain of its officers, and directors, for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder.[1] That same day, The Rosen Law Firm, P.A. issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff.  A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The above-captioned related action styled as *Leone v. Teva Pharmaceutical Industries Limited et al,* Docket No. 2:16-cv-09545 (C.D. Cal. Dec 27, 2016), was subsequently filed with this Court against Defendants asserting the same facts and claims as the instant action.[2]

The Complaints allege that Defendants made false and/or misleading statements and/or failed to disclose that: (1) Teva was engaging and/or had engaged in conduct that would result in an antitrust investigation by the U.S. Department of Justice ("DOJ") and the State of Connecticut Office of the Attorney General; (2) the DOJ investigation and the underlying conduct could cause U.S. prosecutors to file criminal charges against Teva by the end of 2016 for suspected price collusion; (3) in turn, Teva lacked effective internal controls over financial reporting; and (4) as a result, Teva's public statements were materially

[1] This action was filed on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the American Depositary Shares ("ADSs") of Teva between February 10, 2015 and November 3, 2016, both dates inclusive.

[2] This action was filed on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired the ADSs of Teva between February 10, 2014 and November 3, 2016, both dates inclusive.

Memorandum of Points and Authorities ISO Motion of Robert Brosnan To Consolidate Related Actions, For Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 2:16-cv-08259-TJH-AS

1
2
false and misleading at all relevant times. The lawsuits claim that when the true facts entered the market, the value of Teva shares fell, damaging investors.

3
## ARGUMENT

4
## II.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

5
6
7
8
9
10
11
12
Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.  Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

13
14
15
16
17
The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii).  As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

18
19
20
21
22
23
Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

24
## III.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

25
26
27
28
The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i)

4

1

2

90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

3

4

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

5

6

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

7

8

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

9

10

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

11

12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

13

14

15

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

16

**A. Movant Is Willing to Serve as Class Representative**

17

18

19

20

21

22

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as the representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

23

**B. Movant Has the Largest Financial Interest in the Action**

24

25

26

27

28

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's

5

1
2
approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

3
4
5
6
7
Movant lost $2,303,773.01[3] on his purchases of Teva securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant in this action that has suffered greater losses in Teva securities. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

8
9
### C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

10
11
12
13
14
15
The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

16
17
(1) the class is so numerous that joinder of all members is impracticable,

18
(2) there are questions of law or fact common to the class,

19
20
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

21
22
(4) the representative parties will fairly and adequately protect the interests of the class.

23
Fed. R. Civ. P. 23(a).

24

25
26
27
28
---
[3] For held shares Movant used $37.64/share, the average trading price between November 3, 2016 and January 4, 2017. *See, In re MicroStrategy, Inc. Sec. Litig.,* 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period at the lead plaintiff stage for held shares); 15 U.S.C. §78u-4(e)(1).

6

1
2
3
4
5
6
7
8

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

9
10
11
12
13
14
15
16
17

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about Teva and its business. Movant, like all members of the class, purchased Company securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

18
19
20

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

21
22

**D.      Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

23
24

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

25
26
27

(aa)   will not fairly and adequately protect the interest of the class; or

28

1
2

           (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

4
5
6
7
8

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

9

## IV.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

10
11
12
13

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

14
15
16
17
18
19
20

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and has obtained substantial recoveries on behalf of investors. *See* Firm Resume, Rosen Decl., Ex. 4.

21
22
23
24
25

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

26
27

## V.    CONCLUSION

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   January 5, 2017

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

Memorandum of Points and Authorities ISO Motion of Robert Brosnan To Consolidate Related Actions, For Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 2:16-cv-08259-TJH-AS

1

2

## CERTIFICATE OF SERVICE

3

4

5

6

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

7

8

9

10

11

12

On January 5, 2017, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ROBERT BROSNAN TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

13

Executed on January 5, 2017.

14

15

16

17

18

/s/ Laurence Rosen
Laurence M. Rosen

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities ISO Motion of Robert Brosnan To Consolidate Related Actions, For Appointment as Lead Plaintiff and Approval of Choice of Counsel – No. 2:16-cv-08259-TJH-AS