JENNIFER PAFITI
**POMERANTZ LLP**
468 NORTH CAMDEN DRIVE
BEVERLY HILLS, CA 90210
TELEPHONE: (818) 532-6499

STEVEN J. TOLL (*pro hac vice forthcoming*)
DANIEL S SOMMERS (*pro hac vice forthcoming*)
JULIE G. REISER (*pro hac vice forthcoming*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 NEW YORK AVE, N.W., SUITE 500
WASHINGTON, DC 20005
TELEPHONE: (202) 408-4600

CAROL V. GILDEN (*pro hac vice forthcoming*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
190 S. LASALLE STREET, STE 1705
CHICAGO, IL 60603
TELEPHONE: (312) 357-0370
*Proposed Co-Lead Counsel for Movant*
[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRAM GALMI, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICAL INDUSTRIES LIMITED, EREZ VIGODMAN, and EYAL DESHEH <br><br> Defendants. | Case:  2:16-cv-08259-TJH-AS <br><br> DATE: February 6, 2017 <br> TIME: UNDER SUBMISSION <br> CTRM: 9B <br> JUDGE: Hon. Terry J. Hatter |

*(Additional caption on next page)*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE OREGON PUBLIC EMPLOYEES RETIREMENT SYSTEM, THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO AND DAN KLEINERMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- i -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANTHONY LEONE, Individually and on behalf of all others similarly situated,

     Plaintiff,

     v.

TEVA PHARMACEUTICAL INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, and KOBI ALTMAN

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:16-cv-09545-DSF-AFM

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- ii -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.      INTRODUCTION ......................................................................................... 1

II.     BACKGROUND ........................................................................................ 3

III.    ARGUMENT ............................................................................................ 5

        A.      The Related Actions Should Be Consolidated .................................... 5

        B.      The Teva Investor Group Should Be Appointed As Lead Plaintiff ..... 6

                1.      Movant Satisfies the Procedural Requirements for Appointment
                        as Lead Plaintiff ........................................................................ 7

        C.      The Teva Investor Group Has the Largest Financial Interest in the
                Relief Sought By the Class ................................................................ 8

        D.      The Teva Investor Group is a Proper Group Under the PSLRA .......... 9

        E.      The Teva Investor Group Otherwise Satisfies the Adequacy and
                Typicality Requirements of Rule 23 ................................................ 12

        F.      The Court Should Approve the Teva Investor Group's Choice of
                Counsel ............................................................................................ 14

V.      CONCLUSION ......................................................................................... 15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR
GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- i -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co.*, No. 2:12-cv-00042-BLW,
   2012 U.S. Dist. LEXIS 97187 (D. Idaho July 12, 2012) ................................... 10

*City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW,
   2009 U.S. Dist. LEXIS 105466 (N.D. Cal. Oct. 26, 2009) ................................. 9

*Cook v. Atossa Genetics, Inc.*, No. C13-1836-RSM,
   2014 U.S. Dist. LEXIS 19218 (W.D. Wash. Feb. 14, 2014) ............................. 10

*Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI,
   2014 U.S. Dist. LEXIS 140766 (D. Or. Oct. 3, 2014) ........................................ 5

*Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP,
   2008 U.S. Dist. LEXIS 64633 (N.D. Cal. Aug. 22, 2008) ........................... 5, 10

*Evellard v. LendingClub Corp.*, No. C 16-2627 WHA,
   2016 U.S. Dist. LEXIS 107873 (N.D. Cal. Aug. 15, 2016) ................................ 6

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ...................................................................... 10

*Feyko v. Yuhe Int'l, Inc.*, No. CV 11-05511 DDP,
   2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012) .................................. 13

*Frias v. Dendreon Corp.*,
   835 F. Supp. 2d 1067 (W.D. Wash. 2011) .......................................................... 9

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) .......................................................................... 13

*Hargett v. Valley Fed. Sav. Bank*,
   60 F.3d 754 (11th Cir. 1995) .............................................................................. 6

*In re Advanced Tissue Sciences Sec. Litig.*,
   184 F.R.D. 346 (S.D. Cal. 1998) ........................................................................ 9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR
GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- ii -

*In re Ariad Pharm., Inc. Sec. Litig.*,
  98 F.Supp.3d 147 (D. Mass. 2015) .................................................................. 10

*In re Catalina Mktg. Corp. Sec. Litig.*,
  225 F.R.D. 684 (M.D. Fla. 2003) ..................................................................... 11

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ......................................................................*passim*

*In re Cohen*,
  586 F.3d 703 (9th Cir. 2009) ........................................................................... 14

*In re Countrywide Fin. Corp. Sec. Litig.*,
  273 F.R.D. 586 (C.D. Cal. 2009) ....................................................................... 9

*In re CTI BioPharma Corp. Sec. Litig.*, No. C16--216RSL,
  2016 U.S. Dist. LEXIS 119301 (W.D. Wash. Sept. 2, 2016) ............................. 9

*In re Emulex Corp. Sec. Litig.*,
  210 F.R.D. 717 (C.D. Cal. 2002) ..................................................................... 13

*In re Gilat Satellite Networks, Ltd.*,
  No. 02-cv-1510 (CPS)(SMG), 2007 U.S. Dist. LEXIS 68964
  (E.D.N.Y. Sept. 18, 2007) ............................................................................... 15

*In re Host America Corp. Sec. Litig.*,
  236 F.R.D. 102 (D. Conn. 2006) ...................................................................... 10

*In re MGM Mirage Sec. Litig.*, No. 2:09-cv-01558-GMN-LRL,
  2010 U.S. Dist. LEXIS 120061 (D. Nev. Oct. 25, 2010) .................................. 10

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
  877 F.2d 777 (9th Cir. 1989) ............................................................................. 5

*Janovici v. DVI, Inc.*, No. 2:03-CV-04795-LD,
  2003 WL 22849604 (E.D. Pa. Nov. 25, 2003) .................................................. 11

*Johnson v. Pozen Inc.*, No. 1:07-CV-599,
  2008 WL 474334 (M.D.N.C. Feb. 15, 2008) .................................................... 11

*Karam v. Corinthian Colleges, Inc.*, No. CV 10-6523-GHK,
  2011 U.S. Dist. LEXIS 157041 (C.D. Cal. Mar. 30, 2011) ................................ 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR
GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- iii -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*McCracken v. Edwards Lifesciences Corp.*, No. 8:13-cv-1463-JLS,
　　2014 U.S. Dist. LEXIS 2147 (C.D. Cal. Jan. 8, 2014) ..........................................6

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-cv-5368-LHK,
　　2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014) .................................5

*Miller v. U.S. Postal Serv.*,
　　729 F.2d 1033 (5th Cir. 1984) ......................................................................6

*Olsen v. N.Y. Cmty. Bancorp, Inc.*,
　　233 F.R.D. 101 (E.D.N.Y. 2005) ................................................................11

*Perrin v. Southwest Water Co.*, 2:08-cv-87844-FMC,
　　2009 U.S. Dist. LEXIS 134154 (C.D. Cal. Feb. 12, 2009) .............................10

*Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP,
　　2010 U.S. Dist. LEXIS 93614 (W.D. Wash. Aug. 2, 2010) ............................12

*Schonfield v. Dendreon Corp.*, No. C07-800MJP,
　　2007 U.S. Dist. LEXIS 76816 (W.D. Wash. 2007) .......................................12

*Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx),
　　2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 2, 2006) ...................................9

*Schueneman v. Arena Pharm., Inc.*, No. 10cv1959 BTM(BLM),
　　2011 U.S. Dist. LEXIS 87373 (S.D. Cal. Aug. 8, 2011) ..................................6

*Steiner v. Aurora Foods, Inc.*, No. C 00-602 CW,
　　2000 U.S. Dist. LEXIS 20341 ........................................................................8

*Takara Trust v. Molex Inc.*,
　　229 F.R.D. 577 (N.D. Ill. 2005) ....................................................................11

*Woburn Ret. Sys. v. Omnivision Techs., Inc.*, No. 5:11-cv-05235-RMW,
　　2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) ...............................10

*Yanek v. Staar Surgical Co.*, No. CV 04-8007 SJO,
　　2004 U.S. Dist. LEXIS 30953 (C.D. Cal. Dec. 21, 2004) ................................9

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................2, 7, 8, 14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR
GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- iv -

Private Securities Litigation Reform Act of 1995 .............................................*passim*

Section 21D of the Securities Act................................................................................ 7

Securities Exchange Act of 1934 Section 27(a)(3)(B) ............................................ 1

## <u>Rules</u>

Federal Rules of Civil Procedure Rule 23(a) ...................................................*passim*

Federal Rule of Civil Procedure 42(a)................................................................. 5, 6

Rule 10b-5 ................................................................................................................ 2

## <u>Other Authorities</u>

"The Private Securities Litigation Reform Act of 1995,"
    141 Cong. Rec. H13691 (daily ed. Nov. 28, 1995)............................................ 14

H.R. Conf. Rep. No. 104-369 (1995),
    reprinted in 1995 U.S.C.C.A.N. 730 ................................................................... 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR
GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- v -

## I.    INTRODUCTION

Oregon Public Employees Retirement System ("Oregon PERS"), the Public School Teachers' Pension and Retirement Fund of Chicago ("Chicago Teachers") and Dan Kleinerman ("Kleinerman" together with Oregon PERS and Chicago Teachers, the "Teva Investor Group" or "Movant"), respectfully submit this memorandum of points and authorities in support of their motion pursuant to Section 27(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (i) consolidating the above-captioned related actions (ii) appointing the Teva Investor Group as Lead Plaintiff on behalf of itself and all others similarly situated who purchased Teva Pharmaceutical Industries Ltd. ("Teva") American Depository Shares ("ADSs") between February 10, 2014 and November 3, 2016, inclusive (the "Class Period")[1]; and (iii) approving its choice of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel.

The above-captioned related actions (the "Related Actions") have been filed against Teva, Erez Vigodman ("Vigodman"), its President and Chief Executive Officer ("CEO") during the Class Period, Eyal Desheh ("Desheh"), and its Chief Financial Officer ("CFO") and Group Executive Officer since July 2008 and 2012, respectively.[2]    The Related Actions assert claims for violations of the federal

---

[1] The longest Class Period is asserted in *Leone v. Teva Pharmaceuticals Indus. Ltd., et al.*, No. 16-cv-09545-DSF-AFM, Dkt. No. 1 (C.D. Cal filed Dec. 27, 2016) (the "*Leone* Action"). *Amram Galmi v. Teva Pharm. Indus. Ltd., et al.*, No. 16-cv-08259-TJH-AS, Dkt. No. 1 (C.D. Cal filed Nov. 6, 2016) (the "*Galmi* Action") begins the class period on February 10, 2015.

[2] In addition to Vigodman and Desheh, the *Leone* Action also names Kobi Altman ("Altman"), Teva's acting CFO from October 21, 2013 to February 11, 2014 is listed

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 1 -

securities laws predicated on Defendants' misrepresentations and failure to disclose the truth regarding the Company's involvement in a long-running price-fixing scheme and related antitrust violations.

Movant's motion should be granted.  As shown below, the Teva Investor Group's motion is timely as it is filed within sixty (60) days of the first published notice of this class action litigation brought on behalf of the ADS holders of the Company under §§ 10(b) and 20(a) of the Exchange Act, and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Defendants.   The Teva Investor Group suffered losses of approximately $47,843,638.24 during the Class Period as a result of Defendants' misleading conduct. Movant is unaware at this time of any other movant with a greater loss. Thus, Movant is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) because it is the "group of persons" that has the largest financial interest of any Lead Plaintiff movant in the relief sought by the proposed class and otherwise meets the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

In addition, the members of the Teva Investor Group are precisely the type of sophisticated investors whose participation in securities class actions the PSLRA intended to foster.  Representatives of each member of the Teva Investor Group have submitted a Joint Declaration, attached as Exhibit H the Declaration of Jennifer Pafiti in support of the present motion ("Pafiti Decl."), attesting to the group's efforts to work cohesively and efficiently in overseeing this litigation.

Finally, Movant's selection of Cohen Milstein and Pomerantz as Co-Lead Counsel should be approved, as both firms have substantial experience prosecuting securities class action litigation.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

---

as a defendant.  He is not listed as a defendant in the complaint filed in the *Galmi* Action.

## II.   BACKGROUND

Teva is a generic equivalent drug manufacturer based in Israel that trades its ADSs on the New York Stock Exchange ("NYSE").  On February 10, 2014, Teva filed a form 20-F with the SEC for the year ended December 31, 2013. The 2013 20-F included the Company's financial results and stated:

> We believe that our primary competitive advantages are our ability to continually introduce new and complex generic equivalents for brand-name drug products on a timely basis, our quality and cost-effective production, our customer service and the breadth of our product line. We believe we have a focused and competitive pricing strategy.

Both Desheh and Altman signed Sarbanes-Oxley Act ("SOX") Certifications attesting to the accuracy of the financial reporting of the 2013 Form 20-F and the disclosure of all fraud.  Each of Teva's 20-F's filed during the Class Period included the same misstatement and was accompanied by SOX Certifications signed by the Defendants.  Teva's 20-F filings also discussed the Company's strategy in the United States market in detail but made no mention that its purported competitive advantage or growth strategy was the result of collusion with its competitors to manipulate drug prices.

Throughout the Class Period, Teva also filed its quarterly reports with the SEC on Form 6-K in which Teva included the Company's quarterly financial results. Each of the quarterly reports touted Teva's U.S. generic medicine revenues.

However, Teva's statements throughout the Class Period were materially false and misleading because they misrepresented and failed to disclose that (i) Teva and several of its pharmaceutical industry peers colluded to fix generic drug prices; (ii) the foregoing conduct constituted a violation of federal antitrust laws; (iii) consequently, Teva's revenues during the Class Period were, in part, the result of illegal conduct; (iv) Teva lacked effective internal controls over its financial

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 3 -

reporting to prevent such price fixing; and (v) as a result, Teva's public statements were materially false and misleading.

The truth began to be revealed to Teva's public ADS holders on August 4, 2016 when the Company filed a Form 6-K with the SEC, signed by Desheh, in which the Company disclosed that its US subsidiary had received a subpoena from the Antitrust Division of the U.S. Department of Justice relating to the marketing and pricing of certain of Teva USA's generic products and communications with competitors about those products. The Company also disclosed in the August 2016 Form 6-K that Teva USA had received a subpoena from the Connecticut Attorney General seeking similar documents. On this news, Teva's ADS price fell by $1.24 per share from its previous closing price, to close at $54.21 on August 5, 2016.

Then, on November 3, 2016, Bloomberg published an article titled "U.S. Charges in Generic-Drug Probe to Be Filed by Year End" which discussed the DOJ's two-year investigation of suspected price collusion by several pharmaceutical companies, including Teva, and indicated that criminal charges were imminent. On this news, Teva's ADSs fell $4.13 per share, or over 9.5%, from its previous closing price to close at $39.20 per share on November 3, 2016.

Since then, three actions asserting claims under the Exchange Act have been filed. On November 6, 2016, plaintiff Amram Galmi filed the *Galmi* Action in this Court asserting a class period of February 10, 2015 through November 3, 2016. Then, on November 10, 2016, plaintiff Gabby Klein filed an action against Teva, Vigodman, Desheh and Altman in the United States District Court for the Southern District of New York. *See Klein v. Teva Pharm. Indus. Ltd.*, et al., No. 16-cv-08747

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 4 -

(S.D.N.Y. filed Nov. 10, 2016) (the *Klein* Action").[3]   Finally, on December 27, 2016, plaintiff Anthony Leone filed the *Leone* Action extending the start of the class period asserted in the *Galmi* Action to February 10, 2014.[4]   Both the *Galmi* Action and the *Leone* Action assert the same claims on behalf of purchasers of Teva ADSs.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Under Federal Rule of Civil Procedure 42(a), the district court may consolidate actions where the actions involve a "common question of law or fact."   The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).   Class action shareholder suits are "particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved." *Miami Police Relief & Pension Fund v. Fusion-io, Inc*., No. 13-cv-5368-LHK, 2014 U.S. Dist. LEXIS 80141, at *14 (N.D. Cal. June 10, 2014).

---

[3] On December 21, 2016, the *Klein* Action was voluntarily dismissed.   As a result, only the *Galmi* and *Leone* Actions remain pending.   The *Klein* Action had asserted the same Class Period as the *Leone* Action.

[4] Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class. *Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 U.S. Dist. LEXIS 140766, at *30-31 (D. Or. Oct. 3, 2014). *See also Eichenholtz v. Verifone Holdings, Inc*., No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *6 (N.D. Cal. Aug. 22, 2008) (Courts are "wary of arguments advocating a shorter class period instead of the longest potential class period" because it "would have the effect of reducing the class size and limiting the potential amount of damages").

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 5 -

The Related Actions present identical factual and legal issues and allege identical violations of the federal securities laws. They involve substantially the same parties, nearly all the same defendants, and arise from the same underlying facts and circumstances and allege similar class periods. "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." *Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (quoting *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)). *See also Evellard v. LendingClub Corp.*, No. C 16-2627 WHA, 2016 U.S. Dist. LEXIS 107873 (N.D. Cal. Aug. 15, 2016); *McCracken v. Edwards Lifesciences Corp.*, No. 8:13-cv-1463-JLS, 2014 U.S. Dist. LEXIS 2147, at *7 (C.D. Cal. Jan. 8, 2014); *Schueneman v. Arena Pharm., Inc.*, No. 10cv1959 BTM(BLM), 2011 U.S. Dist. LEXIS 87373, at *8-9 (S.D. Cal. Aug. 8, 2011).

Because these actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others. Consolidation of the Related Actions is thus appropriate as common questions of law and fact predominate in these actions. Fed. R. Civ. P. 42(a). Thus, consolidation is appropriate here. Accordingly, the motion to consolidate the Related Actions should be granted.

### B.   The Teva Investor Group Should Be Appointed As Lead Plaintiff

As discussed below, the Teva Investor Group satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as Lead Plaintiff. Additionally, Movant seeks appointment of Cohen Milstein and Pomerantz as Co-Lead Counsel for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 6 -

### 1. Movant Satisfies the Procedural Requirements for Appointment as Lead Plaintiff

Section 21D of the Securities Act, 15 U.S.C. § 78u-4, establishes a "simple three-step" process for identifying the most adequate lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); 15 U.S.C. § 78u-4(a)(1). "The first step consists of publicizing the pendency of the action." *In re Cavanaugh*, 306 F.3d at 729. The plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on November 6, 2016. *See* Pafiti Decl., Ex. A.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed, expires on January 5, 2017. Movant has moved within the statutory 60-day time period. The motion contains the required certifications setting forth, *inter alia*, Movant's transactions in Teva ADS during the Class Period, and indicating that each member of the Teva Investor Group has reviewed the complaints in the Related Actions and is willing to serve as a representative party on behalf of the Class. *See* Pafiti Decl., Exs. B-D. The Teva Investor Group is made up of Oregon PERS and Chicago Teachers, two sophisticated institutional investors that manage more than $68 billion and $10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 7 -

billion in assets, respectively and Mr. Kleinerman, an experienced and sophisticated businessman and investor. *See* Pafiti Decl., Ex. H.  Furthermore, the certifications submitted by the Teva Investor Group are each signed by the members of the Teva Investor Group or, in the case of Oregon PERS and Chicago Teachers, their representatives who have the authority to enter into litigation on their behalf. *See* Pafiti Decl., Ex. B (Certification of Oregon PERS signed by Brian de Haan, Assistant Attorney General in the Oregon Department of Justice's Financial Fraud and Consumer Protection Section); Ex. C (Certification of Chicago Teachers signed by Charles A. Burbridge, Chicago Teacher's Executive Director); Ex. D (Certification of Kleinerman).

In addition, Movant has selected and retained competent and experienced co-counsel, as set forth in counsels' resumes. *See* Cohen Milstein resume at Pafiti Decl., Ex. I and Pomerantz resume, at Pafiti Decl., Ex. J. As demonstrated in their resumes, Cohen Milstein and Pomerantz have developed excellent reputations for successfully prosecuting federal securities law claims.

## C.   The Teva Investor Group Has the Largest Financial Interest in the Relief Sought By the Class

In the second step under *Cavanaugh*, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff" - and hence the presumptive lead plaintiff - the "person or "group of persons" who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  *See Cavanaugh*, 306 F.3d at 730 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

"Most courts have concluded that the PSLRA authorizes plaintiffs to aggregate their interests for purposes of lead plaintiff determination."  *Steiner v. Aurora Foods, Inc.*, *No.* C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *12 (citing *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 350 n.11 (S.D. Cal.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 8 -

1998) (collecting cases)).  *See In re CTI BioPharma Corp. Sec. Litig.*, No. C16--216RSL, 2016 U.S. Dist. LEXIS 119301 (W.D. Wash. Sept. 2, 2016) (aggregating losses of two lead plaintiff movants); *City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*, No. C 09-03362 CW, 2009 U.S. Dist. LEXIS 105466, at *8-9 (N.D. Cal. Oct. 26, 2009) (aggregating losses of individual and institutional movant). *See also Karam v. Corinthian Colleges, Inc.*, No. CV 10-6523-GHK (RCx), 2011 U.S. Dist. LEXIS 157041, at *2-3 (C.D. Cal. Mar. 30, 2011); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *19-30 (C.D. Cal. May 2, 2006); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 590 n.5 (C.D. Cal. 2009); *Yanek v. Staar Surgical Co.*, No. CV 04-8007 SJO (CWx), 2004 U.S. Dist. LEXIS 30953 (C.D. Cal. Dec. 21, 2004).

Indeed, the Teva Investor Group is ideally qualified for appointment as it has the largest financial interest in the litigation.  During the Class Period, the Teva Investor Group purchased or otherwise acquired 8,721,133 ADSs of Teva on the New York Stock Exchange resulting in combined losses of approximately $47,843,638.24. *See* Pafiti Decl., Ex. E, F, G (calculated loss charts for the members of the Teva Investor Group).  At this time, the Teva Investor Group believes it has the largest financial interest in the relief sought by the Class.  *See Karam*, 2011 U.S. Dist. LEXIS 157041, at *2.[5]

**D.**     **The Teva Investor Group is a Proper Group Under the PSLRA**

"[T]here is no question that a group of investors can serve as lead plaintiff." *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1072 (W.D. Wash. 2011) (internal quotations omitted). As a result, courts throughout the country, particularly those in this Circuit, have routinely recognized the propriety of appointing such groups when they have shown that they are cohesive and capable of overseeing counsel and the

---

[5] Mr. Kleinerman's Class Period trades include a few trades that occurred in after-hours trading.  The transaction prices of those trades fall within the high and low prices for trading during those times.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 9 -

litigation.  *Cook v. Atossa Genetics, Inc*., No. C13-1836-RSM, 2014 U.S. Dist. LEXIS 19218 (W.D. Wash. Feb. 14, 2014) (appointing group of 3 individual investors); *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061, at *13-14 (D. Nev. Oct. 25, 2010) (appointing group of three institutional investors); *Woburn Ret. Sys. v. Omnivision Techs., Inc*., No. 5:11-cv-05235-RMW, 2012 U.S. Dist. LEXIS 21590 (N.D. Cal. Feb. 21, 2012) (appointing group of three institutional investors); *Bricklayers of W. Pa. Pension Plan v. Hecla Mining Co*., No. 2:12-cv-00042-BLW, 2012 U.S. Dist. LEXIS 97187 (D. Idaho July 12, 2012) (appointing group of two institutional investors); *Perrin v. Southwest Water Co.*, 2:08-cv-87844-FMC, 2009 U.S. Dist. LEXIS 134154 (C.D. Cal. Feb. 12, 2009) (appointing group of four individuals as lead plaintiff); *Eichenholtz*, 2008 U.S. Dist. LEXIS 64633, at *25 ("A pre-existing relationship between entities that comprise a group is not required if the resulting group is small and cohesive enough such that it can adequately control and oversee the litigation."); *Ferrari v. Gisch*, 225 F.R.D. 599, 608 (C.D. Cal. 2004) ("Since the statute expressly authorizes the appointment of a "group" of persons to serve as Lead Plaintiffs, the key question is whether the proposed plaintiff group can effectively manage the litigation and direct lead counsel.")

Courts throughout the country have also consistently recognized that such small coordinated groups of institutional and individual investors provide substantial benefits to the Class and will help ensure that a broad range of shareholder interests are represented. *See In re Ariad Pharm., Inc. Sec. Litig*., 98 F.Supp.3d 147 (D. Mass. 2015) (appointing lead plaintiff group of three institutional investors and 2 individual investors); *In re Host America Corp. Sec. Litig*., 236 F.R.D. 102, 106 (D. Conn. 2006) (appointing Lead Plaintiff group comprised of one institutional investor and two individual investors and finding that such a group provides "diversity of representation reflective of the makeup of the class as a whole"); *In re Inso Corp*.,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 10 -

No. 99-cv-10193-WGY, ECF No. 17 (D. Mass. Apr. 28, 1999) (appointing four institutional investors and one individual investor); *Johnson v. Pozen Inc.*, No. 1:07-CV-599, 2008 WL 474334, at \*2 (M.D.N.C. Feb. 15, 2008) (appointing institutional investor and individual investor as Lead Plaintiff) (collecting cases); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 578 (N.D. Ill. 2005) (appointing institutional investor and two individual investors).[6]

Further, the fact that the Teva Investor Group includes two institutional investors further counsels in favor of the group's appointment because Congress' express goal in passing the PSRLA was to increase the role of institutional investors in securities class action litigation. See H.R. Conf. Rep. No. 104-369, at \*34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Cavanaugh*, 306 F.3d at 731 (PSLRA intended "encourage the involvement of institutional investors in securities class actions.").

The Teva Investor Group has also submitted a Joint Declaration which includes a description of each of its members, an explanation of how the group was formed, how the Teva Investor Group would function collectively, and the mechanism by which the group's members will communicate.  *See* Pafiti Decl., Ex. H.; *Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 U.S. Dist. LEXIS 93614 (W.D. Wash. Aug. 2, 2010) (appointing group of three lead plaintiff movants

---

[6] *See also Olsen v. N.Y. Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 103-104 (E.D.N.Y. 2005) (appointing institutional investor and individual investor as Lead Plaintiff); *In re Catalina Mktg. Corp. Sec. Litig.*, 225 F.R.D. 684, 687 (M.D. Fla. 2003) (appointing institutional investor and individual investor as Lead Plaintiff); *Janovici v. DVI, Inc.*, No. 2:03-CV-04795-LD, 2003 WL 22849604, at \*14 (E.D. Pa. Nov. 25, 2003) (appointing two institutional investors and one individual investor as Lead Plaintiff).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 11 -

that submitted joint declaration detailing how the group would function and communicate). *See also Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 U.S. Dist. LEXIS 76816, at *6-7 (W.D. Wash. 2007) (suggesting requirement that movant group submit joint declaration).  The members of the Teva Investor Group form a small and cohesive group of sophisticated investors willing to work together here to serve as class representatives, and they will ensure the action is prosecuted in an efficient and cost-effective manner by consulting with one another on a regular basis and prior to major litigation events as necessary.  Pafiti Decl, Ex. H.  The Teva Investor Group plans to utilize consensus decision-making and has asked counsel to keep it abreast of all developments in the action.  *Id*.  The members of this group are sophisticated investors who understand their obligations as lead plaintiff and who intend to actively supervise their lawyers and direct the course of the litigation.  *Id*. In fact, prior to filing this motion, the members of the Teva Investor Group met telephonically to discuss their shared objectives, and the processes for managing the litigation cohesively and efficiently.  *Id*.  The members of the Teva Investor Group believe that by pooling their significant experience and resources they will be able to maximize the Class' potential recovery though this action.  *Id*.

### E.    The Teva Investor Group Otherwise Satisfies the Adequacy and Typicality Requirements of Rule 23

Once the district court identifies the movant with the largest financial interest, the district court "must then focus its attention on ***that*** plaintiff and determine, based on the information provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730 (emphasis in original).

Under Rule 23(a)(3), the "typicality" requirement is satisfied where the claims of the proposed class representative arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 12 -

legal theory, and where the class members and proposed class representatives were injured by the same conduct.  *See Feyko v. Yuhe Int'l, Inc*., No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *6-7 (C.D. Cal. Mar. 2, 2012).  Typicality is not an exacting test.  *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998).  In this action, the Teva Investor Group's claims are typical of those claims belonging to all class members.  Like all class members, Movant purchased Teva ADS during the Class Period and seeks the same relief and advances the same legal theories as all class members.  Because the claims asserted by the Teva Investor Group are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," the Teva Investor Group meets the requirements of the typicality requirement of Rule 23.

The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representative does not have interests antagonistic to the proposed class, and where the proposed class representative has retained experienced and capable counsel.  *In re Emulex Corp. Sec. Litig.*, 210 F.R.D. 717, 720 (C.D. Cal. 2002).  The Teva Investor Group purchased Teva ADS during the Class Period and, like other putative class members, suffered losses in the form of diminution of the value of its Teva ADS upon disclosure of the fraud. As a result, its interests are aligned with those of the proposed class. The Teva Investor Group has also demonstrated that it will adequately represent the interests of the class by having submitted the Joint Declaration detailing its motivation and intention to oversee this litigation and by submitting sworn certifications to the Court pursuant to federal securities laws signed by each of the Teva Investor Group's members indicating that they have reviewed the complaints in the Related Actions and they are willing to assume the responsibilities of a class representative.  *See* Pafiti Decl., Exs. B-D, H.  Moreover, the Teva Investor Group has selected experienced and capable counsel, Cohen Milstein and Pomerantz, to represent it and to litigate this action on its behalf.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 13 -

1    All of these factors demonstrate that the Teva Investor Group's claims are
2    typical of the claims of the class within the meaning of Rule 23(a)(3), and that
3    Movant will fairly and adequately represent the interests of the class under Rule
4    23(a)(4). The Teva Investor Group should therefore be appointed Lead Plaintiff on
5    behalf of the Proposed Class.

**F.     The Court Should Approve the Teva Investor Group's Choice of
         Counsel**

The PSLRA expressly provides that "[t]he most adequate plaintiff shall,
subject to the approval of the court, select and retain counsel to represent the class."
15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead
plaintiff's choice unless "necessary to protect the interests of the plaintiff class."
Statement of Managers – "The Private Securities Litigation Reform Act of 1995,"
141 Cong. Rec. H13691, H13700 (daily ed. Nov. 28, 1995). *See also Cavanaugh*,
306 F.3d at 732-33; *In re Cohen*, 586 F.3d 703, 712 (9th Cir. 2009)

The Court should approve Cohen Milstein and Pomerantz as the Teva Investor
Group's choice of Lead Counsel. Each firm has extensive experience in the area of
securities class action litigation as detailed in their firm resume. Pafiti Decl., Exs. I
and J. Cohen Milstein and Pomerantz also have experience working successfully
together for the benefit of shareholders. *See e.g., Bruce v. Suntech Power Holdings
Co.*, No. 12-cv-4061, Dkt. No. 163 (N.D. Cal. Feb 12, 2016) (Cohen Milstein and
Pomerantz as co-lead counsel obtained a $5 million settlement involving a bankrupt
China-based issuer); *In re Lumber Liquidators Holdings, Inc. Sec. Litig.*, No. 13-cv-
157-AWA, Dkt. No. 204 (E.D. Va Nov. 17, 2016) (order approving $43 million
settlement achieved by Pomerantz as co-lead counsel and Cohen Milstein as liaison
counsel). Both firms also have extensive experience in successfully litigating cases
against publicly-traded Israeli companies. *In re Gilat Satellite Networks, Ltd.*, No.
02-cv-1510 (CPS)(SMG), 2007 U.S. Dist. LEXIS 68964 (E.D.N.Y. Sept. 18, 2007)
(granting final approval of $20 million settlement in securities fraud case against an

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Israeli telecommunications company where Cohen Milstein served as co-lead counsel); *In re ECI Telecom, Ltd. Sec. Litig.*, No. 01-cv-913-LMB, (E.D. Va) (Cohen Milstein served as Liaison Counsel in action against Israeli issuer which settled for $21.75 million); *In re Ability Inc., Sec. Litig.*, No. 16-cv-3893 (S.D.N.Y) (Cohen Milstein currently serving as co-lead counsel in action against Israeli issuer); *Harel Insurance, Ltd. v. Perrigo Co.*, et al., No. 09-cv-02255, Dkt. No. 95 (S.D.N.Y. May 20, 2013) (Pomerantz served as co-lead counsel in securities action against Israeli issuer that settled for $1.7 million); *In re Comverse Technology, Inc. Sec. Litig.*, No. 06-cv-1825, Dkt. No. 347 (S.D.N.Y June 24, 2010) ($225 million settlement reached by Pomerantz as Lead Counsel with Israeli issuer Comverse Technology concerning securities fraud claims). Therefore, the Court may be assured that the class will receive the highest caliber of legal representation from Cohen Milstein and Pomerantz.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court consolidate the Related Actions, appoint the Teva Investor Group to serve as Lead Plaintiff for the Class, and approve its selection of Cohen Milstein and Pomerantz as Co-Lead Counsel.

DATED:  January 5, 2017          **POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499

Jeremy Lieberman (*pro hac vice forthcoming*)
J. Alexander Hood II (*pro hac vice forthcoming*)
600 Third Avenue
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (*pro hac vice forthcoming*)
Daniel S. Sommers (*pro hac vice forthcoming*)
Julie G. Reiser (*pro hac vice forthcoming*)
1100 New York Ave, N.W.
Suite 500 East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

Carol V. Gilden (*pro hac vice forthcoming*)
190 S. Lasalle Street
Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Facsimile: (312) 357-0369

Kenneth M. Rehns (*pro hac vice forthcoming*)
krehns@cohenmilstein.com
88 Pine St., 14th Flr.
New York, NY 10005
Telephone:  (212) 838-7797
Facsimile:  (212) 838-7745

*Counsel for the Teva Investor Group and*
*Proposed Co-Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR
GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 16 -

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 468 North Camden Drive, Beverly Hills, CA 90210.

On January 5, 2017, I caused to be served the following documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF OREGON PUBLIC EMPLOYEES RETIREMENT SYSTEM, THE PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO AND DAN KLEINERMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting the documents to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered parties:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **January 5, 2017**, **Beverly Hills, California**.

_/s/ Jennifer Pafiti_
Jennifer Pafiti

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE TEVA INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

- 1 -