ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AMRAM GALMI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TEVA PHARMACEUTICALS INDUSTRIES LIMITED, et al.,<br><br>Defendants. | Case No. 2:16-cv-08259-TJH-AS<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:         February 6, 2017<br>TIME:         UNDER SUBMISSION<br>CTRM:        9B<br>JUDGE:       Hon. Terry J. Hatter Jr. |

1221056_1

## I.    INTRODUCTION

Two related securities class action lawsuits (the "Related Securities Cases") are pending before this Court on behalf of purchasers of Teva Pharmaceutical Industries Limited ("Teva" or the "Company") ADRs between February 10, 2014 and November 3, 2016 (the "Class Period").[1]   In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Securities Cases should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); §III.A., *infra*.

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  TIAA should be appointed as lead plaintiff because it timely filed this Motion, has the largest financial interest in the outcome of this litigation and will typically and adequately represent the class's interests.[2]  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, TIAA's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience

---

[1]    The Related Securities Cases are *Galmi v. Teva Pharm. Indus. Ltd.*, No. 16-cv-9259 (filed 11/6/16) and *Leone v. Teva Pharm. Indus. Ltd.*, No. 16-cv-9545 (filed 12/27/16).  A virtually identical case was also filed in the Southern District of New York, but was subsequently voluntarily dismissed. *See Klein v. Teva Pharm. Indus. Ltd.*, No. 16-cv-8747 (filed 11/10/16).

[2]    TIAA collectively refers to TIAA-CREF Funds (including the TIAA-CREF International Equity Index Fund, TIAA-CREF Large-Cap Growth Fund, TIAA-CREF Enhanced International Equity Index Fund and TIAA-CREF Growth & Income Fund), TIAA-CREF Life Funds (including the TIAA-CREF Life Growth Equity Fund and TIAA-CREF Life Growth & Income Fund), and College Retirement Equities Fund (including the CREF Stock Account, CREF Global Equities Account and CREF Growth Account).

prosecuting securities class actions and will adequately represent the interests of all class members.  *See* §III.C. *infra*.

**II.      FACTUAL BACKGROUND**

Teva is a global pharmaceutical company that develops, manufactures and distributes generic medicines and a portfolio of specialty medicines worldwide.  Teva is the largest generic drug manufacturer in the world and one of the 15 largest pharmaceutical companies worldwide.  The Company was founded in 1901 and is headquartered in Petach Tikva, Israel.  Teva's ADRs trade on the New York Stock Exchange under the ticker TEVA.

The complaints allege that defendants made materially false and misleading statements or failed to disclose the following material information during the Class Period:

- Teva was engaging in collusion with several of its pharmaceutical industry peers to keep the price of generic drug products artificially high, which would result in antitrust investigations by the U.S. Department of Justice ("DOJ") and the Connecticut Attorney General ("AG");

- The DOJ and Connecticut AG investigations and the underlying conduct could cause U.S. prosecutors to file criminal charges against Teva by the end of 2016 for suspected price collusion;

- Teva lacked effective internal controls over financial reporting; and

- Teva's revenues were the result of illegal conduct.

On August 4, 2016, the Company filed a Form 6-K with the Securities and Exchange Commission ("SEC") that discussed the government investigations relating to Teva's pricing and marketing of generic drugs and to potential state antitrust violations, disclosing that the Company's subsidiary, Teva USA, had received subpoenas from the DOJ on June 21, 2015 and from the Connecticut AG on July 12,

1221056_1

2016.  On this news, the price of Teva's ADRs fell $1.24 per ADR, to close at $54.21 per ADR on August 5, 2016.

On November 3, 2016, *Bloomberg* published an article titled "U.S. Charges in Generic-Drug Probe to Be Filed by Year-End," revealing that in connection with the DOJ's investigation of a dozen companies, including Teva, U.S. prosecutors may file criminal charges by the end of 2016 for suspected price collusion.  The article stated in part:

> U.S. prosecutors are bearing down on generic pharmaceutical companies in a sweeping criminal investigation into suspected price collusion, a fresh challenge for an industry that's already reeling from public outrage over the spiraling costs of some medicines.

> The antitrust investigation by the Justice Department, begun about two years ago, now spans more than a dozen companies and about two dozen drugs, according to people familiar with the matter.  The grand jury probe is examining whether some executives agreed with one another to raise prices, and the first charges could emerge by the end of the year, they said.

> Though individual companies have made various disclosures about the inquiry, they have identified only a handful of drugs under scrutiny, including a heart treatment and an antibiotic.  Among the drugmakers to have received subpoenas are industry giants Mylan NV and Teva Pharmaceutical Industries Ltd.  Other companies include Actavis, which Teva bought from Allergan Plc in August, Lannett Co., Impax Laboratories Inc., Covis Pharma Holdings Sarl, Sun Pharmaceutical Industries Ltd., Mayne Pharma Group Ltd., Endo International Plc's subsidiary Par Pharmaceutical Holdings and Taro Pharmaceutical Industries Ltd.

- 3 -

1   All of the companies have said they are cooperating except Covis,
2   which said last year it was unable to assess the outcome of the
3   investigation.

4   *   *   *

5   Generic drug companies are also contending with a civil price-
6   fixing investigation by Connecticut Attorney General George Jepsen.
7   Jepsen is seeking to lead a group of states to probe the industry, which
8   could result in cases seeking damages, according to people familiar with
9   the matter.  A spokesman for the Connecticut Attorney General's office
10  declined to comment.

11  The first subpoenas in the generics investigation were issued by
12  Connecticut in July 2014, while the Justice Department followed in
13  November, according to regulatory filings by the companies.   The
14  investigations initially focused on mid-sized U.S. companies and have
15  since extended to the biggest manufacturers and U.S. subsidiaries of
16  overseas companies.

17  On this news, the price of Teva's ADRs fell $4.13 per ADR, to close at $39.20
18  per ADR on November 3, 2016, a drop of nearly 10%.

19  **III.   ARGUMENT**

20  **A.   The Related Securities Cases Should Be Consolidated**

21  "If actions before the court involve a common question of law or fact, the court
22  may . . .consolidate the actions." Fed. R. Civ. P. 42(a).  The "district court has broad
23  discretion under this rule to consolidate cases pending in the same district." *Investors*
24  *Research Co. v. U.S. Dist. Court for Cent. Dist.*, 877 F.2d 777, 777 (9th Cir. 1989).
25  Importantly, the PSLRA contemplates consolidation if "more than one action on
26  behalf of a class asserting substantially the same claim" has been filed.  *See* 15 U.S.C.
27  §78u-4(a)(3)(B)(ii).

28

- 4 -

1221056_1

1    Here, the two Related Securities Cases assert identical claims on behalf of

2    overlapping classes against similar defendants:

| Case: | Class Period:[3] | Claims: | Defendants: |
|-------|------------------|---------|-------------|
| *Galmi v. Teva Pharm. Indus. Ltd.*, No. 16-cv-9259 (filed 11/6/16) | 02/10/15-11/03/16 | §10(b) and §20(a) Securities Exchange Act of 1934 | Teva Pharmaceutical Industries Limited, Erez Vigodman, Eyal Desheh |
| *Leone v. Teva Pharm. Indus. Ltd.*, No. 16-cv-545 (filed 12/27/16) | 02/10/14-11/03/16 | same | Teva Pharmaceutical Industries Limited, Erez Vigodman, Eyal Desheh, Kobi Altman |

10   Because these actions involve common questions of law and fact, the same discovery

11   and similar class certification issues will be relevant to all related actions.

12   Accordingly, the Court should consolidate these cases.

13   **B.    TIAA Should Be Appointed Lead Plaintiff**

14   The PSLRA establishes the procedure for the appointment of a lead plaintiff in

15   "each private action arising under [the Securities Exchange Act of 1934] that is

16   brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."

17   15 U.S.C. §78u-4(a)(1).  First, "[n]ot later than 20 days" after the complaint is filed, a

18   notice must be published "in a widely circulated national business-oriented

19   publication or wire service" advising members of the purported plaintiff class "of the

20   pendency of the action, the claims asserted therein, and the purported class period"

21   and that "not later than 60 days after the date on which the notice is published, any

22   member of the purported class may move the court to serve as lead plaintiff."  15

---

23   [3]    While "the class periods in the two actions have different start dates," both "class

24   periods end on [November 3, 2016], and both putative classes involve all persons who purchased or otherwise acquired [Teva's ADRs] during the relevant class period" and

25   the "cases thus present questions of law and fact that overlap almost completely." *Mulligan v. Impax Labs., Inc.*, 2013 U.S. Dist. LEXIS 93119, at *10 (N.D. Cal. July 2,

26   2013); *Brown v. China Integrated Energy, Inc.*, 2011 U.S. Dist. LEXIS 151131, at *14-*15 (C.D. Cal. Aug. 29, 2011) (recognizing that "[n]either Rule 42 nor the

27   PSLRA demands that actions be identical before they are consolidated" and consolidating two securities cases with different class periods).

28

- 5 -

U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was published the same day the first complaint was filed on November 6, 2016 via *PR Newswire*.  *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a
notice . . . ;

(bb) in the determination of the court, has the largest financial interest in
the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules
of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  TIAA meets these requirements and should therefore be appointed as Lead Plaintiff.

### 1.      This Motion Is Timely

The November 6, 2016, statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period and the right to move the Court for appointment as lead plaintiff within 60 days, or by January 5, 2017.  *See* Myers Decl., Ex. A.  Because TIAA's Motion has been timely filed, TIAA is eligible for appointment as lead plaintiff.

### 2.      TIAA Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification, TIAA expended more than $347 million purchasing 6.3 million Teva ADRs during the Class Period and suffered approximately $42.5 million in losses as a result of defendants' alleged misconduct. *See* Myers Decl., Exs. B, C.  To the best of its counsel's knowledge, there are no other

1221056_1

plaintiffs with a larger financial interest.  Therefore, TIAA satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. TIAA Otherwise Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"In determining whether a proposed lead plaintiff satisfies the requirements of Rule 23, the inquiry 'is not as searching as the one triggered by a subsequent motion for class certification.'"  *Yanek v. Staar Surgical Co.*, 2004 U.S. Dist. LEXIS 30953, at *17-*18 (C.D. Cal. Dec. 15, 2004) (citation omitted).  "Nevertheless, the proposed lead plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members."  *Id.* at *18.

"Typicality is achieved where the named plaintiffs' claims arise 'from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'"  *Id.* (citation omitted).  TIAA's claims are typical of the class asserted by the named plaintiffs because TIAA seeks to represent the same putative class and allege the same claims against the same defendants.  As such, TIAA's interests and those of the class are "closely aligned and [TIAA is] therefore typical of the other members of the class."  *Id.* at *19.

"The adequacy review 'serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent.'"  *Id.* (citation omitted).  "'The Ninth Circuit has held that representation is "adequate" when counsel for the class is

- 7 -

1221056_1

1  qualified and competent, the representative's interests are not antagonistic to the

2  interests of absence class members, and it is unlikely that the action is collusive.'" *Id.*

3  (citation omitted).  "Further, the class representative must have a sufficient interest in

4  the outcome of the case to ensure vigorous advocacy." *Id.* at *20.

5      Based upon its substantial financial interest, TIAA is highly incentivized to

6  maximize the recovery for putative class members harmed by the wrongdoing at Teva.

7  As both its Certification and Declaration confirm, TIAA is entirely typical and

8  adequate to represent the putative class here.

9          **C.    The Court Should Approve TIAA's Selection of Counsel**

10     The PSLRA "entitles the most adequate plaintiff to select and retain counsel to

11  represent the class, subject only to the approval of the court." *Yanek*, 2004 U.S. Dist.

12  LEXIS 30953, at *20-*21; 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586

13  F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice

14  of counsel, the district court should generally defer to that choice").  In this case,

15  TIAA has selected Robbins Geller as lead counsel. *See* Myers Decl., Ex. D.

16     Robbins Geller, a 200-attorney firm with offices nationwide and in California,

17  regularly practices complex securities litigation. *Id.*  Courts throughout the country,

18  including those in this District, have noted Robbins Geller's reputation for excellence,

19  which has resulted in the appointment of Robbins Geller attorneys to lead roles in

20  hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec.*

21  *Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that

22  Robbins Geller lawyers have "extensive experience prosecuting suits of this nature");

23  Myers Decl., Ex. D.

24     Based upon Robbins Geller's extensive experience and proven track record as

25  counsel in securities class actions, TIAA's selection of Robbins Geller as lead counsel

26  is reasonable and should be approved.

27

28

1221056_1

## IV.   CONCLUSION

The Related Securities Cases share common questions of law and fact and should be consolidated.   In addition, TIAA has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.   Accordingly, TIAA respectfully requests that the Court grant its motion for consolidation, appointment as lead plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  January 5, 2017                    Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS


s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

1221056_1

1

<u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on January 5, 2017, I authorized the electronic filing of the

3   foregoing with the Clerk of the Court using the CM/ECF system which will send

4   notification of such filing to the e-mail addresses denoted on the attached Electronic

5   Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6   document or paper via the United States Postal Service to the non-CM/ECF

7   participants indicated on the attached Manual Notice List.

8          I certify under penalty of perjury under the laws of the United States of America

9   that the foregoing is true and correct.  Executed on January 5, 2017.

10                                               s/ Danielle S. Myers
                                                 DANIELLE S. MYERS
11
                                                 ROBBINS GELLER RUDMAN
12                                                  & DOWD LLP
                                                 655 West Broadway, Suite 1900
13                                               San Diego, CA  92101-8498
                                                 Telephone:  619/231-1058
14                                               619/231-7423 (fax)

15                                               E-mail:      dmyers@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

**Mailing Information for a Case 2:16-cv-08259-TJH-AS Amram Galmi v. Teva Pharmaceutical Industries Limited et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard D McCune , Jr**
  rdm@mccunewright.com,ams@mccunewright.com,ama@mccunewright.com,led@mccunewright.com,ece@mccunewright.com,mmv@mccunewright.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,ahood@pomlaw.com,kmsaletto@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)