# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and<br><br>ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; YAACOV ALTMAN; ALLAN OBERMAN; SIGURDUR OLAFSSON; YITZHAK PETERBURG; DIPANKAR BHATTACHARJEE; DEBORAH GRIFFIN; TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.; ROGER ABRAVANEL; SOL J. BARER; ARIE S. BELLDEGRUN; ROSEMARY A. CRANE; AMIR ELSTEIN; JEAN-MICHEL HALFON; GERALD M. LIEBERMAN; GALIA MAOR; JOSEPH NITZANI; ORY SCHNEUR SLONIM; GABRIELLE GREENE SULZBURGER; ROBERT KOREMANS; GIANFRANCO NAZZI; JOHN NASON; DAVID VRHOVEC; BARCLAYS CAPITAL INC; MERRILL LYNCH, PIERCE, FENNER & SMITH INC.; BNP PARIBAS SECURITIES CORP.; CITIGROUP GLOBAL MARKETS INC.; CREDIT SUISSE SECURITIES (USA) LLC; HSBC SECURITIES (USA) INC.; MIZUHO SECURITIES USA LLC; MORGAN STANLEY & CO. LLC; RBC CAPITAL MARKETS, LLC; SMBC NIKKO SECURITIES AMERICA, INC.; BANK OF CHINA LIMITED LONDON BRANCH; BBVA SECURITIES INC.; COMMERZ MARKETS LLC; LLOYDS SECURITIES INC.; MUFG SECURITIES AMERICAS INC.; PNC CAPITAL MARKETS LLC; SCOTIA CAPITAL (USA) INC.; TD SECURITIES (USA) LLC; KESSELMAN & KESSELMAN d/b/a PWC ISRAEL,<br><br>　　　　　　Defendants. | CIVIL ACTION NO.<br>3:17-CV-00558 (SRU)<br><br><br>**TEVA PHARMACEUTICAL INDUSTRIES LTD.'S MOTION TO EXTEND BRIEFING SCHEDULE** |

In accordance with Rule 6(b)(1) of the Federal Rules of Civil Procedure and Rule 7(b) of this Court's Local Rules of Civil Procedure, Defendant Teva Pharmaceutical Industries Ltd. ("Teva") hereby moves to extend the briefing schedule on Defendants' motion to dismiss the Consolidated Class Action Complaint by 36 days—to December 1, 2017—given the substitution of new counsel for Teva and current and former officers and directors of Teva (the "Teva Defendants") in this case.  In support hereof, Teva states as follows:

1.      This Court may extend the Teva Defendants' motion to dismiss deadline "for good cause."  Fed. R. Civ. P. 6(b)(1); *see also* D. Conn. L. Civ. R. 7(b)(1).  This standard "gives the court wide discretion to grant a request for additional time."  *Ramashwar v. City of New York*, 231 F. App'x 26, 27-28 (2d Cir. 2007) (citing 4B Charles Alan Wright et al., *Federal Practice & Procedure* § 1165 (3d ed. 2002)).  Courts "normally grant such applications in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Remer v. Sebelius*, No. 13-cv-7110, 2014 WL 1202989, at *1 (S.D.N.Y. Mar. 24, 2014) (citation omitted).

2.      In the Court's July 27, 2017 Scheduling Order (ECF No. 126), which was agreed upon by the parties, the Court set a schedule providing that: (1) Plaintiffs would have 62 days after the appointment of Lead Plaintiff to submit a Consolidated Class Action Complaint; (2) Defendants would have 45 days to move to dismiss that Consolidated Complaint; (3) Plaintiffs would have 32 days to oppose dismissal; and (4) Defendants would have 23 days to submit any reply briefs.

3.      Since the entry of the Scheduling Order, there have been two significant developments in this case.

4.     First, Lead Plaintiff drafted and submitted an unusually lengthy Consolidated Class Action Complaint that drastically expanded the putative class period, which originally was from February 10, 2015 to November 3, 2016 (ECF No. 1), to a period spanning over three years, from February 6, 2014 to August 3, 2017.  That Complaint exceeds 300 pages and 1,000 paragraphs and asserts nine claims, including claims under the Securities Act of 1933, the Securities Exchange Act of 1934, and the securities law of the State of Israel.  ECF No. 141.

5.     Second, Teva has just recently retained the undersigned law firm, which entered appearances on October 12 to serve as substitute counsel for the duration of this action.  Teva now requests additional time to enable its new counsel to prepare a thorough response to the Plaintiffs' long and complex Consolidated Complaint.

6.     Courts routinely recognize the retention and appearance of new counsel as good cause for an extension, especially when new counsel need to get up to speed on complex issues or factual allegations.  *See, e.g.*, *St. Ange v. ASML, Inc.*, No. 10-cv79-WWE, 2012 WL 517309, at *1 (D. Conn. Feb. 16, 2012) ("numerous extensions . . . granted in order to permit plaintiff's new counsel to come up to speed"); *Odom v. Matteo*, 772 F. Supp. 2d 377, 406 (D. Conn. 2011) (two extensions granted "to enable [plaintiff] to obtain new lead counsel and to afford that counsel . . . additional time to review the discovery materials"); *Herrera v. Scully*, No. 88-cv-616, 1990 WL 144852, at *1 (S.D.N.Y. Sept. 21, 1990) (extension granted over objection where "a new defense attorney wrote the court explaining that she needed time to familiarize herself with the case").

7.     In fact, courts regularly agree to extend deadlines for new counsel even when the extension motion, unlike the present motion, is made *after* the relevant deadline has already expired and greater justification is required.  *E.g.*, *Brown v. City of Bridgeport*, No. 3:06-cv-344

(VLB), 2008 WL 155047, at *1 (D. Conn. Jan. 16, 2008) (post-deadline extension granted because plaintiff's counsel "intended to refer the matter to an unidentified attorney not associated with the firm for trial and request[ed] the additional time to complete negotiations with the attorney and allow new counsel to draft the trial memorandum"); *Fashion Fragrance & Cosmetics v. Croddick*, No. 02-cv-6294, 2003 WL 1824638, at *1 (S.D.N.Y. Apr. 8, 2003) (post-deadline extension granted because defendants had hired new local counsel); *Shuster v. Shuster*, No. 16-cv-03315, 2017 WL 3530602, at *2 (D. Ariz. Aug. 16, 2017) (post-deadline extension granted because defendant's "new counsel needed the extension in order to adequately 'prepare and file an appropriate response'").

8.     Extending Defendants' motion to dismiss deadline until December 1, 2017 is justified for the same reasons.  The additional time will enable Teva's new counsel to research and investigate the Plaintiffs' hundreds of pages of allegations and the related legal issues, including the current state of Israeli securities law.  Teva's new counsel also require additional time to secure representation agreements with 23 individual defendants who are current and former Teva officers and directors and who, in many cases, reside outside the United States.

9.     While Teva would suffer hardship without the requested extension, Plaintiffs could not possibly suffer any prejudice if it is granted.

10.     Counsel normally "agree as a professional courtesy to the first request for an extension of time to respond to a pleading," let alone in an instance where, as here, it is patently reasonable for newly retained counsel to request an extension to get up to speed in a case of this size.  *See Remer*, 2014 WL 1202989, at *1.

11.     Lead Plaintiff refused to agree to the extension request, despite failing to identify any legally cognizable prejudice.  Lead Plaintiff's sole counterproposal was to condition any

extension of time on Teva's moving brief on Teva agreeing to sacrifice a comparable amount of time in preparing its reply brief.  Such a proposal would cause prejudice to the Teva Defendants, as under the current schedule they only have 23 days to submit a reply brief, and the 30-day extension sought would thus leave no time left for the preparation of the reply briefing.

12.     The revised briefing schedule that Teva seeks herein also provides to the Lead Plaintiff an additional nine days on its time to prepare and file its opposition brief, in order to avoid requiring Lead Plaintiff's counsel to have to file that brief immediately after the New Year's holiday.  It does not add any additional time over the 23 days previously set for the filing of reply briefing.

13.     The schedule proposed here would result in the completion of briefing by February 2, 2018, just one day after the date the Court had previously set to hear oral argument on the motions to dismiss.  Teva would, of course, be prepared to appear for oral argument as promptly after the close of briefing on February 2 as is convenient for the Court.  Accordingly, the requested change in schedule need not result in any appreciable delay or inconvenience.

14.     In accordance with Rule 7(b)(2) of the Local Rules of Civil Procedure, Teva respectfully asks the Court to rule on this motion on an expedited basis.  While this motion has been submitted well in advance of the Local Rules' three-day requirement, *see* D. Conn. L. Civ. R. 7(b)(3), Teva's current deadline is only two weeks away, and the 21 days that Rule 7(a)(2) normally affords for opposition memoranda would extend well past Teva's deadline.

15.     Teva does not request oral argument on this motion but would be happy to appear for a teleconference with the Court and opposing counsel at the Court's earliest convenience if the Court believes a teleconference would be useful.

16.     For all these reasons, Teva requests that the Court extend the existing briefing schedule to include the following deadlines:

A.     Defendants shall file any motion to dismiss the Consolidated Class Action Complaint on or before December 1, 2017.

B.     Lead Plaintiff shall file any opposition to any motion to dismiss the Consolidated Class Action Complaint on or before January 10, 2018.

C.     Defendants shall file any reply briefing on or before February 2, 2018.

Respectfully submitted,

Dated: October 12, 2017            */s/  Michael D. Blanchard*

Michael D. Blanchard (ct25891)
**MORGAN, LEWIS & BOCKIUS LLP**
One State Street
Hartford, CT  06103
Tel:  860.240.2945
Fax:  860.240.2800
michael.blanchard@morganlewis.com

Jordan D. Hershman (*pro hac vice* to be filed)
Jason D. Frank (*pro hac vice* to be filed)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA  02110
Tel:  617.951.8000
Fax:  617.951.8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com

*Counsel for Defendant*
*Teva Pharmaceutical Industries Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2017, a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/  Michael D. Blanchard*
Michael D. Blanchard