## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and<br><br>ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers<br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD. et al.<br>　　　　　　　　　　　　　　Defendants. | No.   3:17-cv-00558 (SRU)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT KESSELMAN & KESSELMAN D/B/A PWC ISRAEL'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Dated: December 1, 2017 |

## **TABLE OF CONTENTS**

TABLE OF CONTENTS .......................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

RELEVANT BACKGROUND ............................................................................................... 1

    I.       The Relevant Parties ................................................................................................. 1

    II.      The Challenged Opinions ......................................................................................... 2

ARGUMENT ........................................................................................................................... 4

    I.       Plaintiffs Have Pleaded No Facts Plausibly Demonstrating That PwC Israel Did
            Not Believe Its Audit Opinions ................................................................................ 5

    II.      Plaintiffs Have Pleaded No Undisclosed Facts Undermining The Bases For PwC
            Israel's Audit Opinions ............................................................................................. 7

CONCLUSION ........................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................. 4

*In re Am. Int'l Grp., Inc., 2008 Sec. Litig.*,
    No. 08-Civ.-4772, 2013 WL 1787567 (S.D.N.Y. Apr. 26, 2013) ........................................ 6

*In re Velti PLC Sec. Litig.*,
    No. 13-cv-03889, 2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ................................... 6, 7, 8

*Johnson v. CBD Energy Ltd.*,
    No. CV H-15-1668, 2016 WL 3654657 (S.D. Tex. July 6, 2016) ....................................... 5

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    135 S. Ct. 1318 (2015) ................................................................................................ *passim*

*Querub v. Hong Kong*,
    649 F. App'x 55 (2d Cir. 2016) ........................................................................................... 5

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.* ("*Orrstown I*"),
    No. 1:12-CV-00993, 2015 WL 3833849 (M.D. Pa. June 22, 2015) ................................ 6, 7

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.* ("*Orrstown II*"),
    No. 1:12-CV-00993, 2016 WL 7117455 (M.D. Pa. Dec. 7, 2016) ............................. 5, 7, 8

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    645 F. App'x 72 (2d Cir. 2016) ........................................................................................... 5

*Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*,
    243 F. Supp. 3d 1109 (E.D. Cal. 2017) ............................................................................... 7

*Tongue v. Sanofi*,
    816 F.3d 199 (2d Cir. 2016) ............................................................................................ 5, 7


**Statutes, Rules, and Regulations**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 4

Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k .................................................. *passim*

**INTRODUCTION**

This putative class action purports to assert claims under Section 11 of the Securities Act for, among other statements, allegedly inaccurate audit opinions issued by independent auditor, Kesselman & Kesselman d/b/a PwC Israel ("PwC Israel"), concerning Teva Pharmaceutical Industries Ltd.'s ("Teva") financial statements and the effectiveness of Teva's internal controls. However, Plaintiffs nowhere allege that PwC Israel did not believe its audit opinions; indeed, Plaintiffs' Consolidated Amended Complaint expressly disclaims such disbelief. And Plaintiffs nowhere plead any undisclosed facts known to PwC Israel at the time the audit opinions were issued that plausibly undermine the bases for those opinions. Absent any such factual allegations, Plaintiffs cannot state a Section 11 claim challenging an audit opinion. *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318 (2015). For these reasons, and the additional reasons set forth below and incorporated herein, Plaintiffs' claims challenging PwC Israel's audit opinions must be dismissed.[1]

**RELEVANT BACKGROUND**

**I.    THE RELEVANT PARTIES**

PwC Israel is an independent registered accounting firm in Israel and a member of PricewaterhouseCoopers International Limited. *See* Compl. ¶ 929.[2] PwC Israel served as external auditor for, and audited the 2014 and 2015 annual financial statements of, Teva Pharmaceutical

---

[1]    To the extent Plaintiffs' claims against PwC Israel are based on statements made by Teva, PwC Israel incorporates by reference and adopts as its own the arguments made by Defendants Teva, Vigodman, Desheh, Altman, Oberman, Olafsson, Peterburg, and Bhattacharjee in their memorandum of law in support of their motion to dismiss (as applicable), and the arguments made by the Teva Securities Act-Only Defendants in their memorandum of law in support of their motion to dismiss. PwC Israel also incorporates by reference and adopts as its own the statute of limitations arguments asserted by the Underwriter Defendants in their memorandum of law in support of their motion to dismiss.

[2]    "Compl." or "Complaint" refers to Plaintiffs' Consolidated Class Action Complaint dated September 11, 2017. *See* ECF No. 141.

Industries Ltd. ("Teva"), an Israeli pharmaceutical manufacturing company operating in the United State through its subsidiary Teva USA. *Id.* ¶¶ 68, 930.

As Teva's external auditor, PwC Israel issued audit reports concerning Teva's financial statements included in Teva's 2014 and 2015 SEC Form 20-F filings. *Id.* ¶ 930. The audit report dated February 9, 2015 relating to the financial statements in Teva's 2014 SEC Form 20-F filing ("2014 Audit Report") was incorporated into a registration statement filed by Teva in 2015 in preparation for a December 2015 offering of American Depository Shares and Preferred Shares (together, the "Share Offering"). *Id.* ¶ 981. PwC Israel's audit report dated February 11, 2016 concerning the financial statements in Teva's 2015 SEC Form 20-F filing ("2015 Audit Report") was incorporated into a registration statement filed by Teva in preparation for a July 2016 note offering (the "Note Offering"). *Id.* ¶ 1000.

Lead Plaintiff Ontario Teachers' Pension Plan Board ("Ontario Teachers") is a pension plan based in Ontario, Canada. *Id.* ¶ 61. Ontario Teachers allegedly purchased American Depository Shares of Teva traceable to the December 2015 Share Offering. *Id.* ¶ 883. Named Plaintiff Anchorage Police & Fire Retirement System ("Anchorage") is a public pension fund based in Anchorage, Alaska. *Id.* ¶ 64. Anchorage allegedly purchased Teva notes traceable to the July 2016 Note Offering. *Id.* ¶ 884.

**II.   THE CHALLENGED OPINIONS**

On November 30, 2015, in anticipation of the Share Offering in December 2015, Teva filed a registration statement with the SEC incorporating, with PwC Israel's consent, the 2014 Audit Report. Compl. ¶¶ 936, 981. The 2014 Audit Report stated, in relevant part:

> ***In our opinion***, the accompanying consolidated balance sheets . . . present fairly, in all material respects, the financial position of Teva Pharmaceutical Industries Limited and its subsidiaries at December 31, 2014 and 2013, and the results of their operations and their cash flows for each of the three years in the period ended

> December 31, 2014 in conformity with accounting principles generally accepted in the United States of America.
>
> Also *in our opinion*, the Company maintained, in all material respects, effective internal control over financial reporting as of December 31, 2014, based on criteria established in Internal Control—Integrated Framework (2013) issued by the Committee of Sponsoring Organizations of the Treadway Commission (COSO). . . .
>
> Our responsibility is to express opinions on these financial statements and on the Company's internal control over financial reporting based on our integrated audits. . . . *We believe* that our audits provide a reasonable basis for our opinions.

*Id.* ¶ 982 (emphasis added).

Similarly, on July 13, 2016, in anticipation of the Note Offering, Teva filed a registration statement with the SEC incorporating, with PwC Israel's consent, the 2015 Audit Report. *Id.* ¶¶ 948, 1000. Similar to the 2014 Audit Report, the 2015 Audit Report stated, in relevant part:

> *In our opinion*, the accompanying consolidated balance sheets . . . present fairly, in all material respects, the financial position of Teva Pharmaceutical Industries Limited and its subsidiaries at December 31, 2015 and 2014, and the results of their operations and their cash flows for each of the three years in the period ended December 31, 2015 in conformity with accounting principles generally accepted in the United States of America.
>
> Also *in our opinion*, the Company maintained, in all material respects, effective internal control over financial reporting as of December 31, 2015, based on criteria established in Internal Control—Integrated Framework (2013) issued by the Committee of Sponsoring Organizations of the Treadway Commission (COSO) . . . .
>
> Our responsibility is to express opinions on these financial statements and on the Company's internal control over financial reporting based on our integrated audits. . . . *We believe* that our audits provide a reasonable basis for our opinions.

*Id.* ¶ 1001 (emphasis added).

Plaintiffs allege that these statements of *opinion* in PwC Israel's 2014 and 2015 Audit Reports were false. Plaintiffs assert that Teva purportedly engaged in anti-competitive and collusive conduct with its competitors in 2014 and 2015, permitting Teva to artificially and

- 3 -

unsustainably increase revenue and profitability, impermissibly inflating Teva's financials. *See id.* ¶¶ 1002, 1011. And—according to Plaintiffs—as a result of that conduct, (i) Teva's financial reporting did not fairly, in all material respects, represent the financial position of the Company, *id.* ¶ 959; (ii) Teva's financial reporting was not in compliance with generally accepted accounting principles ("GAAP"), *id.*; (iii) Teva failed to disclose the nature of its revenue as required by Item 303 of SEC Regulation S-K, *id.*; and (iv) Teva's internal controls over financial reporting were neither effective nor adequately designed to prevent misstatements and omissions of fact, *id.*

However, Plaintiffs nowhere allege—even in conclusory fashion—that PwC Israel did not believe its audit opinions. *See generally id.* Nor do Plaintiffs identify a single contemporaneous fact suggesting that PwC Israel's audit was inadequate or otherwise insufficient to justify its opinions. *See generally id.* And nowhere do Plaintiffs identify a single contemporaneous fact suggesting that PwC Israel was aware that Teva's revenue was the result of any anti-competitive or collusive conduct. *See generally id.* In fact, Plaintiffs allege that Teva engaged in "deliberate and extensive" efforts to conceal their alleged misconduct, including "consistent efforts to avoid communicating . . . in writing, or to delete written electronic communications after they were made," conduct that—if true—would have hid any anti-competitive and collusive conduct from PwC Israel. *Id.* ¶ 121. The sum total of Plaintiffs allegations is that because PwC Israel's audit opinions were later allegedly revealed to be incorrect, its audit opinions were necessarily false.

## ARGUMENT

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiffs must plead "enough factual matter (taken as true) to suggest" entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (dismissing complaint). Where Plaintiffs have asserted a claim under Section 11 of the Securities Act challenging a statement of opinion, Plaintiffs must plead facts plausibly demonstrating either that: (i) the issuer of the opinion did not believe the opinion; or (ii) the issuer

of the opinion failed to disclose material facts undermining the bases for that opinion. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1326, 1329 (2015); *see also Tongue v. Sanofi*, 816 F.3d 199, 210 (2d Cir. 2016) (affirming dismissal of Section 11 claim); *Querub v. Hong Kong*, 649 F. App'x 55, 58 (2d Cir. 2016) (summary order) (affirming dismissal of Section 11 claim challenging audit opinion); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 645 F. App'x 72, 75-76 (2d Cir. 2016) (summary order) (affirming dismissal of claim challenging audit opinion). It is not enough to simply allege that the opinion was ultimately incorrect. *Omnicare, Inc.*, 135 S. Ct. at 1332; *Tongue*, 816 F.3d at 210 (affirming dismissal of Section 11 claim); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc. ("Orrstown II")*, No. 1:12-CV-00993, 2016 WL 7117455, at *13–15 (M.D. Pa. Dec. 7, 2016) (dismissing Section 11 claim challenging audit opinion; "[O]missions or statements that create a misleading impression in hindsight are not sufficient to constitute the basis of a securities action under section 11.").

Plaintiffs' Complaint does not meet this standard. Without pleading a single fact plausibly demonstrating that PwC Israel did not believe its audit opinion, or identifying a material fact undermining the bases for its opinion, Plaintiffs fail to state a claim.

I. **PLAINTIFFS HAVE PLEADED NO FACTS PLAUSIBLY DEMONSTRATING THAT PWC ISRAEL DID NOT BELIEVE ITS AUDIT OPINIONS**

To plausibly plead a Section 11 claim asserting that PwC Israel issued an audit opinion it did not believe, Plaintiffs must plead facts plausibly indicating PwC Israel did not believe its audit opinion. *Omnicare, Inc.*, 135 S. Ct. at 1326; *see also Johnson v. CBD Energy Ltd.*, No. CV H-15-1668, 2016 WL 3654657, at *12 (S.D. Tex. July 6, 2016) (dismissing Section 11 claim challenging audit opinion; "Plaintiffs do not allege that PwC Australia did not subjectively believe any of the opinions it provided in its report . . . . Accordingly, in light of *Omnicare*, Plaintiffs have failed to

state a section 11 claim against PwC Australia."); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc. ("Orrstown I")*, No. 1:12-CV-00993, 2015 WL 3833849, at *34 (M.D. Pa. June 22, 2015) (dismissing Section 11 claim challenging audit opinion; "Plaintiff has failed to point to a factual basis supporting its allegation that Defendant SEK did not believe its opinion . . . ."). Plaintiffs' Complaint is devoid of even the rote allegation—let alone facts plausibly supporting that allegation—that PwC Israel did not believe its opinions.

Indeed, Plaintiffs' Complaint contains express allegations *disclaiming* that PwC Israel did not believe its audit opinions. Plaintiffs' Complaint states that the claims asserted against PwC Israel "do[] not sound in fraud," and that Plaintiffs "do not allege that any Defendant acted with scienter, or fraudulent intent." Compl. ¶¶ 1014, 1045. Such language, disclaiming intentional deception, "effectively plead[s] [plaintiffs] out of stating a claim under Section 11's false-statements clause." *In re Velti PLC Sec. Litig.*, No. 13-cv-03889, 2015 WL 5736589, at *18 (N.D. Cal. Oct. 1, 2015) (granting motion to dismiss Section 11 claim challenging audit opinion); *see also Omnicare, Inc.*, 135 S. Ct. at 1327 ("[Plaintiffs] do not contest that [defendant's] opinion was honestly held. Recall that their complaint explicitly 'excludes and disclaims' any allegation sounding in fraud or deception."); *In re Am. Int'l Grp., Inc., 2008 Sec. Litig.*, No. 08-Civ.-4772, 2013 WL 1787567, at *4-5 (S.D.N.Y. Apr. 26, 2013) ("[I]n light of the disclaimer [that the claims do not sound in fraud], they cannot support the inference that PwC knowingly issued an opinion it believed to be false.").

Accordingly, Plaintiffs have not—and cannot—plead that PwC Israel did not believe its 2014 and 2015 Audit Opinions.

## II. PLAINTIFFS HAVE PLEADED NO UNDISCLOSED FACTS UNDERMINING THE BASES FOR PWC ISRAEL'S AUDIT OPINIONS

Plausibly pleading a Section 11 claim challenging the bases for an audit opinion requires "identify[ing] particular (and material) facts going to the basis for the issuer's opinion." *Omnicare, Inc.*, 135 S. Ct. at 1332.  Plaintiffs must plead "facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have," the omission of which "make[] the opinion statements at issue misleading to a reasonable person."  *Id.*; *see also Tongue*, 816 F.3d at 210 (same); *Orrstown II*, 2016 WL 7117455, at *13–15 (dismissing Section 11 claim challenging audit opinion; same); *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *19 (same).  Plaintiffs have pleaded no such facts.

*First*, the Complaint is devoid of any fact plausibly identifying a deficiency in PwC Israel's audits.  *See Orrstown II*, 2016 WL 7117455, at *13–15 (dismissing Section 11 claim challenging audit opinion; "Plaintiff fails to identify actual and material steps taken or not taken by Defendant SEK in its audit . . . ."); *cf. Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109, 1121 (E.D. Cal. 2017) (denying motion to dismiss Section 11 claim challenging audit opinion; holding the plaintiffs had "identif[ied] three alleged failures of [the auditor's] audit").  Conclusory assertions or speculative inferences that a reasonable audit would have uncovered that Teva's revenue was the result of anti-competitive conduct do not suffice.  *See Orrstown I*, 2015 WL 3833849, at *34 (dismissing Section 11 claim challenging audit opinion; rejecting as sufficient the "claim[] that any reasonable audit would have uncovered a material fact whose omission renders the opinion misleading to a reasonable person reading the statement fairly and in context").

*Second*, the Complaint is devoid of any fact plausibly demonstrating that PwC Israel knew that Teva's revenue was the result of anti-competitive and collusive conduct.  *See Orrstown II*,

2016 WL 7117455, at *13–15 (dismissing Section 11 claim challenging audit opinion; "Plaintiff fails to identify . . . knowledge that [PwC Australia] did or did not have in the formation of its opinion."). Indeed, the Complaint contains express allegations that Teva went to significant lengths to *hide* its alleged misconduct—allegations that, if true, would have hidden any misconduct from PwC Israel. Compl. ¶ 121.

That the Department of Justice and Connecticut Attorney General sent subpoenas to Teva's peers in June 2014 and Congress initiated an investigation into Teva and its competitors in October 2014 does not change the analysis. *See, e.g., id.* ¶ 5. Those investigations were public knowledge, and an auditor has no obligation to discuss publicly known information in its audit opinions. *See In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *20 (dismissing Section 11 claim challenging audit opinion; facts that "were matters of general public knowledge" are not material omissions).

Similarly, the fact that Teva was served with subpoenas on June 21, 2016 and July 12, 2016 is irrelevant. *See, e.g.,* Compl. ¶ 1002. Plaintiffs allege neither that PwC Israel was aware of those subpoenas before it consented to incorporation of its audit opinion into the Note Offering registration statement nor, even assuming that PwC Israel was aware of the subpoenas, any facts plausibly demonstrating how the existence of those subpoenas undermined the bases for PwC Israel's audit opinion. *See generally id.* And, in any event, the arrival of those subpoenas *months* after PwC Israel issued its 2015 Audit Opinion cannot call into question PwC Israel's basis for the opinion at the time it was issued. *See In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *19 (dismissing Section 11 claim challenging audit opinion; holding that sole fact auditor should have disclosed as part of its audit opinion was only alleged to have come to light "long[] after [the auditor] issued the . . . audit reports and the time periods covered by those audit reports"); *cf.*

*Omnicare, Inc.,* 135 S. Ct. at 1333 (explaining the basis for opinion must be evaluated based on information "available to [defendant] at the time" the opinion is given).

Plaintiffs' failure to plead any facts challenging the bases for PwC Israel's audit opinion is dispositive. Their Complaint should be dismissed.

## **CONCLUSION**

For the foregoing reasons and those incorporated herein, Defendant PwC Israel respectfully requests that the Court issue an order finding that Plaintiffs' September 11, 2017 Consolidated Class Action Complaint fails to state a Section 11 claim against PwC Israel, and dismiss all Plaintiffs' Section 11 claims asserted against PwC Israel.

Dated: December 1, 2017       By:    */s/ Christopher Davies*
                                     Christopher Davies (admitted *pro hac vice*)
                                     WILMER CUTLER PICKERING HALE AND DORR LLP
                                     1875 Pennsylvania Avenue NW
                                     Washington, DC 20006
                                     Tel: (202) 663 6187
                                     Email: christopher.davies@wilmerhale.com

                                     Robert Kingsley Smith (admitted *pro hac vice*)
                                     WILMER CUTLER PICKERING HALE AND DORR LLP
                                     60 State Street
                                     Boston, MA 02109
                                     Tel: (617) 526 6759
                                     Email: robert.smith@wilmerhale.com

                                     James H. Bicks (ct04729)
                                     WIGGIN AND DANA LLP
                                     Two Stamford Plaza
                                     281 Tresser Boulevard
                                     Stamford, CT 06901
                                     Tel: (203) 363 7622
                                     Email: jbicks@wiggin.com

                                     David Roth (ct29876)
                                     WIGGIN AND DANA LLP
                                     One Century Tower
                                     265 Church Street
                                     New Haven, CT 06508-1832
                                     Tel: (203) 498 4394
                                     Email: droth@wiggin.com

                                     *Attorneys for Defendant Kesselman & Kesselman d/b/a PwC Israel*

## **CERTIFICATE OF SERVICE**

      I, Robert K. Smith, hereby certify that on December 1, 2017, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                */s/ Robert K. Smith*  
                                                Robert K. Smith