# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | : NO. 3:17-CV-00558 (SRU) : : : |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | : : : : |
| Plaintiffs, | : |
| v. | : : |
| TEVA PHARMACEUTICAL INDUSTRIES LTD, et al., | : : : |
| Defendants. | : JANUARY 16, 2018 |

## BANK OF CHINA LIMITED LONDON BRANCH'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

Page

Background ............................................................................................................................... 1

Argument .................................................................................................................................. 2

    I.      The Court Lacks General Personal Jurisdiction Over Bank of China London ....... 2

    II.     The Court Lacks Specific Personal Jurisdiction Over Bank of China London ...... 4

Conclusion ................................................................................................................................ 5

.

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*AM Trust v. UBS AG*,
  78 F. Supp. 3d 977 (N.D. Cal. 2015), *aff'd*, 681 F. App'x. 587 (9th Cir. 2017) ........................3

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014)....................................................................................................................3

*In re Deutsche Bank Sec. Inc.*,
  No. 03-14-00774-CV, 2015 WL 4079280 (Tex. Ct. App. July 3, 2015).....................................5

*DiStefano v. Carozzi N. Am., Inc.*,
  286 F.3d 81 (2d Cir. 2001)...........................................................................................................2

*Goodyear Dunlop Tires Operations*, *S.A. v. Brown*,
  564 U.S. 915 (2011)......................................................................................................................4

*Gucci Am., Inc. v. Li*,
  768 F.3d 122 (2d Cir. 2014).........................................................................................................3

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181 (2d Cir. 1998) ........................................................................................................2

*Max Daetwyler Corp. v. R. Meyer*,
  762 F.2d 290 (3d Cir. 1985).........................................................................................................4

*In re Oil Spill by Amoco Cadiz Off Coast of Fr. on Mar. 16, 1978*,
  954 F.2d 1279 (7th Cir. 1992) .....................................................................................................4

*Penguin Grp. (USA) Inc. v. Am. Buddha*,
  609 F.3d 30 (2d Cir. 2010)...........................................................................................................2

*Sullivan v. Barclays PLC*,
  No. 13-cv-2811 (PKC), 2017 WL 685570 (S.D.N.Y. Feb. 21, 2017) ...................................4, 5

*Walden v. Fiore*,
  134 S. Ct. 1115 (2014)..............................................................................................................2, 4

*Waldman v. Palestine Liberation Org.*,
  835 F.3d 317 (2d Cir. 2016).........................................................................................................3

.

**Statutes**

15 U.S.C. § 77v ................................................................................................................................ 4

15 U.S.C. § 78o ................................................................................................................................ 2

.

Bank of China Limited London Branch ("Bank of China London") respectfully submits this memorandum of law in support of its motion to dismiss the Consolidated Class Action Complaint, dated September 11, 2017 (Dkt. No. 141) ("Third Amended Consolidated Complaint") pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.  The arguments for dismissal of the Third Amended Consolidated Complaint made in the Underwriter Defendants' motions to dismiss apply with equal force to plaintiffs' claims against Bank of China London, which are asserted only under Sections 11 and 12(a)(2) of the Securities Act of 1933 ("Securities Act") and are based exclusively on Teva's offerings of six senior notes (the "Senior Notes").  (Dkt. No. 187.)  Bank of China London submits this separate motion because the claims against it should be dismissed with prejudice for the additional reason that the Court lacks personal jurisdiction over Bank of China London.

## BACKGROUND

In July 2016, Teva Pharmaceutical Industries Limited ("Teva"), an Israeli company (¶ 68), consummated the offering of the Senior Notes through its indirect subsidiary, Teva Pharmaceutical Finance Netherlands III B.V. ("Teva Finance"), a Dutch company (¶ 889) (the "Senior Notes Offering").  *See* Prospectus Suppl., dated July 18, 2016 (Lewis Aff. Ex. A).[1]  The Senior Notes were not listed on a U.S.-exchange, and the offering documents for the Senior Notes specifically contemplated sales outside of the United States.  *See, e.g.*, *id*. at S-7 (noting Senior Notes were not listed); S-60 (discussing tax consequences for "Non-U.S. Holders"); S-68-S-71 (discussing "Legal Matters" for multiple countries).

---

[1] Attached citations to "Lewis Aff." refer to the Affirmation of Daniel C. Lewis in Support of the Bank of China Limited London Branch's Motion to Dismiss the Consolidated Class Action Complaint, dated January 16, 2018.

Bank of China London was a co-managing underwriter of 1.25% of each of the Senior Notes. *Id.* at S-66. Bank of China London maintains its principal place of business in London (¶ 920) and is alleged to be a "branch" of a "Chinese company," (*id.*), presumably the Bank of China, which is based in China. Under Securities and Exchange Act Commission ("SEC") Regulations, a broker-dealer is only authorized to sell debt securities in the United States if it is registered to do so. *See* 15 U.S.C. § 78o(a)(1). Bank of China London is and was not at the time registered with the SEC as a broker-dealer, and it was not authorized to sell—and is not alleged to have sold—Senior Notes to U.S. investors. *See* List of Broker-Dealers Registered with the SEC in July 2016 (Lewis Aff. Ex. B). Plaintiffs do not allege that Bank of China London undertook any activities in connection with the Senior Notes Offering in the United States.

## ARGUMENT

Plaintiffs must make a *prima facie* showing that the court has personal jurisdiction over Bank of China London.[2] *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34-35 (2d Cir. 2010). Although plaintiffs' allegations are construed in the light most favorable to plaintiffs, the court may rely on materials outside of the pleadings. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). Here, plaintiffs have not pointed to any facts—and none exist—that could establish general or specific personal jurisdiction over Bank of China London.

## I. THE COURT LACKS GENERAL PERSONAL JURISDICTION OVER BANK OF CHINA LONDON

The Due Process Clause of the United States Constitution limits a court's authority to assert personal jurisdiction over a defendant. *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Consistent with this limitation, a court may assert general or "all purpose" personal jurisdiction

---

[2] This Court should also deny any request for jurisdictional discovery as such discovery "is not warranted where plaintiff failed to make a *prima facie* showing of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 186 (2d Cir. 1998).

over a non-resident corporation only when the corporation's affiliations with the forum are "so continuous and systematic as to render [it] essentially at home in the forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal quotation marks omitted). In determining the place where a foreign corporation is "at home," the Supreme Court has stated that courts should look to "the place of incorporation and principal place of business." *Id.* at 760.

Based on these principles, plaintiffs have no basis to assert general personal jurisdiction over Bank of China London, which clearly is "at home" in London. (¶ 920.) Because Bank of China London is not "at home" anywhere in the United States, there is no basis for this Court to exercise general personal jurisdiction over it. *See Daimler*, 134 S. Ct. at 758-60; *see also AM Trust v. UBS AG*, 78 F. Supp. 3d 977, 985 (N.D. Cal. 2015), *aff'd*, 681 F. App'x. 587 (9th Cir. 2017) (defendant was "not subject to general jurisdiction . . . anywhere in the United States," because it was incorporated and had its principal place of business in Switzerland).

Plaintiffs cannot avoid this outcome by arguing that Bank of China, the ultimate parent of Bank of China London, also has branches in New York or elsewhere in the United States. Indeed, the Second Circuit already rejected this argument with respect to Bank of China itself, and has rejected similar arguments in other cases. *See Gucci Am., Inc. v. Li*, 768 F.3d 122, 135 (2d Cir. 2014) (district court could not properly exercise general jurisdiction over Bank of China based on branch offices in forum); *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 333 (2d Cir. 2016) (defendant cannot be considered "essentially at home in the United States" because it maintained offices in the United States) (internal quotation marks omitted). The reasoning of these decisions applies equally, if not more so, to Bank of China London, which at most is only affiliated indirectly with the branches Bank of China maintains in the United States.

.

## II. THE COURT LACKS SPECIFIC PERSONAL JURISDICTION OVER BANK OF CHINA LONDON

Plaintiffs also cannot establish specific jurisdiction over Bank of China London. Specific or "conduct-linked" jurisdiction is more limited than general jurisdiction and "depends on an affiliatio[n] between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations*, *S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). In order for a court to exercise specific personal jurisdiction over a non-resident defendant, "the defendant's suit-related conduct must create a substantial connection with the forum." *Walden*, 134 S. Ct. at 1121. That "relationship must arise out of contacts that the 'defendant himself' creates with the forum." *Id*. at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

When, as here, a civil case arises under federal law and a federal statute authorizes nationwide service of process, *see* 15 U.S.C. § 77v(a), several courts have held that the relevant contacts for determining specific personal jurisdiction are those with the United States as a whole. *See, e.g.*, *In re Oil Spill by Amoco Cadiz Off Coast of Fr. on Mar. 16, 1978*, 954 F.2d 1279, 1294 (7th Cir. 1992); *Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290, 293-97 (3d Cir. 1985). Although the Second Circuit has not yet decided this issue, the Court need not resolve it, because plaintiffs could not establish personal jurisdiction based on contacts with the United States as a whole. *See Sullivan v. Barclays PLC*, No. 13-cv-2811 (PKC), 2017 WL 685570, at *42 (S.D.N.Y. Feb. 21, 2017).

Plaintiffs have not and cannot allege any "suit-related conduct" by Bank of China London that created a "substantial connection" anywhere in the United States. Indeed, the only allegation that arguably could be read as describing connections to the United States at all is the venue-related allegation that "[d]efendants directly or indirectly used the means and

instrumentalities of interstate commerce, including the United States mails, interstate communications, and the facilities of a national securities exchange, namely the New York Stock Exchange ("NYSE")."  (¶ 27)  This generalized allegation is woefully insufficient.  As discussed above, Bank of China London was not authorized to sell Senior Notes in the United States, and there is no allegation it did so or undertook any other offering-related activities in the United States.  Moreover, even if the mere allegation of offering securities on the New York Stock Exchange were somehow sufficient, that allegation does not apply to the Senior Notes because they were not listed on any securities exchange.  *See supra* at 2.  There is therefore no basis to assert specific personal jurisdiction over Bank of China London.  *See, e.g.*, *In re Deutsche Bank Sec. Inc.*, No. 03-14-00774-CV, 2015 WL 4079280, at *7-9 (Tex. Ct. App. July 3, 2015) (applying *Walden* and finding no personal jurisdiction over underwriter that did not perform any action in Texas or sell securities to plaintiffs); *see also Sullivan*, 2017 WL 685570, at *45-49 (court concluded no basis for specific jurisdiction over multiple foreign banks because plaintiffs failed to allege sufficient U.S.-based conduct).

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss the Complaint with prejudice as against Bank of China London.

.

Dated:   January 16, 2018


Respectfully submitted,

By:   */s/ Daniel C. Lewis*
　　Adam S. Hakki (phv09223)
　　Daniel C. Lewis (phv09222)
　　599 Lexington Avenue
　　New York, New York 10022-6069
　　Telephone: 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
　　Fax: 212-848-7178
　　daniel.lewis@shearman.com


　　DAY PITNEY LLP
　　Jeffrey P. Mueller (ct27870)
　　242 Trumbull Street
　　Hartford, CT 06103
　　Phone:  (860) 275-0100
　　Fax:  (860) 275-0343
　　jmueller@daypitney.com

　　*Counsel for Bank of China Limited London Branch*

.