UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers,<br><br>    Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; ALLAN OBERMAN; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; MAUREEN CAVANAUGH AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.,<br><br>    Defendants. | : : : : : : : : : : : : : : : : : : : : : : | CIVIL ACTION NO.<br>3:17-cv-00558-SRU<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>FEBRUARY 5, 2019 |

**MOTION TO INTERVENE BY PUTATIVE CLASS MEMBER CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM FOR THE LIMITED PURPOSE OF TOLLING THE STATUTE OF REPOSE**

    The California State Teachers' Retirement System ("CalSTRS") hereby moves to intervene for the sole purpose of protecting its claims as alleged in the amended complaint from the expiration of a statute of repose.[1]  By this motion to intervene, CalSTRS provides defendants notice of CalSTRS' claims under the allegations in the amended complaint, as the Second Circuit suggested in <u>Police and Fire Retirement System of City of Detroit v. IndyMac MBS, Inc.</u>, 721 F.3d 95, 106 (2d Cir. 2013).

---

[1]     Prior to filing this motion, CalSTRS sought to confer with counsel for the parties in attempt to resolve the issues raised in the motion.  Counsel for lead plaintiffs the Ontario Teachers' Pension Plan Board and the Anchorage Police & Fire Retirement System stated that lead plaintiffs would not oppose this motion.  Counsel for defendants did not respond to the request.

1

Additionally, CalSTRS does not seek appointment as lead plaintiff or to otherwise interpose itself into this action in any way, and CalSTRS seeks to preserve its status as a putative class member, with the attendant rights and protections.

## BACKGROUND

In their Amended Consolidated Class Action Complaint (the "Amended Complaint"), the Ontario Teachers' Pension Plan Board and the Anchorage Police & Fire Retirement System (the "Named Plaintiffs") allege, among other things, that defendant Teva Pharmaceutical Industries, Ltd. ("Teva") and a number of Teva's officers and directors violated 15 U.S.C. § 78aa (the "34 Act") by making false and misleading statements and failing to disclose that Teva had engaged in a price-raising strategy that artificially increased its profits and resulted in an antitrust investigation by the Department of Justice and the State of Connecticut Attorney General.  (Docket No. 226).  The Amended Complaint alleges that Teva's false and misleading conduct began on February 6, 2014.  (Docket No. 226 ¶¶ 46-48).  CalSTRS bought shares of Teva stock during the alleged class period, including during the period immediately after the February 6, 2014 date, and held shares through the end of the class period.[2]

## ARGUMENT

**I. CALSTRS' LIMITED INTERVENTION IS APPROPRIATE**

A federal court "may allow anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  A party must bring a claim within five years of a violation of the 34 Act or that claim will be barred by a statue of repose.  28 U.S.C. § 1658.  In California Public

---

[2] CalSTRS is willing to provide counsel with copies of CalSTRS' relevant transaction history in Teva securities and to submit it for *in camera* review upon request.

2054105

Employees' Retirement System v. ANZ Sec., Inc., 137 S. Ct. 2042, 2052-53, 2055 (2017), the Supreme Court held that a statute of repose cannot be equitably tolled and, thus, American Pipe Const. Co. v. Utah, 414 U.S. 538 (1974), which tolls a statute of limitations once a class action lawsuit is filed, does not toll a statute of repose for passive putative class members. See also IndyMac MBS, supra, 721 F.3d at 106. In IndyMac, the Second Circuit explained that passive class members might file timely motions to intervene to protect their claims from the expiration of a statute of repose. 721 F.3d at 112.

Here, the Amended Complaint alleges that Teva violated the 34 Act commencing on February 6, 2014 when it announced its fourth quarter 2013 and full-year 2013 financial results in a press release that failed to disclose that Teva's profits were based on inflated profits from a price-raising strategy. (Amended Complaint ¶ 46). The statute of repose for any Section 10(b) claims arising from that violation expires on February 6, 2019. 28 U.S.C. § 1658 (setting five-year statute of repose). CalSTRS bought 1,404,441 Teva shares from February 6, 2014 to October 30, 2014. (Amended Complaint ¶ 65). During the entire alleged class period, CalSTRS purchased 3,811,691 Teva shares and estimates its maximum recoverable damages to exceed $55 million.

By this motion, CalSTRS is following guidance from the Second Circuit that passive class members should preserve their claims from the expiration of the statute of repose by moving to intervene. IndyMac, 721 F.3d at 112. CalSTRS' claims against the Teva defendants share common questions of law and fact with the Named Plaintiffs' claims in the Amended Complaint and, therefore, intervention is appropriate. Fed. R. Civ. P. 24. Allowing CalSTRS to intervene for the limited purpose of tolling the statute

of repose will not prejudice any of the parties and will not cause any delay as CalSTRS is already a passive putative class member and does not seek to bring additional claims against any additional parties.  There will be no additional discovery because CalSTRS is not seeking to become a lead plaintiff and seeks to retain the protections against discovery that apply to passive class members.  See <u>In re Publication Paper Antitrust Litig.</u>, No. 3:04 MD 1631 (SRU), 2005 WL 1629633, at *1 (D. Conn. July 5, 2005) (denying discovery of class member).

       The sole purpose for this motion is to allow CalSTRS, a public pension fund tasked with preserving the value of its beneficiaries' retirement funds, to avoid the risk of a time-bar against its claims if the case is dismissed on procedural grounds and to preserve meaningful opt-out rights if a class is certified.  The alternative option to achieve these objectives would be for CalSTRS to file its own separate action against the Teva defendants to toll the statute of repose, which would be contrary to judicial efficiency and require the unnecessary expenditure of resources by the parties.

2054105

**CONCLUSION**

Accordingly, CalSTRS respectfully requests that the Court grant this motion to allow it to intervene for the limited purpose of preserving its claims against the expiration of the statute of repose, but also confirm that CalSTRS will nevertheless remain a passive member of the putative class with all the associated rights and protections.

                        INTERVENOR-PLAINTIFF CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM,

                        By:   /s/ Richard S. Order
                              Richard S. Order, Esq.
                              Federal Bar No. ct02761
                              UPDIKE, KELLY & SPELLACY, P.C.
                              100 Pearl Street, P.O. Box 231277
                              Hartford, CT 06123-1277
                              Telephone: 860-548-2600
                              Facsimile: 860-548-2680
                              Email: rorder@uks.com

                              Irwin B. Schwartz, Esq.
                              (pro hac vice motion pending)
                              BLA Schwartz, P.C.,
                              One University Avenue, Suite 302(b)
                              Westwood, MA 02090
                              Telephone: (781) 636-5032
                              Fax: (617) 421-1810
                              ischwartz@blaschwartz.com

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on February 5, 2019, a copy of the foregoing was electronically filed. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. A copy has also been sent by U.S. mail first class, postage prepaid, to all counsel and pro se parties that do not have access to the Court's electronic filing system.

By: <u>/s/ Richard S. Order</u><br>
Richard S. Order, Esq.<br>
U<small>PDIKE</small>, K<small>ELLY</small> & S<small>PELLACY</small>, P.C.

2054105