# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

<table>
<tr>
<td>

ONTARIO TEACHERS' PENSION PLAN
BOARD, Individually and as Lead Plaintiff on
behalf of all others similarly situated; and
ANCHORAGE POLICE & FIRE RETIREMENT
SYSTEM, Individually and as Named Plaintiff on
behalf of all similarly-situated bond purchasers,

      Plaintiffs,

v.

TEVA PHARMACEUTICAL INDUSTRIES
LTD., *et al.*,

      Defendants.

</td>
<td>

Civ. A. No. 3:17-cv-00558 (SRU)
CONSOLIDATED with
Civ. A. No. 3:17-cv-00559 (SRU)




February 26, 2019

</td>
</tr>
</table>

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO CALSTRS'S MOTION TO INTERVENE

ORAL ARGUMENT REQUESTED

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 3

      I.     CALSTRS'S MOTION IS IMPROPER UNDER THE PSLRA. ............... 3

      II.    CALSTRS'S MOTION DOES NOT COMPLY WITH RULE 24. ......... 8

      III.   CALSTRS'S MOTION DOES NOT
           TOLL THE STATUTE OF REPOSE. ....................................................... 9

CONCLUSION .............................................................................................................. 10

Defendants Teva Pharmaceutical Industries Ltd., Erez Vigodman, Eyal Desheh, Allan Oberman, Sigurdur Olafsson, Deborah Griffin, Maureen Cavanaugh, and Teva Pharmaceutical Finance Netherlands III B.V. respectfully submit this memorandum of law in opposition to the Motion to Intervene by Putative Class Member California State Teachers' Retirement System ("CalSTRS") for the Limited Purpose of Tolling the Statute of Repose, ECF No. 259.

## PRELIMINARY STATEMENT

During the years that this putative class action has been pending, fifteen plaintiffs have opted out of the class proceedings by filing six separate lawsuits in this Court alone.[1]  Still other plaintiffs have filed direct lawsuits in other courts, several of which have been transferred to this Court.[2]  In all this time, proposed intervenor CalSTRS is the only plaintiff to attempt to seek to opt out of the putative class without filing its own lawsuit.  Instead, it moved to intervene in this putative class action, on the day before the running of the statute of repose, on the theory that this motion tolls the statute of repose and will later allow CalSTRS to file its own claims against Defendants.  Defendants know of no decision that supports CalSTRS's request, and CalSTRS has not identified one.

To be sure, the Supreme Court and Second Circuit have warned plaintiffs that the pendency of a class action does not toll a statute of repose.  And they have therefore suggested that plaintiffs who wish to pursue individual claims either move to intervene in an existing action or file a

---

[1] *Schwab Capital Tr. v. Teva Pharm. Indus. Ltd.*, 19-cv-192 (D. Conn.); *Pub. Sch. Teachers' Pension & Ret. Fund of Chi. v. Teva Pharm. Indus. Ltd.*, 19-cv-175 (D. Conn.); *Pac. Funds Series Tr. v. Teva Pharm. Indus. Ltd.*, 18-cv-1956 (D. Conn.); *Alaska Dep't of Rev. v. Teva Pharm. Indus. Ltd.*, 18-cv-1721 (D. Conn.); *Nordea Inv. Mgmt. AB v. Teva Pharm. Indus. Ltd.*, 18-cv-1681 (D. Conn.); *OZ ELS Master Fund, Ltd. v. Teva. Pharm. Indus. Ltd.*, 17-cv-1314 (D. Conn.).

[2] *Grodko v. Teva Pharm. Indus. Ltd.*, 18-cv-800 (D. Conn.); *Baker v. Teva Pharm. Indus. Ltd.*, 3:18-cv-798 (D. Conn); *Huellemeier v. Teva Pharm. Indus.* Ltd., No. 17-cv-1938 (D. Conn.); *see also The Phoenix Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 18-cv-3305, ECF No. 38 (E.D. Pa. Feb. 22, 2019) (ordering granting Defendants' motion to transfer case to D. Conn.).

separate lawsuit.  But neither court has suggested that the two procedures are interchangeable, nor has either court endeavored to explain when each procedure applies.  In the present circumstances, the appropriate procedure is the one that every other plaintiff besides CalSTRS has followed:  filing a separate lawsuit.[3]

That is because this is a proposed class action subject to the unique procedures of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78u-4, 77z-1 ("PSLRA").  The PSLRA, as this Court knows, establishes how to determine: (1) who will be the lead plaintiff and thus have the power to control the prosecution of a securities class action; and (2) when such a determination must be made.  *See* Ruling on Motions for Appointment as Lead Plaintiff, ECF No. 124 ("Lead Plaintiff Ruling").  Although members of the putative class here may opt out of the class (if a class is ever certified), *see* Fed. R. Civ. P. 23(c)(2)(B), there is no rule or statute that permits unnamed class members to add themselves as named plaintiffs in the PSLRA-governed class action for the purpose of asserting non-class claims.  Indeed, such intervention would be contrary to the PSLRA's purposes, for it would shift power over the putative class action to a plaintiff that was not selected by as lead plaintiff.

Beyond being inconsistent with the PSLRA, CalSTRS's motion is facially inadequate under the Federal Rules of Civil Procedure.  As Rule 24 unambiguously states, a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  CalSTRS did not set out its claims in a pleading accompanying its motion, and courts have held that such a failure is grounds in and of itself for denying intervention.  *See infra* p. 8.

---

[3] To be clear, Defendants do not concede that *any* plaintiff's claims comply with applicable statutes of limitations or repose or avoid any other sort of defect.  Defendants' point in the present filing is simply that CalSTRS's motion is improper for multiple reasons and should be denied accordingly.

In all events, CalSTRS's motion cannot serve the purpose that CalSTRS desires – tolling the statute of repose.  Merely filing a motion to intervene does not commence an action in the sense relevant to the application of a statute of repose.  CalSTRS cannot commence an action without filing a complaint, which it has not even attempted to do.  While the mere filing of a motion to intervene may be enough to toll a statute of limitations, the Supreme Court has made clear that statutes of repose are not subject to such tolling principles.

For all these reasons, CalSTRS's motion should be denied.

## ARGUMENT

### I.   CALSTRS'S MOTION IS IMPROPER UNDER THE PSLRA.

As the Court explained in the Lead Plaintiff Ruling, Congress passed the PSLRA to "prevent 'lawyer-driven' litigation, and to ensure that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs' counsel.'"  Lead Plaintiff Ruling at 3-4 (quoting *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 615 (S.D.N.Y. 2015)).  To that end, the court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i); *see also id.* § 77z-1(a)(3)(B)(i).

In this case, the PSLRA's process led to the appointment of Ontario Teachers' Pension Plan Board.  Lead Plaintiff Ruling at 27.  CalSTRS could have moved for appointment during that process back in early-2017, but did not do so.  Accordingly, CalSTRS's attempt to insert itself into this action now comes far too late.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i) (affording prospective plaintiffs 60 days after publication of notice to move for lead plaintiff appointment).

Of course, CalSTRS maintains that it does not wish to serve as lead plaintiff.  Mot. 2.  It wants to remain passive, "preserv[ing] its status as a putative class member."  *Id.*  But CalSTRS cannot have it both ways.  To be a putative class member, CalSTRS does not need to take action at all:  "an absent class-action plaintiff is not required to do anything" but "may sit back and allow the litigation to run its course."  *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 (1985).  An intervenor, in contrast, is very different:  "[w]hen a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party."  *Schneider v. Dumbarton Developers, Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985).  Allowing CalSTRS to assume the rights of a plaintiff now would undercut the PSLRA's prescribed mechanism for ensuring that control over the class action is in the hands of the only plaintiff permitted by the PSLRA to be a fully participating plaintiff in this securities class action, *i.e.*, the plaintiff appointed by the Court as Lead Plaintiff pursuant to the procedures set forth in the PSLRA.

To be sure, there are times when plaintiffs other than the lead plaintiff may be permitted to assert claims in a representative capacity in a securities lawsuit like this one, particularly if the lead plaintiff seeks to add a new named plaintiff in order to better represent the class.  For instance, the Court permitted Anchorage Police & Fire Retirement System to be a named plaintiff, alongside the lead plaintiff, because it purported to be able to represent investors who held Teva Notes.  *See* Am. Compl. ¶ 22.  Similarly, in *In re IndyMac Mortgage-Backed Securities Litigation*, 793 F. Supp. 2d 637, 641-42 (S.D.N.Y. 2011), a number of entities attempted to intervene to pursue claims over certificates that the lead plaintiff had not purchased.  But that is because "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class."  *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) (emphasis added).  CalSTRS does not seek to do that; it seeks to maintain and preserve individual claims only.  But interpreting

the PSLRA to permit an unlimited number of plaintiffs to intervene in the class action, on their own initiative, to pursue individual "opt-out" claims would create a chaotic hybrid action and inappropriately undermine the statute's goal of consolidating authority over the litigation in a lead plaintiff specifically appointed by the court.

Any putative class member has the right to opt out of a class.  *See* Fed. R. Civ. P. 23(c)(2)(B).  Opt-out plaintiffs in securities class actions can attempt to preserve their claims by timely filing their own complaints, as many other plaintiffs have sought to do in the nine opt-out cases pending in this District alone, *see supra* nn.1-2, and others have sought to do elsewhere. CalSTRS could have done what these other plaintiffs did.  Defendants know of no authority, however, that would permit a plaintiff to intervene to pursue **individual** claims within this PSLRA-governed putative **class** action, let alone without the filing of its own complaint.  If this Court were to permit CalSTRS unilaterally to intervene for that purpose here, it would be the first Court, to Defendants' knowledge, to grant such a motion.  Simply put, there is no role for such plaintiffs to play here, and the statute does not envision them playing such a role.

The principal case on which CalSTRS relies involved very different facts and does not support CalSTRS's arguments.  In the *IndyMac* case, as noted above, plaintiffs sought intervention in order to assert claims on behalf of class members, not opt-out claims, after the district court concluded that the lead plaintiff lacked standing to assert those claims because it had not purchased the certificates in question:  the would-be intervenors "sought to intervene in the action to revive the dismissed claims."  *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 101 (2d Cir. 2013).  The Second Circuit's holding was that the intervenors' claims were barred by the statute of repose, which was not tolled by the pendency of the class action.  *Id.* at 109.  In a concluding line, the court explained why this result was not unfair:  "[t]he proposed intervenors,

through minimal diligence, could have avoided the operation of the . . . statute of repose simply by making timely motions to intervene in the action as named plaintiffs, or by filing their own timely actions and, if prudent, seeking to join their claims." *Id.* at 112.

As the concluding clause indicates, the court's statement was directed to proposed intervenors who wanted to pursue certain claims on behalf of the existing putative class – hence the potential relevance of joinder – after it had become clear that the Lead Plaintiff lacked standing to represent the class for those claims.[4]  Indeed, the proposed intervenor that the court specifically mentioned (Detroit's Police and Fire Retirement System) had originally moved for lead plaintiff status.  *See id.* at 102, 112 n.23; *IndyMac*, 793 F. Supp. 2d at 641.  Contrary to CalSTRS's portrayal, the decision neither says nor implies anything about intervention in a PSLRA-governed class action by a "passive class member," let alone a putative class member seeking to preserve an "opt-out" claim that it might or might not someday assert on its own behalf only.  Mot. 3.  The whole dispute in *IndyMac* involved investors that wanted to actively press claims in a representative capacity.  That case, and the passage CalSTRS quotes, had nothing to do with the assertion of, or any attempt to preserve, an "opt-out" claim, which is what CalSTRS is seeking to accomplish here.

The Supreme Court case CalSTRS cites does not support its motion either.  *See Calif. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, 137 S. Ct. 2042 (2017) ("*CalPERS*").  In *CalPERS*, the Court noted in passing that a "motion to intervene or request to be included as a named plaintiff in the

---

[4] In fact, the district court stressed that the proposed intervenors should have known that the lead plaintiff lacked standing to assert those claims as soon as the lead plaintiff filed its consolidated complaints.  *IndyMac*, 793 F. Supp. 2d at 644.  Yet, even though the problem was "obvious to [the movants] on the face of those pleadings," the proposed intervenor failed to raise any objection and therefore these particular claims could not be revived on behalf of the class later, after the statute of repose had run.  *Id.*

6

class-action complaint **may well suffice**" in some circumstances to allow an absent class member to litigate individual claims. *Id.* at 2054 (emphasis added). But the Court neither analyzed nor determined the circumstances under which such intervention actually **would** suffice. *Id.* Moreover, this lone sentence in *CalPERS* does not establish, or even address, the specific PSLRA rules that apply to securities class actions. Rather, it alludes generally to circumstances that sometimes "may well suffice" to permit litigation of individual claims. That point must be underscored, because the relevant passage in *CalPERS* invokes basic principles governing statutes of limitation, statutes of repose, and equitable tolling that generally apply in many areas of law, including class actions of various types. Thus, *CalPERS* does not specifically address, let alone decide, the issue presented by CalSTRS's motion to intervene here.

In short, allowing intervenors to insert themselves as parties in PSLRA-governed putative class actions solely to pursue individual claims would undermine the PSLRA's purposes. And CalSTRS's right to opt **out** of the class action does not present any reason to permit CalSTRS to insert itself **into** the class action. "[T]he opt-out right merely ensures that each putative class member retains the ability **to act independently of the class** action if she so elects." *In re Lehman Bros. Sec. & Erisa Litig.*, 655 F. App'x 13, 16 (2d Cir. 2016) (emphasis added), *aff'd sub nom. CalPERS,* 137 S. Ct. 2042.[5] CalSTRS has always had the ability and "right to initiate and pursue an individual action," *id.*, just like the plaintiffs that have done so in the nine cases in this District alone. Intervention by an "opt-out plaintiff" in the class action – long after the court has appointed the Lead Plaintiff under the PSLRA – for the purpose of asserting an individual claim in the class action itself, is unprecedented, unwarranted, and contrary to the PSLRA's framework.

---

[5] Of course, the fact that the opt-out right is meant to preserve a class member's independence does not preclude courts from coordinating class and opt-out lawsuits to promote judicial economy and conserve parties' resources.

## II.   <u>CALSTRS'S MOTION DOES NOT COMPLY WITH RULE 24.</u>

Even if one set the PSLRA to the side, CalSTRS's motion should be denied because it does not satisfy the general requirements for a motion to intervene under the Federal Rules of Civil Procedure.  Rule 24(c) expressly requires that the motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c). Here, since CalSTRS seeks to assert a claim against Defendants, the relevant pleading would be a complaint.  *See* Fed. R. Civ. P. 7(a)(1).  CalSTRS's motion to intervene was not accompanied by a complaint, and that alone is "fatal" to its motion.  *See Abramson v. Pennwood Inv. Corp.*, 392 F.2d 759, 761 (2d Cir. 1968) (affirming denial of motion to intervene because of proposed intervenor's "failure to file a pleading along with his motion papers"); *see also In re Holocaust Victim Assets Litig.*, No. 14-cv-890, 2014 WL 2440612, at *8 (E.D.N.Y. May 30, 2014) ("[T]he law is clear that the failure to file a pleading by itself may be 'fatal' to a motion to intervene.") (quoting *Abramson*, 392 F.2d at 761).

This problem would justify denying CalSTRS's motion to intervene even if CalSTRS had adopted the Amended Complaint's allegations by reference.  *See* 6 *Moore's Fed. Prac.* § 24.20 (LexisNexis 2018) ("The movant may not merely adopt the pleadings of an existing party.").  Here, however, CalSTRS has not even done that much.  It vaguely purports to pursue "claims under the allegations in the amended complaint."  Mot. 1.  But a movant's "reference in [its] motion papers to the allegations of the original complaint [is] insufficient to comply with the requirements of Rule 24(c)."  *Abramson*, 392 F.2d at 761.  That is especially so here, where the Amended Complaint's **<u>class</u>** claims based on the two named plaintiffs' holdings do not readily translate into **<u>individual</u>** claims based on CalSTRS's situation.  Such "differences between the motion[] to intervene and the [existing] complaint" are "too significant to allow waiver of Rule 24(c)," even

assuming that its formal requirements may be waived in appropriate circumstances. *Ret. Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 595 (7th Cir. 1993).

III.   **<u>CALSTRS'S MOTION DOES NOT TOLL THE STATUTE OF REPOSE.</u>**

Finally, the whole premise of CalSTRS's motion is mistaken.  CalSTRS appears to believe that the mere filing of a motion sufficed to "toll" the statute of repose, even if it has not been granted. *See* Mot. 1, 4.  There is no support for that assumption, which conflicts with binding case law stating that statutes of repose may not be tolled absent statutory authorization, even for equitable reasons.

Here, as CalSTRS acknowledges, the relevant time bar is a statute of repose.  28 U.S.C. § 1658(b)(2); *SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos.,* 829 F.3d 173, 176 (2d Cir. 2016); Mot. 3.  It requires that the "action . . . be commenced" or "brought" within 5 years of the alleged violation.  28 U.S.C. § 1658.  But to commence or bring an action requires the filing of a complaint. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  Here, as noted already, CalSTRS did not even file a **<u>proposed</u>** complaint along with its motion.  But even if it had, that complaint would need the Court's action – granting the motion – before it became filed and operative.  Until the granting of the motion and subsequent filing of the complaint on the Court's docket, the proposed intervenor's case would not yet have commenced.

Some courts have adopted a different rule in the context of statutes of limitations, ruling that the statute of limitations is "tolled" by the filing of the proposed complaint (provided the motion is ultimately granted). *See, e.g.*, *United States ex rel. Canion v. Randall & Blake*, 817 F.2d 1188, 1192 (5th Cir. 1987); *Farris v. Sears, Roebuck & Co.*, 415 F. Supp. 594, 596 (W.D. Ky. 1976).  Courts ground this principle in the sense that "it would be unjust to penalize proposed intervenor[s] for a factor beyond their control, such as a court's deliberate consideration of their

9

timely-filed motion and proposed complaint." *United States ex rel. Rubar v. Hayner Hoyt Corp.*, 306 F. Supp. 3d 478, 491 (N.D.N.Y. 2018).

Whatever the force of such considerations in the context of a statute of limitations, however, they have no place in the context of a statute of repose, as the Supreme Court has made clear. "The purpose and effect of a statute of repose . . . is to override customary tolling rules arising from equitable powers of courts." *CalPERS*, 137 S. Ct. at 2051. A statute of repose therefore "forecloses the extension of the statutory period based on equitable principles." *Id.* So even if CalSTRS's motion had been procedurally proper and accompanied by a proposed pleading, it would still be too late now to avoid the statute of repose.

And here that is a result of CalSTRS's own making. This action has been pending since 2016, and within 20 days of its filing, the original plaintiffs published notice of its pendency as required by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Numerous other plaintiffs brought claims earlier, and CalSTRS could have done likewise. Instead, for no apparent reason, it waited until the day before the running of the statute of repose to file its motion. As the Second Circuit has observed, the PSLRA was "not intended to excuse sophisticated parties [such as proposed intervenors] from being diligent and keeping abreast of developments in the case." *Police & Fire Ret. Sys.*, 721 F.3d at 112 (citation omitted). CalSTRS failed to take sufficient action to preserve its claims, and it may not now rely on principles of tolling that have no application to a statute of repose.

## **CONCLUSION**

For all these reasons, CalSTRS's motion to intervene should be denied.

Respectfully submitted,

*/s/ Jordan D. Hershman*
Jordan D. Hershman (*pro hac vice*)
Jason D. Frank (*pro hac vice*)
Emily E. Renshaw (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

 – and –

Michael D. Blanchard (ct25891)
**MORGAN, LEWIS & BOCKIUS LLP**
One State Street
Hartford, CT  06103
Tel: (860) 240-2945
Fax: (860) 240-2800
michael.blanchard@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
jotoole@goodwin.com

*Counsel for Defendants Teva*
*Pharmaceutical Industries Ltd., Erez*
*Vigodman, Eyal Desheh, and Teva*
*Pharmaceutical Finance Netherlands III*
*B.V.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 26th day of February, 2019, a copy of the foregoing was filed electronically and served by mail upon anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jordan D. Hershman*

Jordan D. Hershman (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110-1726
Tel (617) 951-8455
Fax (617) 951-8736
jordan.hershman@morganlewis.com
