UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; ALLAN OBERMAN; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; MAUREEN CAVANAUGH AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.,<br><br>Defendants. | CIVIL ACTION NO.<br>3:17-cv-00558-SRU<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>MARCH 12, 2019 |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF PUTATIVE CLASS MEMBER CALIFORNIA STATE TEACHERS RETIREMENT SYSTEM'S MOTION TO INTERVENE

As correctly noted in the Defendants' Memorandum of Law In Opposition to CalSTRS's Motion To Intervene (the "Opposition") at page 7, the Supreme Court's decision in California Public Employees Retirement Plan vs. ANZ, provides little detail as to what steps a prudent investor-passive class member should take to preserve its securities fraud claims against the expiration of the statute of repose, aside from stating that "[a] simple motion to intervene or request to be included as a named plaintiff in the class-action complaint may well suffice." 137 S. Ct. 2042, 2054 (2017).  The Opposition also correctly noted that PSLRA class actions are intended to provide collective remedies, while preserving passive class members' rights to act independently by

**ORAL ARGUMENT IS REQUESTED**

opting out if they are dissatisfied with the class action proceedings or results. (Opposition at 7 <u>citing</u> <u>In re Lehman Bros. & ERISA Litig.</u>, 655 F. App'x 13, 16 (2$^d$ Cir. 2016)).  The Opposition fails, however, to reconcile the purpose of the statute of repose to protect defendants from undisclosed claims with the purpose of Rule 23 to allow passive class members a meaningful opportunity to act independently by opting out, especially where, as here, the class action has not proceeded beyond the motion to dismiss stage when a statute of repose expires.

Recognizing this quandary for prudent putative class members, the California State Teachers Retirement System ("CalSTRS") respectfully contends that its motion to intervene (the "Motion" or "Motion to Intervene") achieves the purposes of both the statute of repose and the PSLRA:  it gives defendants notice of CalSTRS' individual claims but does not seek to disrupt or interfere with the class action.  In addition, the Motion seeks to preserve CalSTRS' right to act independently by opting out – or not, as the case may be, when it is prudent for CalSTRS to make that decision.  CalSTRS seeks to avoid being forced to file its own suit against the Teva defendants under the risk of forfeiting certain claims before CalSTRS is able to adequately assess the effectiveness of this proceeding to remedy CalSTRS' losses in Teva stock.  As a prudent fiduciary, CalSTRS should not be forced to engage in potentially wasteful or duplicative litigation just because the expiration of the statute of repose is impending.

Defendants have no answer to this.  Moreover, not one word in the Opposition identified any prejudice to any of the defendants from the relief CalSTRS requests.  Nor do defendants dispute that the Motion satisfies all the elements for intervention, except for a failure to attach a *pro forma* complaint to the Motion, which formalistic redundancy

many courts hold is not required. Instead, the defendants fault CalSTRS for proposing a novel approach to meeting the Supreme Court's reference in <u>ANZ</u> for satisfying the statute of repose by intervention and following the Second Circuit's similar suggestion in <u>IndyMac</u> without filing a separate lawsuit. (Opposition at 5-6). Defendants offer no plausible alternative interpretation of the Supreme Court's guidance in <u>ANZ</u> on intervention and one could well imagine that, if CalSTRS took the step of filing its own action to address the statute of repose, defendants would have decried it as duplicative of this action and a wasteful burden on judicial resources.

That is why CalSTRS brought this Motion as a prudent fiduciary: to preserve its rights to act independently, while seeking to cause the least disruption to this class action and avoid imposition of additional burdens on the judiciary or defendants. Contrary to the Opposition's internally inconsistent misrepresentations, CalSTRS does not seek to usurp the role as lead plaintiff, nor does it seek permission to opt out at this time. Instead, CalSTRS seeks to preserve its status as a putative class member, under the leadership of the Ontario Teachers' Pension Plan Board and its counsel, until CalSTRS determines to participate in any class settlement or opt out or this Court dismisses the class action, at which time CalSTRS will have preserved the maximum value of its claims if it chooses to pursue them.

## **ARGUMENT**

I. <u>The Motion Satisfies All Requirements To Intervene For A Limited Purpose</u>

As set forth in the Motion, a federal court "may allow anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The purpose of Rule 24's pleading requirement is to

"inform[] the parties of the movant's position."  Briscoe v. New Haven, No. 3:09-cv-1642, 2012 WL 13026762, at *5 (D. Conn. Oct. 10, 2012) (granting motion to intervene).  Moreover, in class action proceedings, the Court has the power to issue orders giving class members the opportunity "to intervene and present claims or defenses, or to *otherwise come into the action*."  Fed. R. Civ. P. 23(d)(1)(B)(iii) (emphasis added).

The Opposition does not dispute that the Motion meets all these Rule 23 and 24 elements and the Court is empowered to grant CalSTRS the relief it seeks.  The Motion demonstrates that CalSTRS shares claims with the main action, as well as common questions of law and fact, which Teva does not dispute.  (Compare Motion to Intervene at 2-4 with Opposition at 3-10).  Teva does not even attempt to identify any prejudice to it by the relief sought in the Motion.  (See Section II, *infra*).  Rather, Teva's primary objection is the form-over-substance argument that the Motion should be denied because CalSTRS failed to attach a *pro forma* copy of the Amended Consolidated Class Action Complaint.  (Opposition at 8-9).

While Rule 24 indicates that a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which the intervention is sought," where an attached pleading would be surplusage, courts waive Rule 24's requirement of attaching a proposed pleading.  See Briscoe, 2012 WL 13026762, at *5-6 (discussing cases where courts have allowed motions to intervene in the absence of an attached pleading).  Indeed, as Professor Kane points out, "if the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already in the file."  7C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane,

4

Richard L. Marcus, A. Benjamin Spencer, & Adam N. Steinman, <u>Federal Practice and Procedure</u> § 1914 (3d ed. 2018).

Here, CalSTRS declined to engage in the pointless exercise of attaching a *pro forma* complaint because, as it stated in the very first sentence of the Motion, it was seeking to intervene "for the sole purpose of protecting its claims *as alleged in the amended complaint* . . . ." (Motion at 1 (emphasis added)).  Nowhere in the Opposition does Teva contend that this reference in the Motion is insufficient to give Teva notice of CalSTRS' claims and Teva identifies no prejudice it will suffer from CalSTRS' failure to attach a copy of the amended complaint to the Motion.[1]  In any event, the reference in the Motion to the amended complaint is enough under Fed. R. Civ. P. 10(c) to constitute an adoption by reference, and "[p]leadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e).

Finally, the Court may "impose conditions on the representative parties or on the intervenors."  Fed. R. Civ. P. 23(d)(1)(C).  The relief sought in the Motion is consistent with Rule 23's policies and the Court's power to limit intervenors' participation in the class action.  As Professor Rubenstein explains, "[a]n absent class member may . . . intervene to protect her own rights, including challenging the adequacy of representation, establishing individualized damages, presenting additional claims, or preventing dismissal of either class-wide or individual claims."  3 William B. Rubenstein, <u>Newberg on Class Actions</u> § 9:30 (5th ed. 2018).  This is exactly what CalSTRS seeks to

---

[1] CalSTRS offered to provide its relevant trading records to both plaintiffs' and defense counsel, which offer plaintiffs' counsel accepted and Teva ignored.  (Declaration of Irwin Schwartz in Support of Motion to Intervene ("Schwartz Decl.") ¶ 8).

do here: to intervene only to preserve its claims against the expiration of the statute of repose, not to actively participate in this class action.

II.     Teva Identifies No Prejudice If The Court Allows The Motion To Intervene

In determining whether to allow a party to intervene under Rule 24(b), courts typically examine whether the intervention will prejudice the current parties in the action. Fed. R. Civ. P. 24(b)(3). Such prejudice frequently arises if the motion to intervene comes late in the pre-trial process and would implicate additional discovery or other disruption of the case or the court's calendar. See Association of Conn. Lobbyists LLC v. Garfield, 241 F.R.D. 100, 102 (D. Conn. 2007) (intervention appropriate unless it would result in undue delay in proceedings). Not surprisingly, given discovery has been stayed and this Court is considering a second motion to dismiss, Teva identifies no prejudice to it if CalSTRS is allowed to intervene for the limited purpose sought in the Motion. Indeed, Teva does not claim unfair surprise or prejudice by late-filed claims. Teva's argument that CalSTRS *could have* filed a separate complaint earlier to satisfy the statute of repose (Opposition at 10) certainly does not implicate prejudice.

III.   The Court Should Disregard Teva's Mischaracterizations Of CalSTRS' Motives

Finding little fault on the face of the Motion, Teva mischaracterizes CalSTRS' positions in order to argue against them:

| Teva's Mischaracterizations | CalSTRS' True Positions |
|---|---|
| • CalSTRS seeks to opt out of the putative class without filing its own lawsuit (Opposition at 1) | • CalSTRS seeks to remain a putative class member (Motion at 2) |
| • CalSTRS seeks after-the-fact appointment as class representative (Opposition at 3-4) | • CalSTRS does not seek appointment as lead plaintiff (Motion at 2) |
| • CalSTRS seeks to pursue individual claims within this PSLRA governed putative class action (Opposition at 5) | • CalSTRS seeks only to preserve its claims from the expiration of the statute of repose (Motion at 3-4) |

CalSTRS will not waste the Court's time arguing against positions it did not take.[2]

Similarly, Teva gratuitously suggests that the Motion should be denied because CalSTRS was not diligent in pursuing its claims.  (Opposition at 2, 10).  Nonsense. CalSTRS has been monitoring the Teva case since November 17, 2016 with an eye on the statute of repose.  (Schwartz Decl. ¶ 2).  CalSTRS' counsel first discussed the implications of the statute of repose with class counsel on February 9, 2018.  (Schwartz Decl. ¶ 3).  Thereafter, CalSTRS' counsel discussed this Court's decision on the first motion to dismiss with both plaintiffs' and defendants' counsel.  (Schwartz Decl. ¶ 4). After the Amended Consolidated Class Action Complaint was filed, CalSTRS calendared the expiration dates for the statute of repose under 28 U.S.C. § 1658. (Schwartz Decl. ¶ 5).  As the first relevant statute of repose deadline approached,

---

[2]   Moreover, Teva's mischaracterizations are procedural impossibilities;  CalSTRS cannot (i) opt-out of a class that has not been certified; or (ii) seek serve as class representative and opt-out at the same time.

CalSTRS requested that the Teva defendants enter into a tolling agreement to allow CalSTRS to seek to preserve its claims pending the Court's decision on Teva's motion to dismiss and on class certification.  (Schwartz Decl. ¶ 6).  Teva refused, forcing CalSTRS to move to intervene to protect its right to act independently if this case survives the second motion to dismiss.  (Schwartz Decl. ¶ 7).  Accordingly, CalSTRS has been extraordinarily diligent in seeking to protect its claims against the expiration of the statute of repose.

Nevertheless, Teva asks this Court to penalize CalSTRS for failing to act sooner by filing a separate case.  (Opposition at 2 ("In the present circumstances, the appropriate procedure is the one that every other plaintiff besides CalSTRS has followed:  filing a separate lawsuit.")).  Teva does not explain how it would have been better served by such an "opt-out" complaint and the associated burden on judicial and party resources, which Teva decried elsewhere in such separately actions.[3]  Indeed, as the Eighth Circuit explained in a different context, "[a]lthough some district courts . . . have ruled that class members are not entitled to intervene because they can protect their interests by opting out of the class, we think this reasoning is flawed. . . . it would mean a class member could never intervene . . . (since she can always opt out), yet both Rule 23 and the history of Rule 24 explicitly envision intervention as a means of securing adequacy of representation."  Smith v. SEECO, Inc., 865 F.3d 1021, 1024-25

---

[3]     For example, Teva stated that allowing a "copycat" case to go forward "in parallel with (but behind) the Ontario Litigation -- would simply waste judicial resources and the parties' resources, and would create the risk of inconsistent rulings."  The Phoenix Ins. Co. v. Teva Pharmaceutical Industries, Inc., No. 2:18-cv-03305-PD (E.D. Pa.), Memo. of Law in Supp. of Def.'s Mot. to Transfer (Docket No. 30-2) (Oct. 10, 2018) at 3) (attached as Ex. A to the Schwartz Decl.).  Teva made similar arguments against litigation duplicative to this case in Grodko v. Teva Pharmaceutical Industries, Ltd., No. 2:17-cv-03743-PD (E.D. Pa.) and Huellemeir v. Teva Pharmaceutical Industries, Ltd., No. 1:17-cv-485-SJD (S.D. Ohio).

(8th Cir. 2017) (*quoting* 3 William B. Rubenstein, Newberg on Class Actions § 9:34 (5th ed. 2013 & Supp. 2017)).

In short, Teva offers no substantive reason why the Motion to Intervene should be denied.[4]

### Conclusion

Accordingly, CalSTRS respectfully requests that the Court grant this Motion to allow CalSTRS to intervene for the limited purpose of preserving its claims against the expiration of the statute of repose and also confirm that CalSTRS will remain a passive member of the putative class with all the associated rights and protections.

INTERVENOR-PLAINTIFF CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM,

By:   /s/ Irwin B. Schwartz

Irwin B. Schwartz, Esq.
PHV No. 05071
BLA Schwartz, P.C.,
One University Avenue, Suite 302(b)
Westwood, Massachusetts 02090
Telephone: (781) 636-5032
Fax: (617) 421-1810
ischwartz@blaschwartz.com

Richard S. Order, Esq.
Federal Bar No. ct02761
UPDIKE, KELLY & SPELLACY, P.C.
100 Pearl Street, P.O. Box 231277
Hartford, Connecticut 06123-1277
Telephone: 860-548-2600
Facsimile: 860-548-2680
Email: rorder@uks.com

---

[4] Teva also argues, without authority, that the Motion's filing does not satisfy the statute of repose. (Opposition at 9-10). While this issue is likely not ripe, CalSTRS should not be held to predict the timing by which the Court would decide the Motion, requiring CalSTRS to file the Motion weeks or months ahead of the expiration of the statute of repose.