# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and<br><br>ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers,<br><br>  Plaintiffs,<br><br>  v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; ALLAN OBERMAN; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; MAUREEN CAVANAUGH AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.;<br><br>  Defendants. | No. 3:17-cv-00558 (SRU) |

**PLAINTIFFS' SURREPLY TO PROVIDE SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**

Pursuant to Local Rule 7(d) and the Court's Pretrial Preferences, Plaintiffs respectfully bring to the Court's attention the recent opinion issued in *Utesch v. Lannett Co.*, No. 2:16-CV-05932, 2019 WL 2136467 (E.D. Pa. May 15, 2019) ("*Lannett II*"), attached hereto as Exhibit A.[1]

The Teva Defendants rely heavily on the earlier decision *Utesch v. Lannett Co.*, 316 F. Supp. 3d 895 (E.D. Pa. July 31, 2018) ("*Lannett I*"), claiming it was "on all fours" with the allegations here.  ECF 254 at 19.  *Lannett I* dismissed claims that wholly "'***depend[ed]***' on the assertion that 'Lannett was committing antitrust violations.'"  Ex. A at *4 (citing *Lannett I*, 316 F. Supp. 3d at 907).  Relying on *Lannett I*, the Teva Defendants argue that without "direct evidence of an agreement," Plaintiffs here did not adequately allege underlying antitrust violations in order to state a claim for any of Defendants' misstatements.  ECF 238-1 at 50; *see also* ECF 254 at 26-28.  Defendants also cite *Lannett I* in arguing that, absent direct evidence of price fixing at Teva, scienter cannot be established through allegations of (i) governmental inquiries into suspected antitrust violations or (ii) the "core" nature of Teva's generic drug business.  ECF 238-1 at 54.

Here, as the Court recognized, Plaintiffs do not rely on allegations of price fixing alone.  ECF 272 at 6:24-7:2.  Nor is price fixing a predicate to securities fraud based on Defendants' empirically false statements.  *See* Ex. A at *6.  *Lannett II* sustains amended allegations – like those here – that plead empirically fraudulent conduct apart from price fixing; and it rejects the argument that price fixing has to be alleged to establish falsity, scienter, or loss causation.

First, *Lannett II* addresses fraudulent misstatements that overlap almost *verbatim* with some of those here, as the table below illustrates:

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in ECF 244.  All emphasis is added.

| **Statements in *Lannett II*** | **Teva Defendants' Statements** |
|---|---|
| "The generic pharmaceutical industry is highly competitive," and "We face strong competition in our generic product business." Ex. A at *3. | "Our generic drugs face intense competition." and "[W]e are subject to intense competition in the generic drug market…" ECF 226 at ¶171. |
| "I think price increases are opportunistic things. You don't know when you're going to have the opportunity and when you do, you take advantage of it." Ex. A at *3. | "When there's an opportunity, when there is a shortage in the market, we obviously look for pricing like any other business." ECF 226 at ¶184. |

These misstatements are empirically false – there were neither shortages nor competition, Ex. A at *5-6 – even though Lannett boasted of "aggressive" price increases. *Lannett I*, 316 F. Supp. 3d at 906; *Cf.* ECF 244 at 14-15, 39.

Second, *Lannett II* upheld scienter allegations solely on circumstantial evidence, including (i) the existence of ongoing government investigations and (ii) the "core" importance of generics profits. Ex. A at *9. Those same circumstantial factors are pled here, *see, e.g.*, ECF 226 at ¶¶273-81, along with highly particularized facts: the documents, processes, and participants involved in Teva's price increases. *See, e.g.*, ECF 244 at 32-37.

Third, *Lannett II* reaffirmed the appropriateness of relying on the State AGs' complaint to corroborate Plaintiffs' claims. Ex. A at *6 n.7; ECF 244 at 57. Recently, the State AGs filed a new complaint that further corroborates Plaintiffs' independently investigated facts, including: Cavanaugh's personal role in Teva's price increases, and the centrality of Nisha Patel (now identified by name) and Kevin Galownia (referred to as "K.G.") to the scheme. *See, e.g., Connecticut v. Teva Pharm. USA, Inc.*, No. 3:19-cv-00710 (ECF 1) (D. Conn. May 10, 2019) at ¶¶604, 888, 1064, 1075; *compare* ECF 226 at ¶¶36-37, 242-45, 254-55, 299.

Finally, *Lannett II* upheld allegations of loss causation due to the same November 3, 2016 *Bloomberg* article that named Teva, the government investigations, and subpoenas, irrespective of antitrust violations. Ex. A at *10. Likewise, here, these same disclosures caused investors' losses, regardless of whether the Teva Defendants' violated antitrust laws. ECF 244 at 46-51.

2

| | |
|---|---|
| **DATED: May 20, 2019** | **RESPECTFULLY SUBMITTED,** |

 /s/ *Joseph A. Fonti*

Joseph A. Fonti (admitted *pro hac vice*)
Javier Bleichmar (admitted *pro hac vice*)
Wilson Meeks (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com
wmeeks@bfalaw.com

*Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board,*
*and for Named Plaintiff Anchorage*
*Police & Fire Retirement System,*
*and Lead Counsel for the Class*

/s/ *Marc J. Kurzman*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
**CARMODY TORRANCE**
**SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com

*Local Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board,*
*and for Named Plaintiff Anchorage*
*Police & Fire Retirement System*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the court's CM/ECF system.

 /s/ Joseph A. Fonti
Joseph A. Fonti