### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | No. 3:17-cv-00558 (SRU) |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | Class Action |
| Plaintiffs, | |
| v. | |
| TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V., | October 25, 2019 |
| Defendants. | |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

**Date Initial Complaint Filed:**          Nov. 6, 2016

**Date Consolidated Complaint Served:**    Service waived pursuant to Fed. R. Civ. P. 4.

**Date Operative Complaint Filed:**        June 22, 2018

**Date of Defendants' Appearances:**       Apr. 26, 2017: Teva Pharmaceutical Industries Ltd.
                                           Aug. 15, 2017: Eyal Desheh and Erez Vigodman
                                           Oct. 12, 2017: Teva Pharmaceutical Finance
                                           Netherlands III B.V. and Deborah Griffin
                                           Nov. 2, 2017: Sigurdur Olafsson

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the Rule 26(f) conference was held on October 11, 2019, and counsel engaged in further discussion on October 22, 2019.  The participants were:

- Joseph A. Fonti, Christopher Rooney, Susan Podolsky, Evan A. Kubota, and Thayne Stoddard for Lead Plaintiff Ontario Teachers' Pension Plan Board ("Ontario Teachers'")

and Named Plaintiff Anchorage Police and Fire Retirement System ("Anchorage," and, collectively with Ontario Teachers', "Plaintiffs"); and

- Jason Frank and Emily Renshaw for Defendants Teva Pharmaceutical Industries Ltd. ("Teva"), Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, and Teva Pharmaceutical Finance Netherlands III B.V.

## I.   CERTIFICATION

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

The parties agree that this Court has subject matter jurisdiction pursuant to: (i) Section 27 of the Exchange Act (15 U.S.C. § 78aa); and, separately, (ii) Section 22 of the Securities Act (15 U.S.C. § 77v).

### B.   Personal Jurisdiction

Personal jurisdiction is not contested by the Defendants.

## III.   BRIEF DESCRIPTION OF THE CASE

### A.   Claims of Plaintiffs

This securities class action arises from Defendants' misstatements during the Class Period (February 6, 2014 to August 3, 2017, inclusive), attributing Teva's seemingly remarkable financial turnaround to durable and fundamental business strategies, like cost cutting and good product management.  These false statements fraudulently concealed that Teva's record profits were actually the unsustainable result of systematic price increases on its generic drugs, a deliberate

lack of competition, and illegal collusion among Teva and its peers.  As a result of these false statements, investors suffered damages when it was revealed that Teva was a target of State and Federal investigations into generic drug price fixing, and that the financial condition of Teva's generic drug business was significantly impaired because Teva could not maintain its inflated prices in the face of increased public scrutiny.

On these allegations, Plaintiffs, on behalf of themselves and the members of the Class, allege the following claims in this consolidated securities class action:

i.    fraud based claims under Sections 10(b) and 20(a) of the Exchange Act of 1934 (Counts I and II, respectively) against Defendants Teva, Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, and Deborah Griffin; and

ii.   strict liability and negligence claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (Counts III, IV, and V, respectively), against Defendants Teva, Teva Pharmaceutical Finance Netherlands III B.V., Erez Vigodman, Eyal Desheh, and Deborah Griffin.

**B.    Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant/s:**

Plaintiffs have sought to take antitrust claims and convert them into violations of the federal securities laws.  For a number of reasons, Plaintiffs' allegations will not survive a motion for summary judgment, much less a trial on the merits.

To begin, Plaintiffs cannot prove that any Defendant acted with scienter, which Plaintiffs are required to prove separately as to each Defendant (as opposed to relying on allegations made as to "all Defendants," as Plaintiffs impermissibly do in their Complaint).  In short, even if Plaintiffs could prove that Teva engaged in "systematic price increases on its generic drugs, a deliberate lack of competition, and illegal collusion," in order to prevail on their securities fraud claims, Plaintiffs are required to prove that each Defendants made a false or misleading statement with scienter.  Plaintiffs will not be able to do so.

In addition, Plaintiffs cannot prove that any of the challenged statements were false or misleading statements of material fact.

Plaintiffs cannot prove reliance, including reliance based on the fraud on the market theory.

Plaintiffs cannot prove loss causation – the facts will show that there was no disclosure that revealed an alleged fraud to investors and thereby caused Plaintiffs' alleged loss.

Plaintiffs cannot prove the elements of control person liability, including in particular culpable participation.

Defendants also expressly reserve the arguments that they advanced in support of their motions to dismiss, which the evidence will show are valid defenses against Plaintiffs' claims. Further, Teva anticipates asserting numerous affirmative defenses, including but not limited to:

- The Complaint fails to state a claim on which relief may be granted.

- If and to the extent that Plaintiffs and the members of the purported plaintiff class have been damaged, which Teva denies, the amount of damages that Plaintiffs and the members of the purported plaintiff class allege to have suffered is too remote or speculative to allow recovery, and it is impossible to ascertain and allocate such alleged damages with reasonable certainty.

- To the extent Plaintiffs may seek damages for injuries occurring prior to the applicable limitations period, Plaintiffs' claim is barred in whole or in part, by the applicable statute of limitations. 15 U.S.C. § 15b.

- Each of Plaintiffs' claims or causes of action is barred, in whole or in part, because Plaintiffs' claims are not properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

- The Complaint is barred on the ground that the acts complained of, to the extent they occurred, were procompetitive in nature, and done solely to promote, encourage, and increase competition.  Accordingly, Defendants' conduct was reasonable, justified, and privileged.

- The Complaint is barred on the ground that the actions complained of, to the extent they occurred, are permissible under the federal securities laws.

- Plaintiffs are not adequate representatives for the class they seek to represent.

Defendants hereby give notice that they intend to assert and rely upon such other defenses

and affirmative defenses that may become available or apparent as this action proceeds, and thus reserve the right to assert such defenses as they identify in their Answer and any supplements thereto.

       **C.**    **Defenses and Claims of Third Party Defendant/s:**  not applicable.

## IV.   STATEMENT OF UNDISPUTED FACTS

       Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

1.      Teva Pharmaceutical Industries Ltd. is incorporated in Israel.

2.      On February 6, 2014, Teva Pharmaceutical Industries Ltd. held its Fourth Quarter 2013 earnings call.

3.      On May 1, 2014, Teva Pharmaceutical Industries Ltd. held its First Quarter 2014 earnings call.

4.      On July 31, 2014, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

5.      On October 30, 2014, Teva Pharmaceutical Industries Ltd. held its Third Quarter 2014 earnings call.

6.      On October 30, 2014, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

7.      On December 11, 2014, Teva Pharmaceutical Industries Ltd. held a 2015 Business Outlook Meeting.

8.      On February 5, 2015, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

9.      On February 5, 2015, Teva Pharmaceutical Industries Ltd. held its Fourth Quarter 2014 earnings call.

10.    On April 21, 2015, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

11.    On April 30, 2015, Teva Pharmaceutical Industries Ltd. held its First Quarter 2015 earnings call.

12.     On April 30, 2015, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

13.     On July 30, 2015, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

14.     On October 29, 2015, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

15.     On October 29, 2015, Teva Pharmaceutical Industries Ltd. held its Third Quarter 2015 earnings call.

16.     On November 30, 2015, Teva Pharmaceutical Industries Ltd. filed a Form 424B5 with the SEC.

17.     On February 11, 2016, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

18.     On February 11, 2016, Teva Pharmaceutical Industries Ltd. held its Fourth Quarter 2015 earnings call.

19.     On May 9, 2016, Teva Pharmaceutical Industries Ltd. held its First Quarter 2016 earnings call.

20.     On May 9, 2016, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

21.     On November 15, 2016, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

22.     On February 13, 2017, Teva Pharmaceutical Industries Ltd. filed a Form 6-K with the SEC.

## V.     CASE MANAGEMENT PLAN:

**Plaintiffs' Position:**

This action was initially filed on November 6, 2016.  Like other major securities class actions in this Circuit, discovery can be completed and summary judgment motions filed within roughly one year of the Court's September 25, 2019 decision resolving Defendants' motions to dismiss and commencement of discovery on October 11, 2019.  To ensure a prompt recovery for victims of Defendants' fraud, it is critical that the Court establish a clear case management plan

with rigorously enforced deadlines and an efficient and prompt mechanism for dispute resolution. To that end, Plaintiffs respectfully submit that the Court should enter the proposed order attached as Exhibit A hereto.

Plaintiffs' proposed one-year timetable is fully consistent with schedules successfully utilized by Judge Cote and Judge Rakoff in the two largest securities class action recoveries in the Second Circuit—*In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 DLC, 2003 WL 23416532 (S.D.N.Y. Nov. 14, 2003), 2004 WL 868401 (S.D.N.Y. Jan. 20, 2004), 2004 WL 1064481 (S.D.N.Y. May 12, 2004) (15 months from decision to summary judgment) and *In re Petrobras Sec. Litig.*, No. 1:14-cv-09662-JSR (S.D.N.Y.) (eight and a half months from decision to summary judgment). These actions involved dozens of defendants (at least 67 in *WorldCom*, and 37 in *Petrobras*); the production of millions of documents (over 10 million pages in *WorldCom* and 7 million documents in *Petrobras*); simultaneous government criminal and civil investigations; foreign documents and witnesses; and (in *WorldCom*) a parallel bankruptcy proceeding. *See WorldCom*, 2004 WL 802414, at *1 (S.D.N.Y. Apr. 15, 2004); 2004 WL 2591402, at *3 (S.D.N.Y. Nov. 12, 2004); *Petrobras*, No. 1:14-cv-09662-JSR, ECF 789 at 45-46. Plaintiffs' proposed schedule is also consistent with the schedule in *In re Computer Sciences Corporation Sec. Litig.*, No. 1:11-cv-610 (E.D. Va.) ("*CSC*") (six months to summary judgment), a securities class action in which Ontario Teachers' as class representative, represented by Lead Counsel, obtained what was then the second-largest all-cash securities class action settlement in the Eastern District of Virginia. *CSC* involved the production of over five million pages of documents and 27 fact depositions, including in the United Kingdom, and all fact discovery was completed in less than six months. *See* Ex. D; No. 1:11-cv-610 (E.D. Va.), ECF 321 at 7.

The scheduling orders from *WorldCom*, *Petrobras*, and *CSC* are attached for the Court's reference as Exhibits B-D.  Lead Plaintiff and Lead Counsel are fully experienced and equipped to litigate the instant action efficiently and on a similar timetable.

**Defendants' Position:**

This case is the most advanced of over 20 civil actions against these defendants, based on allegations of violations of the federal securities laws.  Plaintiffs' claims here relate not only to Defendants' SEC filings and public statements, but also to related allegedly underlying antitrust violations.  Here, the class period spans approximately two-and-a-half years, the Complaint focuses on numerous alleged misrepresentations, and Plaintiffs have based their claims on allegedly improper price fixing or price hikes in connection with dozens of separate generic drugs. In addition, currently pending is an MDL proceeding, *In re Generics Pharmaceuticals Pricing Antitrust Litigation*, 16-MD-2724 (E.D. Pa.), that is based on alleged antitrust violations by certain defendants here.  Here, Plaintiffs allege, *inter alia*, that Defendants participated in anticompetitive conduct that is the subject of the MDL, misrepresented that Teva was participating in competitive markets for generic drugs, which, according to Plaintiffs, was anticompetitive because of the same course of conduct alleged in the MDL cases, and misrepresented the drivers of Teva's financial results while failing to disclose the anticompetitive conduct alleged in the MDL cases.  In order to avoid significant duplication of effort and unnecessary expense, this case should be coordinated with all of those other cases, including potentially the coordination of common discovery.

Witnesses and documents in this case are located both in the United States and abroad, including in Israel.  Plaintiffs already have propounded nearly 100 document requests, and there is likely to be an extensive document production numbering in the many millions of pages.  Further, Plaintiffs alone anticipate taking 24 depositions of fact witnesses around the country and in Israel.   In light of the complexity of this case, as well as the myriad of related cases

in this jurisdiction and others, Defendants' proposed 18-month fact discovery window is entirely reasonable.

Defendants' proposed schedule is consistent with schedules set by this Court in civil actions far less complex than this case. *See Siemon v. Commscope*, No. 3:06-cv-00324 (SRU) (16-month fact discovery schedule); *Roberts v. Liberty Mutual*, No. 13-cv-00435 (SRU) (16-month fact discovery schedule). It is also consistent with other schedules within the Second Circuit. *Wilson v. LSB Indus., Inc.*, No. 15-cv-07614 (15-month fact discovery schedule). The *Siemon* case and the *Roberts* case — over which this court presided — did not need to be coordinated with approximately twenty other actions or an MDL action, unlike this case. The relatively straightforward claims in *Roberts* bore no similarity the multifaceted, expansive, and international nature of fact discovery in this case.

Plaintiffs' proposed schedule is inconsistent with this Court's prior schedules. It provides for a fact discovery schedule of less than 10 months, far shorter than the 16 months this Court allowed in *Siemon* and *Roberts*. Plaintiffs' support their rapid schedule by cherry-picking two notorious cases from the Southern District of New York and a case from Virginia's famous rocket docket. But Plaintiffs fail to point to a similar schedule from this District, let alone this Court.

### A.    Initial Disclosures

Initial disclosures will be served by 5 PM Eastern Standard Time on November 15, 2019.

### B.    Scheduling Conference

1.    The parties do not request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.    The parties prefer that a scheduling conference, if held, be conducted in person.

### C.   Early Settlement Conference

1.   The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  The parties will communicate, as appropriate, to explore the prospects for a mutually acceptable settlement. Settlement is unlikely at this time.

2.   The parties do not request an early settlement conference.

3.   The parties prefer a settlement conference, when such a conference is held, with: **Plaintiffs' Position:** Settlement discussion should be pursued through a private mediator/parajudicial officer. **Defendants' Position:** The presiding judge or a magistrate judge.

4.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.  **Plaintiffs' Position:** Plaintiffs are experienced in private mediation and agree to remain in communication about the potential for settlement discussions.

### D.   Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.   Plaintiffs should be allowed until thirty (30) days following the close of fact discovery to file motions to join additional parties and to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2.   In the event that Plaintiffs move to add additional parties or to amend the complaint, Defendants should be allowed until thirty (30) days after Plaintiffs' motion to file motions to join additional parties and/or a response to any motion to amend the pleadings.  Motions filed after the

foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

E.     **Discovery**

a.     Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case": not applicable.

b.     The parties anticipate that discovery will be needed on the following subjects:

**Plaintiffs' Position**:

Plaintiffs require discovery on any non-privileged matter within the scope of Federal Rule of Civil Procedure 26(b) including, without limitation, on the following subjects:

i.      Defendants' statements about the profitability and pricing of generic drugs;

ii.     Teva's generic drugs, including pricing data, pricing policies, price increases or decreases, or pricing pressure, on its generic drugs;

iii.    Teva's reported financial results, including profits and revenues from Teva's generic drugs, and compliance with GAAP (including Item 303/5), and SOX;[1]

iv.     Defendants' statements about the competition that Teva faced in the generic drug industry;

v.      Defendants' statements about the acquisition or potential acquisition by Teva of other generic drugs manufacturers;

vi.     Communications with other generic drug companies distributors, and wholesalers regarding pricing of generic drugs, allocating markets for generic drugs, and other anti-competitive conduct;

vii.    Teva's acquisition of Actavis;

---

[1] Capitalized terms not defined herein have the meanings specified in the operative Complaint (ECF No. 226).

viii.   Teva's December 3, 2015 and January 6, 2016, secondary offering of ADS and Preferred Shares;

ix.   Teva's July 21, 2016 offering of debt securities;

x.   The terminations of Messrs. Levin, Olafsson, Vigodman, and Desheh, among others;

xi.   Investigations and inquiries into Teva's generic drug pricing, including by the State AGs, the DOJ, Congress and the GAO;

xii.   Teva's $6.5 billion write-down of goodwill and 75% dividend reduction announced on August 3, 2017.

Discovery in this action should not be tied in any way to *In re Generics Pharmaceuticals Pricing Antitrust Litigation*, 16-MD-2724 (E.D. Pa.) (the "*Generics MDL*"). Defendants themselves advised Judge Rufe in the *Generics MDL* that the instant action "will ultimately turn on what the defendants communicated to the investing public, whether those communications were misleading, whether the defendants acted with the *scienter* required for a claim of securities fraud, and whether their public statements caused investors' losses," and thus "will require discovery focused on the aforementioned securities-specific issues.  Those securities law issues, of course, have no relevance whatsoever in this antitrust MDL."  16-MD-2724 (E.D. Pa.), ECF 685 at 7.

**Defendants' Position**:

Plaintiffs' statement of its discovery needs is overbroad, unduly burdensome, and exceeds the scope of discovery under Fed. R. Civ. P. 26(b).  Given the significant overlap between this case and the *In re Generics Pharmaceuticals Pricing Antitrust Litigation*, 16-MD-2724 (E.D. Pa.)

MDL action, discovery between the actions should be coordinated to avoid discovery inefficiencies and the unnecessary waste of party resources.

Defendants require discovery on any non-privileged matter within the scope of Federal Rule of Civil Procedure 26(b) including, without limitation, on the following subjects:

      i.    Relevant information known by confidential witnesses identified in the operative complaint;

      ii.    The named Plaintiffs' status as shareholders of Teva stock;

      iii.    The adequacy and typicality of named Plaintiffs as class representatives;

      iv.    Plaintiffs' reliance on alleged misstatements and omissions;

      v.    The materiality of the alleged misstatements and omissions;

      vi.    Plaintiffs' alleged damages.

    c.    **Plaintiffs' Position:**  Fact discovery commenced on October 11, 2019, and all fact discovery will be completed (not propounded) by August 6, 2020.  This schedule is fully consistent with the schedules in other major securities class actions, as noted above.  To this end, Plaintiffs propounded a full set of document requests on October 3, 2019, which are deemed served on the date of the Rule 26(f) conference (October 11, 2019).  Plaintiffs set forth their proposal for efficient and timely production of responsive documents in Section VIII below.  **Defendants' Position:** All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by October 25, 2019, and will be completed (not propounded) by September 3, 2021.

    d.    Discovery will not be conducted in phases.

    e.    If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by:  not applicable.

    f.    **Plaintiffs' Position:** Plaintiffs anticipate that they will require a total of 24 depositions of fact witnesses.  The depositions will commence no later than 90 days after

completion of Defendants' production of documents responsive to Plaintiffs' First Requests for Production (deemed served October 11, 2019), and will be completed by the close of fact discovery (August 6, 2020).  Depositions in the current case should not in any way be contingent on the timing of depositions in the *Generics MDL*.  **Defendants' Position:**  Defendants anticipate that they will require a total of 24 depositions of fact witnesses.  No deposition of a fact witness shall occur here before that witness is deposed in the *In re Generics Pharmaceuticals Pricing Antitrust Litigation*, 16-MD-2724 (E.D. Pa.) MDL action commence.  Depositions in the MDL action currently are scheduled to begin on March 16, 2020.

g.    The parties do not currently intend to request leave from the Court to serve more than 25 interrogatories.

h.    Plaintiffs intend to call expert witnesses at trial.  Defendants intend to call expert witnesses at trial.

i.    Trial experts on any issues on which they bear the burden of proof.

**Plaintiffs' Position:**  The parties will designate all trial experts ("Trial Experts") and serve their reports pursuant to Fed. R. Civ. P. 26(a)(2) ("Opening Reports") no later than 7 days after the close of fact discovery (August 6, 2020).  The parties will designate all rebuttal trial experts ("Rebuttal Experts") and serve their reports pursuant to Fed. R. Civ. P. 26(a)(2) ("Rebuttal Reports") no later than 21 days after the deadline for designating Trial Experts and serving Opening Reports.

**Defendants' Position:**  Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by May 28, 2021.  Depositions of any such experts will be completed by June 30, 2021.

j.      Trial experts on any issues on which they do not bear the burden of proof:

**Plaintiffs' Position:** Rebuttal Experts shall be deposed within the 14-day period after the deadline for serving Rebuttal Reports.  Trial Experts shall be deposed within the 14-day period after the deadline for deposing Rebuttal Experts.

**Defendants' Position:** Parties will designate all trial experts and provide opposing counsel with report from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not  bear the burden of proof by July 23, 2021.  Depositions of such experts will be completed by September 3, 2021.

k.      Damage Analysis.

**Plaintiffs' Position**: A damages analysis will be provided by any party who has a claim or counterclaim for damages no later than 7 days after the close of fact discovery (August 6, 2020), and rebuttal damages analysis and depositions will follow the schedule for Rebuttal Reports and depositions of Rebuttal Experts and Trial Experts set forth in items (i) and (j) above.

**Defendants' Position:** A damages analysis will be provided by any party who has a claim or counterclaim for damages by May 28, 2021.

l.      Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronically stored information ("ESI") management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) will meet and confer to discuss the disclosure and preservation of ESI, including, but not limited to, the form in which such data shall be produced, search parameters and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of ESI, appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information. The parties will agree to

procedures for the preservation, disclosure and management of ESI.  Counsel will conclude the meet and confers regarding the preservation, retrieval and production of ESI (including without limitation search terms and form of production) by November 15, 2019.

      m.    Undersigned counsel (after consultation with their clients) will also discuss the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties will agree to procedures for the preservation, disclosure and management of such information.  Counsel will conclude the meet and confers regarding the preservation, retrieval and production of non-electronic information by November 15, 2019.

      n.    **Plaintiffs' Position:**  Undersigned counsel (after consultation with their clients) have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The creation of privilege logs will be consistent with Fed. R. Civ. P. 26(a)(b)(5)(A), and the parties will exchange privilege logs on a rolling basis, with the final privilege log to be served within 14 days of completion of production.  Further, consistent with Fed. R. Civ. P. 26(a)(b)(5)(B), if information produced in discovery is later subject to a claim of privilege or of protection as trial-preparation material, including information protected by the work-product doctrine, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a receiving party must promptly sequester the specified information and any copies it has; must not use or disclose the information (except to the Court) until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may, within fourteen (14) days after sequestering the disclosed information, present the information to the Court under seal for an order that the claim of privilege or protection does not apply.  The producing party may respond within ten (10) days, and the receiving party may reply

within seven (7) days.  The producing party must preserve the information until the claim is resolved.

**Defendants' Position:** Undersigned counsel will discuss discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties will confer and agree to procedures for asserting claims of privilege after production.  The parties expect to submit to the Court a proposed protective order that will govern the treatment of confidential information and inadvertent production of information subject to privilege or other protection.

**C.     Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case.

1.     The parties will meet and confer regarding their respective positions on consolidation of this matter with other matters, and they will jointly or separately inform the Court of their position or file any applicable motions by November 22, 2019.

2.     Class Certification:

**Plaintiffs' Position:**  Since class certification may involve consideration of underlying facts, and likely will involve some of the same expert opinions on merits issues (such as causation and damages), efficiency counsels in favor of class certification deadlines that are concurrent with merits expert discovery, as set forth below:

   i.     Any motion for class certification and accompanying expert report(s) may be filed no later than August 13, 2020 (7 days after the close of fact discovery);

   ii.    Memoranda in opposition to any motion for class certification and accompanying expert report(s) may be filed no later than 21 days after the motion for class certification, and such expert(s) shall be deposed within the 14-day period after their reports are filed;

      iii.    Memoranda in further support of any motion for class certification may be filed, together with any accompanying expert report(s), no later than 21 days after the deadline to depose any experts submitting reports in opposition to class certification.  Experts submitting reports in support of class certification shall be deposed, and all discovery concerning class certification shall conclude, within the 14-day period after the deadline to depose experts submitting reports in opposition to class certification.

**Defendants' Position:** Rule 23(c) of the Federal Rules of Civil Procedures explicitly requires the Court to adjudicate whether to certify the action as a class action "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A).  This suit was filed nearly three years ago, on November 6, 2016.  Accordingly, under Rule 23(c), this Court should adjudicate class certification soon.  Defendants propose that Plaintiffs file their motion for class certification in the next two months.  Plaintiffs propose that they file their motion after fact discovery and in conjunction with expert discovery.  That is not "an early practicable time."

      Moreover, adjudicating class certification soon is not only required by rule but also furthers the orderly administration of this case.  Class certification is a threshold issue, the resolution of which will substantially impact the scope of this case and the parties' perspectives on its value.  As a result, it will impact both the scope of permissible discovery in this case as well as the likelihood of settlement.  Given the foregoing, the issue of whether a class is certified should be resolved early.  For example, in the putative securities class action filed against Freddie Mac and several of its former officers based on allegations relating to the subprime crisis, the court denied plaintiffs' motion for class certification, which ultimately brought the remainder of fact discovery to a halt as the plaintiff chose to pursue its appellate options rather than continue to litigate the case in the trial court.  *See Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mortgage Corp.*, No. 4:08-cv-0160, 2018 WL 3861840 (N.D. Ohio Aug. 14, 2018).  Moreover, delaying the adjudication of class

certification raises concerns about whether the doctrine against one-way intervention will be violated.

Accordingly, Defendants propose the following class certification schedule:

     i.    Any motion for class certification and accompanying expert report(s) may be filed on or before December 13, 2019;

    ii.    Any expert submitting a report in support of a motion for class certification must be deposed before January 24, 2020;

   iii.    Memoranda in opposition to any motion for class certification and accompanying expert report may be filed or no later than February 21, 2020;

   iv.    Any expert submitting a report in support of an opposition to a motion for class certification must be deposed before March 20, 2020;

    v.    Memoranda in further support of any motion for class certification may be filed, and all discovery concerning class certification shall conclude by April 17, 2020.

**G.    Summary Judgment Motions:**

**Plaintiffs' Position:** Summary judgment motions, which must comply with Local Rule 56, will be filed on or before October 9, 2020.  This deadline—approximately one year after the Court's ruling on Defendants' motions to dismiss and the commencement of discovery—is fully consistent with the schedules in other major securities class actions, as noted above.

**Defendants' Position:** Summary judgment motions, which must comply with Local Rule 56, will be filed on or before October 1, 2021.

**H.    Joint Trial Memorandum**

**Plaintiffs' Position:** The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than 60 days after the deadline for summary judgment motions, or, if later, 60 days after the ruling on any summary judgment motions.

**Defendants' Position:** The joint trial memorandum required by the Standing Order on Trial

Memoranda in Civil Cases will be filed no later than 60 days after the ruling on any summary judgment motions.

## VI.    TRIAL READINESS

The case will be ready for trial 60 days after filing of the joint trial memorandum.

## VII.    DEADLINES

For the convenience of the Court, the parties submit the following table of deadlines contained herein:

**Plaintiffs' Position:**

| Item | Event | Plaintiffs' Proposed Deadline |
|------|-------|-------------------------------|
| V.E.c. | Discovery commenced | October 11, 2019 |
| V.A.1. | Initial disclosures | November 15, 2019 |
| V.E.l-m | Complete meet and confers re: ESI and other documents | November 15, 2019 |
| V.F.1 | Submission(s) re: consolidation | November 22, 2019 |
| V.D.1. | Plaintiffs' motion(s) to join additional parties | September 4, 2020 (30 days after close of fact discovery) |
| V.D.2. | Defendants' motion(s) to join additional parties | October 5, 2020 (30 days after deadline for Plaintiffs' motion(s) to join additional parties) |
| VIII.1. | Defendants' production of documents responsive to Plaintiffs' First Requests for Production | Commenced by November 25, 2019; completed by February 7, 2020 (120 days after service), with privilege log due February 21, 2020 |
| VIII.2. | Interrogatories and requests for admission served no later than | June 5, 2020 (60 days before close of fact discovery) |
| V.E.c. | Fact discovery completed (not propounded) | August 6, 2020 (10 months after commenced) |
| V.E.f. | Fact depositions commence by | May 8, 2020 (90 days after Defendants complete production of documents responsive to Plaintiffs' First Requests for Production) |
| V.E.f. | Fact depositions completed | August 6, 2020 (90 days from commencement) |
| V.E.i, k. | Trial Expert reports exchanged and damages analysis served | August 13, 2020 (7 days after close of fact discovery) |
| V.F.2. | Motions for class certification and related expert report(s) no later than | August 13, 2020 (7 days after close of fact discovery) |

| V.E.i. | Rebuttal Expert reports and damages analysis | September 3, 2020 (21 days after deadline to exchange Trial Expert reports) |
|---|---|---|
| V.F.2. | Opposition to class certification and related expert report(s) | 21 days after class certification motion filed |
| V.F.2. | Depositions of expert(s) opposing class certification | 14 days after report(s) filed |
| V.E.j. | Rebuttal Expert depositions completed | September 17, 2020 (14 days after deadline to exchange Rebuttal Expert reports and damages analysis) |
| V.E.j. | Trial Expert depositions completed | October 1, 2020 (14 days after deadline for Rebuttal Expert depositions) |
| V.F.2. | Depositions of expert(s) supporting class certification; class certification discovery complete | 14 days after deadline to depose experts opposing class certification |
| V.F.2. | Reply in support of class certification and related expert report(s) | 21 days after deadline for deposing experts submitting reports in opposition to class certification) |
| V.G. | Motions for Summary Judgment | October 9, 2020 |

**Defendants' Position:**

| Event | Deadline |
|---|---|
| Initial disclosures | November 15, 2019 |
| Plaintiffs motion(s) to join additional parties | May 30, 2021 |
| Defendants motion(s) to join additional parties | July 9, 2021 |
| Discovery commenced | October 25, 2019 |
| Discovery completed (not propounded) | September 3, 2021 |
| Fact depositions completed | April 30, 2021 |
| Expert reports exchanged | May 28, 2021 |
| Expert depositions completed | June 30, 2021 |
| Rebuttal expert reports | July 23, 2021 |
| Rebuttal expert depositions completed | September 3, 2021 |
| Damages analysis served | May 28, 2021 |
| Motions for class certification and related expert report(s) | December 13, 2019 |
| Class certification expert deposition completed | January 24, 2020 |
| Opposition to class certification and related expert report(s) | February 21, 2020 |
| Class certification opposition expert deposition completed | March 20, 2020 |
| Reply in support of class certification | April 17, 2020 |
| Motions for summary judgment | October 1, 2021 |

## VIII.   ADDITIONAL ITEMS

The following additional items are raised by Plaintiffs.  **Defendants' position** on each of these is to defer to the Federal Rules of Civil Procedure, the Local Rules, and Chambers Practices.

1.        **Production of Documents**.  Defendants' production of documents responsive to Plaintiffs' First Requests for Production (deemed served October 11, 2019) shall commence by November 25, 2019, and shall be complete no later than February 7, 2020 (120 days after service of the First Requests for Production).  These deadlines are necessary to ensure that Defendants commence and complete production promptly, and with sufficient time to prepare for and conduct depositions.

2.        **Timing of Interrogatories.** Interrogatories and requests for admission shall be served no later than 60 days before the close of fact discovery.

3.        **Discovery Dispute Resolution.** Plaintiffs propose the following procedures to streamline the process for resolving discovery disputes, which are based on prior experience in the Southern District of New York and Eastern District of Virginia in complex securities cases and will ensure that issues are efficiently raised and resolved.  Prior to seeking judicial resolution of a discovery dispute, counsel for the parties shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1), and such meet and confer shall be held within two (2) days following written request by a party for a meet and confer concerning discovery.  If the parties are unable to resolve the dispute by meeting and conferring, or if a party fails to meet and confer within two (2) days following written notification of a discovery dispute, the disputing party may contact the Court to request a telephonic conference to resolve the dispute.  Unless otherwise ordered by the Court, at 5 PM two business days in advance of such telephonic conference, each side may simultaneously file a single letter brief with the Court, which will be docketed as a pleading per the Court's Pretrial Preferences.  Each letter brief shall

22

not exceed three (3) pages in length, exclusive of any cover page and exhibits.  Such letter briefs must include a representation that the meet-and-confer process occurred and was unsuccessful, or that a party failed to timely meet and confer, and shall outline the nature of the dispute and attach relevant materials.  When a discovery dispute cannot be resolved by the parties and requires the Court's attention, the parties acknowledge that costs may be awarded under Fed. R. Civ. P. 37(a)(4).

4.      **Limitations on Extensions.** Any motions for extension of time: (i) must comply with the requirements of Local Rule 7(b), (ii) shall not be granted by the mere agreement of counsel, (iii) will only be granted for good cause even when the parties are in agreement to such motion, and (iv) that such motions will be looked upon with disfavor.  Absent an agreement by the parties to a motion for extension of time, the motion will be granted only under the most compelling circumstances.

5.      **Electronic Service.**  Pursuant to Fed. R. Civ. P. 5(b)(2)(E), counsel for all parties consent to service by electronic mail of all papers required to be served under the Federal Rules.

* * *

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

23

PLAINTIFFS ONTARIO TEACHERS'
PENSION PLAN BOARD, AND
ANCHORAGE POLICE & FIRE
RETIREMENT SYSTEM


/s/ *Joseph A. Fonti*
Joseph Fonti (admitted *pro hac vice*)
Javier Bleichmar (admitted *pro hac vice*)
Evan A. Kubota (*pro hac vice* forthcoming)
Thayne Stoddard (*pro hac vice* forthcoming)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com
ekubota@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board,*
*and for Named Plaintiff Anchorage*
*Police & Fire Retirement System,*
*and Lead Counsel for the Class*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
**CARMODY TORRANCE**
**SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com

*Local Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board,*
*and for Named Plaintiff Anchorage*
*Police & Fire Retirement System*

DEFENDANTS TEVA
PHARMACEUTICAL INDUSTRIES
LTD.; EREZ VIGODMAN; EYAL
DESHEH; SIGURDUR OLAFSSON;
DEBORAH GRIFFIN; AND TEVA
PHARMACEUTICAL FINANCE
NETHERLANDS III B.V.


/s/ *Jason D. Frank*
Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street, Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: jotoole@goodwin.com

*Counsel for Defendants Teva*
*Pharmaceutical Industries Limited, Erez*
*Vigodman and Eyal Desheh*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2019, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by email to all parties by operation of the court's electronic filing

system or by mail to anyone unable to accept electronic filing. Parties may access this filing

through the court's CM/ECF system.


 /s/ *Joseph A. Fonti*_____
Joseph A. Fonti