UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and<br><br>ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly situated bond purchasers,<br><br>    Plaintiffs,<br><br>    v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.,<br><br>    Defendants. | No. 3:17-cv-558 (SRU) |

## CIVIL CASE MANAGEMENT ORDER

After consultation with counsel for the parties, I adopt the following Case Management Order. This plan is also a scheduling order pursuant to Fed. R. Civ. P. 16 and 26(f).

### I.     INITIAL DISCLOSURES

1. Initial disclosures were due to be served by 5 PM Eastern Standard Time on November 15, 2019.

### II.    CONSOLIDATION

1. The parties shall make submissions regarding the consolidation of this case and the 19 other related actions pending before me no later than December 13, 2019.

**III. JOINDER OF PARTIES, AMENDMENT OF PLEADINGS, AND MOTIONS ADDRESSED TO THE PLEADINGS**

1. Plaintiffs are allowed until September 4, 2020 to file motions to join additional parties and to amend the pleadings. Motions filed after September 4, 2020 will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2. In the event that Plaintiffs move to add additional parties or to amend the complaint, Defendants are allowed until October 5, 2020 to file motions to join additional parties and/or a response to any motion to amend the pleadings. Motions filed after October 5, 2020 will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**IV. DISCOVERY**

1. All fact discovery will be completed (not propounded) by February 26, 2021.

2. Fact depositions will commence as soon as practicable and will be completed by February 26, 2021.

3. The parties will designate all trial experts ("Trial Experts") and serve their reports pursuant to Fed. R. Civ. P. 26(a)(2) ("Opening Reports") by March 26, 2021.

4. The parties will designate all rebuttal trial experts ("Rebuttal Experts") and serve their reports pursuant to Fed. R. Civ. P. 26(a)(2) ("Rebuttal Reports") by May 28, 2021.

5. Trial Experts shall be deposed by July 2, 2021.

6. Rebuttal Experts shall be deposed by August 4, 2021.

7. A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 26, 2021.

8. Any rebuttal damages analyses shall be submitted by May 28, 2021.

9. Counsel will meet and confer to discuss the disclosure and preservation of computer-

based and other electronically stored information ("ESI") and must have concluded the meet and confers regarding the preservation, retrieval, and production of ESI (including without limitation search terms and form of production) by November 15, 2019. Counsel will also meet and confer regarding the preservation, retrieval, and production of paper and other non-electronic information, and must have concluded such meet and confers by November 15, 2019.

**V.  PRIVILEGE LOGS; ASSERTING PRIVILEGE CLAIMS AFTER PRODUCTION**

1. The creation of privilege logs will be consistent with Fed. R. Civ. P. 26(b)(5)(A), and the parties will exchange privilege logs on a rolling basis, with the final privilege log to be served by March 12, 2021.

2. Consistent with Fed. R. Civ. P. 26(b)(5)(B), if information produced in discovery is later subject to a claim of privilege or of protection as trial-preparation material, including information protected by the work-product doctrine, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a receiving party must promptly sequester the specified information and any copies it has; must not use or disclose the information (except to the Court) until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may, within fourteen (14) days after sequestering the disclosed information, present the information to the Court under seal for an order that the claim of privilege or protection does not apply. The producing party may respond within ten (10) days, and the receiving party may reply within seven (7) days. The receiving party must preserve the information as privileged until the claim is resolved.

**VI.  CLASS CERTIFICATION**

1. Any motion for class certification and related expert report(s) may be filed no later

than June 19, 2020.  Such experts (supporting class certification) shall be deposed no later than October 9, 2020.

    2.    Memoranda in opposition to any motion for class certification and related expert report(s) may be filed no later than August 7, 2020.  Such experts (opposing class certification) shall be deposed no later than November 6, 2020.

    3.    Memoranda in further support of any motion for class certification and any related expert report(s) may be filed no later than December 4, 2020.  Such experts (supplemental support of class certification) shall be deposed no later than December 18, 2020.

## VII.    SUMMARY JUDGMENT MOTIONS

    1.    Summary judgment motions, which must comply with Local Rule 56, shall be filed on or before August 23, 2021.

## VIII.    JOINT TRIAL MEMORANDUM

    1.    The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed no later than October 22, 2021, which is 60 days after the deadline for summary judgment motions.  If summary judgment motions are filed, the joint trial memorandum shall be filed no later than 60 days after the ruling on any summary judgment motions.

## IX.    TRIAL READINESS

    1.    The case will be ready for trial 60 days after the filing of the joint trial memorandum, which will be December 21, 2021, unless summary judgment motions are filed.

## X.    DISCOVERY DISPUTES

    1.    The following procedures shall apply when resolving discovery disputes between the

parties. Prior to seeking judicial resolution of a discovery dispute, counsel for the parties shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute, in conformity with Fed. R. Civ. P. 37(a)(1). If the parties are unable to resolve the dispute by meeting and conferring, the disputing party may send a letter brief to the Court, which the Court will docket. Each letter brief shall not exceed three (3) pages in length, exclusive of any cover page and exhibits. Such letter briefs must include a representation that the meet-and-confer process occurred and was unsuccessful and shall outline the nature of the dispute and attach relevant materials.

XI. **DATE CALCULATION AND MOTIONS FOR EXTENSION OF TIME**

    1. If any of the dates set forth herein fall on a weekend, holiday, or a day on which the Court is closed, the following business day shall substitute as the operative date.

    2. Any motions for extension of time: (i) must comply with the requirements of Local Rule 7(b), (ii) shall not be granted by the mere agreement of counsel, (ii) will be granted only for good cause even when the parties are in agreement to such motion, and (iv) will be looked upon with disfavor. Absent an agreement by the parties to a motion for extension of time, the motion will be granted only under the most compelling circumstances.

XII. **PRETRIAL SCHEDULE**

    1. The following table provides the Pretrial Schedule as set forth in this Order:

| EVENT | DEADLINE |
| --- | --- |
| Initial Disclosures | November 15, 2019 |
| Meet and confers re: ESI and other documents | November 15, 2019 |
| Consolidation submissions filed | December 13, 2019 |
| Motions for class certification and related expert reports filed | June 19, 2020 |
| Opposition to motions for class certification and related expert reports filed | August 7, 2020 |
| Plaintiffs' motions to join additional parties and to amend the pleadings | September 4, 2020 |
| Defendants' motions to join additional parties and to respond to any motion to amend the pleadings | October 5, 2020 |
| Depositions of experts supporting class certification completed | October 9, 2020 |
| Depositions of experts opposing class certifications completed | November 6, 2020 |
| Reply in support of class certification and related expert reports filed | December 4, 2020 |
| Depositions of experts providing supplemental support for class certification completed | December 18, 2020 |
| Fact discovery completed | February 26, 2021 |
| Fact depositions completed | February 26, 2021 |
| Final privilege log served | March 12, 2021 |
| Trial expert reports served | March 26, 2021 |
| Damages analyses served | March 26, 2021 |
| Rebuttal expert reports served | May 28, 2021 |
| Rebuttal damages analyses served | May 28, 2021 |
| Trial expert depositions completed | July 2, 2021 |
| Rebuttal expert depositions completed | August 4, 2021 |
| Motions for Summary Judgment filed | August 23, 2021 |
| Joint trial memorandum filed | October 22, 2021 (or later) |
| Trial readiness | December 21, 2021 (or later) |

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of November 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge