# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | No. 3:17-cv-00558 (SRU) |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | Class Action |
| Plaintiffs, | |
| v. | |
| TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PERERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V., | December 13, 2019 |
| Defendants. | |

# JOINT MOTION TO
## CONSOLIDATE RELATED ACTIONS

Pursuant to the Court's November 18, 2019 Civil Case Management Order, the parties in the above-referenced action (collectively, the "Parties") hereby jointly move the Court to enter an Order in the form included herewith as <u>Exhibit A</u>, consolidating the four putative class actions pending before this Court in the manner set forth below, and reflecting the parties' agreements below, including as to Plaintiffs' filing of an amended complaint (*see* ECF No. 310).  The Parties hereto also jointly move the Court for the entry of an Order in the form included herewith as <u>Exhibit B</u>, consolidating fifteen related individual actions before this Court with this Action for pretrial purposes, and the Teva Defendants will make separate submissions in each of those Actions seeking the entry of that proposed Order in those actions as well.

1

Under Rule 42(a), this Court has the power, and broad discretion, to consolidate actions "when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Exercising this power, district courts consolidate securities cases "where those actions relate to 'the same public statements and reports' and where consolidation would not prejudice the defendants." *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (citation omitted); *see Bray v. Frontier Commc'ns Corp.*, No. 3:17-CV-1617 (VAB), 2018 WL 525485, at *8 (D. Conn. Jan. 18, 2018) (consolidating four securities class actions after determining that "there is substantial overlap in the questions of fact and law").  In short, consolidation is appropriate when it would serve to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  As discussed below, that is the case here.  There is already substantial overlap in the various Teva-related class action Complaints, as several judges have recognized in granting motions to transfer those cases to this Court.  Furthermore, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and with the written consent of Defendants, the Plaintiffs in the *Ontario* Action have just filed an Amended Complaint to eliminate any differences that existed between their prior Complaint and the other putative class action Complaints.  In the interest of facilitating the most efficient resolution of these claims, the Defendants have consented to the *Ontario* Plaintiffs' recent amendment of their Complaint.  The Parties respectfully submit that the grant of this joint motion will streamline the management and adjudication of all U.S. Teva-related securities class action claims.

## BACKGROUND

There are currently twenty actions pending before this Court against Teva Pharmaceutical Industries, Ltd. ("Teva") and various Teva affiliates and current and former Teva officers,

directors, and employees, in which plaintiffs allege violations of the federal securities laws (collectively, the "Related Actions").  Four of the Related Actions are putative class actions (collectively, the "Putative Class Actions"),[1] and sixteen of the Related Actions are direct actions brought by plaintiffs who have indicated that they intend to "opt-out" of the plaintiffs' class if one is certified by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This motion addresses the Putative Class Actions and fifteen of the "opt-out" actions (collectively, the "Direct Actions").[2]

The first-filed action amongst the Related Actions is this action, styled *Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, No. 17-cv-558-SRU (the "*Ontario* Action").  As the Court is aware, the *Ontario* Action is the case among the various Related Actions that proceeded here and was the subject of the motions to dismiss that various defendants have filed in this Court

---

[1] The Putative Class Actions are:  *Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.*, No. 17-cv-558-SRU; *Huellemeier v. Teva Pharm. Indus. Ltd.*, 17-cv-1938-SRU; *Grodko v. Teva Pharm. Indus. Ltd.*, 18-cv-800-SRU; and *Emps.' Ret. Sys. of the City of St. Petersburg, Florida v. Teva Pharm. Indus. Ltd.*, 19-cv-1768-SRU.  As discussed *infra* Section II.A.1, the putative class action styled *Baker v. Teva Pharm. Indus. Ltd.*, 18-cv-798-SRU was previously consolidated with the *Grodko* action, and for purposes of this Motion, the Parties treat the *Grodko* and *Baker* actions as consolidated, and refer to them together as the *Grodko/Baker* action.

[2] The fifteen Direct Actions are:  *Nordea Investment Mgmt. AB v. Teva Pharm. Indus. Ltd.*, 18-cv-1681-SRU; *State of Alaska Dept. of Rev., Treasury Div. v. Teva Pharm. Indus. Ltd.*, 18 cv-1721-SRU; *Pacific Funds Series Trust & Pacific Select Fund v. Teva Pharm. Indus. Ltd.*, 18 cv-1956-SRU; *Pub. School Teachers' Pension and Ret. Fund of Chicago v. Teva Pharm. Indus. Ltd.*, 19-cv-175-SRU; *Schwab Capital Tr. and Schwab Strategic Tr. v. Teva Pharm. Indus. Ltd.*, 19-cv-192-SRU; *The Phoenix Insurance Co., Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-449-SRU; *Mivtachim The Workers Social Ins. Fund Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-513-SRU; *Clal Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-543-SRU; *Highfields Capital I LP v. Teva Pharm. Indus. Ltd.*, 19-cv-603-SRU; *Migdal Insurance Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-655-SRU; *Harel Pension and Provident Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-656-SRU; *State of Oregon v. Teva Pharm. Indus. Ltd.*, 19-cv-657-SRU; *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-923-SRU; *Psagot Mutual Funds, Ltd. and Psagot Provident Funds & Pension Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-1167-SRU; and *Stichting PGGM Depositary and Stichting Pensioenfonds Zorg En Welzijn v. Teva Pharm. Indus. Ltd.*, 19-cv-1173-SRU.  This motion does not address *OZ ELS Master Fund, Ltd. v. Teva Pharm. Indus. Ltd.*, 17-cv-1314-SRU.

to date.  On April 3, 2018, this Court granted Defendants' motions to dismiss, affording Plaintiffs

leave to replead, which Plaintiffs did in their Amended Consolidated Class Action Complaint filed

on June 22, 2018.  On September 25, 2019, this Court denied in substantial part the motions to

dismiss claims asserted in the Amended Consolidated Class Action Complaint filed by a majority

of the Defendants in the *Ontario* Action.  *Ontario*, ECF No. 283 (Sept. 25, 2019) (the "September

25 Order").[3]

On November 18, 2019, the Court entered a Civil Case Management Order in the *Ontario*

Action, which sets forth, among other things, a discovery schedule for the *Ontario* Action and

requires the parties in the Related Actions to make a proposal to the Court regarding consolidation

by December 13, 2019.  *Ontario*, ECF No. 298 at 1.  The Parties do not believe that any change to

the current schedule is necessary, with the sole exception of the deadline to file Answers (addressed

below).

By and through their counsel, the Parties have met and conferred regarding consolidation

of the Putative Class Actions.  The Plaintiffs and Defendants here agree with the Court's comments

at the November 13, 2019 Rule 16 Conference in the *Ontario* Action that the Putative Class

Actions should be consolidated.  In the interests of preserving party and judicial resources and

promoting efficiency, the Parties jointly propose consolidation of the Putative Class Actions in the

manner discussed below and respectfully jointly request that the Court enter an Order in the form

of the Proposed Order attached hereto as <u>Exhibit A</u>.

As noted above, the Parties hereto also jointly move the Court for the entry of an Order in

the form included herewith as <u>Exhibit B</u>, consolidating for pretrial purposes fifteen Direct Actions

---

[3] The September 25 Order granted in its entirety the motion to dismiss of defendants Allan Oberman and Maureen Cavanaugh and directed the Clerk to terminate them as defendants in the *Ontario* Action.

before this Court with the *Ontario* Action.  The Teva Defendants will also separately be making submissions in each of the Direct Actions, moving for the entry of an Order in the form of <u>Exhibit B</u> and referencing the arguments made herein.

**AGREEMENT & PROPOSAL**

**I.      APPLICATION OF THE COURT'S ORDERS.**

The Parties request that the Orders entered by the Court on this Joint Motion should apply to the Putative Class Actions, the Direct Actions, and any class or individual action subsequently filed in, or transferred to, this District and assigned to this Court, which relates to the same subject matter as any of the foregoing actions, unless a party who has the right to object to the consolidation of any such subsequently filed or transferred case or to any provision of the Orders serves an application for relief from the Orders or from any of their provisions within seven days after the date on which defense counsel mails or emails a copy of the Orders to counsel for that party.[4]  The provisions of the Court's Orders on this Motion shall apply to any such action pending the Court's ruling on the application.

**II.     CONSOLIDATION OF THE PUTATIVE
         CLASS ACTIONS WITH THE *ONTARIO* ACTION.**

As set forth below, even before the recent amendment of the *Ontario* Complaint, the *Ontario* Action overlapped with the *Grodko/Baker*, *St. Petersburg*, and *Huellemeier* actions in many ways.  Furthermore, and as discussed further below, the recent amendment of the *Ontario* Complaint, to which the Defendants consented under Rule 15(a)(2), eliminated any differences

---

[4] The Parties are aware of just one related action not presently before this Court, which is not a putative class action.  That case, styled *Fir Tree Value Master Fund, LP & FT SOF V Holdings, LLC v. Teva Pharmaceutical Industries, Ltd.*, No. 2018-19713, is currently pending in the Court of Common Pleas of Montgomery County, Pennsylvania.  Defendants in that action moved to dismiss the case on grounds of *forum non conveniens* on October 16, 2018.  The motion was fully briefed as of December 21, 2018.  The court has not yet ruled on that motion.

that existed between their prior Complaint and the Complaints in *Grodko/Baker*, *St. Petersburg*, and *Huellemeier*.[5]  For the many reasons discussed below, these actions should be consolidated for all purposes.

### A.      Overlap Among Putative Class Actions.

The *Ontario* Action is a putative class action asserting claims for relief under the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act") based on alleged misrepresentations concerning the pricing of Teva's pharmaceutical products and competition in the generic drug markets.  Following the Court's September 25 Order, the remaining Defendants in the *Ontario* Action are Teva, Teva Pharmaceutical Finance Netherlands III B.V., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, and Deborah Griffin.  The asserted Class Period is February 4, 2014 through August 3, 2017.

As the Second Circuit explains, "Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are common questions of law or fact to avoid unnecessary costs or delay."  *Johnson*, 899 F.2d at 1284.  Rule 42(a) provides district courts considerable discretion to consolidate cases in the interests of judicial administration.  *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases" under Rule 42(a)); *Johnson*, 899 F.2d at 1284 ("The trial court has broad discretion to determine whether consolidation is appropriate"); *United*

---

[5] As discussed below, by agreement with the Defendants, the *Ontario* Plaintiffs have not moved at this time to add claims under Israeli law, although the *Grodko/Baker* Complaint does assert Israeli law claims.  The Defendants will shortly be moving to dismiss the claims asserted in any cases here under Israeli law.  *See infra* Section II.C.  The Court in the *Mylan* case, to which this Court cited in its September 25 Order, dismissed the claims asserted there under Israeli law while otherwise proceeding with the adjudication of claims under U.S. securities law.  *In re Mylan N.V. Sec. Litig.*, No. 16-CV-7926 (JPO), 2018 WL 1595985, at *18-20 (S.D.N.Y. Mar. 28, 2018).

*States v. 43.47 Acres of Land*, 45 F. Supp. 2d 187, 194 (D. Conn. 1999) ("There is broad discretion to determine whether the actions call for consolidation").

In particular, "[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to 'the same public statements and reports' and where consolidation would not prejudice the defendants." *Constance Sczesny Tr.*, 223 F.R.D. at 322 (quoting *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997)); *see Bray*, 2018 WL 525485, at *8 (consolidating four securities class actions after determining that "there is substantial overlap in the questions of fact and law"); *In re Bank of Am. Corp. Sec., Deriv. & Emp't Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MDL 2058 (DC), 2010 WL 1438980, at *3 (S.D.N.Y. Apr. 9, 2010) (Chin, J.) (consolidating securities class actions filed after appointment of lead plaintiff in first-filed case; plaintiffs in later-filed actions were "free to pursue their claims as individual cases-but not as class actions"); *In re Synergy Pharm. Inc. Sec. Litig.*, No. 18-CIV-873, 2019 WL 6150713, at *4 (E.D.N.Y. Nov. 20, 2019) (same). "Neither Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated." *Pinkowitz v. Elan Corp.*, PLC, No. 02-CV-4948, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002) (quotation and citation omitted). In short, consolidation is appropriate when it would serve to "expedite trial and eliminate unnecessary repetition and confusion," *Devlin*, 175 F.3d at 130, as is undoubtedly the case here.

For the reasons set forth below, the Parties request that the Putative Class Actions (*i.e.*, the *Grodko/Baker*, *St. Petersburg*, and *Huellemeier* actions) be consolidated with the *Ontario* Action for all purposes (referred to hereinafter as the "Consolidated *Ontario* Action"). The Parties further request that, pursuant to Local Rule 42(a), although separate dockets shall be maintained for each of the Putative Class Actions, the docket for the *Ontario* Action shall be the "master docket," and

all papers hereafter filed in the Consolidated *Ontario* Action shall be filed on the docket and under the caption for the *Ontario* Action.

> **1.    *Grodko/Baker***

The Parties request that the *Grodko* and *Baker* "actions" be consolidated with the *Ontario* Action for all purposes.  As an initial matter, and as discussed below, the *Grodko* and *Baker* "actions" are actually a single action consolidated by the Chief Judge of the U.S. District Court for the Eastern District of Pennsylvania prior to its transfer to this Court.

Elliot Grodko filed a putative class action complaint on August 21, 2017 in the U.S. District Court for the Eastern District of Pennsylvania.  *See Grodko v. Teva Pharm. Indus. Ltd.*, No. 17-cv-03743 (E.D. Pa.).  *Grodko* was assigned to Judge Paul S. Diamond.  The *Grodko* complaint named Teva, Erez Vigodman, Eyal Desheh, and Yitzhak Peterburg as defendants and asserted claims under the Exchange Act and the Israeli Securities Law, 1968.  A little over a week later, Barry Baker filed a nearly identical complaint in the same court, against the same defendants, and asserting the same claims with the exception of the Israeli Securities Law claim.  *See Baker v. Teva Pharm. Indus. Ltd.*, No. 17-cv-03902 (E.D. Pa.).  The *Baker* case was originally assigned to Judge Gerald A. McHugh.

On October 23, 2017, the date for filing of Lead Plaintiff motions, Elliot Grodko voluntarily dismissed his claims in their entirety, explaining that the Complaint in the *Ontario* Action had been "expanded to include the claims filed" in *Grodko* and *Baker*. *Grodko*, ECF No. 11 (Oct. 23, 2017).  Barry Baker did not file a motion to be appointed as Lead Plaintiff.  A handful of other movants filed motions to be appointed as Lead Plaintiff.

On October 31, 2017, Judge McHugh assigned the *Baker* case to Judge Diamond, deeming it "related" to *Grodko*.  *Baker*, ECF No. 7 (Oct. 31, 2017).  Chief Judge Lawrence F. Stengel then

ordered that the two actions would "be **CONSOLIDATED** before [Judge] Diamond." *Grodko*, ECF No. 16 (Nov. 1, 2017) (emphasis in original).  Accordingly, as of November 1, 2017, the *Grodko* and *Baker* actions were one action, though neither of Messrs. Grodko or Baker were any longer pursuing their claims.

The Defendants in the *Grodko/Baker* action moved to transfer the consolidated action to this District on November 14, 2017.  *Grodko*, ECF No. 24.  Only two of the movants for Lead Plaintiff, Yael Amsellem ("Amsellem") and the Mason P. Slaine Revocable Trust ("Slaine"), opposed the transfer motion.  On December 29, 2017, Amsellem and Slaine "stipulated" that they would be co-Lead Plaintiffs.  *Grodko*, ECF No. 33.

On April 10, 2018, Judge Diamond granted the Defendants' motion to transfer the consolidated action to this District.  *Grodko*, ECF No. 37.  In so doing, Judge Diamond expressly "refrain[ed]" from ruling on Slaine's and Amsellem's stipulation regarding Lead Plaintiff appointment and ruling on any other Lead Plaintiff motion, noting that his "appointment of a lead plaintiff would interfere with Judge Underhill's management of the Connecticut action." *Id.* at 15. The *Baker/Grodko* consolidated action was electronically transferred to this District on May 10, 2018, and opened on two separate dockets.  The two dockets were transferred to this Court on May 29, 2018.

The Parties agree and request that the *Grodko/Baker* action be consolidated for all purposes with the *Ontario* Action.  Neither Mr. Baker nor Mr. Grodko remain plaintiffs.  There is no operative complaint.  No Lead Plaintiff has been appointed, and the deadline for moving for Lead Plaintiff has long passed.

Such as they are, the allegations in the initial *Grodko* and *Baker* complaints were entirely covered by those in the Prior *Ontario* Complaint.[6]  The *Grodko/Baker* class period (November 15, 2016 through August 2, 2017) is entirely subsumed by the Prior *Ontario* Complaint class period (February 4, 2014 through August 3, 2017).  *Grodko/Baker* rests on allegations that Teva was "actively concealing the negative impact resulting from the acquisition and integration of Actavis Generics on [Teva]'s financial results and business prospects."  *Grodko* Cmpl. ¶ 2 & *Baker* Cmpl. ¶ 2.  The Prior *Ontario* Complaint similarly involved allegations that Teva concealed the financial impact of the Actavis acquisition from the public, discussing this supposed concealment throughout the *Ontario* Amended Consolidated Class Action Complaint.  *See, e.g.*, *Ontario* Cmpl. ¶¶ 137, 194, 232, 234, 237, 322.  The misrepresentations referenced in the *Grodko/Baker* complaints, moreover, are based on many of the same public filings, such as the Q3 2016 6-K (*Grodko* Cmpl. ¶ 16; *Baker* Cmpl. ¶ 16; *Ontario* Cmpl. ¶ 231), December 5, 2016 6-K (*Grodko* Cmpl. ¶ 18; *Baker* Cmpl. ¶ 20; *Ontario* Cmpl. ¶¶ 325–27), 2016 20-F (*Grodko* Cmpl. ¶ 22; *Baker* Cmpl. ¶ 24; *Ontario* Cmpl. ¶¶ 236–37), Q1 2017 6-K (*Grodko* Cmpl. ¶ 25; *Baker* Cmpl. ¶ 27; *Ontario* Cmpl. ¶¶ 331–33).  Indeed, as noted above, Grodko voluntarily dismissed his claims because the Complaint in the *Ontario* Action had been "expanded to include the claims filed" in *Grodko* and *Baker*, *Grodko*, ECF No. 11 (Oct. 23, 2017).  Furthermore, as noted above, the *Ontario* Plaintiffs' amended Complaint eliminates any areas in which the *Grodko/Baker* Complaint and Prior *Ontario* Complaint previously lacked complete overlap.

For the foregoing reasons, the Parties submit that the *Grodko/Baker* consolidated action should be consolidated with the *Ontario* Action for all purposes.

---

[6] ECF No. 226 (referred to herein as the "Prior *Ontario* Complaint" or "*Ontario* Cmpl.").

2.      **_St. Petersburg_**

The Parties request that the _St. Petersburg_ action also be consolidated with the _Ontario_ Action for all purposes.

The _St. Petersburg_ Complaint was filed on June 21, 2019 in the U.S. District Court for the Eastern District of Pennsylvania.  On August 23, 2019, four sets of movants moved to be appointed lead plaintiff.  On September 13, 2019, the Defendants in the _St. Petersburg_ action moved to transfer the case to this District.  _See St. Petersburg_, No. 2:19-cv-02711, ECF No. 24.  Following briefing, Judge Diamond ordered that the matter be transferred to this District and refrained from ruling on any lead plaintiff motion.  _See St. Petersburg_, ECF No. 37 at 15-16.  This Court recently denied without prejudice two motions for appointment as lead plaintiff in anticipation of Plaintiffs' and Defendants' forthcoming submission on consolidation.  _St. Petersburg_, ECF No. 67.

The _St. Petersburg_ action and the _Ontario_ Action overlap in many ways that weigh in favor of consolidation.  As Judge Diamond noted, the gravamen of the _St. Petersburg_ complaint is that, from the period beginning with the end of the _Ontario_ class period (August 4, 2017) through May 10, 2019, Teva misleadingly denied antitrust liability arising from the alleged generic price-fixing scheme which is the subject matter of the _Ontario_ Action.  _St. Petersburg_, ECF No. 37 at 10.  In granting transfer to this District, Judge Diamond recognized that there was "**substantial[] overlap**" between the _Ontario_ Action and the _St. Petersburg_ action.  _Id._ at 8 (emphasis added).  He acknowledged that, while the complaints in the matters involved different class periods, the substance of the allegations was the same—"that 'Defendants engaged in a fraudulent scheme to artificially inflate [Teva's] share price,' and has consistently denied its involvement in

anticompetitive practices." *Id.* (quoting *St. Petersburg* Cmpl. at ¶¶ 1, 2).[7]  Judge Diamond also acknowledged that "the claims in both actions are nearly identical" as both bring claims under the Exchange Act.  *Id.* at 9.  Furthermore, as noted above, the *Ontario* Plaintiffs' amended Complaint eliminates any areas in which the *St. Petersburg* Complaint and Prior *Ontario* Complaint previously lacked complete overlap.   Accordingly, the *St. Petersburg* action should be consolidated with the *Ontario* Action for all purposes.

### 3.   *Huellemeier*

The Parties request that the *Huellemeier* action also be consolidated with the *Ontario* Action for all purposes.

The *Huellemeier* Complaint was filed in the U.S. District Court for the Southern District of Ohio on July 17, 2017, asserting violations of the Securities Act and common law violations based on Teva's "alleged misrepresentations or omissions in Teva's 2014 and 2015 20-F Forms" related to Teva's alleged "price-fixing" and "fail[ure] to disclose government investigations into price-fixing." *Huellemeier*, ECF No. 17 at 9 (Order Granting Motion to Transfer).  On November 17, 2017, Judge Susan Dlott transferred the *Huellemeier* action to this District on the basis that the *Huellemeier* complaint and the *Ontario* complaint were based on similar allegations, brought Securities Act claims, and involved overlapping class periods.  *Id.*  In short, Judge Dlott determined that the cases were similar to the extent that "**it is highly likely that there will be substantial overlap in discovery and briefing in the two cases**." *Id.* (emphasis added).

While Mr. Huellemeier has now filed a First Amended Complaint (Nov. 1, 2019), that complaint similarly overlapped with the Prior *Ontario* Complaint, and, according to its very own

---

[7] *See also id.* at 9-10 ("Although the theories of liability in the cases differ, the factual background and subject matter remain substantially similar . . . The subject matter of both actions is premised on Teva's alleged involvement in an industry-wide price-fixing scheme").

allegations, "**relies heavily**" on it.  *Huellemeier*, No. 3:17-cv-01938, ECF No. 40 at ¶ 2 (emphasis

added).  The *Huellemeier* class period (February 9, 2015 through November 3, 2016), *see id.* at

¶ 1, is entirely subsumed in the Prior *Ontario* Complaint's class period (February 4, 2014 through

August 3, 2017), which has been extended by the amended *Ontario* Complaint.  And, the

*Huellemeier* Complaint brings Securities Act claims, as does the Prior *Ontario* Complaint, based

on the same securities offering—the July 2016 "Notes Offering."  *Compare Ontario* Cmpl. ¶ 384

(Securities Act claims based on July 19, 2016 "Notes Final Prospectus") *with Huellemeier* Cmpl.

¶ 318 (same).

The principal difference between the two Complaints was the definition of the class.  The

Prior *Ontario* Complaint defined the class as including "all persons and entities" who purchased

certain Teva securities (with certain inapplicable exceptions), *Ontario* Cmpl. ¶ 355, while

*Huellemeier* defines a narrower, subsumed class "consisting of all individuals who purchased or

otherwise acquired Teva ADSs pursuant to the Company's [Employee Stock Purchase Plan]

during the Class Period," *Huellemeier* Cmpl. ¶ 437.  All members of the *Huellemeier* putative

class are therefore members of the putative class in the *Ontario* Action.  Indeed, as Judge Dlott

noted in her Order transferring the case to this District:  "Huellemeier himself falls within the class

defined in the Ontario Teachers action as a person who purchased or acquired Teva shares between

February 6, 2014 and August 3, 2017."  *Huellemeier*, No. 1:17-cv-00485, ECF No. 17 at 9.

Furthermore, as noted above, the *Ontario* Plaintiffs' amended Complaint eliminates any areas in

which the *Huellemeier* Complaint and Prior *Ontario* Complaint previously lacked complete

overlap.[8]

---

[8] The Parties note that the amended Complaint does not name as a defendant Shlomo Yanai,
one of the defendants in *Huellemeier*.  Mr. Yanai ceased his employment at Teva in 2012, and was
therefore not employed by Teva during the proposed class period.  Having been informed of these

For the foregoing reasons, the Parties agree and request that the *Huellemeier* action should be consolidated with the *Ontario* Action for all purposes.

**B.**      **Amendment of *Ontario* Complaint.**

As noted above, pursuant to Rule 15(a)(2) and with the consent of the Defendants, the Plaintiffs in the *Ontario* Action have just filed an amended Complaint that eliminates any differences that previously existed between the Prior *Ontario* Complaint and the Complaints in *Grodko/Baker*, *St. Petersburg*, and *Huellemeier*.[9]  Particularly in view of this recently filed Amended Complaint in *Ontario*, the Parties respectfully submit that the grant of this joint motion to consolidate will streamline the management and adjudication of all U.S. Teva-related securities class action claims.  In addition, the Parties do not seek any change to the discovery schedule to ensure that the consolidated cases will move forward forthwith.

**C.**      **Israeli Claims.**

The Parties have discussed whether the *Ontario* Complaint would be amended at this time to include claims based on the alleged violation of Israeli law, and they have agreed that the *Ontario* Plaintiffs would not add those allegations at this time.  Per discussion between the Teva Defendants and the parties to several of the Direct Actions, the Teva Defendants will shortly be filing motions to dismiss Israeli law claims asserted in those cases.

Currently pending in the State of Israel are two putative securities fraud class actions against Teva defendants asserting claims for violations of Israeli securities law and in connection with Teva securities traded over the Israeli securities exchange (*i.e.*, the Tel Aviv Stock Exchange).

facts, counsel for Mr. Huellemeier recently agreed to voluntarily dismiss all claims against Mr. Yanai.

[9] The one exception relates to claims for violations of Israeli law, which Plaintiffs did not add to the recently filed Amended Complaint in *Ontario*, by agreement of the Parties.  *See* Section II.C.

Those Israeli cases are based upon many of the same facts and circumstances that form the basis of the claims here.  Against this backdrop, the *Ontario* Plaintiffs previously chose voluntarily to withdraw their prior assertion of Israeli law claims here.

Defendants note that the Court in the *Mylan* case, to which this Court cited in its September 25 Order, dismissed the claims asserted there under Israeli law while otherwise proceeding with the adjudication of claims under U.S. securities law.  *Mylan*, 2018 WL 1595985, at *18-20 (declining to exercise supplemental jurisdiction over the Israeli law claims to avoid confronting complex issues of Israeli law, and where pending  class action litigation involving those claims in Israel presented the opportunity for potentially inconsistent results and double recoveries).  In the event that this Court were to grant Defendants' forthcoming motions to dismiss the Israeli law claims, the structure for Teva-related securities litigation in this Court would track *Mylan*:  All U.S.-law based securities claims would be litigated in the U.S.  All claims asserted under Israeli law and/or relating to securities traded over the Israeli securities exchange would be litigated in Israel, in the cases already pending there.  Defendants believe that this structure would streamline the resolution of Teva-related securities litigation in this Court.

## III.    FILING OF AMENDED COMPLAINT.

As noted above, in the interest of efficiency and in order to streamline adjudication of the *Ontario* Action, Defendants consented (*see* ECF No. 309) to Plaintiffs' filing of their Second Amended Consolidated Class Action Complaint, filed today.  (ECF No. 310).  Defendants have agreed that they will not advance at any stage of the case the arguments that Lead Plaintiff or Named Plaintiff Anchorage Police & Fire Retirement System do not have standing to advance the claims that are the subject of the amendments, or that Plaintiffs are not adequate or typical representatives for purposes of representing the class, and Defendants shall not use the fact of the amendment itself to challenge class certification.  Defendants have also agreed that the amended

complaint shall be treated identically to the Prior *Ontario* Complaint for relation back purposes, including under Fed. R. Civ. P. 15(c)(1).  Subject to the exceptions set forth in this paragraph, Defendants do not waive and expressly reserve all arguments and defenses, and Defendants may advance any argument or defense at a later stage of the case, including in support of any motion for summary judgment.  Defendants shall not move under Fed. R. Civ. P. 12 with respect to the amended complaint, and shall answer the amended complaint within 45 days of its filing, and consolidation, the amendment, or the fact that Defendants have not yet filed Answers shall not constitute grounds for any delay of these proceedings or the current schedule entered by the Court (ECF No. 298).

IV.     **CONSOLIDATION AND COORDINATION OF DIRECT ACTIONS.**

Pursuant to Rule 42, this Court should consolidate the Direct Actions and enter the Parties' Proposed Order, attached hereto as Exhibit B, to streamline pretrial activity and avoid duplicative motion practice and discovery.  *See* Fed. R. Civ. P. 42(a)(2) & (3) (permitting court to consolidate actions involving common questions of law or fact and to "issue any other orders to avoid unnecessary cost or delay").

Since the passage of the PSLRA, courts within this Circuit have routinely consolidated opt-out cases with the main securities class action for judicial economy, and to avoid delays, duplicative litigation, and potentially inconsistent results.  The *WorldCom* litigation has long served as the paradigm for such consolidation.  *See In re WorldCom, Inc. Sec. Litig.*, 2002 WL 31867720, at *1 (S.D.N.Y. Dec. 23, 2002).  There, the consolidation of numerous opt-out cases was necessary to "achieve economies for the parties and the Court and to achieve substantial justice for the parties," while avoiding "unnecessary delay" and "duplicative, wasteful litigation." *WorldCom, Inc.*, 2003 WL 21219037, at *1, *3 (S.D.N.Y. May 22, 2003).

*WorldCom*'s consolidation paradigm has been widely followed, as "courts have routinely consolidated individual securities actions with class actions, given the obvious benefits in terms of efficiency and judicial economy."  *Crowe v. JPMorgan Chase & Co.*, 2009 WL 3852381, at *4 (S.D.N.Y. Nov. 18, 2009) (citing *WorldCom*, 2003 WL 21219037 at *2-4); *see also Schnall v. Proshares Tr.*, 2010 WL 1962940, at *2 (S.D.N.Y. May 17, 2010); *In re Global Crossing, Ltd. Sec. Litig.*, 2004 U.S. Dist. LEXIS 23119, at *6 (S.D.N.Y. Nov. 5, 2004); *see also* Manual for Complex Litigation § 11.631 (4th ed. 2008) (class actions may be consolidated with cases brought by opt-outs or other individual plaintiffs).

Here, consolidation is plainly warranted because all of the Direct Actions involve common questions of fact and law with the *Ontario* Action:

- All allege claims under the Exchange Act;

- All assert those claims against Teva, Vigodman, Desheh, and Olafsson;

- All arise out of alleged misstatements concerning Teva's "pricing" and "competition"; and

- All involve a time period that is subsumed within the Class Period here.

Indeed, the parties in each of the Direct Actions expressly agreed that the facts and circumstances of their cases have "**substantial overlap**" with the *Ontario* Action, "including the relevance of many of the same documents and witnesses."[10]

Further, to ensure the efficient management of the Direct Actions, the Parties' Proposed Order, attached as Exhibit B, would implement a proven case management structure successfully

---

[10] *Alaska Revenue*, ECF 10 ¶3; *Pacific Funds*, ECF 12 ¶3; *Nordea*, ECF 13 ¶3; *Chicago Teachers'*, ECF 17 ¶3; *Schwab*, ECF 26 ¶3; *Harel*, ECF 14 ¶3; *Migdal Ins. Co.*, ECF 28 ¶3; *Oregon*, ECF 13 ¶3; *Migdal Mutual Funds*, ECF 27 ¶3; *Psagot*, ECF 15 ¶3; *Stichting*, ECF 12 ¶3; *Phoenix*, ECF 59 ¶3; *see also Highfields*, ECF 26 ¶3 ("similar facts and circumstances and are likely to involve many of the same documents and witnesses"); *Mivtachim*, 19-cv-674 (E.D. Pa.), ECF 22 at 1 ("substantially similar"); *Clal*, 19-cv-530 (E.D. Pa.), ECF 25 at 1 (same).

used in *Petrobras*, *WorldCom*, and other complex securities actions.  (For reference, consolidation orders successfully used in *WorldCom*, *Petrobras* and *Bear Stearns* are attached as <u>Exhibits C, D and E</u> hereto.)  Courts in these and other securities actions in this Circuit have regularly ordered that (i) lead counsel for the class shall perform and direct all work, including discovery, and be the sole representative of plaintiffs on all common issues; and (ii) a single representative of plaintiffs in the opt-out actions may act as their liaison in communications with defense counsel and the Court.  *See, e.g.*, Exs. C-E (*WorldCom*, *Petrobras*, and *Bear Stearns* orders defining responsibilities of lead counsel and designating liaison counsel).

Thus, under the Proposed Order, Lead Counsel would conduct all pretrial and discovery proceedings on behalf of all plaintiffs in the Direct Actions, including briefing and arguing all motions and conducting all fact and expert discovery.  The Proposed Order would also establish a single Liaison Counsel to consult with Lead Counsel, and communicate with Lead Counsel and the Court, on behalf of all plaintiffs in the Related Actions.   Liaison Counsel would confer with plaintiffs' counsel in the Direct Actions to obtain their views regarding discovery and any issues that need to be communicated to Lead Counsel and the Court, and in turn communicate with Lead Counsel regarding discovery issues, litigation strategy, and motion practice.

Among other benefits, such provisions will streamline motion practice with one set of briefing and prevent wasteful, duplicative discovery requests and prolonged depositions with questioning by multiple plaintiffs' counsel.  For example:

- Plaintiffs' counsel in the Direct Actions may not file discovery motions without leave of Court, but through Liaison Counsel will have a reasonable opportunity to request revisions to discovery motions or other discovery briefing.  Absent this provision, plaintiffs in the Direct Actions could file redundant and/or unnecessary motions.

- Plaintiffs' counsel in the Direct Actions may not separately serve discovery without leave of Court, but through Liaison Counsel may request additions

to and deletions from any discovery request drafted by Lead Counsel.  This ensures that Lead Counsel will propound all discovery on common issues.

- At depositions, should counsel in the Direct Actions request time to examine a witness through non-duplicative questions solely relevant to a Direct Action, Lead Counsel will devise and implement in good faith a process such that, through consultation with Liaison Counsel, counsel for plaintiffs in the Direct Action may ask such questions to the extent that Lead Counsel does not wish to do so.  Absent this provision, depositions would be unnecessarily prolonged through disorganized, repetitive questioning by multiple plaintiffs' counsel.

This type of "sensible structure" promotes efficiency and ensures that resources are properly allocated to litigating the merits.  *WorldCom*, 2003 WL 21219037 at *3.  It is well established that "[i]n complex cases, courts may appoint a plaintiff leadership structure to coordinate the prosecution of the litigation."  *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 43 (S.D.N.Y. 2012) (quoting *In re Bank of Am. Corp. Secs., Derivative and ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009)); *see also WorldCom*, 2002 WL 21219037 at *3 (dealing with "the same issues repeatedly with the many different law firms representing plaintiffs" in individual actions would be "inefficient and costly," and "will divert resources from the merits . . . and result in unnecessary delay"); Manual for Complex Litigation § 10.221 (4th ed. 2008) (contemplating appointment of liaison counsel in complex litigation).

Indeed, plaintiffs' counsel in the Direct Actions have repeatedly participated in complex securities actions where liaison counsel structures were effectively used.  Indeed, in such cases, several plaintiffs' counsel have themselves served as either lead or liaison counsel, confirming that there is no legitimate reason to oppose this established and efficient structure.  *See* Ex. D at 6 (in

*Petrobras*, Pomerantz[11] served as lead counsel; Kessler Topaz[12] was liaison counsel); *In re BP plc Sec. Litig.*, No. 4:10-md-2185, ECF No. 721 (Dec. 11, 2013) (Pomerantz[13] was liaison counsel).

In sum, the Direct Actions should be consolidated, and the Parties' Proposed Order requiring the designation of Liaison Counsel reflects an efficient and routinely adopted approach to managing complex, consolidated securities litigation.  Granting this joint motion will ensure that all Teva-related securities litigation proceeds expeditiously, with minimum waste and duplication of effort by the parties and the Court.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs and Defendants jointly move the Court for the entry of an Order, in the form included herewith as Exhibit A, consolidating the *Grodko*/*Baker*, *St. Petersburg*, and *Huellemeier* putative class actions with the *Ontario* Action.  Further, Plaintiffs and Defendants jointly move the Court for the entry of an Order, in the form included herewith as Exhibit B, consolidating the Direct Actions with the *Ontario* Action for pretrial purposes and further providing for the efficient coordination of the Direct Actions with this Action.

---

[11] Pomerantz represents the plaintiffs in *Mivtachim The Workers Social Ins. Fund Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-513-SRU; *Clal Ins. Co. Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-543-SRU; *Migdal Insu. Co. v. Teva Pharm. Indus. Ltd.*, 19-cv-655-SRU; *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus. Ltd.*, 19-cv-923-SRU and *Psagot Mutual Funds, Ltd. and Psagot Provident Funds & Pension Ltd. v. Teva Pharma. Indus. Ltd.*, 19-cv-1167-SRU.

[12] Kessler Topaz represents the plaintiffs in *Nordea Investment Mgmt. AB v. Teva Pharma. Indus. Ltd.*, 18-cv-1681-SRU and *State of Alaska Dept. of Rev., Treasury Div. v. Teva Pharma. Indus. Ltd.*, 18 cv-1721-SRU.

[13] See *supra* at n.11.

PLAINTIFFS ONTARIO TEACHERS'
PENSION PLAN BOARD, and
ANCHORAGE POLICE & FIRE
RETIREMENT SYSTEM

/s/ *Joseph Fonti*
Joseph Fonti (admitted *pro hac vice*)
Javier Bleichmar (admitted *pro hac vice*)
Evan A. Kubota (admitted *pro hac vice*)
Thayne Stoddard (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com
ekubota@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board, and*
*for Named Plaintiff Anchorage Police & Fire*
*Retirement System, and Lead Counsel for the*
*Class*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
**CARMODY TORRANCE**
**SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com

*Local Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board, and*
*for Named Plaintiff Anchorage Police & Fire*
*Retirement System*

DEFENDANTS TEVA
PHARMACEUTICAL INDUSTRIES LTD.;
EREZ VIGODMAN; EYAL DESHEH;
SIGURDUR OLAFSSON; DEBORAH
GRIFFIN; KÅRE SCHULTZ; MICHAEL
MCCLELLAN; YITZHAK PETERBURG;
and TEVA PHARMACEUTICAL FINANCE
NETHERLANDS III B.V.

/s/ *Jill M. O'Toole*
Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: jotoole@goodwin.com

*Counsel for Defendants Teva*
*Pharmaceutical Industries Limited, Erez*
*Vigodman and Eyal Desheh*

- and -

Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street, Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants*