**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | No. 3:17-cv-00558 (SRU) |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | Class Action |
| Plaintiffs, | |
| v. | |
| TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V., | December 13, 2019 |
| Defendants. | |

**[PROPOSED] ORDER REGARDING CONSOLIDATION OF RELATED CLASS ACTIONS AND SECOND AMENDED CONSOLIDATED COMPLAINT**

**I.     CONSOLIDATION**

1.     This Order shall apply to (1) the putative class actions consolidated for all purposes by the Court's Order dated May 3, 2017 (ECF No. 120) under the caption *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 3:17-cv-00558 (SRU) (D. Conn.) (the "*Ontario* Action"), (2) each of the three later-filed related putative class actions pending in this Court (the "Later-Filed Class Actions"),[1] and (3) any putative class action which

---

[1] The Later-Filed Class Actions are *Grodko v. Teva Pharmaceutical Industries Ltd.*, 18-cv-800-SRU; *Huellemeier v. Teva Pharmaceutical Industries Ltd.*, 3:17-cv-1938-SRU ("*Huellemeier*"); and *Employees' Ret. Sys. of St. Petersburg v. Teva Pharmaceutical Industries Ltd.*, 3:19-cv-1768-SRU ("*St. Petersburg*").

relates to the same subject matter as any of the foregoing actions that is subsequently filed in, or transferred to, this Court and assigned to the undersigned (together with the Later-Filed Class Actions, the "Related Actions").  A party who has the right to object to the consolidation of any such subsequently filed or transferred case, or to any provision of this Order, must serve an application for relief from this Order or from any of its provisions within seven days after the date on which defense counsel mails or emails a copy of this Order to counsel for that party.  The provisions of this Order shall apply to any such action pending the Court's ruling on the application.

2. For purposes of this Order, the *Ontario* Action and the Related Actions are collectively referred to as the "Consolidated Securities Litigation."  Except as otherwise provided in an order, any order entered in the *Ontario* Action is deemed entered in all the actions constituting the Consolidated Securities Litigation.

3. Pursuant to Local Rule 42(a), the docket for the *Ontario* Action shall be the "master docket," and all papers hereafter filed in the Consolidated Securities Litigation shall be filed on the docket and under the caption for the *Ontario* Action.

4. Pursuant to Fed. R. Civ. P. 42(a), the Later-Filed Class Actions are consolidated with the *Ontario* Action for all purposes.

**II.  DUTIES OF COUNSEL**

5. On July 11, 2017, the Court appointed Bleichmar Fonti & Auld LLP as Lead Counsel in the *Ontario* Action ("Lead Counsel").  ECF No. 124.  Lead Counsel shall conduct all proceedings in the Consolidated Securities Litigation, including trial.

**III.  AMENDMENT OF COMPLAINT**

6. Defendants have consented to Plaintiffs in the *Ontario* Action amending the prior Complaint (ECF No. 226) by filing a Second Amended Consolidated Class Action Complaint on

December 13, 2019 (the "SAC"). In connection with the SAC, Plaintiffs and Defendants have agreed, and the Court now orders, the following:

7. Defendants will not advance at any stage of the case the arguments that Lead Plaintiff Ontario Teachers' Pension Plan Board or Named Plaintiff Anchorage Police & Fire Retirement System (together, "Plaintiffs") do not have standing to advance the claims that are the subject of the amendments, or that Plaintiffs are not adequate or typical representatives for purposes of representing the class, and Defendants shall not use the fact of the amendment itself to challenge class certification.

8. The SAC shall be treated identically to the prior Amended Consolidated Class Action Complaint for relation back purposes, including under Fed. R. Civ. P. 15(c)(1).

9. Defendants shall not move under Fed. R. Civ. P. 12 with respect to the SAC, and shall answer the SAC within forty-five (45) days of its filing, and consolidation, the amendment, or the fact that Defendants have not yet filed Answers shall not constitute grounds for any delay of these proceedings or the current schedule entered by the Court (ECF No. 298).

10. Subject to the exceptions set forth in Paragraph 7, 8 and 9, above, Defendants have not waived and have expressly reserved all arguments and defenses, and Defendants may advance any argument or defense at a later stage of the case, including in support of any motion for summary judgment.

11. Defendants shall not be required to file Answers to the Complaints in *Grodko*, *Huellemeier,* or *St. Petersburg*.

**SO ORDERED:**

Dated: Bridgeport, CT  
_____, 2019                                                      _____  
                                                                                          Stefan R. Underhill  
                                                                                          United States District Judge