## THE IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and | No. 3:17-cv-00558 (SRU) |
| ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers, | Class Action |
| Plaintiffs, | |
| v. | |
| TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V., | |
| Defendants. | |

## ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED COMPLAINT

Defendants Teva Pharmaceutical Industries Ltd. ("Teva"), Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, Yitzhak Peterburg, and Teva Pharmaceutical Finance Netherlands III B.V. (collectively, "Defendants") provide the following Answer, and assert the below Specific Defenses, to Plaintiffs' Second Amended Consolidated Complaint (the "Amended Complaint").

## I.    SUMMARY OF THE ACTION

1.    Denied.

2.    Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.

3.    Denied.

4.    Paragraph 4 purports to summarize and selectively quote earnings call transcripts and a Jeffries conference transcript.  Those documents speak for themselves and are the best

evidence of their contents.  The remaining allegations are denied.

5.      Denied.

6.      Denied.

7.      Paragraph 7 purports to summarize and selectively quote a J.P. Morgan conference transcript and a publicly available document.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

8.      Defendants admit that on July 27, 2015 it announced that it had signed an agreement with Allergan plc to acquire Allergan Generics, and that the closing price of Teva's common stock on that day was $72.  The remaining allegations are denied.

9.      Paragraph 9 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

10.     Paragraph 10 purports to summarize and selectively quote conference call transcripts and publicly available documents.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

11.     Defendants admit that the Connecticut Attorney General served Teva with a subpoena dated July 12, 2016, Teva filed a Registration Statement on July 13, 2016, and on August 2, 2016, Teva consummated the acquisition of Actavis Generics.  Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.  The remaining allegations are denied.

12.     Defendants deny the allegations in this Paragraph to the extent the unrelated events described therein are characterized as being related.  Defendants admit that Mr. Olafsson stepped down from his role as President and CEO of Teva's Global Generic Medicines Group in December 2016, Mr. Vigodman left the company in February of 2017, and Mr. Desheh announced his departure from the company in May of 2017.  Defendants admit that on August 3, 2017, it disclosed a $6.1 billion goodwill impairment charge. Paragraph 12 purports to summarize a November 3, 2016 Bloomberg article.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

13.     Denied.

14.     Denied.

15.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 concerning Lead Counsel's alleged investigation, and on that basis deny them.  Paragraph 15 purports to summarize a publicly filed complaint, which document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

16.     Denied.

17.     Paragraph 17 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

## II.     JURISDICTION AND VENUE

18.     Paragraph 18 purports to state a legal conclusion to which no response is required. To the extent a response is required, denied.

19.     Paragraph 19 purports to state a legal conclusion to which no response is required. To the extent a response is required, denied.

20.     Paragraph 20 purports to state a legal conclusion to which no response is required. To the extent a response is required, denied.

## III.     34 ACT ALLEGATIONS

21.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and on that basis deny them.  Paragraph 21 also purports to state a legal conclusion to which no response is required.  To the extent a response is required, denied.

22.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and on that basis deny them.  Paragraph 22 also purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and on that basis deny them.  Paragraph 23 also purports to state a legal conclusion to which no response is required.  To the extent a response is required, denied.

24.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and on that basis deny them.  Paragraph 24 also purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

25.     Defendants admit that Teva is incorporated in Israel with its executive offices at 5 Basel Street, P.O. Box 3190, Petach Tikva, 4951033, Israel, that Teva ADS trade on the New York Stock Exchange under the symbol "TEVA," and that Teva Preferred Shares and Notes are traded in the U.S.  Defendants further answer that Teva USA is an indirectly owned subsidiary of Teva. The remaining allegations are denied.

26.     Paragraph 26 purports to summarize Teva's publicly available financial statements. Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

27.     Defendants admit that Erez Vigodman served as Teva's President and CEO from February 11, 2014 to February 6, 2017 and as a Teva Director from June 22, 2009 to February 6, 2017.  The remaining allegations are denied.

28.     Defendants admit that Eyal Desheh served as Teva's CFO from July 2008 to June 30, 2017, except from October 30, 2013 to February 11, 2014, a period during which he served as Teva's Interim CEO and Interim President.  The remaining allegations are denied.

29.     Defendants admit that Sigurdur Olafsson served as President and CEO of Teva's Global Generic Medicines Group from July 1, 2014 to December 5, 2016.  The remaining allegations are denied.

30.     Defendants admit that Deborah Griffin serves as Teva's SVP and Chief Accounting Officer. Further answering, Defendants admit that Ms. Griffin signed the Form-3 and Amendment dated November 30, 2015 and July 13, 2016.  The remaining allegations are denied.

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Paragraph 34 does not require a response.

35.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 concerning Lead Counsel's alleged investigation and unidentified confidential witnesses, and on that basis deny them.  Paragraph 35 also purports to state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 35.  The remaining allegations are denied.

36.     Paragraph 36 purports to summarize information concerning Teva's publicly available share prices, which speak for themselves.  The remaining allegations are denied.

37.     Paragraph 37 purports to summarize publicly available court filings.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 37 also purports to state legal conclusions to which no response is required.  The remaining allegations are denied.

38.     Defendants admit that Mr. Levin left the company in October of 2013 and that Mr. Desheh served as Teva's Interim CEO and Interim President from October 30, 2013 to February 11, 2014.  The remaining allegations are denied.

39.     Paragraph 39 purports to summarize and selectively quote a J.P. Morgan conference transcript and analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

40.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

41.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical

products during the Class Period, and that on some occasions, Teva notified its customers of certain pricing changes, and such notices were on some occasions provided to some employees. The remaining allegations are denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

42.     Defendants admit that during the Class Period, internal reports concerning Teva's financials were created. The remaining allegations are denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

43.     Paragraph 43 purports to summarize public statements of the Defendants. These documents speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

44.     Denied.

45.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 concerning Lead Counsel's alleged investigation, and on that basis deny them. The remaining allegations are denied.

46.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period. The remaining allegations are denied.

47.     Denied.

48.     Defendants lack sufficient knowledge or information to form a belief as to whether an unidentified confidential witness made the statements attributed to "FE-2" in Paragraph 48, and on that basis deny those allegations. The remaining allegations are denied.

49.     Paragraph 49 purports to selectively quote a publicly available document. That document speaks for itself and is the best evidence of its contents. Further answering, Paragraph 49 purports to state a legal conclusion to which no response is required. To the extent a response is required, denied. The remaining allegations are denied.

50.     Defendants admit that Teva announced its fourth quarter 2013 and full year 2013 financial results on February 6, 2014, and that the putative class period in this action begins on February 6, 2014. The remaining allegations are denied.

51.     Paragraph 51 purports to summarize and selectively quote Teva's publicly available financial statements. Those documents speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

52.     Paragraph 52 purports to selectively quote an earnings call transcript. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied. Further answering, Plaintiffs' claims against Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

53.     Paragraph 53 purports to selectively quote an analyst report. That document speaks

for itself and is the best evidence of its contents.  The remaining allegations are denied.

54.     Paragraph 54 purports to summarize information concerning Teva's publicly available share prices, which speak for themselves.  Paragraph 54 also purports to selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

55.     Denied.  Further answering, Plaintiffs' claims against Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

56.     Defendants admit the first sentence of Paragraph 56.  Paragraph 56 also purports to summarize and selectively quote an analyst report.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

57.     Paragraph 57 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

58.     Denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

59.     Paragraph 59 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

60.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

61.     Admitted.

62.     Paragraph 62 purports to summarize a New York Times article.  That document speaks for itself and is the best evidence of its contents.  Further answering, Paragraph 62 purports to summarize publicly available documents concerning non-parties to this action.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

63.     Paragraph 63 purports to summarize and selectively quote an earnings call transcript and publicly available financial statements.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

64.     Paragraph 64 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

65.     Denied.

66.     Paragraph 66 purports to summarize and selectively quote publicly available documents, including documents concerning non-parties to this action.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

67.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

68.     Denied.

69.     Paragraph 69 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

70.     Paragraph 70 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

71.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.

72.     Paragraph 72 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

73.     Paragraph 73 purports to summarize publicly available documents concerning non-parties to this action.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

74.     Paragraph 74 purports to selectively quote a Senate Subcommittee on Primary Health and Aging hearing transcript. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

75.     Paragraph 75 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

76.     Paragraph 76 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

77.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.

78.     Defendants admit that Teva filed with the SEC its fourth quarter and full-year 2014 financial results on February 5, 2015.  Paragraph 78 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The

remaining allegations are denied.

79.     Denied.

80.     Denied.

81.     Paragraph 81 purports to selectively quote an earnings call transcript and analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

82.     Paragraph 82 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

83.     Paragraph 83 purports to summarize and selectively quote Teva's Forms 20-F for 2014 and 2015.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

84.     Paragraph 84 purports to summarize and selectively quote Teva's Forms 20-F for 2014 and 2015.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

85.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

86.     Paragraph 86 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

87.     Paragraph 87 purports to summarize and selectively quote publicly available SEC filings and a conference call transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

88.     Denied.

89.     Paragraph 89 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

90.     Paragraph 90 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

91.     Paragraph 91 purports to summarize information concerning Teva's publicly available share prices and selectively quote analyst reports. Teva's share prices speak for themselves, and the cited documents speak for themselves and are the best evidence of their

contents.  The remaining allegations are denied.

92.    Paragraph 92 purports to summarize and selectively quote Bank of America and Goldman Sachs conference transcripts.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

93.    Paragraph 93 purports to summarize information concerning Teva's publicly available share prices and publicly available documents.  Teva's share prices speak for themselves, and the cited documents are the best evidence of their contents.  The remaining allegations are denied.

94.    Paragraph 94 purports to summarize a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

95.    Denied.

96.    Paragraph 96 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  Paragraph 96 also purports to selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

97.    Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

98.    Paragraph 98 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

99.    Paragraph 99 purports to selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

100.    Paragraph 100 purports to selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

101.    Paragraph 101 purports to summarize publicly available documents concerning non-parties to this action.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

102.    Paragraph 102 purports to summarize an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

103.    Paragraph 103 purports to quote and summarize an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

104.     Paragraph 104 purports to selectively quote an analyst report.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

105.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.

106.     Paragraph 106 purports to summarize and selectively quote a Jeffries conference transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

107.     Defendants admit that Teva filed a Registration Statement and two prospectus supplements on December 3, 3015.  Defendants admit that the net proceeds from the Secondary ADS and Preferred Offerings were approximately $7.2 billion.  The remaining allegations are denied.

108.     Paragraph 108 purports to summarize and selectively quote publicly available documents concerning non-parties to this action.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

109.     Paragraph 109 purports to summarize and selectively quote a J.P. Morgan conference transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

110.     Defendants admit that Teva increased prices of certain of its generic pharmaceutical products during the Class Period.  The remaining allegations are denied.

111.     Defendants admit that Teva filed a Form 20-F with the SEC on February 11, 2016.  Paragraph 111 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

112.     Paragraph 112 purports to selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

113.     Paragraph 113 purports to selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

114.     Denied.

115.     Paragraph 115 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

116.     Paragraph 116 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

117.    Denied.

118.    Denied.

119.    Paragraph 119 purports to summarize and selectively quote a Cowen conference transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

120.    Denied.

121.    Denied.

122.    Paragraph 122 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

123.    Paragraph 123 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

124.    Denied.

125.    Paragraph 125 purports to selectively quote an analyst report.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

126.    Paragraph 126 purports to selectively quote Bank of America, Sanford C. Bernstein, and Goldman Sachs conference transcripts.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

127.    Denied.

128.    Defendants admit that Teva received subpoenas from the DOJ and the Connecticut AG.  Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.  The remaining allegations are denied.

129.    Defendants admit that Teva received a subpoena from the Connecticut AG and that Teva filed a Registration Statement on July 13, 2016.  Paragraph 129 purports to summarize a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.  The remaining allegations are denied.

130.    Denied.

131.    Denied. Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.

132.    Paragraph 132 purports to selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

133.    Defendants admit that on July 18, 2016, Teva announced that it successfully priced a debt offering by Teva Finance, with expected net proceeds of approximately $14.9 billion, stating it intended to use these net proceeds towards the cash portion of its acquisition of Actavis Generics, to pay related fees and expenses, and/or otherwise for general corporate purposes.  Further answering, Defendants state that the debt offerings were made pursuant to offerings documents referenced in Paragraph 133, which speak for themselves and are the best evidence of their contents.  The Court dismissed Plaintiffs' claims concerning the alleged failure to disclose certain subpoenas in its September 25, 2019 Order.  The remaining allegations are denied.

134.    Paragraph 134 purports to summarize publicly available financial statements and information concerning Teva's publicly available share prices, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.  Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.

135.    Paragraph 135 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

136.    Paragraph 136 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

137.    Paragraph 137 purports to selectively quote analyst reports.  Those documents are the best evidence of their contents.  The remaining allegations are denied.

138.    Paragraph 138 purports to summarize publicly available financial statements.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

139.    Paragraph 139 purports to selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

140.    Paragraph 140 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

141.    Paragraph 141 purports to summarize and selectively quote a Bloomberg article.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

142.    Paragraph 142 purports to summarize information concerning Teva's publicly available share prices, which speak for themselves.  The remaining allegations are denied.

143.    Paragraph 143 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

144.    Paragraph 144 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

145.    Paragraph 145 purports to selectively quote an analyst report.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

146.    Defendants admit that Mr. Olafsson currently is the CEO of Hikma Pharmaceuticals PLC and is a member of certain Boards of Directors.  The remaining allegations are denied.

147.    Denied.

148.    Paragraph 148 purports to summarize publicly available documents concerning non-parties to this action.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

149.    Paragraph 149 purports to summarize a publicly available document and court filing.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

150.    Paragraph 150 purports to summarize publicly available documents concerning non-parties to this action and a publicly available court filing.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

151.    Paragraph 151 purports to summarize a publicly available press release and plea agreement.  Those documents speak for themselves and are the best evidence of their contents.

152.    Paragraph 152 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

153.    Paragraph 153 purports to summarize a conference call transcript and publicly available financial statements, which speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Defendants admit that Teva announced its full year 2016 and fourth quarter 2016 results on February 13, 2017.  Paragraph 157 purports to summarize publicly available financial

statements, which speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

158.    Denied.

159.    Denied.

160.    Paragraph 160 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

161.    Paragraph 161 purports to summarize information concerning Teva's publicly available share prices, which speak for themselves.  The remaining allegations are denied.

162.    Denied.

163.    Paragraph 163 purports to summarize and selectively quote a Washington Post article.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

164.    Paragraph 164 purports to summarize and selectively quote a publicly filed court document.  That document speaks for itself and is the best evidence of its contents.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

165.    Paragraph 165 purports to state legal conclusions to which no response is required. To the extent a response is required, denied. Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.  The remaining allegations are denied.

166.    Paragraph 166 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

167.    Paragraph 167 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

168.    Paragraph 168 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

169.    Paragraph 169 purports to selectively quote a publicly available SEC Staff Accounting Bulletin.  That document speaks for itself and is the best evidence of its contents. Further responding, Paragraph 169 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

170.    Paragraph 170 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

171.    Paragraph 171 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

172.    Paragraph 172 purports to quote SEC Release No. 33-8350.  That document speaks for itself and is the best evidence of its contents.  Further responding, Paragraph 172 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

173.    Paragraph 173 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

174.    Paragraph 174 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

175.    Paragraph 175 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

176.    Paragraph 176 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

177.    Paragraph 177 purports to selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.

178.    Paragraph 178 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

179.    Paragraph 179 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

180.    Paragraph 180 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  Responding further, Paragraph 180 purports to summarize and selectively quote conference call transcripts.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

181.    Paragraph 181 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  Responding further, Paragraph 181 purports to summarize and selectively quote publicly available SEC filings.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

182.    Paragraph 182 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

183.    Defendants admit that Teva filed a press release with the SEC and held an earnings call on February 6, 2014.  The remaining allegations are denied.

184.    Paragraph 184 purports to summarize and selectively quote Teva's Q4 2013 press release.  That document speaks for itself and is the best evidence of its contents.  Paragraph 184 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

185.    Paragraph 185 purports to summarize and selectively quote Teva's 2013 Form 20-F.  That document speaks for itself and is the best evidence of its contents.

186.    Paragraph 186 purports to summarize Teva's 2013 Form 20-F.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 186 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

187.    Admitted.

188.    Paragraph 188 purports to summarize and selectively quote Teva's Q1 2014 6-K and an earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents.  Responding further, Paragraph 188 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

189.    Admitted.

190.    Paragraph 190 purports to summarize and selectively quote a Q2 2014 6-K and an earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents.  Responding further, Paragraph 190 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

191.    Admitted.

192.    Paragraph 192 purports to summarize and selectively quote Teva's Q3 2014 6-K and October 30, 2014 earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents.  Responding further, Paragraph 192 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

193.    Paragraph 193 purports to summarize publicly available documents concerning non-parties to this action, and summarize and selectively quote an earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

194.    Denied.

195.    Defendants admit that Teva held a conference call on December 11, 2014.  Paragraph 195 purports to summarize and selectively quote that conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

196.    Paragraph 196 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 192 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

197.    Defendants admit that Teva filed with the SEC a press release and Form 20-F and held an earnings call on February 5, 2015.  The remaining allegations are denied.

198.    Paragraph 198 purports to summarize and selectively quote a press release.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 198 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

199.    Paragraph 199 purports to summarize and selectively quote a 2013 20-F.  That document speaks for itself and is the best evidence of its contents. Responding further, Paragraph 199 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

200.    Paragraph 200 purports to summarize publicly available financial statements.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

201.    Defendants admit that Teva filed with the SEC a Form 6-K and held an earnings call on April 30, 2015.  The remaining allegations are denied.

202.    Paragraph 202 purports to summarize and selectively quote an earnings call transcript and Teva's Q1 2015 6-K.  Those documents speak for themselves and are the best evidence of their contents.  Responding further, Paragraph 202 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

203.    Paragraph 203 purports to summarize and selectively quote a Goldman Sachs conference transcript.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 203 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

204.    Defendants admit that Teva filed with the SEC a Form 6-K and held an earnings conference call on July 30, 2015.  The remaining allegations are denied.

205.    Paragraph 205 purports to summarize and selectively quote Teva's Q2 2015 6-K.  That document speaks for itself and is the best evidence of its contents. Responding further, Paragraph 205 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

206.    Defendants admit that Teva filed with the SEC a Form 6-K and held an earnings call on October 29, 2015.  The remaining allegations are denied.

207.    Paragraph 207 purports to summarize and selectively quote Teva's Q3 2015 6-K.

That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 207 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

208.    Paragraph 208 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 208 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

209.    Paragraph 209 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 209 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied. The remaining allegations are denied.

210.    Paragraph 210 purports to summarize and selectively quote a Jeffries conference transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

211.    Paragraph 211 purports to summarize and selectively quote a Jeffries conference transcript.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 211 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

212.    Admitted.

213.    Defendants admit the first sentence of Paragraph 213.  The remaining allegations are denied.

214.    Paragraph 214 purports to selectively quote a J.P. Morgan conference transcript.  That document speaks for itself and is the best evidence of its contents.

215.    Paragraph 215 purports to summarize and selectively quote a J.P. Morgan conference transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

216.    Defendants admit that Teva filed with the SEC a press release and Form 20-F and held an earnings call on February 11, 2016.  The remaining allegations are denied.

217.    Paragraph 217 purports to summarize and selectively quote a press release.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 217 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

218.    Paragraph 218 purports to selectively quote Teva's 2015 20-F.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 218 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

219.    Paragraph 219 purports to summarize publicly available financial statements. Those documents speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

220.    Paragraph 220 purports to selectively quote an earnings call transcript. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

221.    Paragraph 221 purports to selectively quote an earnings call transcript. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

222.    Paragraph 222 purports to selectively quote an earnings call transcript. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

223.    Paragraph 223 purports to summarize and selectively quote a Cowen conference transcript. That document speaks for itself and is the best evidence of its contents. Responding further, Paragraph 223 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.

224.    Paragraph 224 purports to summarize and selectively quote a Cowen conference transcript. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

225.    Defendants admit that Teva filed with the SEC a Form 6-K and held an earnings call on May 9, 2016. The remaining allegations are denied.

226.    Paragraph 226 purports to summarize publicly available financial statements, which speak for themselves and are the best evidence of their contents. Responding further, Paragraph 226 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.

227.    Paragraph 227 purports to summarize and selectively quote an earnings call transcript. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

228.    Paragraph 228 purports to summarize and selectively quote an earnings call transcript and publicly available documents. Those documents speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

229.    Paragraph 229 purports to summarize and selectively quote an earnings call transcript. That document speaks for itself and is the best evidence of its contents. Responding further, Paragraph 229 purports to state legal conclusions to which no response is required. To the extent a response is required, denied. The remaining allegations are denied.

230.    Paragraph 230 purports to summarize and selectively quote Sanford C. Bernstein and Goldman Sachs conference transcripts. Those documents speak for themselves and are the

best evidence of their contents.   Responding further, Paragraph 230 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

231.    Paragraph 231 purports to summarize and selectively quote a conference call transcript.  That document the best evidence of its contents.  The remaining allegations are denied.

232.    Paragraph 232 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

233.    Defendants admit the first three sentences of Paragraph 233.   The remaining allegations are denied.

234.    Admitted.

235.    Paragraph 235 purports to summarize and selectively quote publicly available financial statements and an earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents.  Responding further, Paragraph 235 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

236.    Paragraph 236 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

237.    Paragraph 237 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

238.    Paragraph 238 purports to summarize and selectively quote a conference call transcript, a Wells Fargo conference transcript, and other publicly available documents.  Those documents speak for themselves and are the best evidence of their contents.  Responding further, Paragraph 238 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

239.    Paragraph 239 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph 239 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

240.    Paragraph 240 purports to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

241.    Admitted.

242.    Paragraph 242 purports to summarize and selectively quote publicly filed financial

statements.  Those documents speak for themselves and are the best evidence of their contents.
Responding further, Paragraph 242 purports to state legal conclusions to which no response is
required.  To the extent a response is required, denied, and the remaining allegations are denied.

243.    Paragraph 243 purports to summarize and selectively quote an earnings call
transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining
allegations are denied.

244.    Paragraph 244 purports to summarize and selectively quote an earnings call
transcript.  That document speaks for itself and is the best evidence of its contents.  Responding
further, Paragraph 244 purports to state legal conclusions to which no response is required.  To the
extent a response is required, denied, and the remaining allegations are denied.

245.    Paragraph 245 purports to state legal conclusions to which no response is required.
To the extent a response is required, denied.  The remaining allegations are denied.

246.    Admitted.

247.    Paragraph 247 purports to summarize and selectively quote Teva's 2016 20-F.  That
document speaks for itself and is the best evidence of its contents.  Responding further, Paragraph
247 purports to state legal conclusions to which no response is required.  To the extent a response
is required, denied, and the remaining allegations are denied.

248.    Paragraph 248 purports to summarize and selectively quote from publicly available
documents, which speak for themselves and are the best evidence of their contents.  The remaining
allegations are denied.  Further answering, the Court dismissed Plaintiffs' claims concerning the
alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney
General in its September 25, 2019 Order.

249.    Paragraph 249 purports to summarize and selectively quote from publicly available
documents, which speak for themselves and are the best evidence of their contents.  The remaining
allegations are denied.  Further answering, the Court dismissed Plaintiffs' claims concerning the
alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney
General in its September 25, 2019 Order.

250.    Denied.

251.    Paragraph 251 purports to summarize and selectively quote from publicly available
documents, which speak for themselves and are the best evidence of their contents.  Further
answering, Paragraph 251 purports to state legal conclusions to which no response is required.  To
the extent a response is required, denied, and the remaining allegations are denied.  Further
answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose
subpoenas from the Department of Justice and Connecticut Attorney General in its September 25,
2019 Order.

252.    Paragraph 252 purports to summarize and selectively quote a Courthouse News
article.  That document speaks for itself and is the best evidence of its contents.  The remaining
allegations are denied.

253.     Paragraph 253 purports to summarize and selectively quote various news articles and media reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

254.     Admitted.

255.     Paragraph 255 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.

256.     Paragraph 256 purports to summarize and selectively quote a Q3 2016 6-K.  That document speaks for itself and is the best evidence of its contents.

257.     Paragraph 257 purports to summarize and selectively quote a press release.  That document speaks for itself and is the best evidence of its contents.

258.     Paragraph 258 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

259.     Paragraph 259 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.

260.     Defendants admit that Teva filed with the SEC a Form 6-K on December 5, 2016. Paragraph 260 purports to summarize and selectively quote that 6-K.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

261.     Defendants admit that Teva filed with the SEC a press release and held an earnings conference on February 13, 2017.  Paragraph 261 purports to summarize and selectively quote a press release.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

262.     Defendants admit that Teva filed its 2016 Form 20-F on February 15, 2017. Paragraph 262 purports to summarize and selectively quote that Form 20-F.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

263.     Admitted.

264.     Admitted.

265.     Paragraph 265 purports to summarize and selectively quote a Q1 2017 6-K.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

266.     Paragraph 266 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

267.     Paragraph 267 purports to state legal conclusions to which no response is required.

To the extent a response is required, denied, and the remaining allegations are denied.

268.    Paragraph 268 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

269.    Paragraph 269 purports to state legal conclusions to which no response is required. To the extent a response is required, denied. Further answering, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning whether unidentified confidential witnesses provided information and what information they provided, and on that basis deny those allegations.  The remaining allegations are denied.

270.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 270 concerning this unidentified confidential witness, or whether "FE-1" made the statements alleged in Paragraph 270, and on that basis deny them.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

271.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 271 concerning this unidentified confidential witness, or whether "FE-2" made the statements alleged in Paragraph 271, and on that basis deny them.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

272.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 272 concerning this unidentified confidential witness, or whether "FE-3" made the statements alleged in Paragraph 272, and on that basis deny them.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

273.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 273 concerning this unidentified confidential witness, or whether "FE-4" made the statements alleged in Paragraph 273, and on that basis deny them.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its Opinion and Order dated September 25, 2019.

274.    Paragraph 274 purports to summarize and selectively quote a J.P. Morgan conference transcript.  That document speaks for itself and is the best evidence of its contents. Paragraph 274 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.

275.    Paragraph 275 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

276.    Teva admits that on April 21, 2015 it proposed to acquire Mylan.  Further answering, Paragraph 276 purports to summarize information concerning Teva's publicly available share prices and selectively quotes from analyst reports.  Teva's share prices and these documents speak for themselves.  The remaining allegations are denied.

277.    Paragraph 277 purports to summarize and selectively quote a Goldman Sachs conference transcript.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

278.    Defendants admit that Teva announced the acquisition of Actavis Generics from Allergan plc on June 10, 2015.  The remaining allegations are denied.

279.    Denied.

280.    Denied.

281.    Denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

282.    Paragraph 282 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

283.    Denied.   Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

284.    Denied.

285.    Defendants admit that on some occasions, Teva notified its customers of certain pricing changes, and such notices were on some occasions provided to some employees.  The remaining allegations are denied.

286.    Paragraph 286 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

287.    Paragraph 287 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.

288.    Denied.  Further answering, Plaintiffs' claims against Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

289.    Denied.  Further answering, Plaintiffs' claims against Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

290.    Denied.

291.    Denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

292.    Denied.

293.    Paragraph 293 purports to summarize and selectively quote earnings call transcripts and a Jeffries conference transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

294.    Paragraph 294 purports to summarize and selectively quote earnings call transcripts.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

295.    Paragraph 295 purports to summarize and selectively quote an earnings call transcript and Sanford C. Bernstein and Wells Fargo conference transcripts.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

296.    Paragraph 296 purports to summarize and selectively quote a conference call transcript and a Jeffries conference transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

297.    Paragraph 297 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

298.    Paragraph 298 purports to summarize and selectively quote Bank of America and Goldman Sachs conference transcripts.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 298 also purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

299.    Paragraph 299 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 299 also purports to state legal conclusions to which no response is required.  To the extent a response is required, denied, and the remaining allegations are denied.

300.    Paragraph 300 purports to summarize and selectively quote an earnings call transcript and a Wells Fargo conference transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

301.    Paragraph 301 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

302.    Paragraph 302 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

303.    Paragraph 303 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

304.    Paragraph 304 purports to summarize publicly available documents and transcripts.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 304 also purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

305.    Defendants admit that Teva has produced over one million documents to the DOJ. Paragraph 305 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

306.    Paragraph 306 purports to summarize and selectively quote a GAO report.  That document speaks for itself and is the best evidence of its contents.  Paragraph 306 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

307.    Paragraph 307 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

308.    Paragraph 308 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.  Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.

309.    Paragraph 309 purports to summarize and selectively quote a Bloomberg article, an earnings call transcript, and a publicly available court filing.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 309 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

310.    Paragraph 310 purports to summarize and selectively quote an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Further answering, Paragraph 310 purports to state legal conclusions to which no response is required. To the extent a response is deemed required, denied, and the remaining allegations are denied.

311.    Paragraph 311 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

312.    Paragraph 312 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

313.    Paragraph 313 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

314.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 315 concerning Lead Counsel's alleged investigation, and on that basis denies them.   The remaining allegations are denied.

315.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 315 concerning Lead Counsel's alleged investigation, and on that basis deny them.

316.    Paragraph 316 purports to summarize and selectively quote a publicly available

court filing and interview transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

317.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 317 concerning Lead Counsel's alleged investigation, and on that basis deny them.  The remaining allegations are denied.

318.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 318 concerning Lead Counsel's alleged investigation, and on that basis deny them.  The remaining allegations are denied.

319.    Denied.

320.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 320 concerning Lead Counsel's alleged investigation, and on that basis deny them.  The remaining allegations are denied.

321.    Paragraph 321 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

322.    Paragraph 322 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

323.    Paragraph 323 purports to summarize a publicly filed complaint.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

324.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 324 concerning Lead Counsel's alleged investigation, and on that basis deny them.  The remaining allegations are denied.  Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

325.    Denied.

326.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 326 concerning Lead Counsel's alleged investigation and unidentified confidential witnesses, and on that basis deny them.  Paragraph 326 purports to summarize a publicly available court filing.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

327.    Paragraph 327 purports to summarize and selectively quote a publicly available court filing.  That document speaks for itself and is the best evidence of its contents.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 327 concerning Lead Counsel's alleged investigation, and on that basis deny them.  The remaining allegations are denied.

328.    Paragraph 328 purports to summarize publicly available court filings.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 328

purports to state legal conclusions to which no response is required. To the extent a response is required, denied. The remaining allegations are denied.

329. Paragraph 329 purports to summarize and selectively quote certain court documents and filings. Those documents speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

330. Paragraph 330 purports to state legal conclusions to which no response is required. To the extent a response is required, denied. The remaining allegations are denied.

331. Denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

332. Denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

333. Denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

334. Paragraph 334 purports to summarize and selectively quote a publicly available court filing. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

335. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 335 concerning Lead Counsel's alleged investigation, and on that basis deny them. Paragraph 335 purports to summarize publicly available information concerning the "State AGs" public statements, which information speaks for itself. The remaining allegations are denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

336. Denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh and Mr. Oberman were dismissed by the Court in its September 25, 2019 Order.

337. Paragraph 337 purports to state legal conclusions to which no response is required. To the extent a response is required, denied. The remaining allegations are denied.

338. Paragraph 338 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

339. Paragraph 339 purports to state legal conclusions to which no response is required. To the extent a response is required, denied. The remaining allegations are denied.

340. Paragraph 340 purports to state legal conclusions to which no response is required. To the extent a response is required, denied. The remaining allegations are denied.

341. Paragraph 341 purports to summarize and selectively quote Teva's Q2 2016 6-K. That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

342.    Defendants admit that Teva's ADS closed at $54.21 on August 5, 2016 and that Teva's Preferred Shares closed at $895.00 on August 5, 2016.  Further answering, Paragraph 342 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

343.    Paragraph 343 purports to state a legal conclusion to which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.  Further answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.

344.    Paragraph 344 purports to summarize and selectively quote a Bloomberg article. That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

345.    Defendants admit that Teva's ADS closed at $39.20 on November 3, 2016 and that Teva's Preferred Shares closed at $711.00 on November 3, 2016.  Further answering, Paragraph 345 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

346.    Paragraph 346 purports to summarize and selectively quote various news articles and analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

347.    Paragraph 347 purports to summarize publicly available court filings.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

348.    Paragraph 348 purports to summarize publicly available court filings and a Forbes article.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

349.    Defendants admit that Teva's ADS closed at $36.51 on December 16, 2016 and that Teva's Preferred Shares closed at $645.00 on December 16, 2016.  Further answering, Paragraph 349 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

350.    Paragraph 350 purports to summarize and selectively quote a press release and earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

351.    Defendants admit that Teva's ADS closed at $37.60 on November 15, 2016 and that Teva's Preferred Shares closed at $689.99 on November 15, 2016.  Further answering, Paragraph 351 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

352.    Paragraph 352 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining

allegations are denied.

353.    Paragraph 353 purports to summarize and selectively quote a Form 6-K.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

354.    Defendants admit that Teva's ADS closed at $35.03 on December 6, 2016 and that Teva's Preferred Shares closed at $630.75 on December 6, 2016.  Further answering, Paragraph 354 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

355.    Paragraph 355 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

356.    Paragraph 356 purports to summarize and selectively quote a Form 6-K and conference call transcript.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

357.    Defendants admit that Teva's ADS closed at $35.10 on January 6, 2017 and that Teva's Preferred Shares closed at $633.00 on January 6, 2017.  Further answering, Paragraph 357 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

358.    Paragraph 358 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

359.    Paragraph 359 purports to summarize a Form 6-K.  That document speaks for itself and is the best evidence of its contents.  The remaining allegations are denied.

360.    Defendants admit that Teva's ADS closed at $32.19 on February 7, 2017 and that Teva's Preferred Shares closed at $605.00 on February 7, 2017.  Further answering, Paragraph 360 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

361.    Paragraph 361 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

362.    Paragraph 362 purports to summarize and selectively quote a Form 6-K and an earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents. The remaining allegations are denied.

363.    Paragraph 363 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

364.     Paragraph 364 purports to summarize Moody's and Fitch reports.   Those documents speak for themselves and are the best evidence of their contents.   The remaining allegations are denied.

365.     Defendants admit that Teva's ADS closed at $18.59 on August 7, 2017 and that Teva's Preferred Shares closed at $376.00 on August 7, 2017.   Further answering, Paragraph 365 purports to summarize information concerning Teva's publicly available share prices.   Teva's share prices speak for themselves.   The remaining allegations are denied.

366.     Paragraph 366 purports to summarize and selectively quote a Form 6-K.   That document speaks for itself and is the best evidence of its contents. The remaining allegations are denied.

367.     Defendants admit that Teva's ADS closed at $11.23 on November 2, 2017 and that Teva's Preferred Shares closed at $239.57 on November 2, 2017.   Further answering, Paragraph 367 purports to summarize information concerning Teva's publicly available share prices.   Teva's share prices speak for themselves.   The remaining allegations are denied.

368.     Paragraph 368 purports to summarize and selectively quote analyst reports.   Those documents speak for themselves and are the best evidence of their contents.   The remaining allegations are denied.

369.     Paragraph 369 purports to summarize and selectively quote a Form 8-K.   That document speaks for itself and is the best evidence of its contents.

370.     Defendants admit that Teva's ADS closed at $18.64 on February 8, 2018 and that Teva's Preferred Shares closed at $352.00 on February 8, 2018.   Further answering, Paragraph 370 purports to summarize information concerning Teva's publicly available share prices.   Teva's share prices speak for themselves.   The remaining allegations are denied.

371.     Paragraph 371 purports to summarize and selectively quote analyst reports.   Those documents speak for themselves and are the best evidence of their contents.   The remaining allegations are denied.

372.     Paragraph 372 purports to summarize and selectively quote a Washington Post article.   That document speaks for itself and is the best evidence of its contents.   The remaining allegations are denied.

373.     Defendants admit that Teva's ADS closed at $18.44 on December 10, 2018 and that Teva's Preferred Shares closed at $353.40 on December 10, 2018.   Further answering, Paragraph 373 purports to summarize information concerning Teva's publicly available share prices.   Teva's share prices speak for themselves.   The remaining allegations are denied.

374.     Paragraph 374 purports to summarize a publicly filed complaint.   That document speaks for itself and is the best evidence of its contents.   The remaining allegations are denied. Further answering, Plaintiffs' claims against Ms. Cavanaugh were dismissed by the Court in its September 25, 2019 Order.

375.    Defendants admit that Teva's ADS closed at $12.23 on May 13, 2019.  Further answering, Paragraph 375 purports to summarize information concerning Teva's publicly available share prices.  Teva's share prices speak for themselves.  The remaining allegations are denied.

376.    Paragraph 376 purports to summarize and selectively quote analyst reports.  Those documents speak for themselves and are the best evidence of their contents.  The remaining allegations are denied.

377.    Paragraph 377 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

378.    Paragraph 378 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

379.    Paragraph 379 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

380.    Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

381.    Paragraph 381 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

382.    Paragraph 382 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

383.    Paragraph 383 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

384.    Paragraph 384 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

385.    Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

386.    Paragraph 386 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

387.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 387 concerning Lead Counsel's alleged investigation, and on that basis deny them.  The remaining allegations are denied.

388.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 388 concerning Lead Counsel's alleged investigation, and on that basis deny them.

389.    Defendants lack sufficient knowledge or information to form a belief as to the truth

of the allegations in Paragraph 389 concerning Lead Counsel's alleged investigation, and on that basis deny them.

390.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 390 concerning Lead Counsel's alleged investigation, and on that basis deny them.

391.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 391 concerning Lead Counsel's alleged investigation, and on that basis deny them.

392.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 392 concerning Lead Counsel's alleged investigation, and on that basis deny them.

393.   Paragraph 393 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

394.   Paragraph 394 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

395.   Paragraph 395 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

396.   Admitted that the ADS, Preferred Shares, and Notes traded actively in the United States during the Class Period.  Further answering, Paragraph 396 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied. Paragraph 396 also purports to summarize information concerning Teva's publicly available share prices and volume, which speak for themselves.  The remaining allegations are denied.

397.   Paragraph 397 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

398.   Paragraph 398 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

399.   Paragraph 399 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

400.   Paragraph 400 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

401.   Paragraph 401 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

402.   Paragraph 402 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

403.     Paragraph 403 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

404.     Paragraph 404 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

405.     Paragraph 405 purport to summarize and selectively quote a conference call transcript.  That document speaks for itself and is the best evidence of its contents.  Paragraph 405 also purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

406.     Paragraph 406 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

407.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 407 and on that basis deny them.

408.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 408 and on that basis deny them.

409.     Paragraph 409 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

410.     Paragraph 410 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

411.     Defendants admit that Teva was the issuer of the ADS and Preferred Shares, and that its indirect subsidiary Teva Finance issued the Notes in the Notes Offering.  The remaining allegations are denied.

412.     Defendants admit that Teva Pharmaceutical Finance Netherlands III B.V issued the Notes in the Notes Offering, is an indirect, wholly owned subsidiary of Teva Pharmaceutical Industries Ltd., and is a Dutch private limited liability company with its business address at Piet Heinkade 107, 1019 GM Amsterdam, Netherlands.  The remaining allegations are denied.

413.     Defendants admit that Vigodman signed the Registration Statements, as defined herein, and Teva's 2014 and 2015 Forms 20-F and Teva's Q1 2016 6-K, which Forms 20-F and 6-K were incorporated by reference into the Offering Materials, as defined herein.  The remaining allegations are denied.

414.     Admitted.

415.     Admitted.

416.     Paragraph 416 does not require a response.

417.     Admitted.

418.    Admitted.

419.    Paragraph 419 does not require a response.

420.    Admitted.

421.    Admitted.

422.    Admitted.

423.    Admitted.

424.    Paragraph 424 does not require a response.

425.    Admitted.

426.    Admitted.

427.    Admitted.

428.    Defendants admit the second and third sentences of Paragraph 428.   Further answering, Paragraph 428 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

429.    Defendants admit that the Notes Final Prospectus, as defined herein, incorporated by reference the 2015 20-F and the Q1 2016 6-K.  Paragraph 429 purports to state legal conclusions to which no response is required. To the extent a response is required, denied, and the remaining allegations are denied.

430.    Paragraph 430 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

431.    Paragraph 431 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

432.    Paragraph 432 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

433.    Paragraph 433 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

434.    Paragraph 434 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

435.    Paragraph 435 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.  The remaining allegations are denied.

436.    Paragraph 436 purports to state legal conclusions for which no response is required.  To the extent a response is required, denied. The remaining allegations are denied.  Further

answering, the Court dismissed Plaintiffs' claims concerning the alleged failure to disclose subpoenas from the Department of Justice and Connecticut Attorney General in its September 25, 2019 Order.

437.    Paragraph 437 purports to state legal conclusions for which no response is required. To the extent a response is required, denied.  The remaining allegations are denied.

438.    Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.  Paragraph 438 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

439.    Paragraph 439 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

440.    Paragraph 440 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

441.    Paragraph 441 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

442.    Paragraph 442 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

443.    Paragraph 443 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

444.    Paragraph 444 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

445.    Paragraph 445 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

446.    Paragraph 446 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

447.    Paragraph 447 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

448.    Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.  Paragraph 448 purports to state legal conclusions to which no response is required.  To the extent a response is required, denied.

449.    Paragraph 449 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

450.    Paragraph 450 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

451.     Paragraph 451 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

452.     Paragraph 452 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

453.     Paragraph 453 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

454.     Paragraph 454 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

455.     Paragraph 455 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

456.     Paragraph 456 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

457.     Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

458.     Paragraph 458 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

459.     Paragraph 459 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

460.     Paragraph 460 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

461.     Paragraph 461 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

462.     Paragraph 462 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

463.     Paragraph 463 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

464.     Paragraph 464 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

465.     Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

466.     Paragraph 466 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

467.     Paragraph 467 purports to state legal conclusions to which no response is required.

To the extent a response is required, denied.

468.   Denied.

469.   Denied.

470.   Paragraph 470 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

471.   Paragraph 471 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

472.   Paragraph 472 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

473.   Paragraph 473 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

474.   Paragraph 474 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

475.   Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

476.   Paragraph 476 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

477.   Paragraph 477 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

478.   Paragraph 478 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

479.   Paragraph 479 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

480.   Paragraph 480 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

481.   Defendants repeat and restate their responses to the previous numbered paragraphs as if fully incorporated by reference and set forth herein.

482.   Paragraph 482 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

483.   Paragraph 483 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

484.   Paragraph 484 purports to state legal conclusions to which no response is required.

To the extent a response is required, denied.

485.    Paragraph 485 purports to state legal conclusions to which no response is required. To the extent a response is required, denied.

## IV.    JURY DEMAND

486.    Defendants demand a trial by jury on all facts so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Except as otherwise expressly stated in Paragraphs 1 through 486 above, Defendants deny each and every allegation of wrongdoing contained in Paragraphs 1 through 486 of the Amended Complaint, including, without limitation, the table of contents, headings, subheadings, footnotes, glossaries, and appendices contained in the Amended Complaint, and specifically deny liability to Plaintiffs and the putative class, or that Plaintiffs or the putative class have suffered any legally cognizable damages for which Teva is responsible

Defendants offer the following affirmative and other defenses in response to the allegations set forth in the Amended Complaint.  Except where expressly noted, each defense is asserted by each of the Defendants.  Defendants expressly reserve the right to supplement, amend, or delete any or all of the following defenses, as warranted by discovery or other investigation or as justice may require.  The statement of any defense does not assume the burden of proof on any issues as to which applicable law places the burden on Plaintiffs.  To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive with another defense asserted herein or to be asserted in the future, such defense is asserted in the alternative to the other.

## SPECIFIC DEFENSES

1.    The Amended Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

2.      The Amended Complaint fails to plead adequately any of the alleged underlying conduct which Plaintiffs claim gives rise to liability under the securities laws.

3.      The Amended Complaint fails to plead fraud with particularity as required by Federal Rules of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Plaintiffs complain.

4.      Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable statutory and regulatory disclosure requirements.

5.      Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking statements and protected by the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

6.      Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission of historical fact and did not act with actual knowledge as to the falsity of any forward-looking statement.

7.      Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known of the purported untruths, misstatements and/or omissions alleged in the Amended Complaint.

8.      This action may not be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.      Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations and/or repose.

10.     Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or waiver.

11.     To the extent Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Plaintiffs' claims have been previously litigated, Plaintiffs' claims are barred, in whole or in part, from any recovery under the doctrines of *res judicata* and/or collateral estoppel.

12.     Defendants are not liable because any wrongdoing alleged in the Amended Complaint lacks a sufficient connection to the purchase or sale of Teva securities.

13.     Defendants are not liable because some or all of the matters now claimed by the Amended Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiffs, were known or should have been known to Plaintiffs, and/or and were at all times reflected in the market price of Teva securities.

14.     Defendants are not liable because the challenged statement or omission was immaterial puffery, a vague and indefinite statement of optimism, matters of opinion or soft opinion, and/or otherwise not material to Plaintiffs' investment decisions.

15.     Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Amended Complaint did not affect the market price of Teva securities.

16.     Defendants are not liable because Plaintiffs have not pleaded the required connection between the challenged statements and the alleged loss, and any losses suffered by Plaintiffs were not causally related to the misstatements and omissions alleged by Plaintiffs.

17.     Plaintiffs' claims are barred because Plaintiffs did not reasonably rely on any of the

statements or omissions alleged in the Amended Complaint in deciding to purchase Teva securities.

18.     Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and they are otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Amended Complaint.

19.     Plaintiffs cannot recover against Defendants because Plaintiffs are unable to establish that the purposed misstatements and omissions alleged in the Amended Complaint were the cause of Plaintiffs' decisions to purchase or sell Teva securities on the terms of their investments.

20.     Plaintiffs cannot recover against Defendants because Defendants were under no duty to disclose alleged but unadjudicated wrongdoing or any of the other facts or conduct alleged in the Amended Complaint.

21.     Some or all of Plaintiffs' claims are barred because Plaintiffs cannot establish a sufficient connection between alleged statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

22.     Defendants are not liable because to the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

23.     Defendants are not liable because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the federal securities laws to reflect only Defendants' percentage of responsibility, if any.

24.     To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

25.     Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

26.     Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any alleged wrongdoing.

27.     Defendants are not liable for alleged injuries caused by government action.

28.     Defendants are not liable because the Amended Complaint fails to adequately allege a relevant market or relevant markets for the underlying conduct alleged in the Amended Complaint.

29.     Defendants are not liable because the underlying conduct alleged in the Amended Complaint was reasonable and is based on independent, legitimate business and economic justifications and has not unreasonably restrained trade or otherwise tended to destroy competition in any relevant market.

30.     Plaintiffs' claims are barred, in whole or in part, because Defendants did not act in furtherance of, or otherwise conspire or agree with any person or entity with the intention of fixing, manipulating or artificially affecting the price of any drug.

31.     Defendants are not liable because Plaintiffs do not have standing.

32.     Plaintiffs' claims are barred, in whole or in part, because they have incurred no legally cognizable injury or damages.

33.     Defendants are not liable for the conduct of any current or former employees and/or agents to the extent that any or all of those current or former employees acted outside the scope of their authority.

34.     Defendants deny that Plaintiffs are entitled to recovery of attorneys' fees, costs or expenses.

35.     Plaintiffs' claims are barred, in whole or in part, because none of the Defendants' purported misstatements were "so incomplete as to mislead."

Dated:        January 27, 2020                Respectfully submitted,

DEFENDANTS TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.

/s/ *Jordan D. Hershman*
Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street, Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: jotoole@goodwin.com

*Counsel for Defendants Teva Pharmaceutical Industries Limited, Erez Vigodman and Eyal Desheh*