# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and<br><br>ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers,<br><br>    Plaintiffs,<br><br>        v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.,<br><br>    Defendants. | No. 3:17-cv-00558 (SRU)<br><br>Class Action<br><br><br><br><br><br><br><br><br><br>January 28, 2020 |

## PARTIES' JOINT RESPONSE TO THE
## DIRECT ACTION PLAINTIFFS' SUR-REPLY

The Parties[1] respectfully submit that the Direct Action Plaintiffs' sur-reply in no way undermines the Parties' Proposed Order. Instead, the Direct Action Plaintiffs' efforts confirm the overwhelming need for a comprehensive, streamlined management of all Related Actions.

There is no true dispute: the Parties' Proposed Order does not limit the Direct Action Plaintiffs from retaining experts to opine on any unique issues, such as Israeli and state law claims or Teva securities, that are not at issue in the *Ontario* Action. Nor does it take away their ability to present expert evidence at the proper time. Instead, the Proposed Order would only limit for pre-trial purposes expert reports and testimony on **common** issues. (ECF 326 at 28.)

The Direct Action Plaintiffs nonetheless seek *carte blanche* as to **all** expert issues simultaneously with the Class. That is improper and would result in prejudice to Defendants and the Class. Specifically, allowing the Direct Action Plaintiffs to pursue simultaneous expert discovery would saddle Defendants with the expense and burden of responding to additional, duplicative expert reports, potentially conflict with the Class's experts, and waste valuable Party and Court resources for no justifiable reason. *Petrobras*—cited by the Direct Action Plaintiffs and the Parties—undermines the Direct Action Plaintiffs' proposal and exemplifies the dysfunction and harm that result when opt-out plaintiffs proffer separate expert testimony on common issues. There, opt-out plaintiffs simultaneously proffered expert discovery on common issues in conflict with the class. This multiplied the burden on defendants, conflicted with the class's damages analysis, and yielded a "battle of damages experts . . . particularly confusing for a jury." (ECF 326 at 29.) The Direct Action Plaintiffs—represented by many of the same lawyers as in *Petrobras*—improperly seek to recreate the same confusion and waste here. Although the Direct Action

---

[1] Capitalized terms not defined herein have the meanings specified in the joint motion filed in the *Ontario* Action (ECF 311) or the operative Second Amended Complaint (ECF 310). ECF citations refer to filings in the *Ontario* Action.

Plaintiffs invoke "due process," they appear driven to maximize their leverage as holdouts through increased burden and expense.

Finally, there is no need for the Court to sort out common versus unique issues now, 14 months before expert discovery even begins. Indeed, there may ultimately be no unique issues for expert discovery; the Direct Action Plaintiffs' Israeli and state law claims may not survive Defendants' forthcoming motions to dismiss (*see* ECF 326 at 22-23), and the Direct Action Plaintiffs may elect to join any Class that is certified. In the event that any unique issues do remain, the Direct Action Plaintiffs will be free to serve expert reports on those issues, as the Proposed Order has no impact on their ability to present experts after the *Ontario* Action is resolved. The Parties only seek to consolidate the Direct Actions with the *Ontario* Action for pre-trial purposes.[2]

The Court should therefore reject the Direct Action Plaintiffs' inappropriate effort to give themselves *carte blanche* expert discovery, prejudicing Defendants and the Class, and should enter the Parties' Proposed Order.

---

[2] Courts have set opt-out plaintiffs' expert discovery to follow after resolution of the class claims, so as to avoid disparate opinions and excessive burdens on defendants and the court. *See e.g.*, *AIG Sec. Litig.*, 12-cv-6071 (S.D.N.Y. Jan. 30, 2013), ECF 14 at 10.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFFS ONTARIO TEACHERS' PENSION PLAN BOARD, and ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM | DEFENDANTS TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V. |

/s/ *Joseph Fonti*
Joseph Fonti (admitted *pro hac vice*)
Javier Bleichmar (admitted *pro hac vice*)
Evan A. Kubota (admitted *pro hac vice*)
Thayne Stoddard (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com
ekubota@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board, and for Named Plaintiff Anchorage Police & Fire Retirement System, and Lead Counsel for the Class*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
**CARMODY TORRANCE SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com

*Local Counsel for Lead Plaintiff*
*Ontario Teachers' Pension Plan Board, and for Named Plaintiff Anchorage Police & Fire Retirement System*

/s/ *Jordan D. Hershman*
Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street, Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: jotoole@goodwin.com

*Counsel for Defendants Teva Pharmaceutical Industries Limited, Erez Vigodman and Eyal Desheh*