UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and<br><br>ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers,<br><br>      Plaintiffs,<br><br>      v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.,<br><br>      Defendants. | No. 3:17-cv-558 (SRU) |

## CONFERENCE MEMORANDUM

On March 12, I held a telephonic status conference on the record with Joseph A. Fonti and J. Christopher Rooney, attorneys for the plaintiffs, Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System; and Jason D. Frank, Emily Renshaw, Elizabeth G. Hays, and Jill M. O'Toole, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd.; Erez Vigodman; Eyal Desheh; Sigurdur Olafsson; Deborah Griffin; Kåre Schultz; Michael McClellan; Yitzhak Peterburg; and Teva Pharmaceutical Finance Netherlands III B.V. The

above-noted defense counsel represent the Defendants in all the Teva-related actions[1] except that, in two,[2] Jill O'Toole alone represents the Defendants. Also present were numerous plaintiffs' counsel in other Teva-related actions that I recently consolidated into this case. Those counsel were:

| Case | Counsel |
|---|---|
| *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 | Jonathan D. Uslaner |
| *Nordea Investment Mgmt. AB v. Teva Pharm. Industries Ltd., et al.*, No. 3:18-cv-1681<br><br>*Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721 | Matthew L. Mustokoff[3]<br><br>Willam H. Clendenen, Jr. |
| *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83[4] | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. | Carol V. Gilden |

---

[1] *See* Consolidation Order, Doc. No. 341, at 1–2 nn. 2–3; 35.
[2] *See OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314; *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83.
[3] Mr. Mustokoff does not yet appear on the docket as representing the Plaintiff in those cases.
[4] Mr. Park does not yet appear on the docket as representing the Plaintiff in this case.

| 3:19-cv-657 | |
| --- | --- |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Angel P. Lau<br><br>Christopher Chad Johnson<br><br>Matthew J. Jasinski |
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513<br><br>*Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655<br><br>*Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | Michael J. Wernke |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603 | Michael Hampson |
| *Employees' Ret. Sys. of St. Petersburg v. Teva Pharmaceutical Indus. Ltd.*, No. 3:19-cv-1768 | Reed Kathrein[5] |

The purpose of the call was to discuss various issues moving forward in the consolidated Teva-related actions. Specifically, we discussed the importance of clear lines of communication between the Court and the parties. To that end, Mr. Mustokoff assured me that the Direct Action Plaintiffs (as defined in my Consolidation Order) would confer and choose a single Liaison

---

[5] Mr. Kathrein represents a movant in that case (HMG Global Initiative, Inc.), not the Plaintiff, and I recently denied HMG's motion to intervene in this action. *See* Consolidation Order, Doc. No. 341, at 34.

3

Counsel to communicate with Lead Counsel for the Lead Plaintiff in this matter and me on matters relating to the Direct Action Plaintiffs. Mr. Fonti volunteered that, as Lead Counsel for the Lead Plaintiffs in this action, he would assume the responsibility of communicating among all the Putative Class Action plaintiffs and with Liaison Counsel.

Next, we discussed several issues related to discovery. First, we considered the obligation of the parties in this action to share the discovery already produced with the parties in the other Teva-related actions and the scope of how that discovery may be used in those actions. Relatedly, we took up whether Lead Counsel for the Lead Plaintiff in this action would maintain a single discovery database. Next, we discussed the proper framework for interrogatories, document requests, depositions, and expert reports. We also considered a briefing schedule for forthcoming motions to dismiss Israeli law claims and claims barred by a statute of repose. I will resolve all those issues in some detail in a forthcoming Order.

Finally, Mr. Fonti and Mr. Frank informed me that the early stages of document discovery have been going smoothly.

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of March 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge