## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, Individually and as Lead Plaintiff on behalf of all others similarly situated; and<br><br>ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM, Individually and as Named Plaintiff on behalf of all similarly-situated bond purchasers,<br><br>     Plaintiffs,<br><br>     v.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; AND TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.,<br><br>     Defendants. | No. 3:17-cv-558 (SRU) |

## ORDER REGARDING PRE-TRIAL CONSOLIDATION OF RELATED ACTIONS

### I.    Consolidation

1. This Order shall apply to (1) all class actions consolidated for all purposes under the caption *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 3:17-cv-558 ("the *Ontario* Action"), (2) each of the three later-filed related putative class actions pending in this Court (the "Later-Filed Class Actions"),[1] (3) seventeen

---

[1] The Later-Filed Class Actions are: (1) *Grodko v. Teva Pharmaceutical Indus. Ltd.*, No. 3:18-cv-800; (2) *Huellemeier v. Teva Pharmaceutical Indus. Ltd.*, No. 3:17-cv-1938; and (3) *Employees' Ret. Sys. of St. Petersburg v.*

individual actions pending in this Court (the "Direct Actions"),[2] and (4) any case that relates to the same subject matter as any of the foregoing actions that is subsequently filed in, or transferred to, this Court and assigned to the undersigned (collectively, the "Related Actions").  A party who has the right to object to consolidation of any such subsequently filed or transferred case, or to any provision of this Order, must serve an application for relief from this Order or from any of its provisions within seven (7) days after the date on which defense counsel mails or emails a copy of this Order to counsel for that party.  The provisions of this Order shall apply to any such action pending the Court's ruling on the application.

2.   For purposes of this Order, the *Ontario* Action and the Related Actions are collectively referred to as the "Consolidated Teva Securities Litigation."  Except as otherwise provided, any order entered in the *Ontario* Action is deemed entered in all the actions constituting the Consolidated Teva Securities Litigation.

3.   Pursuant to Local Rule 42(a), the docket for the *Ontario* Action shall be the "master docket," and all papers hereafter filed in the Consolidated Teva Securities Litigation shall be filed on the docket for the *Ontario* Action.

---

*Teva Pharmaceutical Indus. Ltd.*, No. 3:19-cv-1768.  To the extent that *Baker v. Teva Pharmaceutical Indus., Ltd., et al.*, No. 3:18-cv-798, is not already consolidated into *Grodko*, it is now consolidated into this action.

[2]  The Direct Actions are: (1) *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314; (2) *Nordea Investment Mgmt. AB v. Teva Pharm. Industries Ltd., et al.*, No. 3:18-cv-1681; (3) *Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721; (4) *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956; (5) *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175; (6) *Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192; (7) *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449; (8) *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513; (9) *Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543; (10) *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603; (11) *Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655; (12) *Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656; (13) *Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657; (14) *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923; (15) *Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167; (16) *Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173; (17) *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83.

4.   Every pleading filed in the Consolidated Teva Securities Litigation shall bear the following caption:

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| _____ | |
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |
| _____ | |
| THIS DOCUMENT RELATES TO: | |
| _____ | |

5.   When a pleading relates to the *Ontario* Action and all the Related Actions, the words "All Actions" shall appear directly below the docket number in the caption.  When a pleading relates to an entire group of consolidated cases, the words "All Class Actions"[3] or "All Direct Actions" shall appear directly below the docket number in the caption.  When a pleading relates to only some, but not all, such actions, the docket number for each action to which the pleading relates shall appear directly below the docket number in the caption.

## II.   Amendment of Complaint in the *Ontario* Action

6.   Defendants consented to Plaintiffs' amending the prior complaint in the *Ontario* Action, *see* Am. Compl., Doc. No. 226, by filing a Second Amended Consolidated Class Action Complaint on December 13, 2019 (the "SAC").  *See* Am. Compl., Doc. No. 310.  In connection with the SAC, Plaintiffs and Defendants have agreed, and the Court now orders, the following:

---

[3]  "All Class Actions" are the *Ontario* Action and the Later-Filed Class Actions.

7.   Defendants will not advance at any stage of the case the arguments that Plaintiffs do not have standing to bring the claims that are the subject of the amendments, or that Plaintiffs are not adequate or typical representatives for purposes of representing the class, and Defendants shall not use the fact of the amendment itself to challenge class certification.

8.   The SAC shall be treated identically to the prior complaint, *see* Am. Compl., Doc. No. 226, for relation back purposes, including under Fed. R. Civ. P. 15(c)(1).

9.   Defendants shall not move under Fed. R. Civ. P. 12 with respect to the SAC. Defendants have already answered the SAC.  *See* Ans., Doc. No. 327.  The schedule outlined in my Case Management Order, *see* Doc. No. 298, is still in effect.

10.   Subject to the exceptions set forth in Paragraphs 7, 8, and 9 above, Defendants have not waived and expressly reserve all arguments and defenses, and Defendants may advance any argument or defense at a later stage of the case, including in support of any motion for summary judgment.

11.   Defendants shall not be required to file Answers to the Complaints in the three Later-Filed Class Actions.

### III.    Amendment of Complaint and Motions to Dismiss in Direct Actions

12.   The Plaintiffs in each of the Direct Actions shall either designate their present complaint as operative or file an amended complaint within thirty (30) days of the Court's entry of this Order.  The designated or amended complaint shall conform to the Court's ruling on motions to dismiss in the *Ontario* Action.  *See* Order, Doc. No. 283.  Defendants have agreed not to oppose the filing of any such amended complaint, but in doing so do not

waive and instead expressly reserve any and all arguments and defenses Defendants may have to claims asserted in any designated or amended complaint.

13.   Within thirty (30) days of the filing of an amended complaint or designation of an operative complaint in any Direct Action, Defendants may move to dismiss any complaint in whole or in part with respect to (a) Israeli law claims; or (b) statutes of limitations or repose.  To the extent any Defendant files a motion to dismiss on the foregoing bases, Plaintiff shall file an opposition, if any, within thirty (30) days of the filing of the motion to dismiss.  Any reply shall be due within thirty (30) days of the filing of any opposition.

14.   Motions to dismiss on any other ground and all answers shall be held in abeyance until 120 days after the Court adjudicates the Israeli law and statutes of limitations and repose issues in all the Direct Actions, at which point all Defendants shall answer or otherwise respond to the operative complaints in the Direct Actions.

## IV.   Discovery and Duties of Counsel

15.   The discovery schedule set forth in the Civil Case Management Order in the *Ontario* Action shall apply to all Related Actions.  *See* Order, Doc. No. 298.

### A.   Lead Counsel, Liaison Counsel, and General Meet-and-Confer Requirement

16.   On July 11, 2017, I appointed Bleichmar Fonti & Auld LLP as Lead Counsel for the Lead Plaintiff in the *Ontario* Action ("Lead Counsel").  *See* Order, Doc. No. 124.  Lead Counsel shall conduct all pre-trial and discovery proceedings on behalf of all Plaintiffs in the *Ontario* Action and the Later-Filed Class Actions.

17.   The Plaintiffs in the Direct Actions have nominated Matthew L. Mustokoff, Esq. of Kessler Topaz Meltzer & Check, LLP to serve as Liaison Counsel.  Liaison Counsel will be responsible, generally, for communicating (1) with the Plaintiffs in all Direct Actions about their views regarding discovery and other topics of interest, and (2) with Lead Counsel regarding discovery issues, litigation strategy, and motion practice.

18.   Lead Counsel is subject to a general good faith meet-and-confer requirement. That is, Lead Counsel will communicate openly and in good faith with Liaison Counsel in the ways described below.  In turn, Liaison Counsel will communicate openly and in good faith with counsel for the Plaintiffs in all the Direct Actions.

19.   Where issues pertain to one or more Direct Actions, but not the *Ontario* Action, Liaison Counsel shall communicate with the Court regarding those issues.  Nothing stated in this Order shall be construed to diminish the right of any party to be heard by the Court on matters that are not susceptible to joint or common action, or as to which there is genuine disagreement among counsel.  Any party may seek relief from any of the provisions of this Order by application to the Court upon a showing of good cause.

B.      Sharing Discovery

20.   All discovery in the *Ontario* Action will be deemed discovered in all the Direct Actions, including non-party discovery to the extent the non-party agrees.  Subject to the limitations set forth below, all documents and written discovery produced by any Defendant and/or non-party in the *Ontario* Action shall be made available to counsel for each Plaintiff in the Direct Actions.  The Defendants in the *Ontario* Action shall share that discovery directly with the Plaintiffs in the Direct Actions.

21.   Additionally, Lead Counsel is encouraged to maintain a complete electronic file/online document repository of all papers and discovery materials filed or generated in the *Ontario* Action that shall be available to all counsel for Plaintiffs in the Direct Actions via secure web-based access, provided that Plaintiffs and their counsel in the Direct Actions have become signatories to all confidentiality agreements in place for such discovery and bear their share of document repository expenses.

22.   Excluded from paragraph 20 is any discovery (1) produced by current or former employees or agents of Lead Plaintiffs or Class Representatives in the *Ontario* Action; and (2) solely and directly related to the investment decisions, standing, typicality, or adequacy of representation of the Lead Plaintiffs or Class Representatives in the *Ontario* Action.

C.   Requests for Production of Documents, Document Subpoenas, Requests for Admission, and Interrogatories

23.   Requests for production of documents served on Defendants in the *Ontario* Action will be deemed served on the Defendants for purposes of all Related Actions. Document subpoenas served on non-parties in the *Ontario* Action shall be deemed served on non-parties for purposes of all Related Actions; copies of such subpoenas shall be provided to any Plaintiff's counsel who requests them. Requests for admission served on Defendants in the *Ontario* Action shall be deemed served on Defendants in all Related Actions. Interrogatories served on Defendants in the *Ontario* Action shall be deemed served on Defendants in all Related Actions. Lead Counsel shall provide copies of all discovery requests to any Plaintiff's counsel who requests them.

24.     Defendants' (or non-parties') objections and responses to such requests for production, document subpoenas, requests for admission, and interrogatories served in the *Ontario* Action shall likewise be deemed served in the Related Actions.

25.     Before Lead Counsel in the *Ontario* Action serves a request for production of documents, a document subpoena, a request for admission, or an interrogatory, Lead Counsel shall be subject to a good faith meet-and-confer requirement.  Specifically, Lead Counsel and Liaison Counsel shall meet and confer in good faith.  Lead Counsel shall make every effort to incorporate the views of Liaison Counsel into the requests, subpoenas, or interrogatories that it serves.  If, after meeting and conferring in good faith, Liaison Counsel is of the view that Lead Counsel's requests, subpoenas, or interrogatories do not incorporate his or her views, Liaison Counsel may serve non-duplicative requests, subpoenas, or interrogatories on the Defendants in the *Ontario* Action (or on non-parties).  In the normal course, Liaison Counsel shall serve all such non-duplicative requests on behalf of all Plaintiffs in the Direct Actions, and the responses shall be shared with Lead Counsel.

D.     Depositions

26.     Depositions taken in the *Ontario* Action shall be deemed taken in the Direct Actions.  Lead Counsel shall schedule and conduct all depositions.  Lead Counsel and/or Liaison Counsel shall provide counsel for Plaintiffs in the Direct Actions reasonable notice of the time, date, and location of all scheduled depositions.  Before the deposition, Lead Counsel and Liaison Counsel shall meet and confer in good faith regarding the scope of the deposition.  Lead Counsel shall make every effort to accommodate Liaison Counsel's views.  At the deposition, Liaison Counsel—or a single designee of Liaison Counsel—shall have a reasonable amount of time to ask non-duplicative questions of the witness following the

conclusion of Lead Counsel's questioning.  Lead Counsel shall notify defense counsel a reasonable period in advance of a deposition when it becomes apparent that a deposition is expected to last more than one seven-hour day.  Requests to extend a particular deposition for more than one day will be liberally granted.  Absent a showing of good cause, however, no witness may be deposed more than once without prior leave of the Court.

E.      Expert Discovery

27.   Lead Counsel may employ and consult with experts on any relevant issue. Nothing in this Order precludes the Plaintiffs in the Direct Actions from employing and consulting with their own experts.  However, the Plaintiffs in the Direct Actions must withhold disclosure of their own expert witnesses pending further order.

F.      Further Discovery Matters

28.   The above-described good faith, meet-and-confer procedure shall also apply to any discovery motions.  Lead Counsel shall generally brief and argue such motions, but only after having met and conferred in good faith with Liaison Counsel.  In the event that Lead Counsel declines to raise an issue on behalf of the Direct Action Plaintiffs, Liaison Counsel may brief and argue that issue.

29.   The above-described good faith, meet-and-confer procedure shall also apply to any proposed stipulations.

30.   At pretrial conferences, Lead Counsel shall speak on behalf of the Plaintiffs in the Related Actions.  Before such conferences, Lead Counsel shall meet and confer with Liaison Counsel in good faith.  At such conferences, if Liaison Counsel believes that Lead

Counsel has not adequately represented the views of the Plaintiffs in one or more Direct Actions, Liaison Counsel may represent such views.

31.   Should counsel for any Plaintiff in any Direct Action believe that his or her views are not being appropriately incorporated into the discovery process, such counsel may request the Court's intervention.  Counsel for Plaintiffs in the Direct Actions shall not separately file a discovery motion without prior leave of the Court.

32.   The Parties will coordinate regarding the filing of a proposed modified protective order in the *Ontario* Action and any such modified protective order entered hereafter in the *Ontario* Action shall be equally applicable to the Direct Actions.

## V.      Privilege

33.   Cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of documents and information among Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the work product doctrine.  Likewise, the communication of documents and information among Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the work product doctrine.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of April 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge