

Joseph A. Fonti
212 789 1342 direct
212 205 3962 fax
jfonti@bfalaw.com

May 12, 2020

**VIA ELECTRONIC MAIL**

Hon. Stefan R. Underhill
United States Courthouse
915 Lafayette Boulevard, Suite 411
Bridgeport, Connecticut 06604

Re:   *In re Teva Securities Litigation*, No. 3:17-cv-00558-SRU

Dear Judge Underhill:

On behalf of Plaintiffs[1], following our April 28, 2020 conference and in advance of the May 13, 2020 status conference, we write to report on the status of the parties' progress regarding the pace and manner of Defendants' document production.

Defendants' Document Production Schedule:  The parties have agreed upon a continued rolling production in response to Plaintiffs' outstanding Requests for Production, with interim production deadlines on May 21, June 4, June 24, July 9, and August 7, 2020 for production of specific custodians and sources of centralized files.  The specific custodians and centralized files to be produced by each deadline are set forth specifically in the attached Proposal For Document Production Sequencing (Appendix A).

Although these dates are well beyond the anticipated schedule for production by June, Plaintiffs are willing to agree provided that these are true *completion* dates for the specified custodians and sources.  Defendants do not agree, and will only commit to "estimated" dates.

Defendants do not define what "estimated" completion means; nor have they established any objective parameters to measure this elusive concept.  As the Court recognized, fairness requires that Defendants timely complete production of specific custodians so that Plaintiffs can assess and prepare for depositions.  Rendering these deadlines aspirational defeats their very purpose, and as a practical matter may be nothing more than the "mid-September" completion date that the Court has already stated is not acceptable.  (April 28, 2020 Tr. at 29:21).

Once entered, these deadlines should be treated as any Court order.  If Defendants have good cause for not meeting a specific deadline for a specific custodian, they should transparently

---

[1] Capitalized terms not defined herein have the meanings specified in the Complaint (ECF 310).



Hon. Stefan R. Underhill
May 12, 2020
Page 2

communicate with Plaintiffs as to the shortfall and seek relief from the Court.  This ensures that Plaintiffs and the Court know where discovery stands and can proceed accordingly.

<u>Mechanism For Resolving Technical Defects</u>:  For months, Plaintiffs have identified over one thousand defective, degraded, and unusable documents.  Our efforts to resolve these defects have taken countless hours and dozens of communications with Defendants' counsel.  During the April 28 conference, the Court directed Defendants to fix these technical defects and comply with Rule 34.  The Court will recall that Plaintiffs proposed that Defendants produce, along with the TIFF images, a native format copy of each production.  This is the only comprehensive solution that resolves all defects, and does so with minimal burden or cost.  Defendants do not agree; they will only remedy some of the specific documents that Plaintiffs have identified, and will only consider reasonable requests for native files.

As a compromise, Plaintiffs have proposed a streamlined mechanism to raise and resolve these pervasive defects as discovery proceeds: upon Plaintiffs' written notice of documents with technical defects or other issues affecting their legibility or usability, Defendants shall (a) make a specific written objection within five (5) business days, or (b) produce the affected documents in native format within ten (10) business days.  Plaintiffs believe this mechanism will cut through the protracted negotiations to correct continuing technical problems in Defendants' production.  Defendants continue to consider this proposal.

We will be prepared to discuss the issues summarized above at tomorrow's conference.  We appreciate the Court's continued attention to this matter.

Respectfully submitted,

Joseph A. Fonti

cc:     Jordan Hershman, Esq.
        Jill O'Toole, Esq.
        Christopher Rooney, Esq.
        Matthew Mustokoff, Esq.


Enclosure (1)

## APPENDIX A:  PROPOSAL FOR DOCUMENT PRODUCTION SEQUENCING

In response to Plaintiffs' First Requests for Production, served October 3, 2019, and Second Requests for Production, served February 28, 2020 (together, the "RFPs"),[1] Defendants shall continue to make rolling productions approximately every two weeks, and production from specific document custodians and sources shall be completed on the following schedule:

1. By no later than May 21, 2020, Defendants shall re-produce in native format the documents with cut-off images, illegible content, and processing errors that Plaintiffs have identified to date.

2. By no later than June 4, 2020, Defendants shall complete production of responsive documents from the files of Kevin Galownia (Senior Director of Marketing and Marketing Operations), Christine Baeder (VP Commercial Operations), Maureen Cavanaugh (Teva USA's SVP and Chief Operating Officer, North America Generics), Nisha Patel (Director of Strategic Customer Marketing), and David Rekenthaler (Vice President, Sales).

3. By no later than June 24, 2020, Defendants shall complete production of (1) responsive materials from Teva's Board of Directors, and (2) documents responsive to Plaintiffs' January 27, 2020 subpoena to Ms. Cavanaugh.

4. By no later than July 9, 2020, Defendants shall complete production of responsive documents from (1) the files of Brian Lapp (Senior Revenue Analyst), Deborah Griffin (SVP and Chief Accounting Officer), Erez Vigodman (President and CEO), Eyal Desheh (CFO), Sigurdur Olafsson (President and CEO, Global Generic Medicines

---

[1] Capitalized terms not defined herein have the meanings specified in the RFPs or Complaint (ECF 310).

Group), Yitzhak Peterburg (Interim President and CEO and director), and (2) centralized files and shared drives.

5. By no later than August 7, 2020, Defendants shall complete production of (1) all remaining responsive documents, including from Kobi Altman (SVP and CFO, Teva America and Global Generics Medicines), Dipankar Bhattacharjee (President and CEO, Global Generics Medicines Group), Theresa Coward (Senior Director, Sales & Trade Relations), Jeremy Levin (President and CEO), Kevin Mannix (SVP and Head of Global Investor Relations), Allan Oberman (President and CEO of Teva Americas Generics), Kåre Schultz (President and CEO), and Michael McClellan (EVP and CFO); and (2) documents responsive to Plaintiffs' November 1, 2019 subpoena to Mr. Oberman and November 27, 2019 subpoena to Phillip Frost.

6. Defendants have indicated that they have produced a "representative set" of Work Plans (also known as "Annual Operating Plans" or "Long Range Plans") and Scorecards, and shall produce a "representative set" of Latest Best Estimates by May 21, 2020.  All Work Plans, Annual Operating Plans, and Long Range Plans shall be produced by August 7, 2020.

7. When Plaintiffs notify Defendants in writing of technical defects or other issues affecting the legibility or usability of documents, Defendants shall either (a) make a written specific objection for each document within five (5) business days or (b) produce the affected documents in native format within ten (10) business days.  Any refusal to produce in native format may be raised with the Court.

8. The parties shall simultaneously exchange supplemental initial disclosures on June 12, 2020.