UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-00558 (SRU) |
| THIS DOCUMENT RELATES TO: | All Actions |
| | May 20, 2020 |

**STIPULATION ON DEFENDANTS' DOCUMENT PRODUCTION SEQUENCING**

WHEREAS, Lead Plaintiff Ontario Teachers' Pension Plan Board ("Ontario Teachers'") and Named Plaintiff Anchorage Police & Fire Retirement System ("Anchorage," and, together with Ontario Teachers', "Plaintiffs") served Defendants with Requests for Production dated October 3, 2019 and February 28, 2020 (together, the "RFPs");[1]

WHEREAS, on January 25, 2020, in response to Defendants' objections to Plaintiffs' October 3, 2019 RFPs, the parties reached an ESI agreement regarding documents to be produced from 19 document custodians, shared drives, and other centralized sources, as well as date range, and search terms and to be applied to individual custodians with respect to the RFPs;

WHEREAS, on April 28, 2020, the Court held a status conference and directed the parties to confer about a "more expeditious production schedule" and incorporating "custodian-level review" into Defendants' "current method of production" (ECF No. 354 at 3-4);

WHEREAS, on May 13, 2020, the Court held a status conference to consider the parties' respective positions regarding a schedule for Defendants' document production and directed the parties to draft a stipulation setting forth the timing and sequence of such production;

WHEREAS, the parties have negotiated and agreed on a schedule for Defendants to complete production and produce privilege logs in response to the RFPs, informed by the Court's

---

[1] Capitalized terms not defined herein have the meanings specified in the RFPs or Complaint (ECF 310).

guidance during the April 28, 2020 and May 13, 2020 status conferences, including that the Defendants work in good faith to complete productions of certain custodial e-mail, non-custodial documents, and privilege logs by interim deadlines, and, in the event Defendants are unable to complete all or a portion of any such production, Defendants shall so inform Plaintiffs as set forth herein; and

WHEREAS, counsel for Defendants also represent three non-parties, Dr. Frost, Ms. Cavanaugh, and Mr. Oberman, in response to Plaintiffs' Rule 45 subpoenas and the parties have agreed to incorporate the production of documents, if any, from these individuals, into this agreed-upon schedule;

IT IS HEREBY STIPULATED AND AGREED:

1. Defendants shall continue to make rolling productions approximately every two weeks.

2. As soon as possible, but no later than June 4, 2020, Defendants shall re-produce in native format (1) the set of documents that previously was identified to have cut-off inline images, and (2) the document originally produced as TEVA_SL_00077463.

3. By June 4, 2020, Defendants shall produce all non-privileged, relevant, responsive documents from the files of Kevin Galownia, Christine Baeder, Maureen Cavanaugh, Nisha Patel, and David Rekenthaler. Defendants shall provide Plaintiffs with a privilege log of each document withheld on privilege and/or work product grounds from the files of these custodians by July 6, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e).

4. By June 24, 2020, Defendants shall produce all non-privileged, relevant, responsive materials from Teva's Board of Directors. By June 24, 2020, Ms. Cavanaugh shall

produce all non-privileged, relevant documents, if any, responsive to Plaintiffs' January 27, 2020 Rule 45 subpoena to Ms. Cavanaugh (subject to objections (if any) that remain unresolved at the time of production). Defendants shall provide Plaintiffs with a privilege log of each document withheld on privilege and/or work product grounds from the files of these custodians by July 24, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e); Ms. Cavanaugh shall provide Plaintiffs with a privilege log of each document withheld on privilege and/or work product grounds from her files by July 24, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e).

5. By July 9, 2020, Defendants shall produce all non-privileged, relevant, responsive documents from: (1) the files of Brian Lapp, Deborah Griffin, Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Yitzhak Peterburg, and (2) agreed-upon centralized file locations and shared drives.[2] Pursuant to Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e), Defendants shall provide Plaintiffs with a privilege log of each document withheld on privilege and/or work product grounds from the files of these custodians and sources by August 10, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e).

6. By August 7, 2020, Defendants shall produce all remaining non-privileged, relevant, responsive documents, including from the files of: Kobi Altman, Dipankar Bhattacharjee, Theresa Coward, Jeremy Levin, Kevin Mannix, Allan Oberman, Kåre

---

[2] The parties have agreed that certain RFPs "call for specific documents and files that can be located without search terms or by searching for specific document titles, reporting, etc." To date, the agreed-upon locations include: (i) tevauspdcreditrequests@tevapharm.com; (ii) tevaus_pricingofferletters@tevapharm.com; (iii) Sales Team Sharepoint; (iv) Pricing Team Sharepoint; (v) Pricing Department Sharepoint; (vi) FINANAL Sharepoint; (vii) THS Sharepoints (old and new); and (viii) Customer Administration Sharepoint.

Schultz, and Michael McClellan. By August 7, 2020, Mr. Oberman and Dr. Frost shall produce all non-privileged, relevant documents, if any, responsive to Plaintiffs' November 1, 2019 Rule 45 subpoena to Mr. Oberman and November 27, 2019 Rule 45 subpoena to Dr. Frost (subject to objections (if any) that remain unresolved at the time of production). Defendants shall provide Plaintiffs with a privilege log of each document withheld on privilege and/or work product grounds from the files of these custodians and sources by September 8, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e); Mr. Oberman and Dr. Frost shall provide Plaintiffs with a privilege log of each document withheld on privilege and/or work product grounds from their respective files by September 8, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e).

7. Defendants state that they have produced at least one Work Plan (also known as an "Annual Operating Plan" or "AOP") for each year in the agreed-upon discovery period, with additional iterations being produced on a rolling basis as part of Defendants' custodial email productions. Defendants state that they have substantially completed production of "Scorecard" documents and emails, but expect that some additional Scorecard documents and related emails may be produced as part of Defendants' custodial email productions as set forth in this Stipulation. Defendants agree to produce a compiled set of Latest Best Estimates by May 21, 2020. All remaining Work Plans and Scorecards shall be produced by August 7, 2020. Defendants shall provide Plaintiffs with a privilege log of each document withheld on privilege and/or work product grounds from these categories of documents by September 8, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e).

8. To the extent a receiving party considers any produced document to have legibility/usability issues, that document shall be re-produced in native format within 10 business days of a request by the receiving party, unless the producing party asserts an objection to such production within 5 business days. In the event that there is an objection, the parties agree to meet and confer in an effort to resolve the issues. In addition, the parties understand that not all technical issues can be diagnosed and/or resolved in a matter of days. As such, they agree to proceed in good faith should a reasonable request for additional time be made. Notwithstanding the foregoing, the parties do not waive their right to seek relief from the Court any time after the 10 business days have passed.

9. The parties shall simultaneously exchange supplemental initial disclosures on June 12, 2020.

10. On or before each production deadline set forth above, Defendants will notify Plaintiffs in writing as to whether they have been able to complete the production of the relevant category or categories of documents or custodian(s), and, if not, will provide for each such category of documents or for each such custodian a date by which they expect to complete the respective production.

11. In addition to the privilege log deadlines set forth above, Defendants will produce a privilege log on or before June 15, 2020 for documents produced on or before May 8, 2020, consistent with Fed. R. Civ. P. 26(b)(5) and Local Rule 26(e).

| | |
|---|---|
| PLAINTIFFS ONTARIO TEACHERS' PENSION PLAN BOARD, and ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM | DEFENDANTS TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH |

/s/ *Joseph A. Fonti*
Joseph Fonti (admitted *pro hac vice*)
Evan A. Kubota (admitted *pro hac vice*)
Benjamin F. Burry (admitted *pro hac vice*)
Thayne Stoddard (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
ekubota@bfalaw.com
bburry@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff Ontario Teachers' Pension Plan Board, and for Named Plaintiff Anchorage Police & Fire Retirement System, and Lead Counsel for the Class*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
**CARMODY TORRANCE SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com

*Local Counsel for Lead Plaintiff Ontario Teachers' Pension Plan Board, and for Named Plaintiff Anchorage Police & Fire Retirement System*

GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.

/s/ *Jordan D. Hershman*
Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street, Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: jotoole@goodwin.com

*Counsel for Defendants except Kare Schultz*