# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |
| THIS DOCUMENT RELATES TO: | No. 3:19-cv-00192 (SRU) <br> No. 3:19-cv-00513 (SRU) <br> No. 3:19-cv-00655 (SRU) <br> No. 3:19-cv-00657 (SRU) <br> No. 3:19-cv-00923 (SRU) <br> No. 3:19-cv-01167 (SRU) <br> No. 3:19-cv-01173 (SRU) <br> No. 3:20-cv-00083 (SRU) <br> No. 3:20-cv-00588 (SRU) |
| | July 8, 2020 |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS ON REPOSE GROUNDS

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND .............................................................................................................................. 2

ARGUMENT .................................................................................................................................... 3

    I.     THE STATUTE OF REPOSE BARS CLAIMS BASED ON STATEMENTS MADE OVER FIVE YEARS PRIOR TO THE FILING OF A COMPLAINT. ..................................... 3

    II.    THE COURT SHOULD DISMISS PLAINTIFFS' EXCHANGE ACT CLAIMS BASED ON ALLEGED MISSTATEMENTS OUTSIDE THE REPOSE PERIOD. ................................. 7

        A.    Boeing ........................................................................................................ 7

        B.    INKA .......................................................................................................... 8

        C.    Stichting .................................................................................................... 8

        D.    Psagot ........................................................................................................ 9

        E.    Migdal Mutual Funds ............................................................................. 9

        F.    Oregon .................................................................................................... 10

        G.    Migdal Insurance .................................................................................. 10

        H.    Mivtachim .............................................................................................. 11

        I.    Schwab .................................................................................................... 11

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**Cases**     **Page(s)**

*Algrant v. Evergreen Valley Nurseries Ltd. P'ship*,
  126 F.3d 178 (3d Cir. 1997)...........................................................................................5, 6

*American Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1974)........................................................................................................6, 7

*Boudinot v. Shrader*,
  No. 09-CV-10163, 2012 WL 489215 (S.D.N.Y. Feb. 15, 2012)..........................................4

*Carroll v. John Hancock Distribs., Inc.*,
  No. 92-CV-5907, 1994 WL 87160 (E.D. Pa. Mar. 14, 1994).............................................5

*Cal. Pub. Emps. Ret. Sys. v. ANZ Secs., Inc.*,
  137 S. Ct. 2042 (2017)................................................................................................1, 6, 7

*Cohen v. Nw. Growth Corp.*,
  385 F. Supp. 2d 935 (D.S.D. 2005) ....................................................................................5

*Colbert v. Rio Tinto PLC*,
  392 F. Supp. 3d 329, 337 (S.D.N.Y. 2019).........................................................................4

*Degen v. Bunce*,
  No. 93-CV-5674, 1995 WL 120483 (E.D. Pa. Mar. 13, 1995)...........................................5

*Freihofer v. Vermont Country Foods, Inc.*,
  No. 2:17-CV-149, 2019 WL 2995949 (D. Vt. July 9, 2019)...............................................4

*Friedman v. JP Morgan Chase & Co.*,
  No. 15-CV-5899 (JGK), 2016 WL 2903273 (S.D.N.Y. May 18, 2016) ...........................3, 4

*Gilliland v. Hergert*,
  No. 05-CV-01059, 2007 WL 4105223 (W.D. Pa. Nov. 15, 2007).......................................6

*Guthridge v. Encore Network*,
  No. 01-CV-3508, 2003 WL 22005011 (E.D. Pa. Mar. 31, 2003)........................................5

*Jasin v. Kozlowski*,
  No. 04-CV-2188, 2010 WL 4536973 (M.D. Pa. Nov. 3, 2010) ..........................................6

*Joyce v. Bobcat Oil & Gas, Inc.*,
  No. 07-CV-1421, 2008 WL 919724 (M.D. Pa. Apr. 3, 2008)..............................................5

*Kuwait Inv. Office v. Am. Int'l Grp., Inc.*,
   128 F. Supp. 3d 792, 807 (S.D.N.Y. 2015) ............................................................................4

*Leber v. Citigroup 401(k) Plan Inv. Comm.*,
   323 F.R.D. 145 (S.D.N.Y. 2017) ...........................................................................................7

*N. Sound Capital LLC v. Merck & Co. Inc.*,
   702 F. App'x 75 (3d Cir. 2017) ..............................................................................................7

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
   721 F.3d 95 (2d Cir. 2013) ................................................................................................1, 3

*SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos. LLC*,
   829 F.3d 173 (2d Cir. 2016) ...............................................................................................3, 7

*Take-Two Interactive Software, Inc. v. Brant*,
   No. 06-CV-05279LTS, 2010 WL 1257351 (S.D.N.Y. Mar. 31, 2010) ...................................4

*Wiedis v. Dreambuilder Invs., LLC*,
   268 F. Supp. 3d 457, 465 (S.D.N.Y. 2017) .........................................................................3, 4

Defendants submit this Memorandum of Law in Support of their Motion to Dismiss on Repose Grounds.[1] Plaintiffs in the above-captioned cases (collectively, "Plaintiffs") bring claims under the Securities Exchange Act of 1934 (the "Exchange Act") – and in some cases, the Pennsylvania Securities Act of 1972 (the "PSA") – that are based on alleged misstatements or omissions outside those statutes' five-year repose periods. To the extent that Plaintiffs' claims rest on those untimely allegations, they should be dismissed.

## PRELIMINARY STATEMENT

A statute of repose, unlike a statute of limitations, provides "explicit and certain protection to defendants" and reflects "a legislative judgment that a defendant should be free from liability after the legislatively determined period of time." *Cal. Pub. Emps.' Ret. Sys. v. ANZ Secs., Inc.*, 137 S. Ct. 2042, 2049 (2017) (quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014)). A statute of repose provides a hard and certain deadline for the filing of claims because it is not subject to tolling. *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 106 (2d Cir. 2013). The Exchange Act includes a five-year statute of repose. 28 U.S.C. § 1658(b). The PSA also includes a five-year statute of repose. 70 Pa. Stat. Ann. § 1-504(a) (2014). Courts strictly limit Exchange Act liability to alleged misstatements or omissions occurring within the five-year

---

[1] "Defendants" refers collectively to the defendants in all above-captioned cases, including: (1) *Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192 (D. Conn.); (2) *Mivtachim the Workers Soc. Ins. Fund Ltd., et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-513 (D. Conn.); (3) *Migdal Ins. Co. Ltd., et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-655 (D. Conn.); (4) *State of Oregon by and through the Oregon State Treasurer et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-00657 (D. Conn.); (5) *Migdal Mutual Funds v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-923 (D. Conn.); (6) *Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-1167 (D. Conn.); (7) *Stichting PGGM Depositary v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-1173 (D. Conn.); (8) *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus. Ltd., et al.*, No. 3:20-cv-83 (D. Conn.) ("INKA"); and (9) *Boeing Co. Emp. Ret. Plans Master Trust v. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:20-cv-00588 (D. Conn.).

repose period and dismiss any alleged misstatements falling outside of it.  In other words, Exchange Act liability may be based only on misstatements or omissions made within the five years immediately preceding a complaint's filing.

Plaintiffs base their Exchange Act and PSA claims in part on Defendants' alleged misstatements and omissions allegedly made more than five years prior to the filing of the relevant complaint.  Thus, the Court should dismiss Plaintiffs' claims to the extent that they are based on these time-barred alleged misstatements and omissions.

## BACKGROUND

In September 2017, the lead *Ontario Teachers'* plaintiffs filed a putative class action against Teva Pharmaceutical Industries Ltd. ("Teva") and other defendants, seeking to hold them liable for securities laws violations in the wake of government investigations. *See In re Teva Sec. Litig.*, No. 3:17-cv-00558(SRU) (D. Conn.).  Following that filing, nearly 20 plaintiffs or plaintiff groups have filed securities claims against Teva and other defendants directly, indicating an intention to "opt-out" of the *Ontario Teachers'* putative class action.  Those cases have been consolidated before this Court.  (*See* Order (ECF 341).)[2]  Many of those complaints (*i.e.*, the complaints in the above-captioned actions) include alleged misstatements from more than five years prior to the complaint's filing.  This motion targets the time-barred claims in those complaints.

---

[2]   In a subsequent order, the Court allowed Defendants to "move to dismiss any complaint in whole or in part with respect to . . . statutes of limitations or repose."  (Order (ECF 352) ¶ 13).

**ARGUMENT**

**I.   THE STATUTE OF REPOSE BARS CLAIMS BASED ON STATEMENTS MADE OVER FIVE YEARS PRIOR TO THE FILING OF A COMPLAINT.**

Claims brought under the Exchange Act are subject to a five-year statute of repose. 28 U.S.C. § 1658(b).[3] Section 1658(b) "is not a statute of limitations," but is instead "a statute of repose, which is not a limitation of a plaintiff's remedy, but rather defines the right involved in terms of the time allowed to bring suit." *SRM Glob. Master Fund Ltd. P'ship v. Bear Stearns Cos. LLC*, 829 F.3d 173, 176 (2d Cir. 2016) (internal quotation marks and citation omitted). This distinction "carries significant practical consequences," because although a statute of limitations is "often subject to tolling principles," a statute of repose "*extinguishes* a plaintiff's cause of action after the passage of a fixed period of time." *IndyMac*, 721 F.3d 106 (internal quotation marks and citation omitted).

Several of the plaintiffs in the above-captioned actions also assert state-law claims under Sections 401, 402, and 501 of the PSA, and the PSA also carries a five-year statute of repose. *See* 70 Pa. Stat. Ann. § 1-504(a) (2014) ("No action shall be maintained to enforce any liability created under section 501 (or section 503 in so far as it relates to that section) unless brought *before the expiration of five years after the act or transaction constituting the violation* or the expiration of one year after the plaintiff receives actual notice or upon the exercise of reasonable diligence

---

[3]   *See also Wiedis v. Dreambuilder Invs., LLC*, 268 F. Supp. 3d 457, 465 (S.D.N.Y. 2017) ("Securities fraud claims brought under Section 10(b) of the Securities Exchange Act are subject to the earlier of a two-year statute of limitations and a five-year statute of repose."); *Friedman v. JP Morgan Chase & Co.*, No. 15-CV-5899 (JGK), 2016 WL 2903273, at *7 (S.D.N.Y. May 18, 2016) ("Plaintiffs' claims for control person liability under Section 20(a), which assert derivative liability for other violations of the Exchange Act, are subject to the same statute of repose as the Rule 10b–5 claims.") (quoting *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 875, 902 n.22 (N.D. Ohio 2008)), *aff'd sub nom. Friedman v. JPMorgan Chase & Co.*, 689 F. App'x 39 (2d Cir. 2017).

should have known of the facts constituting the violation, *whichever shall first expire*.") (emphasis added); *see also Mivtachim*, *Clal*, *Migdal Ins.*, *Migdal Mutual Funds*, and *Psagot*, Consolidated Compl. (ECF 391) ¶¶ 587-600.)

It is axiomatic that the statute of repose begins to run from the date of the alleged misrepresentation or omission. Indeed, courts have "consistently stated that the five-year period begins to run from the time that the allegedly fraudulent representations were made." *Boudinot v. Shrader*, No. 09-CV-10163, 2012 WL 489215, at *4 (S.D.N.Y. Feb. 15, 2012) (collecting cases); *see also Wiedis*, 268 F. Supp. 3d 465 ("[T]he statute of repose begins running from the 'time that the allegedly fraudulent representations were made.'") (quoting *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 939 F. Supp. 2d 360, 378 (S.D.N.Y. 2013)); *Kuwait Inv. Office v. Am. Int'l Grp., Inc.*, 128 F. Supp. 3d 792, 807 (S.D.N.Y. 2015) ("[Section 1658(b)] runs from the date of each relevant misstatement or omission.").

Accordingly, courts within the Second Circuit frequently apply the Exchange Act's statute of repose, dismissing Exchange Act claims based on alleged misrepresentations or omissions outside the five-year repose period. *See, e.g.*, *Freihofer v. Vermont Country Foods, Inc.*, No. 2:17-CV-149, 2019 WL 2995949, at *5 (D. Vt. July 9, 2019) ("Given the five year statute of repose, [plaintiff's] filing of a private securities fraud action in 2017 is untimely and therefore barred as a matter of law."); *Colbert v. Rio Tinto PLC*, 392 F. Supp. 3d 329, 337 (S.D.N.Y. 2019) (dismissing "all claims predicated on misrepresentations or omissions that occurred" more than five years before complaint was filed); *Friedman*, 2016 WL 2903273, at *10 (dismissing Section 20(a) control-person claim as untimely under five-year statute of repose); *Kuwait Inv.*, 128 F. Supp. 3d 808 (dismissing "all Exchange Act claims based on misstatements and/or omissions prior to the repose date . . . as untimely under Section 1658(b)(2)"); *Take-Two Interactive Software, Inc. v.*

4

*Brant*, No. 06-CV-05279LTS, 2010 WL 1257351, at *5 (S.D.N.Y. Mar. 31, 2010) (noting that "[t]he statute of repose for claims based upon misrepresentations begin to run on the date of the alleged misrepresentation," and holding Section 10(b) claims premised on conduct outside of five-year statute of repose were untimely).

Likewise, courts dismiss or otherwise reject PSA claims that are not brought within the five-year repose period that applies to claims for civil liability under the PSA. *Cohen v. Nw. Growth Corp.*, 385 F. Supp. 2d 935, 962 (D.S.D. 2005) (dismissing claims as "barred by the statute of repose applicable to these securities fraud claims under Pennsylvania law"); *see also Joyce v. Bobcat Oil & Gas, Inc.*, No. 07-CV-1421, 2008 WL 919724, at *14 (M.D. Pa. Apr. 3, 2008) (applying Section 504(b)'s statute of repose and dismissing non-registration claim as time-barred); *Guthridge v. Encore Network*, No. 01-CV-3508, 2003 WL 22005011, at *5 (E.D. Pa. Mar. 31, 2003) (applying Section 504(b)'s statute of repose and granting summary judgment on time-barred non-registration claim); *Algrant v. Evergreen Valley Nurseries Ltd. P'ship*, 126 F.3d 178, 185-86 (3d Cir. 1997) (affirming dismissal of "plaintiffs' action for declaratory relief brought two years after they learned of the violation and over nine years after the allegedly fraudulent transaction" as "barred by the statute of limitations applicable to the corollary legal claim," which was subject to the limitation and repose periods of PSA Section 504); *Degen v. Bunce*, No. 93-CV-5674, 1995 WL 120483, at *4 (E.D. Pa. Mar. 13, 1995) (entering default judgment for bond purchaser, but not awarding judgment for those bond purchases that were untimely under Section 504); *Carroll v. John Hancock Distribs., Inc.*, No. 92-CV-5907, 1994 WL 87160, at *5 (E.D. Pa. Mar. 14, 1994) (granting summary judgment on claims that were untimely under the "absolute bar" of Section 504(a)'s statute of repose).

Notably, even though the statute of repose set forth in Section 504 of the PSA expressly

5

applies to claims under Sections 501 and 503, courts interpret Section 504 to apply to all civil claims brought under the PSA, even if a plaintiff purports to ground its claim on another section of the statute other than Section 501. *Jasin v. Kozlowski*, No. 04-CV-2188, 2010 WL 4536973, at *4 (M.D. Pa. Nov. 3, 2010) ("To recover for a violation of [70 P.S. § 1-402(c)], however, a plaintiff must file suit within five years of the date of the act or within one year of the date the plaintiff knows or should have known of the facts constituting the violation, whichever happens first. 70 P.S. § 1-504(a)."), *granting reconsideration on other grounds*, No. 04-CV-2188, 2011 WL 3627322 (M.D. Pa. Aug. 17, 2011). Section 504 applies to these other sections because Section 501 is the provision that gives rise to a private right of action for civil liability. *See Gilliland v. Hergert*, No. 05-CV-01059, 2007 WL 4105223, at *2 (W.D. Pa. Nov. 15, 2007) ("Section 1-501 makes actionable and sets forth the civil penalties for a violation of section 1-401."); *see also Algrant*, 126 F.3d 185 (rejecting plaintiffs' attempt to evade time bar by premising liability on other section of PSA, noting that the PSA's other section does not "provide for civil liability," so "the plaintiffs could only have brought their action under § 501, which is expressly subject to the" then-existing limitations and repose period of Section 504).

Importantly, Plaintiffs who run afoul a statute of repose are not entitled to tolling relief. Just three years ago, the U.S. Supreme Court made clear that the filing of a class action – like *Ontario* – will not equitably toll the statute of repose in an opt-out case. *ANZ Secs.*, 137 S. Ct. at 2049. In *ANZ Securities*, the Court noted that so-called *American Pipe* equitable tolling may apply to statutes of limitations. 137 S. Ct. at 2055 (discussing the tolling doctrine outlined in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974)). But it firmly rejected applying that tolling doctrine to statutes of repose, including in opt-out securities cases, noting that statutes of limitations and repose have different purposes and the latter simply "are not subject to equitable

6

tolling." 137 S. Ct. at 2051.[4]

## II. THE COURT SHOULD DISMISS PLAINTIFFS' EXCHANGE ACT CLAIMS BASED ON ALLEGED MISSTATEMENTS OUTSIDE THE REPOSE PERIOD.

As the following case-by-case discussion explains, Plaintiffs in the above-captioned cases have asserted Exchange Act and/or PSA claims on statements, omissions, or conduct that occurred over five years prior to the filing of each complaint. This Court should dismiss these claims as barred by the applicable statute of repose.

### A.     *Boeing*, No. 20-cv-00588

Plaintiff filed its complaint on April 29, 2020. (Compl. (ECF 1).) Plaintiff brings Exchange Act claims, alleging "[d]uring the Relevant Period, Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (*Id.* ¶ 359.) Plaintiff identifies the "Relevant Period" as running from February 6, 2014 to December 10, 2018. (*Id.* at ix, 1.)

Given the filing date of the original complaint, Exchange Act claims cannot rest on allegations before April 29, 2015. Time-barred statements include those from February 6, 2014 (*id.* ¶¶ 187-90), May 1, 2014 (*id.* ¶¶ 191-92), July 31, 2014 (*id.* ¶¶ 193-94), October 30, 2014 (*id.* ¶¶ 195-98), December 11, 2014 (*id.* ¶¶ 199-200), February 5, 2015 (*id.* ¶¶ 201-04), and those

---

[4]     *ANZ Securities* specifically addressed the statute of repose applicable to the Securities Act of 1933, but as many courts have recognized, "the case's reasoning extends to other statutes of repose." *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 153 (S.D.N.Y. 2017). This includes the Exchange Act's statute of repose. *See N. Sound Capital LLC v. Merck & Co. Inc.*, 702 F. App'x 75, 77 (3d Cir. 2017) ("It is now clear that in the light of [*ANZ Securities*], . . . the *American Pipe* tolling rule cannot be invoked to toll the running of time under the statutes of repose at issue in these cases and that appellees' Exchange Act claims therefore were untimely."); *see also SRM Global Master Fund Ltd. P'ship v. Bear Stearns Cos.*, 829 F.3d 173, 177 (2d Cir. 2016) (applying the same reasoning as in *ANZ Securities* to conclude that the statute of repose in the Exchange Act could not be tolled), *cert. denied*, 137 S. Ct. 2326 (2017) (denying certiorari the day after issuing the *ANZ Securities* decision).

contained in Forms 20-F that Teva filed for the years 2013 and 2014 (*id.* ¶ 185). This Court should dismiss the Boeing Plaintiff's claims based on statements, omissions, or conduct before April 29, 2015.

### B. *INKA*, No. 20-cv-00083

Plaintiffs filed their complaint on January 16, 2020. (Compl. (ECF 1).) Plaintiffs bring Exchange Act claims, alleging "[d]uring the Relevant Period, Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (*Id.* ¶ 409.) Plaintiffs identify the "Relevant Period" as running from February 6, 2014 to May 10, 2019. (*Id.* at 1.)

Given the filing date of the original complaint, Exchange Act claims cannot rest on allegations before January 16, 2015. Time-barred statements include those from February 6, 2014 (*id.* ¶¶ 143-44), February 10, 2014 (*id.* ¶¶ 145-49), May 1, 2014 (*id.* ¶¶ 150-52), July 31, 2014 (*id.* ¶¶ 153-55), October 30, 2014 (*id.* ¶¶ 156-59), and December 11, 2014 (*id.* ¶¶ 160-61). This Court should dismiss the INKA Plaintiffs' claims based on statements, omissions, or conduct before January 16, 2015.

### C. *Stichting*, No. 19-cv-01173

Plaintiffs filed their complaint on July 30, 2019. (Compl. (ECF 1).) Plaintiffs bring Exchange Act claims, alleging "[d]uring the Relevant Period, Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (Am. Compl. (ECF 394) ¶ 410.) Plaintiffs identify the "Relevant Period" as running from February 6, 2014 to May 10, 2019. (*Id.* at 1.)

Given the filing date of the original complaint, Exchange Act claims cannot rest on allegations before July 30, 2014. Time-barred statements include those from February 6, 2014 (*id.* ¶¶ 144-45), February 10, 2014 (*id.* ¶¶ 146-50), and May 1, 2014 (*id.* ¶ 151-53). This Court should

dismiss the Stichting Plaintiffs' claims based on statements, omissions, or conduct before July 30, 2014.

### D. *Psagot*, No. 19-cv-01167

Plaintiffs filed their complaint on July 29, 2019. (Compl. (ECF 1).) Plaintiffs bring Exchange Act claims, alleging "[d]uring that Relevant Period, the Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (Am. Compl. (ECF 391) ¶ 573.) Plaintiffs also bring claims under the PSA. (*Id.* ¶¶ 587-600.) Plaintiffs identify the "Relevant Period" as running from February 6, 2014 to May 30, 2019. (*Id.* at ix, ¶ 1.)

Given the filing date of the original complaint, Exchange Act or PSA claims cannot rest on allegations before July 29, 2014. Time-barred statements include those from February 6, 2014 (*id.* ¶ 244), February 10, 2014 (*id.* ¶¶ 233, 245, 389-92), February 13, 2014 (*id.* ¶ 232), March 10, 2014 (*id.* ¶¶ 247-48), May 1, 2014 (*id.* ¶ 249), and May 2, 2014 (*id.* ¶¶ 250-51). This Court should dismiss the Psagot Plaintiffs' claims based on statements, omissions, or conduct before July 29, 2014.

### E. *Migdal Mutual Funds*, No. 19-cv-00923

Plaintiffs filed their complaint on June 13, 2019. (Compl. (ECF 1).) Plaintiffs bring Exchange Act claims, alleging "[d]uring that Relevant Period, the Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (Am. Compl. (ECF 391) ¶ 573.) Plaintiffs also bring claims under the PSA. (*Id.* ¶¶ 587-600.) Plaintiffs identify the "Relevant Period" as running from February 6, 2014 to May 30, 2019. (*Id.* at ix, ¶ 1.)

Given the filing date of the original complaint, any Exchange Act or PSA claims cannot rest on allegations before June 13, 2014. Time-barred statements include those from February 6, 2014 (*id.* ¶ 244), February 10, 2014 (*id.* ¶¶ 233, 245, 389-92), February 13, 2014 (*id.* ¶ 232), March

9

10, 2014 (*id.* ¶¶ 247-48), May 1, 2014 (*id.* ¶ 249), and May 2, 2014 (*id.* ¶¶ 250-51). This Court should dismiss the Migdal Mutual Funds Plaintiffs' claims based on statements, omissions, or conduct before June 13, 2014.

### F. *Oregon*, No. 19-cv-00657

Plaintiff filed its complaint on April 30, 2019. (Compl. (ECF 1).) Plaintiff brings Exchange Act claims, alleging that "[d]uring the Relevant Period, Defendants made a series of materially false or misleading statements and omissions of material fact." (Am. Compl. (ECF 398) ¶ 132.) Plaintiff identifies the "Relevant Period" as running from February 6, 2014 through May 10, 2019. (*Id.* at 1.)

Given the filing date of the original complaint, Exchange Act claims cannot rest on allegations before April 30, 2014. Time-barred statements include those from February 6, 2014 (*id.* ¶¶ 134-35) and February 10, 2014 (*id.* ¶¶ 136-40). This Court should dismiss the Oregon Plaintiff's claims based on statements, omissions, or conduct before April 30, 2014.

### G. *Migdal Insurance Co.*, No. 19-cv-00655

Plaintiffs filed their complaint on April 30, 2019. (Compl. (ECF 1).) Plaintiffs bring Exchange Act claims, alleging that "[d]uring that Relevant Period, the Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (Am. Compl. (ECF 391) ¶ 573.) Plaintiffs also bring claims under the PSA. (*Id.* ¶¶ 587-600.) Plaintiffs identify the "Relevant Period" as running from February 6, 2014 to May 30, 2019. (*Id.* at ix, ¶ 1.)

Given the filing date of the original complaint, Exchange Act or PSA claims cannot rest on allegations before April 30, 2014. Time-barred statements include those from February 6, 2014 (*id.* ¶ 244), February 10, 2014 (*id.* ¶¶ 233, 245, 389-92), February 13, 2014 (*id.* ¶ 232), and March 10, 2014 (*id.* ¶¶ 247-48). This Court should dismiss the Migdal Insurance Plaintiffs' claims based

on statements, omissions, or conduct before April 30, 2014.

### H. *Mivtachim*, No. 19-cv-00513

Plaintiffs filed their complaint on February 15, 2019. (Compl. (ECF 1).) Plaintiffs bring Exchange Act claims, alleging that "[d]uring that Relevant Period, the Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (Am. Compl. (ECF 391) ¶ 573.) Plaintiffs also bring claims under the PSA. (*Id.* ¶¶ 587-600.) Plaintiffs identify the "Relevant Period" as running from February 6, 2014 to May 30, 2019. (*Id.* at ix, ¶ 1.)

Given the filing date of the original complaint, Exchange Act or PSA claims cannot rest on allegations before February 15, 2014. Time-barred statements include those from February 6, 2014 (*id.* ¶ 244), February 10, 2014 (*id.* ¶¶ 233, 245, 389-92), and February 13, 2014 (*id.* ¶ 232). This Court should dismiss the Mivtachim Plaintiffs' claims based on statements, omissions, or conduct before February 15, 2014.

### I. *Schwab*, No. 19-cv-00192

Plaintiffs filed their complaint on February 7, 2019. (Compl. (ECF 1).) Plaintiffs bring Exchange Act claims, alleging that "[d]uring the Relevant Period, Defendants made, disseminated or approved the false and misleading statements specified" in the complaint. (Am. Compl. (ECF 393) ¶ 410.) Plaintiffs identify the "Relevant Period" as running from February 6, 2014 to May 10, 2019. (*Id.* at 1.)

Given the filing date of the original complaint, Exchange Act claims cannot rest on allegations before February 7, 2014. Time-barred statements include that from February 6, 2014 (*Id.* ¶¶ 144-45). This Court should dismiss the Schwab Plaintiffs' claims based on statements, omissions, or conduct before February 7, 2014.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss as time-barred those claims in the above-captioned cases based on alleged misstatements, omissions, or conduct occurring outside the relevant repose period.

Respectfully submitted,

By: /s/ *Jordan D. Hershman*
Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
Elizabeth G. Hays (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com
liza.hays@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, CT 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
jotoole@goodwin.com

*Counsel for Defendants (except Kåre Schultz)*