UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |

**CONFERENCE MEMORANDUM AND ORDER**

On July 16, I held a telephonic status conference on the record with Joseph A. Fonti, Evan A. Kubota, and J. Christopher Rooney, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Jason D. Frank, Emily E. Renshaw, Elizabeth G. Hays, and Jill M. O'Toole, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd.; Erez Vigodman; Eyal Desheh; Sigurdur Olafsson; Deborah Griffin; Kåre Schultz; Michael McClellan; Yitzhak Peterburg; and Teva Pharmaceutical Finance Netherlands III B.V.[1]  The above-noted defense counsel represent the Defendants in all the Teva-related actions[2] except that, in one,[3] Jill O'Toole alone represents the Defendants.  Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case—were also present.  Those counsel were:

| Case | Counsel |
|---|---|
| *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 | Jonathan D. Uslaner |
| *Nordea Investment Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681 | Joshua A. Materese |

---

[1]  Ms. O'Toole is not counsel for Kåre Schultz.
[2]  *See* Consolidation Order, Doc. No. 341, at 1–2 nn. 2–3; 35; *see also Boeing Co. Emp. Ret. Plans Master Trust v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-588 (transferred to me on May 4, 2020); *Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-683 (transferred to me on May 19, 2020).
[3]  *See OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314.

| | |
|---|---|
| *Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721 | |
| *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Carol V. Gilden<br><br>Jeffrey P. Nichols |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Luke Orion Brooks<br><br>Christopher Chad Johnson<br><br>Angel P. Lau<br><br>William H. Narwold |
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513<br><br>*Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655<br><br>*Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923 | Michael J. Wernke |

| | |
|---|---|
| *Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603 | Jennifer Randolph |
| *Boeing Co. Emp. Ret. Plans Master Trust v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-683 | Serena P. Hallowell<br><br>Jeffrey P. Nichols<br><br>Thomas Watson |

I scheduled this call during our last telephonic status conference on June 23, 2020. *See* Min. Entry, Doc. No. 423. The purpose of this call was to address ongoing discovery disputes, as articulated by the parties in their motions to compel, *see* doc. nos. 411 and 412, and in subsequent filings, *see* Defs.' Notice, Doc. No. 442; Pls.' Letter, Doc. No. 443, Defs.' Letter, Doc. No. 453; Defs.' Notice, Doc. No. 457; Pls.' Letter, Doc. No. 459.

First, the parties agreed that the Defendants' motion to compel, doc. no. 412, had been resolved and could be denied as moot without prejudice to renewal should a class not be certified in this action. Next, I ordered that the Defendants must produce profit reports as kept in the ordinary course of business. I also ordered that the Defendants' production must cover the time period through the end of February 2018. I told the parties that, if they agreed on a different cut-off date, they could let me know, and I would be likely to approve it. Finally, I ordered that the Defendants must produce, even if in redacted form, the "dynamic personal document" that is apparently in Ms. Maureen Cavanaugh's possession and control.[4]

---

[4] The Defendants need not produce that document only if they submit an affidavit indicating that the "dynamic personal document" is exactly identical to other discovery already provided.

3

We scheduled a follow-up call for **Monday, August 3 at 2 pm.**  The parties may submit simultaneous briefs in advance of that call no later than July 30.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of July 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
