#### UNITED STATES DISTRICT COURT
#### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE TEVA SECURITIES LITIGATION | : : | No. 3:17-cv-00558 (SRU) |
| THIS DOCUMENT RELATES TO: | : : | No. 3:17-cv-00558 (SRU) |

### [PROPOSED] DISCOVERY ORDER

**AND NOW**, this ____ day of _____, 2020, upon consideration of the briefing and papers filed in connection with Plaintiffs' Motion to Compel Discovery from Defendants (ECF 411), the parties' submissions on July 2, July 9, and July 30, the hearings held on June 23, July 16, and August 3, and all other papers and proceedings herein, including the May 20, 2020 Stipulation on Defendants' Document Production Sequencing (ECF 375), it is hereby **ORDERED** that:

1. By August 7, 2020, Defendants shall produce, for the time period from January 1, 2013 to February 28, 2018:

    a. Data sufficient to show, on a monthly basis for each NDC Code in Teva's full portfolio of generic drugs: (1) average sales price; (2) total units of sales; (3) total net sales; and (4) gross and operating profits.

    b. Reports from Teva's centralized files, as maintained in the ordinary course of business, showing Teva's profits from its full generic drug portfolio (including without limitation gross profits, operating profits, and net profits). The production shall include reports on at least a monthly basis, as well as weekly (to the extent any weekly reports exist). The production shall also include the most granular reports available (*e.g.*, if operating profit and/or net profit information is available by product family, but not NDC Code, such reports shall be produced).

2. Defendants' document production shall continue on the following, previously stipulated deadlines (ECF 375):

   a. By August 7, 2020, Defendants shall produce all remaining non-privileged, relevant, responsive documents, including from the files of: Kobi Altman, Dipankar Bhattacharjee, Theresa Coward, Jeremy Levin, Kevin Mannix, Allan Oberman, Kåre Schultz, and Michael McClellan.

   b. By August 7, 2020, Mr. Oberman and Dr. Frost shall produce all non-privileged, relevant documents, if any, responsive to Plaintiffs' November 1, 2019 Rule 45 subpoena to Mr. Oberman and November 27, 2019 Rule 45 subpoena to Dr. Frost (subject to objections (if any) that remain unresolved at the time of production).

   c. All remaining Work Plans (also known as an "Annual Operating Plan" or "AOP") and Scorecards for each year in the agreed-upon discovery period shall be produced by August 7, 2020.

3. As to privilege logs:

   a. Defendants' privilege logs shall fully comply with the Federal and Local Rules, including by describing each allegedly privileged or protected document separately (*e.g.*, listing emails and their attachments separately), and identifying all counsel and the specific grounds for withholding.

   b. By August 14, 2020, Defendants shall provide complete, revised versions of their three existing privilege logs (originally due June 15, July 6, and July 24, 2020);

    c. By August 7, 2020, Defendants shall produce all non-privileged documents from their existing privilege logs (including, but not limited to, the examples Plaintiffs have identified to Defendants);

    d. By August 10, 2020, Defendants shall provide a privilege log of each document withheld on privilege and/or work product grounds from the files of Brian Lapp, Deborah Griffin, Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Yitzhak Peterburg, and agreed-upon centralized file locations and shared drives.

    e. By September 8, 2020, Defendants shall provide privilege logs of each document withheld on privilege and/or work product grounds from (1) the files of Kobi Altman, Dipankar Bhattacharjee, Theresa Coward, Jeremy Levin, Kevin Mannix, Allan Oberman, Kåre Schultz, and Michael McClellan, (2) the files of Mr. Oberman and Dr. Frost responsive to Plaintiffs' subpoenas, and (3) all remaining documents subject to the August 7 production deadline, including without limitation Work Plans, Latest Best Estimates, and Scorecards; and

4. Defendants shall produce to Plaintiffs the complete telephone records in the form that the State AGs produced the records to Teva, without withholding or redacting any of the records, by August 7, 2020;

5. Defendants shall add Brendan O'Grady, Gilad Shadur, Eti Mitrany, Todd Branning, Brandon Boyd, Andrew Boyer, Mayra Avila, and Sean Silver (together, the "Eight Additional Custodians") as document custodians; and

6. Defendants shall apply the search terms agreed to on January 25, 2020 and July 29, 2020, and the agreed-upon time period (January 1, 2013 to May 31, 2019), to the Eight Additional Custodians and shall produce the resulting non-privileged, relevant, responsive documents by August 31, 2020.

7. On or before August 14, 2020, Maureen Cavanaugh shall produce all non-privileged documents responsive to Plaintiffs' January 27, 2020 subpoena, including complete and intelligible versions of all non-privileged, responsive documents from the mobile phone Ms. Cavanaugh used during her employment at Teva, and Ms. Cavanaugh's counsel shall explain in writing (a) the steps undertaken to retrieve data from Ms. Cavanaugh's devices and files, and (b) the asserted lack of any responsive documents in Ms. Cavanaugh's possession, custody, or control (including without limitation text messages with personnel from Actavis, Zydus, Amneal, Sandoz, Glenmark, and Greenstone), including whether any responsive documents were deleted, destroyed, or otherwise lost, and the factual circumstances of any such deletion, destruction, or loss.

8. Any request for relief from the foregoing deadlines shall require a showing of good cause, and shall be made at least 48 hours before the stated deadline.

It is so **ORDERED**.

                                      **BY THE COURT**

                                      _____
                                      **STEFAN R. UNDERHILL, J.**