UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |

**CONFERENCE MEMORANDUM AND ORDER**

On August 3, I held a telephonic status conference on the record with Joseph A. Fonti, Evan A. Kubota, and J. Christopher Rooney, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Jason D. Frank, Emily E. Renshaw, Elizabeth G. Hays, Andrew Schwartz, and Jill M. O'Toole, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd.; Erez Vigodman; Eyal Desheh; Sigurdur Olafsson; Deborah Griffin; Kåre Schultz; Michael McClellan; Yitzhak Peterburg; and Teva Pharmaceutical Finance Netherlands III B.V.[1]  The above-noted defense counsel represent the Defendants in all the Teva-related actions[2] except that, in one,[3] Jill O'Toole alone represents the Defendants.  In addition, Andrew Schwartz does not represent the Defendants in all the Teva-related actions.[4]  Matthew L. Mustokoff, Liaison Counsel for the Direct Action Plaintiffs,[5] was also present.  Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case—were also present.  Those counsel were:

---

[1] Ms. O'Toole is not counsel for Kåre Schultz.
[2] *See* Consolidation Order, Doc. No. 341, at 1–2 nn. 2–3; 35; *see also Boeing Co. Emp. Ret. Plans Master Trust v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-588 (transferred to me on May 4, 2020); *Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-683 (transferred to me on May 19, 2020).
[3] *See OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314.
[4] *See* Notice of Appearance, Doc. No. 446.
[5] *See* Order, Doc. No. 352, at ¶ 17.

| Case | Counsel |
|---|---|
| *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 | Jonathan D. Uslaner |
| *Nordea Investment Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681<br><br>*Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721 | Matthew L. Mustokoff (also Liaison Counsel) |
| *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Carol V. Gilden<br><br>David A. Slossberg |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Angel P. Lau<br><br>William H. Narwold |
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513 | Michael J. Wernke |

| | |
|---|---|
| *Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655<br><br>*Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603 | Jennifer Randolph<br><br>David A. Ball |
| *Boeing Co. Emp. Ret. Plans Master Trust v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-683 | Serena P. Hallowell<br><br>David A. Slossberg |

I scheduled this call during our last telephonic status conference on July 16, 2020. *See* Conf. Mem. and Order, Doc. No. 472, at 4. The purpose of this call was to address ongoing discovery disputes. Before the call, the parties submitted simultaneous briefs. *See* Pls.' Submission, Doc. No. 479; Defs.' Notice, Doc. No. 480. Because the parties have interpreted our past status conferences quite differently, what follows is a summary of the topics of discussion and my orders:

(1) <u>NDC-Level pricing, sales, revenue and profit reports (documents)</u>

By **Friday, August 7 at 5:00 p.m.**, the parties may submit proposed Orders regarding the production of documents within the Defendants' possession and control that were created and kept in the ordinary course of business and that relate to generic drug pricing, sales, revenue, and

profit for the period January 1, 2013 through February 28, 2018.  This is not intended to discourage the parties from stipulating to facts based upon Teva's historical data and/or creating documents that the parties agree accurately summarize that data.

    (2)  Production of Database

By **Monday, August 17 at 5:00 p.m.**, the Defendants must give notice to the Court whether they intend to use data from the database to generate documents for use during this litigation.  If the Defendants intend to use such data, by **Monday, August 24 at 5:00 p.m.**, the parties must submit simultaneous briefs regarding whether I should order the Defendants to produce the database in full.  Those briefs should address also the potential admissibility of documents created for the purpose of this litigation from the database.

    (3)  Privilege Logs

Before today's conference, I had ordered the Defendants to produce three privilege logs: One was due by July 6, 2020 (the "July 6 Log"); the next was due by August 10, 2020 (the "August 10 Log"); and the last was due by September 8, 2020 (the "September 8 Log").  *See* Stipulation, Doc. No. 375, at 2–4; Order, Doc. No. 376.  Those deadlines are changed as follows:

By **Monday, August 10 at 11:59 p.m.**, the Defendants are ordered to produce to the Plaintiffs the documents in the July 6 Log that the Defendants have apparently identified and determined that they will downgrade.

By **Monday, August 24 at 11:59 p.m.**, the Defendants are ordered to produce to the Plaintiffs a fully revised July 6 Log.

By **Monday, September 1 at 11:59 p.m.**, the Defendants are ordered to produce to the Plaintiffs the August 10 Log.

By **Monday, September 8 at 11:59 p.m.**, the Defendants are ordered to produce to the Plaintiffs the September 8 Log.  This deadline remains unchanged.

Following the production of the August 10 Log and the September 8 Log, the Defendants will have one week to produce documents that are downgraded as a result of further review.

(4)  Additional Custodians and Search Terms

I expressed my view, but did not explicitly order, that (1) Brendan O'Grady should be included as an additional custodian subject to discovery and (2) the parties' agreed-upon search terms should be run on all additional custodians.  I ordered the parties to meet and confer regarding this issue.

(5)  Rule 45 Subpoena to Maureen Cavanaugh

I did not issue any explicit orders regarding this issue.  I ordered the parties to meet and confer.  If a dispute remains regarding this issue, we will take it up at our next scheduled conference.

(6)  Next Conference

The next telephonic status conference in this matter will take place on **Tuesday, August 11 at 2:00 p.m.**

So ordered.

Dated at Bridgeport, Connecticut, this 4th day of August 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge