# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |
| THIS DOCUMENT RELATES TO: | No. 3:19-cv-00192 (SRU) |
| | No. 3:19-cv-00513 (SRU) |
| | No. 3:19-cv-00655 (SRU) |
| | No. 3:19-cv-00657 (SRU) |
| | No. 3:19-cv-00923 (SRU) |
| | No. 3:19-cv-01167 (SRU) |
| | No. 3:19-cv-01173 (SRU) |
| | No. 3:20-cv-00083 (SRU) |
| | No. 3:20-cv-00588 (SRU) |
| | August 7, 2020 |

## DIRECT ACTION PLAINTIFFS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ON REPOSE GROUNDS

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ...................................................................... 2

LEGAL STANDARD ............................................................................................................... 4

ARGUMENT ......................................................................................................................... 5

      I.      Plaintiffs' Actions Are Timely ...................................................................................... 5

            A.      The Five-Year Repose Period Runs from the Date Defendants' Fraud
                    Ended ........................................................................................................... 5

            B.      Measuring the Five-Year Repose Period from the Date Defendants' Fraud
                    Ended Is Not a Form of Equitable Tolling ................................................. 10

      CONCLUSION ................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aronson v. Adv. Cell Tech., Inc.*,
   902 F. Supp. 2d 106 (D. Mass. 2012) ........................................................................7

*In re Beacon Assocs. Litig.*,
   282 F.R.D. 315 (S.D.N.Y. 2012) ...............................................................................6

*Benzemann v. Houslanger & Assoc., PLLC*,
   924 F.3d 73 (2d Cir. 2019)......................................................................................11

*Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*,
   778 F. Supp. 695 (S.D.N.Y. 1991) ......................................................................7, 11

*Boudinot v. Shrader*,
   09 CIV. 10163 LAK, 2012 WL 489215 (S.D.N.Y. Feb. 15, 2012)...........................8

*California Pub. Employees' Ret. System v. ANZ Securities, Inc.*,
   137 S. Ct. 2042 (2017)..................................................................................5, 6, 9, 10

*Colbert v. Rio Tinto PLC*,
   392 F. Supp. 3d 329 (S.D.N.Y. 2019)........................................................................8

*In re Comverse Tech., Inc. Securities Litig.*,
   543 F. Supp. 2d 134 (E.D.N.Y. 2008) .....................................................................12

*Continental Bank, Nat'l Association v. Ludlow*,
   777 F.Supp. 92 (D. Mass. 1991) ...............................................................................7

*CTS Corp. v. Waldburger*,
   134 S. Ct. 2175 (2014)................................................................................... , *passim*

*Dekalb County Pension Fund v. Transocean Ltd.*,
   817 F.3d 393 (2d Cir. 2016)...................................................................................5, 9

*In re Dynex Capital, Inc. Securities Litig.*,
   No. 05 Civ. 1897(HB), 2009 WL 3380621 (S.D.N.Y. Oct. 19, 2009) .......................6

*Freihofer v. Vermont Country Foods, Inc.*,
   2:17-CV-149, 2019 WL 2995949 (D. Vt. July 9, 2019).............................................8

*Friedman v. JP Morgan Chase & Co.*,
   15-CV-5899 (JGK), 2016 WL 2903273 (S.D.N.Y. May 18, 2016) ............................8

*Goldenson v. Steffens*,
   802 F. Supp. 2d 240 (D. Me. 2011) ...............................................................7, 11, 12

*Harris v. City of New York*,
    186 F.3d 243 (2d Cir. 1999) ................................................................................ 4

*Herman & MacLean v. Huddleston*,
    459 U.S. 375 (1983) .......................................................................................... 9

*Hugler v. First Bankers Tr. Services, Inc.*,
    12 CV 8649 (VB), 2017 WL 1194692 (S.D.N.Y. Mar. 30, 2017) ............................... 4

*Intesa Sanpaolo, S.p.A. v. Credit Agricole Corp. and Inv. Bank*,
    924 F. Supp. 2d 528 (S.D.N.Y. 2013) ................................................................... 6

*Jones v. Bock*,
    549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ............................................ 4

*Kuwait Inv. Office v. Am. Int'l Grp., Inc.*,
    128 F. Supp. 3d 792 (S.D.N.Y. 2015) .............................................................. 9, 11

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
    501 U.S. 350 (1991) ................................................................................. 6, 7, 11

*Lorenzo v. Securities and Exch. Commn.*,
    139 S. Ct. 1094 (2019) ..................................................................................... 10

*McKenna v. Wright*,
    386 F.3d 532 (2d Cir. 2004) ............................................................................... 4

*In re Merck & Co., Inc. Securities, Derivative & Erisa Litig.*,
    MDL No. 1658 (SRC), 2012 WL 6840532 (D.N.J. Dec. 20, 2012) ............................. 7

*P. Stolz Fam. Partn. L.P. v. Daum*,
    355 F.3d 92 (2d Cir. 2004) (Calabresi, J., concurring) ........................................... 10

*Pasternack v. Shrader*,
    863 F.3d 162 (2d Cir. 2017) ............................................................................... 6

*Plymouth Cty. Ret. Ass'n v. Schroeder*,
    576 F. Supp. 2d 360 (E.D.N.Y. 2008) ................................................................. 7

*Quaak v. Dexia S.A.*,
    357 F.Supp.2d 330 (D. Mass. 2005) .................................................................... 7

*Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*,
    No. 3:19-cv-192 (D. Conn.), ECF No. 1 ............................................................ 2, 3

*SEC v. Kovzan*,
    807 F. Supp. 2d 1024 (D. Kan. 2011) .................................................................. 7

*SEC v. W. J. Howey Co.*,
    328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946) .............................................. 10

*Securities and Exch. Commn. v. Fiore*,
    416 F. Supp. 3d 306 (S.D.N.Y. 2019).........................................................................12

*SRM Glob. Master Fund LP v. Bear Stearns Cos. L.L.C.*,
    829 F.3d 173 (2d Cir. 2016)......................................................................................7

*Take-Two Interactive Software, Inc. v. Brant*,
    No. 06 Civ. 05279(LTS), 2010 WL 1257351 (S.D.N.Y. Mar. 31, 2010).................................7, 8

*Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*,
    05 CIV. 1898 (SAS), 2005 WL 2148919 (S.D.N.Y. Sept. 6, 2005).........................................7,10

*Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund,*
    *Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus.*
    *Fund v. Showtime on the Piers, LLC*,
    19-CV-7755 (VEC), 2020 WL 2749572 (S.D.N.Y. May 26, 2020)..........................................4

*Winters v. Stemberg*,
    529 F. Supp. 2d 237 (D. Mass. 2008) ............................................................................7

## STATUTES

15 U.S.C. § 77m..........................................................................................................5

28 U.S.C. § 1658(b) .......................................................................................... *passim*

## OTHER AUTHORITIES

Rule 10b–5(b) ............................................................................................................7

Rule 10b-5 .................................................................................................................6

Rule 12(b)(6)..............................................................................................................4

## PRELIMINARY STATEMENT

In their Motion to Dismiss ("Mot."), Defendants do not—and indeed could not—seek dismissal of any of Plaintiffs' claims in their entirety. After all, Plaintiffs all filed their actions either *before* or *shortly after* the end of Defendants' fraudulent scheme and are indisputably timely pled. Instead, Defendants ask that the Court apply the statute of repose applicable to claims under the Securities Exchange Act of 1934 not to bar any claims, but to *limit their damages* by "dismissing" alleged misstatements that purportedly "fall outside" of the five-year repose period.

Defendants' request is as stunning as it is unprecedented. Far from seeking the kind of "repose" that § 1658(b) affords to defendants who have *ceased* their fraudulent conduct for at least five years, Defendants seek to repurpose the statute to *reward* them for *perpetuating* a fraudulent scheme for *longer than five years*. In Defendants' view, the statute of repose effectively imposes a five-year cap on liability for long-term fraudulent schemes, limiting a plaintiff's recovery to only those damages resulting from misrepresentations or omissions made in the five years prior to the filing of a complaint. According to Defendants, this immunity for long-term securities frauds applies irrespective of whether the defendant has even stopped their fraudulent conduct, extending even to plaintiffs who, as some did here, filed their actions *while Defendants' scheme was still ongoing.*

Neither the statutory text nor any governing precedent nor the purposes and principles underlying § 1658(b) warrant such a result.

To the contrary, it is well-settled that a statute of repose is measured from the "date of the last culpable act or omission," *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014), which in the securities fraud context, means the date of the last misrepresentation or omission by the defendant. This principle furthers the fundamental purpose underlying the statute of repose to provide a point at which a defendant "should be able to put *past events* behind him." *Id.* at 2183. There is simply no basis to conclude that where, as here, the fraud began more than five years prior to a plaintiff's action and ended a matter of months before, or even after, the plaintiffs filed their complaints, the defendant's

1

fraudulent conduct at the beginning of the scheme is the kind of "past event[]" that § 1658(b) is intended to afford "repose."

For this reason, because all of Plaintiffs' actions were filed within five years of the end of Defendants' fraud, they are timely under the statute of repose and Defendants' motion must be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Between February 7, 2019 and April 29, 2020, Plaintiffs filed these individual opt-out actions (the "Direct Actions") for damages resulting from Defendants' multiyear, fraudulent scheme to conceal from investors a strategy of systematically raising prices on pharmaceuticals in the generic drug portfolio of Teva Pharmaceutical Industries Ltd. ("Teva") and an underlying conspiracy to violate federal and state antitrust and unfair competition laws by colluding with Teva's competitors to fix such prices.[1] For more than five years, from February 2014 to May 2019, Defendants continuously and consistently deceived investors by attributing Teva's success to fundamental business strategies, such as cost cutting and good product management. But the truth, so the saying goes, was more complicated. Teva's reported financial growth was not due to sensible business practices, but instead the result of Defendants unlawful conspiracy to systematically hike and fix generic drug prices—imposing price increases at least 76 times—across a large swath of Teva's

---

[1] *See Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192 (D. Conn.), ECF No. 1; (2) *Mivtachim the Workers Soc. Ins. Fund Ltd., et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-513 (D. Conn.), ECF No. 1; (3) *Migdal Ins. Co. Ltd., et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-655 (D. Conn.), ECF No. 1; (4) *State of Oregon by and through the Oregon State Treasurer et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-00657 (D. Conn.), ECF No. 1; (5) *Migdal Mutual Funds v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-923 (D. Conn.), ECF No. 1; (6) *Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-1167 (D. Conn.), ECF No. 1; (7) *Stichting PGGM Depositary, et al. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:19-cv-1173 (D. Conn.), ECF No. 1; (8) *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus. Ltd., et al.*, No. 3:20-cv-83 (D. Conn.) ("*INKA*"), ECF No. 1; and (9) *Boeing Co. Emp. Ret. Plans Master Trust v. v. Teva Pharm. Indus. Ltd., et al.*, No. 3:20-cv-00588 (D. Conn.), ECF No. 1. Plaintiffs in many of these cases filed amended complaints pursuant to the Court's April 28, 2020 Order Regarding Pre-Trial Consolidation of Related Actions, ECF No. 352.

generic drug portfolio (the "Price-Hike Strategy"). Even after federal and state investigators uncovered this unlawful scheme, Defendants continued to deceive investors, until as late as May 2019, by denying that it was increasing prices and that the Company's profitability was due to other, sustainable (and legal) strategies, such as aggressive cost-cutting and improved operational efficiency. In short, like the class action, Plaintiffs' claims "arise[] from the difference between what the Defendants told investors was driving Teva's financial success and the truth behind Teva's performance." ECF No. 283.

Plaintiffs' actions and the misrepresentations or omissions on which they are based are summarized as follows:

| Direct Action | First Complaint Filed | Relevant Period | Last Alleged Misrepresentation or Omission within Relevant Period | Purportedly "Time-Barred" Misstatements |
|---|---|---|---|---|
| *Schwab*, No. 19-cv-00192 | February 7, 2019 | February 6, 2014 to May 10, 2019 | February 19, 2019 (ECF No. 393, ¶¶ 256, 258) | February 6, 2014 |
| *Mivtachim,* No. 190-cv-00513 | February 15, 2019 | February 6, 2014 to May 30, 2019 | May 2, 2019 (ECF No. 391 ¶¶ 376-378, 399-400) | February 6 & 10, 2014 |
| *Migdal Insurance, Co.,* No. 19-cv-655 | April 30, 2019 | February 6, 2014 to May 30, 2019 | May 2, 2019 (ECF No. 391 ¶¶ 376-378, 399-400) | February 6, 10 & 13, and March 10, 2014 |
| *Oregon*, No. 19-cv-657 | April 30, 2019 | February 6, 2014 to May 10, 2019 | February 19, 2019 (ECF No. 398 ¶¶ 251, 253)[2] | February 6 & 10, 2014 |
| *Migdal Mutual Funds,* No. 19-cv-923 | June 13, 2019 | February 6, 2014 to May 30, 2019 | May 2, 2019 (ECF No. 391 ¶¶ 376-378, 399-400) | February 6, 10 & 13, March 10, and May 1 & 2, 2014 |
| *Psagot*, No. 19-cv-11167 | July 29, 2019 | February 6, 2014 to May 30, 2019 | May 2, 2019 (ECF No. 391 ¶¶ 376-378, 399-400) | February 6, 10 & 13, March 10, and May 1 & 2, 2014 |

---

[2] Due to an inadvertent typographical error, the *Oregon* complaint incorrectly refers to Teva's 2018 Form 10-K as having been filed on February 29, 2019 rather than February 19, 2019.

| *Stichting*, No. 19-cv-1173 | July 30, 2019 | February 6, 2014 to May 10, 2019 | February 19, 2019 (ECF No. 394, ¶¶ 256, 258) | February 6 & 10, and May 1, 2014 |
| *INKA*, No. 20-cv-83 | January 16, 2020 | February 6, 2014 to May 10, 2019 | February 19, 2019 (*INKA* docket, ECF No. 1, ¶¶ 255, 257) | February 6 & 10, and May 1, July 31, October 30, and December 11, 2014 |
| *Boeing*, No. 20-cv-588 | April 29, 2020 | February 6, 2014 to December 10, 2018 | November 1, 2018 (*Boeing* docket, ECF No. 1, ¶ 259) | February 6, May 1, July 31, October 30, December 11, 2014, February 5, 2015, and those contained in Forms 20-F that Teva filed for the years 2013 and 2014. |

## LEGAL STANDARD

Under Rule 12(b)(6), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief," including on the grounds that the plaintiff's claim is time-barred. *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *see also Hugler v. First Bankers Tr. Services, Inc.*, 12 CV 8649 (VB), 2017 WL 1194692, at *8 (S.D.N.Y. Mar. 30, 2017) (considering statute of repose as an affirmative defense on a motion to dismiss). On a motion to dismiss, it is only appropriate to dismiss a complaint as time-barred if the complaint "clearly shows *the claim* is out of time." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund v. Showtime on the Piers, LLC,* 19-CV-7755 (VEC), 2020 WL 2749572, at *4 (S.D.N.Y. May 26, 2020) (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

Thus, to survive a motion to dismiss as time-barred, all that is required of a complaint are "allegations consistent with a claim that would not be time-barred." *Harris,* 186 F.3d at 251; *cf. McKenna v. Wright,* 386 F.3d 532, 436 (2d Cir. 2004) ("Not only must the facts supporting the [affirmative] defense appear on the face of the complaint, but, as with all Rule 12(b)(6) motions, the

4

motion may be granted only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'") (citations omitted).

## ARGUMENT

### I.  Plaintiffs' Actions Are Timely

To be timely, a Section 10(b) "private right of action . . . may be brought not later than the earlier of . . . 2 years after the discovery of the facts constituting the violation" or "5 years after such violation." 28 U.S.C. § 1658(b).  Defendants do not contend that any of Plaintiffs' "right[]s of action," *id.*, or any of Plaintiffs' claims, are barred under the two-year discovery prong, nor do they argue that Plaintiffs' claims are barred in their entirety under the five-year provision. Instead, Defendants argue the five-year provision, the statute of repose, "limit[s] Exchange Act liability to alleged misstatements or omissions occurring within the repose period" and requires "dismissal" of "any alleged misstatements falling outside of it." Mot. at 1-2. This is incorrect, and all of Plaintiffs' claims were timely filed.

### A.  The Five-Year Repose Period Runs from the Date Defendants' Fraud Ended

It is well-settled that "like all statutes of repose, the statutes of repose applicable to [securities fraud actions] begin to run on 'the date of the defendant's last culpable act or omission." *Dekalb County Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 398 (2d Cir. 2016) (citing *CTS Corp.*, 573 U.S. at 8 (2014)); *see id.* at 411 (explaining that "statute[] of repose . . . begin[]s to run on the date of the violation, which we consider to be the date of the defendant's last culpable act or omission"); *California Pub. Employees' Ret. System v. ANZ Securities, Inc.*, 137 S. Ct. 2042, 2049 (2017) (finding language in timeliness statute for Securities Act claims indicating the provision "runs from the defendant's last culpable act (the offering of the securities)" to be  "close to a dispositive indication that the statute is one of repose") (citing 15 U.S.C. § 77m).

This last-culpable-act principle is rooted in the "distinct purpose" underlying statutes of repose: to provide defendants "a fresh start" and "freedom from liability . . . after the legislatively determined period of time." *CTS Corp.*, 573 U.S. at 9-10 (emphasis added); *ANZ Securities, Inc.*, 137 S. Ct. at 2053 ("[T]he purpose of a statute of repose is to give the defendant full protection after a certain time."). To further this purpose, "statutes of repose impose stricter timeliness requirements than statutes of limitation," *Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017), and are generally not subject to equitable tolling, *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) ("[A] period of repose [is] inconsistent with tolling"). In short, the last-culpable-act principle, like the statute of repose itself, "embodies the idea that at some point a defendant should be able to put *past events* behind him." *CTS Corp.*, 573 U.S. at 9 (emphasis added).

In accordance with these principles, courts have recognized that the five-year statute of repose for securities fraud actions brought under Section 10(b) and Rule 10b-5 typically runs from the date of the *last* misrepresentation or omission by the defendant. *See, e.g., Intesa Sanpaolo, S.p.A. v. Credit Agricole Corp. and Inv. Bank*, 924 F. Supp. 2d 528, 536 (S.D.N.Y. 2013) ("For the purposes of 1658(b), the violation that serves as the premise for a § 10(b) claims is deemed to have occurred on the date upon which the last alleged misrepresentation or omission was made."). This rule arises most frequently in cases where, as here, "a series of fraudulent misrepresentations is alleged," in which courts have determined that the five-year period "begins when the last alleged misrepresentation was made." *In re Dynex Capital, Inc. Securities Litig.*, No. 05 Civ. 1897(HB), 2009 WL 3380621, at *18 (S.D.N.Y. Oct. 19, 2009); *accord In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 324-25 (S.D.N.Y.

2012) (noting that the rule "adopted by the majority of courts in this Circuit, that the statute of repose 'first runs from the date of the last alleged misrepresentation regarding related subject matter'").[3]

Nearly all of the cases Defendants cite (Mot. at 4-5) are in accord. For instance, in *Take-Two Interactive Software, Inc. v. Brant*, No. 06 Civ. 05279 (LTS), 2010 WL 1257351 (S.D.N.Y. Mar. 31, 2010), Judge Swain *denied* the defendants' motions to dismiss as to claims against two defendants

---

[3] *See also Plymouth Cty. Ret. Ass'n v. Schroeder*, 576 F. Supp. 2d 360, 378 (E.D.N.Y. 2008) ("[T]he weight of authority, including in this Circuit, dictates that the five year statute of repose first runs from the date of the last alleged misrepresentation regarding related subject matter."); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 05 Civ. 1898 (SAS), 2005 U.S. Dist. LEXIS 19506, at *19 (S.D.N.Y. Sept. 6, 2005) ("The period of repose begins when the last alleged misrepresentation was made."); *Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, 778 F. Supp. 695, 699 (S.D.N.Y. 1991) (repose period runs from the "most recent violation of Section 10(b) of which plaintiff complains"); *cf. Lampf*, 501 U.S. at 364 (As there is no dispute that the earliest of plaintiff-respondents' complaints was filed more than three years *after petitioner's alleged misrepresentations*, plaintiff-respondents' claims were untimely.") (emphasis added) (addressing three-year statute of repose previously applicable to § 10(b) claims) (superseded on other grounds by statute); *cf. SRM Glob. Master Fund LP v. Bear Stearns Cos. L.L.C.*, 829 F.3d 173, 177 (2d Cir. 2016) (finding plaintiff's claims time-barred under statute of repose "[b]ecause the complaint fails to allege that the defendants made *any* misrepresentations within five years of the filing of SRM's complaint") (emphasis added).

Courts in other jurisdictions have similarly applied the five-year statute by measuring the repose period from the last misrepresentation or omission. *See, e.g., In re Merck & Co., Inc. Securities, Derivative & Erisa Litig.*, MDL No. 1658 (SRC), 2012 WL 6840532, at *2 (D.N.J. Dec. 20, 2012) ("[Plaintiffs] and Defendants recognize that the statute of repose begins to run upon the occurrence of [a] specific event, which in the case of a § 10(b) claim based on a violation of Rule 10b–5(b), consists of the occurrence of [the] last alleged fraudulent statement and/or omission."); *Aronson v. Adv. Cell Tech., Inc.*, 902 F. Supp. 2d 106, 128 (D. Mass. 2012) ("Where securities fraud claims are based on affirmative misrepresentations, 'the repose period begins when the *last* alleged misrepresentation was made by any of the participants.'") (quoting *Winters v. Stemberg*, 529 F. Supp. 2d 237, 246-47 (D. Mass. 2008)); *Goldenson v. Steffens*, No. 10 Civ. 00440 (JAW), 2011 WL 3424246, at * 17 (D. Me. Aug. 4, 2011) (all misrepresentations and omissions become actionable, even those outside the five-year period, "none of the misrepresentations is time-barred if any of them occurred within the period of repose."); *SEC v. Kovzan*, 807 F. Supp. 2d 1024, 1036 (D. Kan. 2011) ("[I]f the alleged unlawful practice continues into the limitations period, the complaint is timely if filed within the required limitations period . . . measured from the *end of that practice*."); *Continental Bank, Nat'l Association v. Ludlow*, 777 F.Supp. 92, 102 (D. Mass. 1991) ("[T]he repose period begins when the *last* alleged misrepresentation was made by any of the [p]articipants."); *Quaak v. Dexia S.A.*, 357 F.Supp.2d 330, 338 (D. Mass. 2005) (stating that "under Section 10(b), the statute of repose runs from the date of the last fraudulent misrepresentation" and finding actions occurring outside of the repose time-frame timely where they bore a sufficient nexus to the later filed financial statements).

7

who made misrepresentations both outside and inside the repose period. *Id.* at *6. Because these misrepresentations were "made by a single entity speaking as such or by a static group of speakers acting in concert," Judge Swain concluded that the last-culpable-act principle was "potentially viable to preserve *all* of [plaintiff]'s Section 10(b) misrepresentation claims" against defendants who allegedly "made misrepresentations that continued into the period covered by the five-year statute of repose." *Id.* at *20-21.[4]  Similarly, in the other cases Defendants cite (at 4), the courts concluded that the statute of repose barred plaintiffs' claims because all of "the relevant fraudulent acts took place outside the repose period." *Freihofer v. Vermont Country Foods, Inc.*, 2:17-CV-149, 2019 WL 2995949 (D. Vt. July 9, 2019); *Friedman v. JP Morgan Chase & Co.*, 15-CV-5899 (JGK), 2016 WL 2903273, at *7 (S.D.N.Y. May 18, 2016) (holding action time-barred because it was brought more than 5 years after "the *last date* on which there could have been a securities violation"); *Boudinot v. Shrader*, 09 CIV. 10163 LAK, 2012 WL 489215, at *4 (S.D.N.Y. Feb. 15, 2012) (holding actions time-barred because complaint was filed more than five years after all of "the alleged misstatements, omissions, and threats were made").[5]

Unsurprisingly, Defendants do not—and could not—dispute that the last-culpable-act principle applies to the statute of repose in §1658(b). *See* Mot. at 4 (acknowledging that "the statute

---

[4] While Judge Swain granted the defendants' motion to dismiss as to other defendants, that was only because those defendants "were only affiliated with [the defendant-company] for short periods that did not overlap" and, most importantly, were not affiliated with the company at the time of the later misrepresentations. *See id.* at *6 (noting that "[n]one of the Defendants is alleged personally to have made any misrepresentations after April of 2003, and there are no allegations that Defendants participated in any of the later misrepresentations cited in the Amended Complaint.").  That is not the case here, where all Defendants named in Plaintiffs' complaints participated in the alleged fraud and made actionable misstatements less than five years before each Plaintiff first brought suit, and several continued to defraud investors *after* such filings.

[5] Defendants cite *Colbert v. Rio Tinto PLC,* 392 F. Supp. 3d 329 (S.D.N.Y. 2019), but that case concerned a "continuing omissions theory" advanced by the plaintiff that the defendant "had a duty to correct or update their statements" made outside the repose period. *Id.* at 337. Plaintiffs rely on no such theory here, where Defendants continued to make repeated affirmative misrepresentations within the repose period.

of repose begins to run from the date of the alleged misrepresentation or omission"). Instead, Defendants ask the Court to read "last culpable act or omission" to mean "*each* culpable act or omission," and dismiss any "parts" of claims "based on alleged misrepresentations omissions outside the five-year repose period." Mot. at 4.  But Defendants make no attempt to square their parochial reading with the statutory text, governing precedent, or the purposes underlying the statute of repose, all of which, for the reasons discussed above, foreclose Defendants' position.[6] Indeed, even if Defendants' interpretation of §1658(b) was plausible—and it is not—it would run roughshod over the well-established principles underlying the statute of repose.  *See Herman & MacLean v. Huddleston*, 459 U.S. 375, 386-87 (1983) (securities laws "should be construed not technically and restrictively, but flexibly to effectuate [their] remedial purposes") (alteration in original). Interpreting the "violation" as Defendants propose would shield them from liability for part of a continuous and ongoing fraudulent scheme that ended *after* (or only mere months before) the Plaintiffs filed suit.  Far from providing them "a fresh start," Defendants' interpretation would encourage corporate actors to *perpetuate*, rather than terminate, fraudulent schemes for longer than

---

[6] The sole case cited by Defendants in support of their position, *Kuwait Inv. Office v. Am. Int'l Grp., Inc.*, 128 F. Supp. 3d 792 (S.D.N.Y. 2015), was decided before the Supreme Court and the Second Circuit confirmed in *ANZ Securities* and *Dekalb County Pension Fund* that the statute of repose in § 1658(b) is measured from the "defendant's last culpable act or omission." *Compare Kuwait Inv. Office*, 128 F. Supp. 3d at 808 (asserting that the cases applying the last-culpable-act principle "have not rested on interpretation of the language of Section 1658(b)(2)") *with Dekalb County Pension Fund,* 817 F.3d at 411(explaining that "statute[] of repose . . . begin[]s to run on the date of the violation, which we consider to be the date of the defendant's last culpable act or omission") *and ANZ Securities, Inc.*, 137 S. Ct. at 2049 (2017) (finding language in timeliness statute for Securities Act claims indicating the provision "runs from the defendant's last culpable act (the offering of the securities)" to be  "close to a dispositive indication that the statute is one of repose"). Likewise, Judge Swain's conclusion that the "violation" in § 1658(b) referred to "each allegedly fraudulent misstatement or omission" because they are "independently actionable" cannot be squared with the Supreme Court's clear holding that statutes of repose "are measured not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Dekalb County Pension Fund,* 817 F.3d at 412 n.112 (quoting *CTS Corp.,* 573 U.S. at 7).

five years, allowing defendants to reap the benefits of fraudulent schemes while immunizing them for prolonging them. *See P. Stolz Fam. Partn. L.P. v. Daum*, 355 F.3d 92, 107 (2d Cir. 2004) (Calabresi, J., concurring) ("Giving repose to a defendant who has ceased to do wrong may well be worthwhile even if it is 'unfair' to a plaintiff whose cause of action has not yet accrued. But it is a different thing altogether to give repose to a defendant who continued his wrongful conduct, perhaps even beyond the time specified by the repose period."); *Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc.*, 05 CIV. 1898 (SAS), 2005 WL 2148919, at *11 (S.D.N.Y. Sept. 6, 2005) ("In light of Bombardier's reiteration of the alleged misstatements, it does not serve the purpose of a statute of repose to grant immunity to these defendants, who continued their wrongful conduct beyond the time specified by the repose period.").  That kind of "heads I win, tails you lose" approach is anathema to the fundamental purpose underlying the securities laws: "to substitute a philosophy of full disclosure for the philosophy of *caveat emptor* and thus to achieve a high standard of business ethics in the securities industry." *Lorenzo v. S.E.C.*, 139 S. Ct. 1094, 1103 (2019); *S.E.C. v. W. J. Howey Co.*, 328 U.S. 293, 299 (1946) (the securities laws were designed "to meet the countless and variable schemes devised by those who seek the use of the money of others on the promise of profits").

   **B.**   **Measuring the Five-Year Repose Period from the Date Defendants' Fraud Ended Is Not a Form of Equitable Tolling**

   Defendants obliquely suggest that their position is somehow supported by the Supreme Court's recognition in *ANZ Securities* that equitable tolling is generally inapplicable to statutes of repose. *ANZ Secs.*, 137 S. Ct. at 2049. But Defendants fail to explain why this is so. Despite holding that statutes of repose are not subject to equitable tolling, the *ANZ Securities* court had no trouble reaffirming that statutes of repose are measured "from the date of the last culpable act or omission of the defendant." *CTS Corp.,* 573 U.S. at 8.  Indeed, the line of cases establishing that the period of repose runs from the last misrepresentation or omission were issued *after* the Supreme Court

in *Lampf* held that the "period of repose [is] inconsistent with tolling" and "we hold that tolling

principles do not apply to that period." 501 U.S. 350, 363 (1991). In fact, the *Lampf* court itself

suggested that the last-culpable-act principle was consistent with this ruling by concluding that the

plaintiffs' Section 10(b) claims in that case were untimely because there was "no dispute" they were

brought "more than three years after petitioner's alleged misrepresentations." *Id.* at 364. [7]

Even setting that dispositive case law aside, measuring the five-year repose period from the

last misrepresentation or omission does not, as Defendants appear to suggest, equate to equitable

tolling. "As a general matter, equitable tolling 'pauses the running of, or tolls, a statute of limitations

when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him

from bringing a timely action.'" *Benzemann v. Houslanger & Assoc., PLLC*, 924 F.3d 73, 82 (2d Cir.

2019) (quoting *CTS Corp.*, 573 U.S. at 9).[8] Measuring the five-year period from the date of the last

misrepresentation or omission does not turn on the plaintiff's knowledge or diligence, and thus "does

not violate the *Lampf* Court's conclusion that principles of equitable tolling do not apply to §

1658(b)." *Goldenson*, 802 F. Supp. 2d at 259. This application of the statute "does not allow a claim

to go forward more than five years after a defendant's final violation"; rather, "when a defendant has

---

[7] Indeed, shortly after *Lampf* was issued, the court in *Borden, Inc. v. Spoor Behrins Campbell & Young, Inc.*, discussing the holding in *Lampf*, held that the repose period runs from "[t]he most recent violation of Section 10(b) of which plaintiff complains." 778 F. Supp. 695, 699 (S.D.N.Y. 1991). The court so held despite expressly recognizing that the period of repose, in contrast to the statute of limitations, was not subject to equitable tolling. *Id.* ("This limitations standard, in contrast to the 10b-5 statute of repose discussed above, is subject to equitable tolling").

[8] Some courts have concluded (incorrectly) that the last-culpable-act principle is a form of equitable tolling by characterizing the principle as an application of the "continuous violations doctrine." *See, e.g., Kuwait Inv. Off. v. Am. Intern. Group, Inc.*, 128 F. Supp. 3d 792, 808 (S.D.N.Y. 2015) ("The continuing violations doctrine has been recognized by courts as an equitable tolling doctrine."). But characterizing the last-culpable-act principle as such elides the continuous violations doctrine in the statute-of-limitations context, where the doctrine serves to toll claims for "continuous" violations that would be otherwise barred by the discovery rule, with a straightforward application of the statute in the statute-of-repose context.

committed a violation within the repose period, it allows a plaintiff to hold the defendant accountable for previous violations that are part of the same scheme." *Id*.

*          *          *

For these reasons, Defendants' request that the Court apply the statute of repose to limit their damages is contrary to well-settled precedent, the plain text of the statute, and the staid principles underlying the statute of repose. Even if the Court were to find that Defendants' arguments were not so foreclosed, given that it is undisputed that all of the Plaintiffs' actions would survive on "timely-pled" allegations alone, the Court should follow the practice of courts that have declined to determine the timeliness issue at this stage in the litigation in similar circumstances. *See S.E.C. v. Fiore*, 416 F. Supp. 3d 306, 331–32 (S.D.N.Y. 2019) (declining to determine statute-of-limitations issue at the pleading stage where SEC alleged "a fraudulent scheme involving conduct that occurred both within and before the statute of limitations" because "all of the SEC''s claims survive based on timely-pled allegations alone"); *In re Comverse Tech., Inc. Securities Litig.*, 543 F. Supp. 2d 134, 155 (E.D.N.Y. 2008) (finding it "prudent to defer consideration" until a factual record was developed regarding "the commission of continual unlawful acts" and the anticipated filing of additional accounting claims).[9]

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss in its entirety.

---

[9] Declining to decide at the pleading stage would not prejudice Defendants given that Defendants will be responding to discovery relating to the statements they seek to dismiss here in the Class Action and other consolidated actions and that Defendants' motion relates solely to the fact-intensive issue of damages.

12

Dated:  August 7, 2020

Respectfully submitted,

/s/ *Nathan Zezula*
**MOTT ZEZULA LLC**
Nathan Zezula (ct27936)
750 East Main Street
6th Floor
Stamford, CT 06902
(203) 408-6500 (tel.)
nzezula@lmzlegal.com

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer
Daniel L. Berger (appearing *pro hac vice*)
Deborah A. Elman (appearing *pro hac vice*)*
Jonathan D. Park (appearing *pro hac vice*)
485 Lexington Avenue
New York, NY  10017
Tel: (646) 722-8500
jeisenhofer@gelaw.com
dberger@gelaw.com
delman@gelaw.com
jpark@gelaw.com

*Counsel for Plaintiffs in Case Nos.
19-cv-00192, 19-cv-01173, and 20-cv-00083
*Ms. Elman is not counsel in 20-cv-00083*

/s/ *Jeremy A. Lieberman.*
**POMERANTZ LLP**
Jeremy A. Lieberman (appearing *pro hac vice*)
Michael J. Wernke (appearing *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Tel.:  (212) 661-1100
Fax:  (212) 661-8665
jalieberman@pomlaw.com
mjwernke@pomlaw.com

Patrick M. Dahlstrom (appearing *pro hac vice*)
10 South LaSalle, Ste 3505
Chicago, IL 60603
Tel.:  (312) 377-1181
Fax:  (312) 229-8811
pdahlstrom@pomlaw.com

**SCOTT & SCOTT**

/s/ *David A. Slossberg*
**HURWITZ, SAGARINSLOSSBERG &
  KNUFF, LLC**
David A. Slossberg (CT13116)
Jeffrey P. Nichols (CT29547)
147 Broad St.
Milford, CT 06450
Telephone: (203) 877-8000
Facsimile: (203) 878-9800
dslossberg@hssklaw.com
jnichols@hssklaw.com

*Counsel for Plaintiff the State of Oregon by and
through The Oregon State Treasurer and the
Oregon Public Employee Retirement Board, on
Behalf of the Oregon Public Employee Retirement
Fund, No. 3:19-cv-00657; and Plaintiff in Boeing
Co. Emp. Ret. Plans Master Trust v. v. Teva
Pharm. Indus. Ltd., et al., No. 3:20-cv-00588*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (appearing *pro hac vice*)
Julie G. Reiser
1100 New York Avenue, NW
Suite 500, East Tower
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
jreiser@cohenmilstein.com

Carol V. Gilden (appearing *pro hac vice*)
190 South LaSalle Street
Suite 1705
Chicago, IL  60603
Telephone:  (312) 357-0370
Facsimile:  (312) 357-0369
cgilden@cohenmilstein.com

*Counsel for Plaintiff the State of Oregon by and
through The Oregon State Treasurer and the
Oregon Public Employee Retirement Board, on
Behalf of the Oregon Public Employee Retirement
Fund, No. 3:19-cv-00657*

**LABATON SUCHAROW LLP**
Serena P. Hallowell (appearing *pro hac vice*)

13

**ATTORNEYS AT LAW LLP**
Erin Green Comite (ct24886)
Margaret B. Ferron (ct28469)
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Tel.:  (860) 537-5537
Fax:  (860) 537-4432
ecomite@scott-scott.com
mferron@scott-scott.com

*Counsel for Plaintiffs in Case Nos. 19-cv-00513, 19-cv-00655, 19-cv-00923, and 19-cv-01167*

Eric J. Belfi (appearing *pro hac vice*)
David Schwartz
Thomas W. Watson (appearing *pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0447
shallowell@labaton.com
ebelfi@labaton.com
dschwartz@labaton.com
twatson@labaton.com

*Counsel for Plaintiff in Boeing Co. Emp. Ret. Plans Master Trust v. v. Teva Pharm. Indus. Ltd., et al., No. 3:20-cv-00588*