IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |
| THIS DOCUMENT RELATES TO: | All Actions |

**MEMORANDUM OF LAW IN SUPPORT OF**
**THE UNITED STATES' MOTION TO INTERVENE**

The United States submits this memorandum of law in support of its motion to intervene in the above-captioned civil matter. As demonstrated below, the United States meets the requirements to intervene as a matter of right—and, alternatively, also meets the criteria for permissive intervention—because this litigation shares common questions of law and fact with an ongoing federal criminal antitrust investigation. Indeed, continued litigation of this action will likely result in the disclosure of information that will harm the United States' ongoing investigation and pending criminal antitrust cases. For these reasons, the Court should grant our motion to intervene.

## BACKGROUND

In their Second Amended Consolidated Class Action Complaint, Plaintiffs alleged, among other claims, that Defendants made false and misleading statements or omissions to investors regarding alleged collusive pricing and market allocation in Teva Pharmaceutical Industries Ltd.'s generic drug division. *See* ECF No. 310. The United States understands that the parties are in the midst of document discovery and that the Court has entered an order stating that depositions should begin "as soon as practicable" and end on or before February 26, 2021. *See* ECF No. 298.

**ARGUMENT**

The United States' criminal investigation into and subsequent criminal proceedings regarding antitrust violations in the generic pharmaceutical industry present circumstances that warrant intervention. As demonstrated below, the United States' intervention in this matter is appropriate under either Rule 24(a) or 24(b). *See SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988).

I.  The United States is Entitled to Intervene as a Matter of Right

To intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2), an applicant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128–29 (2d Cir. 2001). "Rule 24(a) is to be liberally construed in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J. 1992) (citations omitted). The United States meets each of these elements for intervention in this civil action.

*First*, the United States' motion to intervene is timely. When determining whether a motion to intervene is timely, the Second Circuit considers the following factors: "(a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to applicant if the motion is denied; and (d) presence of unusual circumstances militating for or against a finding of timeliness." *United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987). In this case, the United States seeks to intervene before any depositions of individuals with domestic generics pricing, sales, and marketing responsibilities take place. As we understand that the parties have not yet noticed depositions, the United States has exhibited no delay, and the parties similarly have not

been prejudiced. In contrast, and as explained below, the prejudice to the United States will be significant if the motion is denied. Lastly, no unusual circumstances exist that militate against a finding of timeliness.

*Second*, the United States has a significant interest supporting a right of intervention. The Second Circuit requires this interest to be "direct, substantial, and legally protectable." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469 (2d Cir. 2010). Notably, the United States has a substantial interest in maintaining the integrity of the Antitrust Division's ongoing criminal investigation into the generic pharmaceutical industry and subsequent criminal proceedings currently pending in the Eastern District of Pennsylvania. This interest is particularly acute in light of the Antitrust Division's recently filed second superseding indictment against Teva Pharmaceuticals USA Inc.—one of the Defendants in this action—on three counts of conspiring to fix prices, rig bids, and allocate customers for generic drugs. *See United States v. Glenmark Pharms. Inc., USA and Teva Pharms. USA Inc.,* No. 2:20-cr-00200-RBS (second superseding indictment filed August 25, 2020), *United States v. Aprahamian*, No. 2:20-cr-00064-RBS (indictment filed Feb. 4, 2020). This civil litigation shares common questions of law and fact with and directly implicates such investigation and proceedings.[1]

*Third*, the United States' interest in ensuring the integrity of its ongoing criminal investigation may be affected or impaired by the disposition of this action. Courts have held that, where the United States has an ongoing criminal investigation, related civil litigation can pose a risk to the United States' interest in the confidentiality of that investigation. *See, e.g.*, *In re*

---

[1] Indeed, the United States has already intervened in other civil litigations that may impact the Antitrust Division's investigation into the generic pharmaceutical industry. *See* Order, *Roofer's Pension Fund v. Perrigo Co., plc, et al.*, No. 16-CV-02805 (D.N.J. Sept. 4, 2019), ECF No. 218; Order, *In re: Generic Pharm. Pricing Antitrust Litig.*, No. 16-MDL-2724 (E.D. Pa. Jan. 6, 2017), ECF No. 108; Order, *Heritage Pharm. Inc. v. Glazer, et al.*, No. 16-CV-08483 (D.N.J. Dec. 13, 2016), ECF No. 24.

3

*Sealed Case*, 237 F.3d 657, 663–64 (D.C. Cir. 2001); *SEC v. Mersky*, No. 93-5200, 1994 WL 22305, at *5 (E.D. Pa. Jan. 25, 1994).

Finally, the United States' interest is not protected adequately by the parties to the action. Case law makes clear that an intervenor's interest is not protected by an existing party unless that party's interests are "so similar to those of [the intervenor] that adequacy of representation is assured." *Brennan*, 260 F.3d at 133. No existing party to this civil litigation has an interest so similar to the United States' interest in maintaining the integrity of its ongoing criminal investigation and proceedings that adequacy of representation is assured. Additionally, only the United States is in a position to explain to the Court why or how litigation of this civil action threatens to undermine the ongoing criminal investigation and proceedings.

Accordingly, because the United States fulfills all the requirements of Rule 24(a), the United States is entitled to intervene as a matter of right.

II.    In the Alternative, the United States Should be Permitted to Intervene as a Matter of Discretion

Even if the Court determines that the United States is not entitled to intervene in this action as a matter of right, the Court should nonetheless exercise its discretion and permit the United States to intervene for a separate and independent reason. In particular, Federal Rule of Civil Procedure 24 also permits a third party to intervene in an action, upon timely motion, when the movant "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24 (b)(1)(B), and the intervention will not unduly delay the proceedings or prejudice the original parties. Fed. R. Civ. P. 24(b)(3). All requirements are met here.

As discussed above, the United States' motion is timely and its ongoing criminal antitrust investigation and proceedings share common questions of law and fact with this civil litigation. Courts routinely permit the United States to intervene in actions such as the present case. To be

4

sure, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact." *SEC v. Downe*, No. 92-4092, 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (quoting *Chestman*, 861 F.2d at 50). *See also, e.g.*, *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2010 U.S. Dist. LEXIS 113796, at *48 (D. Kan. Oct. 21, 2010) (collecting cases); *In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2007 WL 3119612, at *1 (N.D. Cal. Oct. 23, 2007) (citing cases). Moreover, "Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned." *Metro Transp. Co. v. Balboa Ins. Co.*, 118 F.R.D. 423, 424 (E.D. Pa. 1987) (citing *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C. Cir. 1967)). Such intervention should "be granted liberally to governmental agencies because they purport to speak for the public interest." *Id.* (citation omitted).

Accordingly, permitting the United States to intervene in this case is well within the Court's discretion.

## CONCLUSION

Because the United States meets the criteria to intervene as a matter of right—or in the alternative, as a matter of discretion—the Court should allow the United States to intervene in this civil action.

Dated: September 16, 2020

>Respectfully submitted,
>
>*/s/ Veronica N. Onyema*
>VERONICA N. ONYEMA
>CATHERINE S. MONTEZUMA
>Trial Attorneys
>U.S. Department of Justice
>Antitrust Division
>450 Fifth Street NW
>Washington, DC 20530
>(202) 307-0302
>veronica.onyema@usdoj.gov
>
>*Counsel for Intervenor United States*

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I caused the foregoing **MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES' MOTION TO INTERVENE** to be filed with the Clerk of Court using the Court's Electronic Document Filing System, which served copies on all interested parties registered for electronic filing, and is available for viewing and downloading from the ECF system.

                                                  */s/ Veronica N. Onyema*_____
                                                  Veronica N. Onyema
                                                  *Counsel for Intervenor United States*