UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE TEVA SECURITIES LITIGATION      No. 3:17-cv-558 (SRU)

**CONFERENCE MEMORANDUM AND ORDER**

On October 1, 2020, I held a telephonic status conference on the record with Joseph A. Fonti, Susan R. Podolsky,[1] Evan A. Kubota, and J. Christopher Rooney, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Jason D. Frank, Emily E. Renshaw, Elizabeth G. Hays, Sheron Korpus, Andrew Schwartz, and Jill M. O'Toole, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd.; Erez Vigodman; Eyal Desheh; Sigurdur Olafsson; Deborah Griffin; Kåre Schultz; Michael McClellan; Yitzhak Peterburg; and Teva Pharmaceutical Finance Netherlands III B.V.[2]  The above-noted defense counsel represent the Defendants in all the Teva-related actions[3] except that, in one,[4] Jill O'Toole alone represents the Defendants.  In addition, Sheron Korpus and Andrew Schwartz do not represent the Defendants in all the Teva-related actions.[5]  Matthew L. Mustokoff, Liaison Counsel for the Direct Action Plaintiffs,[6] was also present.  Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case—were also present.  Those counsel were:

---

[1] Ms. Podolsky has not yet filed a notice of appearance.
[2] Ms. O'Toole is not counsel for Kåre Schultz.
[3] *See* Consolidation Order, Doc. No. 341, at 1–2 nn. 2–3; 35; *see also Boeing Co. Emp. Ret. Plans Master Trust v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-588 (transferred to me on May 4, 2020); *Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-683 (transferred to me on May 19, 2020).
[4] *See OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314.
[5] *See* Notices of Appearance, Doc. Nos. 444 (Korpus) and 446 (Schwartz).
[6] *See* Order, Doc. No. 352, at ¶ 17.

| Case | Counsel |
|---|---|
| *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 | Jonathan D. Uslaner |
| *Nordea Investment Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681<br><br>*Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721 | Matthew L. Mustokoff (also Liaison Counsel) |
| *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Carol V. Gilden<br><br>Jan E. Messerschmidt[7] |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Christopher Chad Johnson<br><br>William H. Narwold |
|  | Michael J. Wernke |

---

[7] Mr. Messerschmidt is not yet a counsel of record in this case.

2

| | |
|---|---|
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513<br><br>*Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655<br><br>*Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603 | Michael Hampson<br><br>Jennifer Randolph |
| *Boeing Co. Emp. Ret. Plans Master Trust v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-683 | Serena P. Hallowell |

  I scheduled this call during our last telephonic status conference on September 16, 2020. *See* Conf. Mem. and Order, Doc. No. 549, at 4.  Pursuant to my order, the parties submitted pre-conference briefing.  *See* Pls.' Mot. to Compel, Doc. No. 554; Mem. in Supp. Pls.' Mot. to Compel, Doc. No. 555; Aff. of Evan Kubota in Supp. Pls.' Mot. to Compel, Doc. No. 556; Defs.' Opp'n, Doc. No. 558.  The purpose of the conference was to resolve an outstanding discovery issue regarding the text messages of Maureen Cavanaugh and five other custodians.

  First, we discussed the potential forensic examination of Cavanaugh's relevant electronic devices and data.  The parties both acknowledged that, although several of Cavanaugh's text messages have been produced, none has been produced for the following periods of time:  (1)

3

before March 5, 2016 and (2) between June 2016 and May 2017.  Although the Defendants represent that they have searched all data and devices within their possession, custody, or control for responsive text messages for those time periods, the gaps are puzzling, to say the least.  Thus, I ordered that a forensic examination is appropriate as follows:

- By October 12, 2020, the parties shall stipulate to the terms of that forensic analysis.  If the parties cannot agree on stipulated terms, then, on October 14, 2020, the parties each may file a brief notice indicating their impasse and the areas of their disagreement.  After receiving those notices, should they be necessary, I will arrange for a prompt hearing (likely on October 15, 2020 at 11:00 a.m.) to resolve the issue.

- Any agreement should ensure that the Defendants will make available for examination all data and devices pertaining to Cavanaugh in their possession, custody, or control that may—upon forensic examination—lead to any information regarding Cavanaugh's text messages.  That universe includes, but is not limited to, the data set pertaining to Cavanaugh's 2016 phone (number ending in 4959) and the physical device and phone backup pertaining to Cavanaugh's 2018 phone (number ending in 8624).

Next, we discussed the potential forensic examination of electronic devices (and data sets, images, and backups of those devices) for the other five custodians at issue.[8]  I indicated that the parties should continue to engage in discussions regarding further searches of those custodians' text messages.  I am not yet ready to enter any order regarding production of those five custodians' text messages.

Finally, we discussed the manner of production of text messages among different combinations of relevant individuals.  I ordered as follows:

- The Defendants will produce full text message threads (in native format) of communications between the six relevant custodians[9] and any individual identified by name or initial in the States AG Complaint as someone with whom those six relevant custodians communicated.  That production will be regardless of substance or relevance.

---

[8] Those custodians are:  (1) Christine Baeder, (2) Teri Coward, (3) Kevin Galownia, (4) Nisha Patel, and (5) David Rekenthaler.

[9] For clarity's sake, those six custodians are Cavanaugh and the five custodians identified in n.8.

- The Defendants will produce all relevant text messages (1) among the six relevant custodians themselves and (2) among any of the six relevant custodians and any individual defendants named in this action.[10] Such production must include text messages sufficient to contextualize the relevant text messages.

\*       \*       \*

The parties shall abide by my Orders as set forth above. If a party contends that I have misdescribed a voluntary agreement to produce, it shall nonetheless produce documents or items consistent with the terms of this Order unless and until the Order is later clarified, corrected, or modified.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of October 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[10] Again, for clarity's sake, those Individual Defendants are: (1) Erez Vigodman, (2) Eyal Desheh, (3) Sigurdur Olafsson, (4) Deborah Griffin, (5) Kåre Schultz, (6) Michael McClellan, and (7) Yitzhak Peterburg.