UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-00558 (SRU) |
| THIS DOCUMENT RELATES TO: | No. 3:17-cv-00558 (SRU) |
| | October 14, 2020 |

**AGREED PROTOCOL FOR FORENSIC INSPECTION**

WHEREAS, on September 24, 2019, Plaintiffs moved to compel an order that (among other things) requires Teva to provide mobile device(s) used by former Teva employee Maureen Cavanaugh, and any existing data sets, images and backup storage media for Ms. Cavanaugh's mobile devices, to an expert for forensic analysis and recovery of any additional files, deleted files, or evidence of loss or destruction (ECF 554);

WHEREAS, the Court has ordered Defendants to make available for examination all data and devices pertaining to Cavanaugh in their possession, custody, or control that may—upon forensic examination—lead to any information regarding Cavanaugh's text messages. That universe includes, but is not limited to, the data set pertaining to Cavanaugh's 2016 phone (number ending in 4959) and the physical device and phone backup pertaining to Cavanaugh's 2018 phone (number ending in 8624); and

WHEREAS, Defendants represent that the only mobile devices used by Ms. Cavanaugh for work purposes while employed by Teva, or data sets, images, or backup storage media (whether physical or cloud-based) for such devices that are within the possession, custody, or control of Defendants, their attorneys, consultants, experts, or any other agent or other individual acting on their behalf are the following: (1) one iPhone used by Ms. Cavanaugh with the phone number

1

ending in 8624; (2) a full backup of the iPhone used by Cavanaugh with the phone number ending in 8624; and (3) a data set from an iPhone used by Ms. Cavanaugh with the phone number ending in 4959 (all three, collectively, the "Cavanaugh Device and Data");

      IT IS HEREBY STIPULATED AND AGREED:

      1.      **Neutral Forensic Expert:**  Plaintiffs and Defendants (together, the "Parties") agree that Stroz Friedberg will be the Neutral Forensic Expert for purposes of this Forensic Inspection Protocol (the "Protocol").  The Parties represent that they are not currently working with Stroz Friedberg in connection with this Action, and the Parties agree not to engage Stroz Friedberg in connection with this Action going forward, except for the analysis that is the subject of this Protocol or as otherwise jointly agreed by the Parties.

      2.      **Confidentiality/Protective Order:**  Before receiving any of Ms. Cavanaugh's materials, the Neutral Forensic Expert will sign the certification required by the Standing Protective Order in this matter (ECF 77).  Absent the Parties' agreement or a Court order, all information received or located by the Neutral Forensic Expert shall be treated as Confidential.  The Parties agree that compliance with this Protocol in no way constitutes a waiver of any applicable privilege or protection relating to any documents, data, metadata, or information subject to the collection and review performed by the Neutral Forensic Expert.

      3.      **Provision of Cavanaugh Device and Data to Neutral Forensic Expert:**  Within five (5) business days of the date of this Protocol, Defendants shall provide all of the Cavanaugh Device and Data to the Neutral Forensic Expert.  To the extent available to Defendants or Ms. Cavanaugh, Teva shall simultaneously provide the Neutral Forensic Expert with any usernames, passwords, or other information required to access all of the Cavanaugh Device and Data.  Within five (5) business days of the date of this Protocol, Defendants shall also provide a

list of all text messages from the Cavanaugh Device and Data for which Defendants completed a document-by-document review and produced all relevant text messages, each identified by a unique identifier (e.g., MD5hash or a Mobile Data ID number, where available), so that the Neutral Forensic Expert can identify any Additional Text Messages[1] not previously identified by Defendants. That list shall be maintained by the Neutral Forensic Expert and not shared, provided, or discussed with the Parties or their counsel.

4.  **Forensic Inspection of Cavanaugh Device and Data (Scope of Work):** The Neutral Forensic Expert shall inspect the Cavanaugh Device and Data and perform forensic analysis to (1) recover any and all data concerning Additional Text Messages, and (2) identify any evidence of the deletion, loss, or destruction of any text messages from January 1, 2013 through May 31, 2019 (inclusive). The Neutral Forensic Expert shall create full forensic images of the Cavanaugh Device and Data.

5.  **Report:** The Neutral Forensic Expert will provide the undersigned counsel for the Parties with a written report summarizing the results of its forensic analysis described in paragraph 4 above (the "Report"), which shall be designated as "Confidential—Attorneys' Eyes Only." Any Party wishing to change this designation shall comply with the procedure set forth in the Protective Order in the Action (ECF 77).

6.  **Production of Recovered Text Message Data:** If the Neutral Forensic Expert recovers data concerning any Additional Text Messages from the Cavanaugh Device and Data (the "Recovered Text Message Data"), as described in paragraph 4 above, such data will be identified in the Report by available metadata, including (as applicable) the file name; sender and recipient

---

[1] "Additional Text Messages" refer to text messages, including deleted text messages, recovered by the Neutral Forensic Expert (as defined in ¶ 1 herein) that were not previously identified and reviewed by Defendants on or before September 15, 2020.

information; date created, date last modified, date deleted, and date last accessed; folder path; file size; MD5 hash value; and from which of the Cavanaugh Device and Data the data was obtained. Any Recovered Text Message Data that concerns, in whole or in part (including partial text messages or metadata relating to text messages), a communication with any individual identified by name or initial in the State AG Complaint 2:19-cv-02407 (D. Conn.) (ECF 106) as a competitor with whom Ms. Cavanaugh communicated, will be provided by the Neutral Forensic Expert to Defendants and produced by Defendants to Plaintiffs immediately, and in any event no more than two business days after receipt by Defendants. The Parties will jointly provide to the Neutral Forensic Expert a list of these individuals and their phone numbers.[2]

For other Recovered Text Message Data, Defendants will review and promptly produce text messages to Plaintiffs consistent with the Court's guidance. In the event there is a dispute concerning the Recovered Text Message Data, any Party may direct the Neutral Forensic Expert to cause that contested data to be filed under seal with the Court for *in camera* review. In no event shall the Neutral Forensic Expert provide to Plaintiffs Recovered Text Message Data unless agreed upon by Defendants or directed by the Court.

7. **Return of Cavanaugh Device and Data:** After issuance of the Report, the Neutral Forensic Expert will return the original Cavanaugh Device and Data to Defendants. The Neutral Forensic Expert shall retain the full forensic images and analyses of the Cavanaugh Device and Data until directed otherwise by order of the Court or the Parties' written agreement, with the understanding that neither those images nor any data or information from or concerning those images or analyses will be provided to or shared with any person, including the Parties, except as provided in this Protocol, by order of the Court, or with the Parties' written agreement.

---

[2] For the avoidance of doubt, this list shall include Kevin Green, David Rekenthaler, Marc Falkin, Andrew Boyer, and others during the periods they were not employees of Teva.

8. **Communications with Neutral Forensic Expert:** The Parties agree that any communication with the Neutral Forensic Expert will include counsel for all Parties and that no Party shall communicate with the Neutral Forensic Expert on an *ex parte* basis, except as strictly necessary for Defendants to send and receive back the Cavanaugh Device and Data and the list described in paragraph 3, above.

9. **Costs Reserved:** The Parties will split the cost of the Neutral Forensic Expert's work as described herein, without prejudice to any Party's right to seek reimbursement of their portion of said costs in these proceedings or otherwise.

| | |
|---|---|
| PLAINTIFFS ONTARIO TEACHERS' PENSION PLAN BOARD, and ANCHORAGE POLICE & FIRE RETIREMENT SYSTEM | DEFENDANTS TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V. |

/s/ *Joseph A. Fonti*
Joseph Fonti (admitted *pro hac vice*)
Evan A. Kubota (admitted *pro hac vice*)
Benjamin F. Burry (admitted *pro hac vice*)
Thayne Stoddard (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
ekubota@bfalaw.com
bburry@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Lead Plaintiff Ontario Teachers' Pension Plan Board, and for Named Plaintiff Anchorage Police & Fire Retirement System, and Lead Counsel for the Class*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
**CARMODY TORRANCE SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com

*Local Counsel for Lead Plaintiff Ontario Teachers' Pension Plan Board, and for Named Plaintiff Anchorage Police & Fire Retirement System*

/s/ *Jordan D. Hershman*
Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street, Boston, MA 02110
Tel: (617) 951-8455
Fax: (617) 951-8736
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com

*Counsel for Defendants and Maureen Cavanaugh*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
Email: jotoole@goodwin.com

*Counsel for Defendants except Kare Schultz*