UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |

**ORDER**

This case is now nearing the close of document discovery, and depositions will soon begin. All fact discovery is scheduled to be completed by February 26, 2021. *See* Civil Case Mgmt. Order, Doc. No. 298, at 2 (¶ IV.1). On September 16, 2020, the United States made a motion to intervene. *See* Gov't Mot. to Intervene, Doc. No. 550; Gov't Reply, Doc. No. 570 (filed Oct. 14, 2020). The Defendants[1] apparently consent. *See* Gov't Mot. to Intervene, Doc. No. 550, at 1. Plaintiffs[2] oppose. *See* Pls.' Opp'n, Doc. No. 564; Aff. of J. Fonti, Doc. No. 565. For the following reasons, I **grant** the government's motion to intervene, doc. no. 550, for the limited purposes of seeking to stay certain depositions and requesting that it be served simultaneously with any future written discovery requests.

**I.     Standard of Review**

Where "a statute does not provide either an unconditional or a conditional right to intervene, an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (quoting *In re Bank of N.Y.*

---

[1] The Defendants are Teva Pharmaceutical Industries, Ltd.; Erez Vigodman; Eyal Desheh; Sigurdur Olafsson; Deborah Griffin; Kåre Schultz; Michael McClellan; Yitzhak Peterburg; and Teva Pharmaceutical Finance Netherlands III B.V.

[2] The Plaintiffs' opposition was filed by the Lead Plaintiff—Ontario Teachers' Pension Plan Board—and the Named Plaintiff—Anchorage Police & Fire Retirement System.

*Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003)) (cleaned up). Although a party may intervene as of right under Fed. R. Civ. P. 24(a)[3] or by permission under Fed. R. Civ. P. 24(b),[4] in general courts equate mandatory and permissive intervention and require that "[t]o be granted intervention as of right *or* by permission, an applicant must" satisfy the four requirements described above. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014); *see also R Best Produce*, 467 F.3d at 240 ("The court considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)."). Failure to satisfy any of those four requirements can be sufficient grounds to deny a motion to intervene. *See In re Bank of N.Y.*, 320 F.3d at 300.

## II. Background

This action is a putative class action against Teva Pharmaceutical Industries, Ltd. and several of its officers. The Plaintiffs allege, in part,[5] that the Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and Sections 11, 12(a)(2), and 15 of the

---

[3] Fed. R. Civ. P. 24(a) reads:
  **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
    **(1)** is given an unconditional right to intervene by a federal statute; or
    **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

[4] Fed. R. Civ. P. 24(b) reads:
  **(b) Permissive Intervention.**
    **(1)** *In General*. On timely motion, the court may permit anyone to intervene who:
      **(A)** is given a conditional right to intervene by a federal statute; or
      **(B)** has a claim or defense that shares with the main action a common question of law or fact.
    **(2)** *By a Government Officer or Agency*. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
      **(A)** a statute or executive order administered by the officer or agency; or
      **(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.
    **(3)** *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

[5] The Plaintiffs also allege several state law claims against various defendants, including breach of fiduciary duty, misrepresentation and non-disclosure, and breach of contract. *See* Second Am. Compl., Doc. No. 310, at ¶¶ 465–85.

Securities Act of 1933, 15 U.S.C. §§ 77k(a), 77l(a)(2), and 77o(a).  *See* Second Am. Compl., Doc. No. 310, at ¶¶ 380–86; 438–64.[6]  Put simply, the Plaintiffs allege that the Defendants violated the securities laws by artificially inflating Teva's stock price by falsely attributing Teva's strong financial results to fundamental business strategies rather than sharp increases in generic drug prices (the "Price-Hike theory").  *See id.* at ¶ 1.  In addition, the Plaintiffs allege that the Defendants colluded with other generic drug manufacturers to fix prices for some subset of generic drugs (the "Collusion theory").  *See id.* at ¶ 15.  I have previously held that the Plaintiffs have plausibly alleged securities law violations on both the Price-Hike theory and the Collusion theory.  *See Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*, 432 F. Supp. 3d 131, 158–67 (D. Conn. 2019).

### III.    Discussion

On September 16, the government made a motion to intervene.  *See* Gov't Mot. to Intervene, Doc. No. 550.  The government claims that it is entitled to intervene either as a matter of right or by permission because its "criminal investigation into and subsequent criminal proceedings regarding antitrust violations in the generic pharmaceutical industry present circumstances that warrant intervention."  Mem. of Law in Supp. Gov't Mot. to Intervene ("Gov't Mem. of Law"), Doc. No. 550-1, at 2.  The government is referring in particular to the Department of Justice Antitrust Division's "recently filed second superseding indictment against Teva Pharmaceuticals USA Inc. . . . on three counts of conspiring to fix prices, rig bids, and allocate customers for generic drugs."  *Id.* at 3; *see also* Second Superseding Indictment, Ex. 2 to

---

[6] For pre-trial purposes, numerous related direct actions have also been consolidated into this action.  *See* Consolidation Order, Doc. No. 341; *see also Boeing Co. Emp. Ret. Plans Master Trust v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-588 (transferred to me on May 4, 2020); *Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 20-cv-683 (transferred to me on May 19, 2020).

Aff. of J. Fonti, Doc. No. 565-2 (filed Aug. 25, 2020).[7] The government thus seeks to (1) "file a motion for a limited stay of certain depositions" and (2) "request that the Court require the parties to simultaneously serve any additional discovery on the United States to afford [] an opportunity to review and object to discovery that may compromise our criminal investigation and proceedings." Gov't Reply, Doc. No. 570, at 2. More specifically, the government notes that it might seek to stay depositions of individuals who are both "deponents in this case and the United States'[s] trial witnesses." *Id.* at 1.

The Plaintiffs oppose the government's motion and ask me to deny it outright or, at least, to "fashion narrow relief to address whatever fact-based specific concerns DOJ can articulate on a deposition-by-deposition basis." Pls.' Opp'n, Doc. No. 564, at 6. The Plaintiffs particularly oppose the government's apparent desire to "have *carte blanche* to interfere in Class members' long-awaited recovery." *Id.*

I have little trouble concluding that the government's motion to intervene should be **granted** for the limited purposes of seeking to stay certain depositions and requesting that it be served simultaneously with any future written discovery requests. Indeed, the government and the Plaintiffs both represent that they have already been engaging in "good faith discussions" regarding the contours of the government's potential intervention. *See* Pls.' Opp'n, Doc. No. 564, at 6; Gov't Reply, Doc. No. 570, at 4, 8.

    A. Timeliness

---

[7] The United States refers to Teva Pharmaceuticals USA Inc. ("Teva USA") as "one of the Defendants in this action." Gov't Mem. of Law, Doc. No. 550-1, at 3. But the Plaintiffs explain that Teva USA is "Teva's U.S. subsidiary" and is "a non-party here." Pls.' Opp'n, Doc. No. 564, at 9. Even if Teva USA is a non-party here, the fact that the government has indicted Teva's U.S. subsidiary may still justify some of the relief that the government seeks.

The timeliness of a motion to intervene "is not a subject that easily lends itself to a precise definition." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 182 (2d Cir. 2001). "Factors that inform the timeliness determination include: how long the motion to intervene was delayed, whether the existing parties were prejudiced by that delay, whether the movant will be prejudiced if the motion is denied, and unusual circumstances militating either for or against a finding of timeliness." *Id.*; *see also United States v. New York*, 820 F.2d 554, 557 (2d Cir. 1987) (articulating same factors).

Here, the government claims that its motion to intervene was timely because it was filed "only three weeks after the relevant indictment was returned, and before the parties in this matter have . . . noticed any depositions." Gov't Reply, Doc. No. 570, at 1. In contrast, the Plaintiffs argue that the government's motion to intervene was untimely because the government has been investigating the generic drug industry since 2014 and has had Teva in its sights since 2016 at the latest. *See* Pls.' Opp'n, Doc. No. 564, at 11. The Plaintiffs note, too, that allowing the government to intervene would "ha[ve] the potential to prejudice the Class and the public" because a stay "may frustrate and delay the prompt adjudication of this action." *Id.* at 12. The Plaintiffs claim that the government's "years-long delay is sufficient grounds to deny intervention." *Id.* at 11 (cleaned up).

The government's motion to intervene is not untimely. I agree with the government that the length of its pre-indictment investigation into the generic drug industry in general and Teva in particular does not necessarily mean its motion to intervene in this matter is untimely. *See* Gov't Reply, Doc. No. 570, at 3. The government represents that it will seek to stay certain depositions; those depositions have not yet taken place (or even been noticed). Thus, although it would have been conceivable for the government to make its motion to intervene earlier, I do not

5

consider the government's motion to be late—and certainly not so late that I would deny its motion to intervene on that basis alone.  *Cf. New York*, 820 F.2d at 557 ("[A] lapse of time is only one of several factors to be considered when deciding timeliness under Rule 24(a)(2), and it is incorrect to adopt a *per se* rule focused solely on that factor.").

I also agree with the government that the Plaintiffs conflate two issues:  (1) whether the timing of the government's motion *to intervene* will prejudice them and (2) whether the scope of any *proposed stay* will prejudice them.  *See* Gov't Reply, Doc. No. 570, at 4.  Again, in my understanding the Plaintiffs have not yet taken any depositions in this matter (and have not yet noticed them).  *See* Pls.' Opp'n, Doc. No. 564, at 9 ("Pending Defendants' completion of production of custodial files this fall, Plaintiffs will commence fact depositions.").  Thus, the government's primary purpose for intervening—to stay certain depositions—regards events still in the future.  The Plaintiffs have not suffered any prejudice based on the timing of the government's motion to intervene.

### B.  The Other Intervention Factors

In addition to making a timely motion, a proposed intervenor must show an interest in the action, demonstrate that that interest may be impaired by the disposition of the action, and show that the interest is not protected adequately by the parties to the action.  *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000).  "For an interest to be cognizable by Rule 24(a)(2), it must be 'direct, substantial, and legally protectable.'"  *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).  The government argues that it has such an interest:  "maintaining the integrity of the Antitrust Division's ongoing criminal investigation into the generic pharmaceutical industry and subsequent criminal proceedings currently pending

in the Eastern District of Pennsylvania." Gov't Mem. of Law, Doc. No. 550-1, at 3.  More specifically, the government claims that it has an interest in "the unhampered prosecution of individuals and companies who allegedly fixed prices for generic drugs that millions of Americans use every day."  Gov't Reply, Doc. No. 570, at 5.  If certain depositions in this matter proceed, the government warns, those depositions "could reveal information about the nature and extent of the cooperation that companies and individuals have provided to the investigation," which would "compromise the secrecy of grand jury proceedings and potentially reveal the United States'[s] trial witnesses, who may then be subject to intimidation or retaliation."  *Id.* at 5.  The government points out that it has successfully intervened in other similar litigation that, in its view, may have impacted its investigation into the generic pharmaceutical industry.  *See* Gov't Mem. of Law, Doc. No. 550-1, at 3 n.1; Gov't Reply, Doc. No. 570, at 2.[8]

The Plaintiffs counter that allowing their case to proceed unabated will not hamper any government interest because the Plaintiffs' Price Hike theory has nothing to do with collusion and merely regards "systematic price increases and concealed price erosion and pressure."  *See* Pls.' Opp'n, Doc. 564, at 14.[9]  The Plaintiffs also focus on the speculative nature of the government's request to limit depositions.  The Plaintiffs note that other courts in analogous circumstances have rejected the government's "similarly speculative and unsupported

---

[8] In *Roofer's Pension Fund v. Perrigo Co., plc, et al.*, No. 16-CV-02805 (D.N.J.), the parties agreed to postpone certain depositions and to serve the government with any future written discovery requests.  *See* Order, Doc. No. 220.  That order was agreed on October 16, 2019.  It lasted initially only for one month (until Nov. 15, 2019).  It has been extended several times since and is currently set to expire on October 30, 2020.  *See* Letter, Doc. No. 300 (requesting extension of stay); Order, Doc. No. 302 (granting government's "application to further extend the stay of seven depositions").
      In *In re Generics Pharms. Pricing Antitrust Litig.*, No. 16-md-2724 (E.D. Pa.), the parties agreed to postpone certain depositions and to serve the government simultaneously with any future written discovery requests.  *See* Joint Stipulation, Doc. No. 1493.  However, the United States intervened in *In re Generics* in early 2017.  *See* Mot. to Intervene, Doc. No. 107; Order, Doc. No. 108.

[9] The government counters by pointing out that the Plaintiffs are clearly pursuing both the Price-Hike theory and the Collusion theory.  *See* Gov't Reply, Doc. No. 570, at 6–7 (citing Second Am. Compl., Doc. No. 310, at ¶¶ 314–37); *see also* Pls.' Opp'n, Doc. No. 564, at 8 (acknowledging that they are pursuing both the Price Hike theory and the Collusion theory).  I agree with the government that the Plaintiffs' argument on this score is weak.

7

assertions." *Id.* at 14–15; Hr'g Tr. in *In re Petrobras Sec. Litig.*, No. 1:14-cv-9662-JSR (S.D.N.Y. Sept. 17, 2015), Ex. 1 to Aff. of J. Fonti, Doc. No. 565-1.

I agree with the government that—at a high level of generality—it has an interest in the integrity of its criminal investigation into the generic pharmaceutical industry (and related prosecutions) that may be implicated in this case. However, until the government makes a particular application to stay and provides me with more concrete details regarding why that stay is necessary, it is not clear whether the government is entitled to stay any particular deposition or written discovery. Thus, in my view, I need not yet evaluate in detail the specific contours of the government's interest and how that interest may be impaired by allowing depositions to proceed in this matter. Like Judge Rakoff in *In re Petrobras*, I view as separate the government's motion to intervene and the government's request on the merits. *See* Hr'g Tr. in *In re Petrobras Sec. Litig.*, No. 1:14-cv-9662-JSR (S.D.N.Y. Sept. 17, 2015), Ex. 1 to Aff. of J. Fonti, Doc. No. 565-1, at 2:11–13 ("The government has sought to intervene. I am allowing them to intervene solely for the purpose of making the application that they intend to make this afternoon.").

### IV.     Conclusion

For the reasons set forth above, I **grant** the motion by the United States to intervene, doc. no. 550, for the limited purposes of seeking to stay certain depositions and requesting that it be served simultaneously with any future written discovery requests.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of October 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge