## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONTARIO TEACHERS' PENSION PLAN BOARD, et al., <br><br>             Plaintiffs, <br>     v. <br><br> TEVA PHARMACEUTICAL INDUSTRIES LTD., et al., <br><br>             Defendants. | Civil Action No. 3:17-cv-00558-SRU <br><br> November 30, 2020 |

**MOTION TO INTERVENE BY TIAA-CREF INVESTMENT MANAGEMENT LLC, TEACHERS ADVISORS LLC, AND CERTAIN OF THEIR MANAGED FUNDS AND ACCOUNTS FOR THE LIMITED PURPOSE OF TOLLING THE STATUTE OF REPOSE**

# INTRODUCTION

Certain funds and accounts managed by TIAA-CREF Investment Management LLC ("TCIM") and Teachers Advisors LLC ("TAL") listed on the attached Exhibit A are members of the Class asserted in this case.  *See* ECF No. 419-1 at 2 (defining the asserted Class).  Such funds and accounts, together with TCIM and TAL as investment advisor on behalf of such funds, are hereinafter referred to as "TIAA."  TIAA hereby moves to intervene for the sole purpose of protecting certain of its individual claims, as alleged in the operative class action complaint, from expiration under the statute of repose.

In seeking intervention, TIAA is following guidance from the Supreme Court and Second Circuit that intervention is a proper method for a passive class member to provide defendants with notice of its individual claims and preserve the timeliness of those claims.  TIAA's motion is also squarely within this Court's prior order permitting another Class member, the California State Teachers' Retirement System ("CalSTRS"), to intervene for the same purpose and on the same terms.  *See* ECF No. 284.  In seeking intervention, TIAA does ***not*** seek appointment as a representative plaintiff or to otherwise interpose itself into the above captioned action (the "Class Action"), but rather seeks to ***preserve*** its status as a Class member with all attendant rights and protections, including protections against discovery.[1]

# BACKGROUND

In their Second Amended Consolidated Class Action Complaint (the "Complaint") (ECF No. 310), which is incorporated by reference herein, Plaintiffs Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System ("Plaintiffs") allege, among other things,

---

[1] TIAA does not believe that oral argument is necessary for this straightforward motion, and notes that the Court granted CalSTRS's similar motion to intervene without oral argument.  ECF No. 284.

that Teva Pharmaceutical Industries, Ltd. ("Teva") and a number of Teva's current and/or former officers and directors (collectively, "Defendants") violated 15 U.S.C. §78aa (the "Exchange Act") by (1) systematically and deliberately implementing price increases on dozens of generic drugs, which price increases Defendants then misrepresented, denied and concealed in their public statements to investors; and by (2) engaging in an industrywide conspiracy with Teva's "competitors" to fix generic drug prices and allocate markets, which Defendants concealed and then consistently and vigorously denied in their public statements to investors. The Complaint asserts that Defendants' wrongful conduct began on February 6, 2014 and continued for over five years, including Defendants' material misstatements on November 30 and December 3, 2015.[2] ¶¶107, 212-213. TIAA bought a large amount of Teva securities during the Class Period, including over two million ADSs during the two-month period immediately after November 30, 2015, and held Teva securities through the Class Period end.[3]

## ARGUMENT

A federal court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Here, as a member of the asserted Class, TIAA's claims necessarily share common questions of law and fact with those of the Class—indeed, TIAA's claims are identical to those of other Class members and arise out of the same underlying misrepresentations and omissions of material fact.

Under the applicable Exchange Act statute of repose, to be timely, a private right of action under Section 10(b) "may be brought not later than the earlier of . . . 2 years after the discovery of

---

[2] All "¶" references in this motion and memorandum of law are to the Complaint. Capitalized terms not defined herein have the same meanings given to them in the Complaint.

[3] TIAA is willing to provide Defendants with copies of TIAA's relevant transaction history in Teva securities and to submit them for *in camera* review upon request.

the facts constituting the violation" or "5 years after such violation." 28 U.S.C. § 1658(b). In other words, there is a two-year statute of limitations, and a five-year statute of repose. As the Supreme Court recently clarified, the commencement of a securities class action suspends the running of the statute of limitations governing prospective class members' individual securities claims under the *American Pipe* "tolling" rule, however, the *American Pipe* tolling rule does not apply to the statute of repose. *Cal. Pub. Emps.' Ret. Sys. v. ANZ Securities, Inc.*, __U.S.__, 137 S. Ct. 2042, 2052 (2017) (citing *American Pipe Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)).

To address this incongruity in the application of the *American Pipe* tolling rule, the Supreme Court and Second Circuit have each stated that an unnamed class member may file a timely motion to intervene in a class action to protect its individual claims from the expiration of a statute of repose, *i.e.*, in lieu of commencing a separate and duplicative individual action. *See ANZ Securities*, 137 S. Ct. at 2054 (recommending a "simple motion to intervene" to satisfy the statute of repose); *Police and Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 112 (2d Cir. 2013) ("The proposed intervenors, through minimal diligence, could have avoided the operation of the … statute of repose simply by making timely motions to intervene in the action …."); *see also Sjunde AP-Fonden v. Gen. Elec. Co.*, 417 F. Supp. 3d 379, 392 (S.D.N.Y. 2019) ("In sum, the statute of repose bars Plaintiffs' claims based on statements, omissions, or misrepresentations … which were not timely raised in an earlier complaint or motion to intervene."). Indeed, in *ANZ Securities*, the Supreme Court opined that the intervention process should not be "onerous" for unnamed class members and that district courts have the means to permit such "additional filings" to "proceed in an orderly fashion." *ANZ Securities*, 137 S. Ct. at 2054.

Consistent with this controlling Supreme Court and Second Circuit precedent, this Court previously granted CalSTRS's motion to intervene in this action for the limited purpose of tolling

3

CalSTRS's individual claims under a then-impending statute of repose. ECF Nos. 281, 284. TIAA's motion to intervene is essentially identical to the CalSTRS's motion that the Court granted.

In particular, TIAA is seeking to intervene to preserve the timeliness of its individual securities fraud claims based on statements that Defendants made on and after November 30, 2015. The first Exchange Act violations alleged in the Complaint that are within the five-year statute of repose as of the date of this motion—*i.e.*, that remain timely if TIAA were to file an individual action at this time—occurred on November 30, 2015 and December 3, 2015. On November 30, 2015, Teva filed with the SEC a Registration Statement and two preliminary prospectus supplements in connection with the Company's Secondary ADS and Preferred Share Offerings. ¶¶107, 212. On December 3, 2015, Teva filed with the SEC the final ADS Prospectus and final Preferred Prospectus. *Id.* The ADS/Preferred Registration Statement, final ADS Prospectus, and final Preferred Prospectus each incorporated by reference Teva's 2014 20-F, filed on February 5, 2015, Q1 2015 6-K, filed on April 30, 2015, Q2 2015 6-K, filed on July 30, 2015, and Q3 2015 6-K, filed on October 29, 2015. ¶¶197, 201, 204, 206, 213. As alleged in the Complaint, the incorporated SEC filings reported increased profits compared to prior reporting periods and misleadingly attributed the increases to sources other than price increases, such as lower expenses and product launches. In particular, the incorporated SEC filings concealed the full truth about Teva's "Price-Hike" strategy whereby Teva made dozens of systemic price hikes across the Company's generic drug portfolio that contributed materially to Teva's financial performance, including hundreds of millions of dollars in collusive revenues and inflated profits. ¶¶199, 202, 205, 207, 213.

TIAA purchased or acquired over 15 million Teva ADSs and nearly $100 million in face value of Teva Notes from November 30, 2015 through the end of the Class Period (May 10, 2019)

at fraud-inflated prices—including nearly 2 million ADSs purchased during the approximately two-month period immediately after the November 30 and December 3, 2015 violations—and suffered substantial damages on such investments. As noted, TIAA's claims against Defendants share common questions of law and fact with the Plaintiffs' claims in the Complaint and, therefore, intervention is appropriate. Fed. R. Civ. P. 24. Allowing TIAA to intervene for the extremely limited purpose of satisfying an approaching statute of repose will not prejudice any of the parties and will not cause any delay as TIAA is already a passive Class member. There will be no additional discovery because TIAA is not seeking to become a lead plaintiff or other representative party, is not seeking to disrupt or interfere with the Class Action in any way, and expressly seeks to retain the protections against discovery that apply to passive class members. *See In re Publ'n Paper Antitrust Litig.*, 2005 WL 1629633, at *1 (D. Conn. July 5, 2005) (denying discovery of class member). Indeed, TIAA merely seeks to preserve its right to act independently, while causing no disruption to the Class Action and no imposition of additional burdens on the Court or the parties.

The motion is also timely, as it is being filed before the five-year statute of repose runs for the November 30, 2015 and December 3, 2015 violations, as well as numerous additional Exchange Act violations later in the Class Period that preceded TIAA's purchases of Teva securities and remain timely under the statute of repose and the statute of limitations as of the date of this motion. Indeed, because virtually all of the purchases underlying TIAA's damages from Defendants' fraud were not made until years into the Class Period, this motion, if granted, will preserve all of these individual claims for damages from the statute of repose.

In sum, the sole purpose for this motion is to allow TIAA, a large institutional investor dedicated to helping its customers achieve their financial goals, to avoid the risk of a time-bar against its individual claims and to preserve meaningful opt-out rights.[4]

## CONCLUSION

Accordingly, TIAA respectfully requests that the Court grant this motion to allow it to intervene for the limited purpose of preserving its claims against the expiration of approaching statutes of repose, and also confirm that TIAA will nevertheless remain a passive member of the Class with all the associated rights and protections.

Dated: November 30, 2020

Respectfully Submitted,

**SAXENA WHITE P.A.**

*/s/ David R. Kaplan*

David R. Kaplan (*admitted pro hac vice*)
Brandon Marsh (*pro hac vice* forthcoming)
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
Telephone: (858) 997-0860
Facsimile: (858) 369-0096
dkaplan@saxenawhite.com
bmarsh@saxenawhite.com

Maya Saxena (*admitted pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com

---

[4] TIAA's alternative options to achieving these objectives would be to either (1) file its own separate action against the Teva defendants to toll the statute of repose, which would be contrary to judicial efficiency and require the unnecessary expenditure of resources by the parties; or (2) obtain a tolling agreement from the defendants—but Teva has foreclosed this option by refusing TIAA's request for a tolling agreement.

Jonathan P. Whitcomb
DISERIO MARTIN O'CONNOR
& CASTIGLIONI LLP
One Atlantic Street
Stamford, CT 06901
Telephone: (203) 358-0800
Facsimile: (203) 348-2321
jwhitcomb@dmoc.com

*Counsel for Proposed Intervenor-Plaintiffs TIAA-CREF Investment Management LLC, Teachers Advisors LLC, And Certain Of Their Managed Funds And Accounts*

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on November 30, 2020, a copy of the foregoing was electronically filed. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system.

**SAXENA WHITE P.A.**

*/s/ David R. Kaplan*
David R. Kaplan

# EXHIBIT A

1. CREF Stock Account
2. TIAA-CREF International Equity Index Fund
3. TIAA-CREF Growth & Income Fund
4. CREF Global Equities Account
5. TIAA-CREF Mid-Cap Value Fund
6. CREF Growth Account
7. TIAA-CREF International Opportunities Fund
8. TIAA-CREF Large-Cap Growth Fund
9. TIAA - CREF Quant International Equity Fund
10. PAGI Total Portfolio
11. TCAM MC Value Separate Account
12. PAGE Total Portfolio
13. Teachers Insurance and Annuity Association of America (General Account)
14. CREF Bond Market Account
15. TIAA-CREF Core Bond Fund
16. TIAA-CREF Core Plus Bond Fund
17. TIAA-CREF Bond Index Fund
18. TIAA Global Public Investments LLC
19. TIAA-CREF Emerging Markets Debt Fund
20. TIAA-CREF Life Insurance Company
21. TIAA Stable Value Account
22. TIAA-CREF Short-Term Bond Fund
23. TIAA-CREF International Bond Fund
24. TIAA-CREF Life Core Bond Fund