UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-00558 (SRU) |
| THIS DOCUMENT RELATES TO: | No. 3:17-cv-00558 (SRU) |
| | March 1, 2021 |

**DEFENDANTS' MOTION TO SEAL**

Pursuant to Local Rule 5(e), Defendants Teva Pharmaceutical Industries Ltd., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, Yitzhak Peterburg, and Teva Pharmaceutical Finance Netherlands III B.V. ("Defendants"), respectfully move for leave to file under seal portions of Defendants' Notice Regarding Case Management Status ("Notice"), and certain exhibits attached thereto. As provided under Local Rule 5(e)(4)(a), Defendants (1) have filed this motion to seal as a public motion, (2) will file a redacted version of each document sought to be sealed as public documents, and (3) will file unredacted copies of each document sought to be sealed as sealed documents.

In particular, Defendants request permission to seal Exhibits D, E, F, G, H, I, and J, and the portions of the Notice citing, referring, and including information from such exhibits. First, Defendants seek to seal Exhibits D, E, and F, which are letters submitted by Plaintiffs' counsel to Defendants' counsel, which were designated as "Confidential" under the Standing Protective Order (ECF 77). Defendants also seek to seal portions of their Notice that refer to, cite to, and include information from Exhibits D, E, and F. Defendants do not agree that good cause exists to seal these letters, and those portions of the Notice referring thereto. Defendants nonetheless have submitted this motion to seal in accordance with Paragraph 14 of the Standing Protective Order and to afford Plaintiffs, as designating parties of Designated Material under the Standing Protective

Order, an opportunity to identify which information they wish to be kept under seal and to make a particularized showing of good cause as to why that information should be kept under seal.

Second, for similar reasons, Defendants request permission to file under seal Exhibits H and I. These documents were produced by Defendants. Defendants designated Exhibit H as "Confidential-Attorney's Eyes Only" and designated Exhibit I as "Confidential." Exhibits D, E, and F refer to and incorporate information in Exhibits H and I. Thus, in accordance with Paragraph 14 of the Standing Protective Order, Defendants seek to seal Exhibits H and I until such time as Plaintiffs have had an opportunity to identify which information they wish to be kept under seal and to make a particularized showing of good cause as to why that information should be kept under seal.

Third, Defendants request permission to file under seal Exhibit G, which was designated by Plaintiffs as "Confidential." As to Exhibit G, Defendants take no position concerning whether good cause exists to seal it. Rather, Defendants have submitted this motion to seal to afford Plaintiffs, as designating parties of Designated Material under the Standing Protective Order, an opportunity to identify which information from Exhibit G they wish to be kept under seal and to make a particularized showing of good cause as to why that information should be kept under seal.

Finally, Defendants request permission to file under seal Exhibit J, which has been jointly designated by the parties as "Confidential-Attorney's Eyes Only." Exhibit J is a draft report of the neutral expert, Stroz Friedberg, which was jointly retained by the parties to conduct a forensic analysis and recovery of mobile devices used by former Teva employee, Maureen Cavanaugh. In connection with that examination, the parties stipulated to the Agreed Protocol for Forensic Inspection (ECF 574) (the "Agreed Protocol"). In the Agreed Protocol, the parties agreed that such report of the neutral expert would be designated as "Confidential–Attorneys' Eyes Only."

(*Id.* ¶ 5.)  Defendants submit that the report, which is Exhibit J to the Notice, should be filed under seal because it has not been finalized, and because it contains personal identifying information.

WHEREFORE, Defendants respectfully request to file under seal portions of the Notice, and certain exhibits attached thereto (Exhibits D, E, F, G, H, and I), until such time as the Designating Parties are afforded an opportunity to establish good cause for the information to remain under seal, and to file under seal Exhibit J and portions of the Notice citing thereto, together with such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        DEFENDANTS TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.

        */s/ Sheron Korpus*
Sheron Korpus (admitted *pro hac vice*)
Andrew Schwartz (admitted *pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1969
Fax: (212) 500-3469
skorpus@kasowitz.com
aschwartz@kasowitz.com

Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
Andrew M. Buttaro (ct30882)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
Fax: (617) 341-7701
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com
andrew.buttaro@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919
Tel.: (860) 251-5000
Fax: (860) 251-5218
jotoole@goodwin.com

*Counsel for Defendants except Kåre Schultz*
