UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |

**CONFERENCE MEMORANDUM AND ORDER**

On March 3, 2021, I held a telephonic status conference on the record with Joseph A. Fonti, J. Christopher Rooney, Marc J. Kurzman, and Evan A. Kubota, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Emily E. Renshaw, Sheron Korpus, Andrew Schwartz, and Sarah A. Westby,[1] attorneys for the defendants, Teva Pharmaceutical Industries, Ltd.; Erez Vigodman; Eyal Desheh; Sigurdur Olafsson; Deborah Griffin; Kåre Schultz; Michael McClellan; Yitzhak Peterburg; and Teva Pharmaceutical Finance Netherlands III B.V.  Matthew L. Mustokoff, Liaison Counsel for the Direct Action Plaintiffs,[2] was also present.  David Kaplan, counsel for Intervenor-Plaintiffs California State Teachers' Retirement System, State of Wisconsin Investment Board, and TIAA-CREF Investment Mgmt. LLC, also joined the call.  Further, Veronica N. Onyema, counsel for Intervenor the United States of America, was present. Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case—were also on the call.  Those counsel were:

| Case | Counsel |
|---|---|
| *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 | Jonathan D. Uslaner |

---

[1]   Ms. Westby has not yet entered a notice of appearance for the Defendants.
[2]   *See* Order, Doc. No. 352, at ¶ 17.

| | |
|---|---|
| *Nordea Inv. Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681<br><br>*Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721<br><br>*Franklin Mut. Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630 | Matthew L. Mustokoff (also Liaison Counsel)<br><br>Joshua A. Materese<br><br>Henry Longley[3] |
| *Pacific Funds Series Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Carol V. Gilden<br><br>Jeffrey P. Nichols |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Christopher Chad Johnson<br><br>William H. Narwold<br><br>Luke Orion Brooks |
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513 | Michael J. Wernke |

---

[3]     Mr. Longley has not yet filed a notice of appearance.

| | |
|---|---|
| *Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655<br><br>*Migdal Mut. Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mut. Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603<br><br>*BH Invs. Funds, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1635 | Jennifer Randolph |
| *Boeing Co. Emp. Ret. Plans Master Tr. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-683 | Corban S. Rhodes[4]<br><br>Jeffrey P. Nichols |

I scheduled this call as part of our series of regularly scheduled status conferences to address discovery and other issues. *See* Conf. Mem. and Order, Doc. No. 299, at 2. Pursuant to my order, the parties submitted simultaneous pre-conference briefing. *See* Order, Doc. No. 701; Pls.' Submissions, Doc. Nos. 718 (partially sealed) and 723; Defs.' Submissions, Doc. Nos. 719 (sealed) and 720.

The main topic of discussion was the Defendants' request that I delay ruling on the Plaintiffs' pending motion for class certification, doc. no. 419, to allow the parties to engage in

---

[4] Mr. Rhodes has not yet entered a notice of appearance.

3

further written discovery and supplemental briefing regarding the Plaintiffs' securities trading activity. *See* Defs.' Submission, Doc. No. 720, at 1–13; *cf.* Modified Case Management Order, Doc. No. 677, at 1 (ordering that written discovery would close on Feb. 26, 2021). For several reasons, I denied the Defendants' request. To supplement my statements on the record, I will soon enter a short order further explaining my reasoning.

The other substantial issue regarded the Plaintiffs' motion to compel production of numerous text messages of six Teva custodians.[5] *See* Pls.' Submission, Doc. No. 723, at 4–5, 16–19 (Appendix C); Mot. to Compel, Doc. No. 554. In October 2020, I ordered that a forensic examination of Maureen Cavanaugh's relevant electronic devices and data was appropriate. *See* Conf. Mem. and Order, Doc. No. 569, at 3–4. That forensic examination has now taken place, and only one potentially relevant text message has been identified. *See* Draft Report, Ex. J to Defs.' Submission, Doc. No. 719-7. The Plaintiffs thus claim that the whereabouts and/or existence of many of Cavanaugh's (and the other five custodians') potentially relevant text messages remains a mystery. *See* Pls.' Submission, Doc. No. 723, at 16–19 (Appendix C). The parties described a stalemate in which the forensic examiner's report has not been finalized because the parties cannot agree what (if any) follow up questions are appropriate to ask the forensic examiner.

I expressed my opinion that the forensic examiner's report should be finalized. However, I also indicated that it will be important to understand what efforts Teva made to preserve the relevant electronic information on the various electronic devices at issue. The parties agreed to meet and confer regarding that issue, and so I deferred ruling on the Plaintiffs' still-pending motion to compel.

---

[5] Those custodians are: (1) Maureen Cavanaugh, (2) Christine Baeder, (3) Teri Coward, (4) Kevin Galownia, (5) Nisha Patel, and (6) David Rekenthaler.

I also addressed two miscellaneous issues. First, I expressed my opinion that a seven-hour limit for Rule 30(b)(6) depositions might be too restrictive. Second, the Direct Action Plaintiffs believe that my Modified Case Management Order erroneously set a deadline for damages analyses separate from the relevant deadlines for expert discovery. *See* Modified Case Management Order, Doc. No. 677, at 1–2. The Defendants agreed. Thus, the Modified Civil Case Management Order is again modified as follows: Damages Analyses are no longer due by May 7, 2021.

The parties flagged several other issues, but none of them required my immediate attention because the parties have not yet adequately met and conferred.

Finally, I set the date and time for our next regularly scheduled telephonic status conference: Wednesday, March 31, 2021 at 10 a.m.

So ordered.

Dated at Bridgeport, Connecticut, this 3d day of March 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge