UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |

# CONFERENCE MEMORANDUM AND ORDER

On March 31, 2021, I held a telephonic status conference on the record with Joseph A. Fonti, J. Christopher Rooney, Susan R. Podolsky, and Evan A. Kubota, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Emily E. Renshaw, Sheron Korpus, Andrew Schwartz, Jason D. Frank, and Jill M. O'Toole, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd.; Erez Vigodman; Eyal Desheh; Sigurdur Olafsson; Deborah Griffin; Kåre Schultz; Michael McClellan; Yitzhak Peterburg; and Teva Pharmaceutical Finance Netherlands III B.V.[1] Matthew L. Mustokoff, Liaison Counsel for the Direct Action Plaintiffs,[2] was also present. Veronica N. Onyema, counsel for Intervenor the United States of America, also joined the call. Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case for pre-trial purposes—were also on the call. Those counsel were:

| Case | Counsel |
|---|---|
| *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 | Jonathan D. Uslaner |
| *Nordea Inv. Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681 | Matthew L. Mustokoff (also Liaison Counsel) |

---

[1] Ms. O'Toole is not counsel for Kåre Schultz.
[2] *See* Order, Doc. No. 352, at ¶ 17.

| | |
|---|---|
| *Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721<br><br>*Franklin Mut. Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630 | |
| *Pacific Funds Series Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Carol V. Gilden |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Christopher Chad Johnson<br><br>William H. Narwold |
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513<br><br>*Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655 | Michael J. Wernke |

| | |
|---|---|
| *Migdal Mut. Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mut. Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603<br><br>*BH Invs. Funds, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1635 | Marc Kramer[3]<br><br>Richard Bodnar[4] |
| *Boeing Co. Emp. Ret. Plans Master Tr. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-683 | Thomas Hoffman[5] |

I scheduled this call as part of our series of regularly scheduled status conferences to address discovery and other issues. *See* Conf. Mem. and Order, Doc. No. 299, at 2. Pursuant to my order, the parties submitted simultaneous pre-conference briefing. *See* Order, Doc. No. 726; Pls.' Submissions, Doc. Nos. 745 and 746 (sealed); Defs.' Submission, Doc. No. 744.

The first topic of discussion regarded the missing text messages of six Teva custodians.[6] The Plaintiffs have been seeking those text messages since at least September 2020. *See* Mot. to Compel, Doc. No. 554. After discussion, I ordered the Defendants to produce a detailed affidavit setting forth Teva's preservation efforts with respect to the missing text messages from January

---

[3]   Mr. Kramer has not yet entered a notice of appearance.
[4]   Mr. Bodnar has not yet entered a notice of appearance.
[5]   Mr. Hoffman has not yet entered a notice of appearance.
[6]   Those custodians are: (1) Maureen Cavanaugh, (2) Christine Baeder, (3) Teri Coward, (4) Kevin Galownia, (5) Nisha Patel, and (6) David Rekenthaler.

1, 2013 until the present.  That affidavit is due by April 15, 2021, which is apparently five days before the Plaintiffs will take a Rule 30(b)(6) deposition of a Teva representative, who will testify about those preservation efforts.  The Defendants reserved their objection that they were under no obligation to preserve the relevant text messages until 2016.  As a result of my orders, the Plaintiffs agreed that they would sideline their request to depose Teva's in-house counsel, Galia Porat.

      Second, we discussed the Defendants' numerous recent deposition notices and document requests.  We agreed that the most expeditious path forward was for the Defendants to first take Rule 30(b)(6) depositions of representatives from the lead and named plaintiffs.  The topics of those depositions may include ownership of the Teva securities at issue in this case and the lead and named plaintiffs' profits and losses as a result of that ownership.  Based on my order, the Defendants agreed to put on hold their requests to depose two particular employees of the Plaintiffs.

      The Defendants claimed that they should also be allowed to ask those Rule 30(b)(6) witnesses about the Plaintiffs' investment decisions and strategy.  I indicated that I did not believe that topic was relevant to class-wide issues.  However, I allowed the parties to brief the issue of whether discovery regarding a class representative's particular investment decisions and strategy can be used to undercut the fraud on the market presumption in a securities class action like this one.  The Defendants may file a motion regarding that issue by **April 14**, and the Plaintiffs may file an opposition by **April 28**.  In the meantime, the Plaintiffs confirmed that the class representatives will continue to preserve all relevant evidence relating to their investment decisions.  Until this issue is resolved, the Defendants agreed to put on hold their deposition notices and requests for production sent to numerous third-party external investment managers.

The Plaintiffs also agreed to put on hold their requests to depose Jeremy Levin and Phillip Frost.

Third, we discussed the Plaintiffs' requests to take the depositions of Sharon Dror and Tomer Amitai. I ordered that the Plaintiffs may take those two depositions because the Plaintiffs have made a particular showing regarding why they require those witnesses' testimony.

Fourth, we discussed the Defendants' production of documents regarding their potential advice-of-counsel defense. The Defendants indicated that they would be providing a supplemental response to a relevant interrogatory by April 9 and that their response would clarify the situation. I indicated my view that discovery regarding the Defendants' defenses are important and should be made in a timely manner.

Finally, we discussed whether the Plaintiffs might obtain from the Defendants certain interview memoranda that the DOJ has compiled in its parallel criminal investigation and produced to Teva. The parties and the DOJ indicated that they would meet and confer regarding the subject and report back by our next status conference, which will take place on **Wednesday, April 14 at 1:00 p.m.**

So ordered.

Dated at Bridgeport, Connecticut, this 5th day of April 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge