UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-00558 (SRU) |
| THIS DOCUMENT RELATES TO: | No. 3:17-cv-1314 (SRU)<br>No. 3:18-cv-1681 (SRU)<br>No. 3:18-cv-1721 (SRU)<br>No. 3:18-cv-1956 (SRU)<br>No. 3:19-cv-175 (SRU)<br>No. 3:19-cv-192 (SRU)<br>No. 3:19-cv-449 (SRU)<br>No. 3:19-cv-513 (SRU)<br>No. 3:19-cv-543 (SRU)<br>No. 3:19-cv-603 (SRU)<br>No. 3:19-cv-655 (SRU)<br>No. 3:19-cv-656 (SRU)<br>No. 3:19-cv-657 (SRU)<br>No. 3:19-cv-923 (SRU)<br>No. 3:19-cv-1167 (SRU)<br>No. 3:19-cv-1173 (SRU)<br>No. 3:20-cv-83 (SRU)<br>No. 3:20-cv-588 (SRU)<br>No. 3:20-cv-683 (SRU)<br>No. 3:20-cv-1630 (SRU)<br>No. 3:20-cv-1635 (SRU)<br><br>May 17, 2021 |

**DEFENDANTS' MOTION TO EXCEED PAGE LIMITS**

In accordance with Local Rule 7(a)(5), defendants in the 21 Direct Actions[1] ("Moving Defendants") hereby move for permission to exceed the 40-page limit for Defendants' motion to

---

[1] The term "Direct Actions" refers to the 21 individual actions that were consolidated with 3:17-cv-00558 pursuant to this Court's Order Regarding Pre-Trial Consolidation of Related Actions, entered April 28, 2020 (ECF 352), and as further memorialized in this Court's Order, entered January 22, 2021 (ECF 689). These actions are: (1) *OZ ELS Master Fund, et al. v. Teva Pharm. Indus., et al.*, No. 3:17-cv-1314; (2) *Nordea Investment Mgmt. v. Teva Pharm. Indus., et al.*, No. 3:18-cv-1681; (3) *Revenue, et al. v. Teva Pharm. Indus. et al.*, No. 3:18-cv-1721; (4) *Pacific Funds Series Tr., et al. v. Teva Pharm. Indus., et al.*, No. 3:18-cv-1956; (5) *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., et al.*, No. 3:19-cv-175; (6) *Schwab Capital Tr., et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-192; (7) *Phoenix Ins. Co., et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-449; (8) *Mivtachim The Workers Social Ins. Fund, et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-513; (9) *Clal Ins. Co., et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-543; (10) *Highfields Capital I LP, et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-603; (11) *Migdal Ins. Co., et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-655; (12) *Harel Pension and Provident, et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-656; (13) *Oregon v. Teva Pharm. Indus., et al.*, No. 3:19-cv-657; (14) *Migdal Mut. Funds, v. Teva Pharm. Indus., et al.*, No. 3:19-cv-923; (15) *Psagot Mut. Funds, et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-1167; (16) *Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., et al.*, No. 3:19-cv-1173; (17) *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., et al.*, No. 3:20-cv-83; (18) *Boeing Co. Emp.*

dismiss the complaints filed in the Direct Actions.  In support hereof, the Moving Defendants state as follows:

1.      Plaintiffs in the Direct Actions each filed complaints against the Moving Defendants, alleging various claims under federal, state, and foreign laws, including claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, Sections 10(b), 18, and 20(a) of the Securities Exchange Act of 1934, Sections 1-402 and 1-501 of the Pennsylvania Securities Act of 1972, common law, and Israeli Securities Laws.  The plaintiffs in the Direct Actions allege claims against the Moving Defendants over a period spanning over five years, from October 2013 through May 2019.

2.      On January 22, 2021, the Court ruled on the Moving Defendants' motions to dismiss with respect to the statute of repose and Israeli law claims. *See* ECF 689.  Within that Order, the Court reiterated that the Moving Defendants could file motions to dismiss on all other grounds by May 24, 2021. *Id.* at 57.

3.      Consistent with the Moving Defendants' prior motions to dismiss in the Direct Actions, in an effort to streamline the briefing, instead of filing 21 individual motions to dismiss, all Moving Defendants plan to file omnibus briefs for all Direct Actions, separated by topic – all of which were not previously ruled on by the Court in the class action (*see* ECF 283) – including claims generally related to: (i) new allegations and defendants;[2] (ii) state and common law claims

---

*Ret. Plans Master Tr. v. Teva Pharm. Indus., et al.*, No. 3:20-cv-588; (19) *Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., et al.*, No. 3:20-cv-683; (20) *Franklin Mut. Series Funds, et al. v. Teva Pharm. Indus., et al.*, No. 3:20-cv-1630; (21) *BH Invs. Funds, et al. v. Teva Pharm. Indus.*, et al., No. 3:20-cv-1635.

[2]     For example, among other things, this omnibus brief will address allegations against defendants Yaacov Altman, Dipankar Bhattacharjee, Michael McClellan, Yitzhak Peterburg, and Kåre Schultz, which were not previously addressed in the Court's prior order, and new allegedly false and misleading statements related to such matters as Teva's sale and promotion of opioids and Copaxone.

under Securities Litigation Uniform Standards Act ("SLUSA"); and (iii) pleading deficiencies specific to the Direct Action complaints.[3]

4.     Although there is a significant amount of overlap among the Direct Action complaints, they are not identical, and the additional pages will allow Defendants to explain and cover every complaint collectively in omnibus briefs.  As such, while the Local Rules permit each of the Moving Defendants to file up to 40 pages of briefing to support their motions to dismiss in each of the 21 Direct Actions, the Moving Defendants believe that, by coordinating their submissions in this manner, their presentation of the issues will be less repetitive and more useful to the Court in adjudicating their motions to dismiss.

5.     For all of the foregoing reasons, the Moving Defendants request permission to submit three omnibus memoranda of law in support of their motions to dismiss, *collectively totaling* not more than 90 pages in length.

6.     Plaintiffs in the Direct Actions advised that they consent to the Moving Defendants filing three briefs collectively totaling not more than 90 pages in length.

7.     As required by Local Rule 7(a)(5), this request is being made at least 7 days before the Moving Defendants' filing deadline.

WHEREFORE, the Moving Defendants respectfully request that this Court grant this Motion and permit them to file three omnibus memoranda of law in support of their motions to dismiss, collectively totaling not more than 90 pages in length.

---

[3]     For example, among other things, this omnibus brief will address pleading deficiencies under Section 18 and Section 12(a)(2).

Respectfully submitted,

DEFENDANTS TEVA PHARMACEUTICAL INDUSTRIES LTD.; EREZ VIGODMAN; EYAL DESHEH; SIGURDUR OLAFSSON; DEBORAH GRIFFIN; KÅRE SCHULTZ; MICHAEL MCCLELLAN; YITZHAK PETERBURG; and TEVA PHARMACEUTICAL FINANCE NETHERLANDS III B.V.

*/s/ Sheron Korpus*
Sheron Korpus (admitted *pro hac vice*)
Andrew Schwartz (admitted *pro hac vice*)
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel.: (212) 506-1969
Fax: (212) 500-3469
skorpus@kasowitz.com
aschwartz@kasowitz.com

Jordan D. Hershman (admitted *pro hac vice*)
Jason D. Frank (admitted *pro hac vice*)
Emily E. Renshaw (admitted *pro hac vice*)
Andrew M. Buttaro (ct30882)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
Fax: (617) 341-7701
jordan.hershman@morganlewis.com
jason.frank@morganlewis.com
emily.renshaw@morganlewis.com
andrew.buttaro@morganlewis.com

*Counsel for Defendants*

– and –

Jill M. O'Toole (ct27116)
**SHIPMAN & GOODWIN LLP**
One Constitution Plaza
Hartford, Connecticut 06103-1919

Tel.: (860) 251-5000
Fax: (860) 251-5218
jotoole@goodwin.com

*Counsel for Defendants except Kåre Schultz*