UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU)

**CONFERENCE MEMORANDUM AND ORDER**

On May 25, 2021, I held a telephonic status conference on the record with Joseph A. Fonti, J. Christopher Rooney, Susan R. Podolsky, and Evan A. Kubota, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Emily E. Renshaw, Sheron Korpus, Andrew Schwartz, Sarah Leivick, Cindy Kelly, Jason Frank, and Jill M. O'Toole, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, Yitzhak Peterburg, and Teva Pharmaceutical Finance Netherlands III B.V.[1]  Matthew L. Mustokoff appeared as Liaison Counsel for the Direct Action Plaintiffs.  Veronica N. Onyema and Catherine Montezuma, counsel for Intervenor the United States of America, also joined the call.  David Kaplan, counsel for Intervenor-Plaintiffs California State Teachers' Retirement System, State of Wisconsin Investment Board, and TIAA-CREF Investment Management LLC, was also present.  Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case for pre-trial purposes—were also on the call.  Those counsel were:

---

[1]  Ms. O'Toole is not counsel for Kåre Schultz.

| Case | Counsel |
|---|---|
| *Nordea Inv. Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681<br><br>*Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721<br><br>*Franklin Mut. Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630 | Matthew L. Mustokoff (also Liaison Counsel) |
| *Pacific Funds Series Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Jan Messerschmidt<br><br>David A. Slossberg<br><br>Jeffrey P. Nichols |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Angel P. Lau<br><br>William H. Narwold |
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513 | Michael J. Wernke |

| | |
|---|---|
| *Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655<br><br>*Migdal Mut. Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mut. Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603<br><br>*BH Invs. Funds, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1635 | Jennifer A. Randolph |
| *Boeing Co. Emp. Ret. Plans Master Tr. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-683 | Jeffrey R. McEachern[2]<br><br>David A. Slossberg<br><br>Jeffrey P. Nichols |

I scheduled this call as part of our series of regularly scheduled status conferences to address discovery and other issues. *See* Conf. Mem. and Order, Doc. No. 299, at 2. Pursuant to my order, the parties submitted simultaneous pre-conference briefing. *See* Order, Doc. No. 772; Pls.' Submissions, Doc. Nos. 778 and 782 (sealed); Defs.' Submission, Doc. No. 780.

First, we discussed the Defendants' motion to compel discovery from the Class Representatives (the named and lead plaintiffs) regarding the Class Representatives' individual investment decisions with respect to Teva securities. *See* Mot. to Compel, Doc. No. 758. That

---

[2]   Mr. McEachern has not yet filed a notice of appearance.

3

motion was fully briefed and ripe for decision.  *See* Defs.' Mem. of Law in Supp. Mot. to Compel, Doc. No. 758-1; Class Representatives' Opp'n, Doc. Nos. 766 and 767 (sealed); Defs.' Reply, Doc. No. 774.  I **denied without prejudice** the Defendants' motion to compel.

In this action, both discovery and trial shall be bifurcated into two phases.  The first phase will regard class-wide issues (*i.e.*, liability), and the second phase will regard individual issues.  Because the discovery the Defendants request regards only individual issues, now is not the appropriate time for the Defendants to seek it.  As I explained on the record, I disagree with the Defendants' contentions that individual discovery—even of a Class Representative—is relevant to the class-wide issue of materiality[3] or to a class-wide rebuttal of reliance.[4]

Nevertheless, pursuant to the parties' agreement, the Defendants may still depose Rule 30(b)(6) witnesses from the two Class Representatives regarding "ownership of the Teva securities at issue in this case" and "profits and losses as a result of that ownership."  Conf. Mem. and Order, Doc. No. 751, at 4.  To the extent that there is any confusion regarding the scope of those depositions,[5] I clarify that the Class Representatives need testify about only the Teva securities at issue in this complaint:  Teva ADS, Preferred Shares, and Notes, as defined in both my recent class certification ruling and in the Plaintiffs' second amended complaint.  *See In re Teva Sec. Litig.*, 2021 WL 872156, at *1 (D. Conn. Mar. 9, 2021); Second Am. Compl., Doc. No. 310, at 6–9 (glossary).

---

[3] Materiality is an *objective* standard.  *See TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 445 (1976) ("The question of materiality, it is universally agreed, is an objective one, involving the significance of an omitted or misrepresented fact to a reasonable investor."); *see also Fed. Housing Fin. Agency v. Nomura Holding Am., Inc.*, 2015 WL 640900, at *6 (S.D.N.Y. Feb. 16, 2015) ("The description of materiality as an element judged by an objective standard is longstanding.").

[4] *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 584 (S.D.N.Y. 2011) ("[Q]uestions about what 'the market' as a whole knew are common to all class members.").

[5] *See* Defs.' Mem. of Law in Supp. Mot. to Compel, Doc. No. 758-1, at 15–16.

Second, we returned to the issue of the "missing" text messages of six Teva custodians[6] that the Plaintiffs have long sought.  *See* Mot. to Compel, Doc. No. 554; Conf. Mem. and Order, Doc. No. 751, at 3–4.  At this point, the issue concerns the Defendants' preservation efforts.  After significant debate, the parties agreed (and I ordered) that the best path forward is for the Defendants to produce (1) all litigation holds directed to the relevant six custodians (*see supra* n.6) between January 1, 2013 and June 30, 2016, and (2) all litigation holds that were issued in general in connection with the matters referenced in the 2014–2016 communications identified by the Plaintiffs in Exhibit B of their pre-conference submission.  *See* Pls.' Submission, Doc. No. 782-2 (sealed).  The Defendants shall redact those litigation holds to remove any privileged information.  The Defendants shall make that production by June 9, 2021.

Third, we took up the Sandoz phone records and text messages that the Plaintiffs seek from the Defendants.  The Defendants represented that they produced those records to the Plaintiffs.  Apparently, making that production included resolving an objection from at least one designating party.  I expressed my view that the Defendants have now done what they were obligated to do, and the Plaintiffs should meet and confer with Sandoz regarding any remaining issues.

Fourth, we considered whether the Defendants should be compelled to produce documents pertaining to internal and external investigations that apparently formed the basis for several of the Defendants' public denials of liability.  The parties disagree regarding whether the documents that the Plaintiffs seek are protected by the attorney-client privilege and/or work-product doctrine.  I indicated that, in my view, the communications the Plaintiffs seek likely are

---

[6] Those custodians are:  (1) Maureen Cavanaugh, (2) Christine Baeder, (3) Teri Coward, (4) Kevin Galownia, (5) Nisha Patel, and (6) David Rekenthaler.

privileged.  As I mentioned on the record, if the Plaintiffs intend to pursue this issue further, they should file a formal motion to compel.

Fifth, I granted the Defendants and Direct Action Plaintiffs' joint motion for an extension of time regarding the briefing schedule for the Defendants' three recently-filed motions to dismiss, doc. nos. 784, 786, and 787.  The Direct Action Plaintiffs' oppositions are now due by **July 23, 2021**.  The Defendants' replies are now due by **September 2, 2021**.

Finally, we discussed the Plaintiffs' pending motion to compel the Defendants to produce certain interview memoranda that the DOJ has compiled in its parallel criminal investigation and produced to Teva.  *See* Mot. to Compel, Doc. No. 770.  That motion will be fully briefed by June 11, 2021.  We will have a telephonic status conference on **Friday, June 25 at 2 p.m.** to discuss that motion.  At that status conference, we will also discuss any other outstanding issues, including the currently-postponed depositions of seven former or current Teva employees based on their involvement in DOJ's criminal investigation into Teva.  Before the June 25 conference, the parties may submit simultaneous pre-conference briefs by **Wednesday, June 23 at 5 p.m**.  Because the DOJ has stated that it has an interest in those depositions, it, too, may file a simultaneous pre-conference brief by the same time.

The parties shall hold open **Thursday, July 15 at 2 p.m.** for another status conference, in case further issues must be taken up promptly.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of May 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge