IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU)<br><br>All Actions |

**UNITED STATES' SUBMISSION FOR THE JULY 15, 2021 STATUS CONFERENCE**

Intervenor, the United States of America, respectfully provides the following submission in advance of the July 15, 2021 status conference, by invitation of the Court, regarding five depositions that class plaintiffs may seek to take. *See* ECF No. 796. As explained below, these depositions risk compromising the integrity of the pending criminal proceedings in the Eastern District of Pennsylvania. As a result, if the class plaintiffs decide to schedule depositions for some or all of these five individuals, the United States will move to stay these depositions until after the criminal trials conclude.

On September 9, 2020, the United States moved to intervene given that this litigation shares common questions of law and fact with an ongoing criminal antitrust investigation. *See generally* ECF No. 550. In particular, Teva Pharmaceuticals USA Inc. ("Teva")—a subsidiary of defendant Teva Pharmaceutical Industries, Ltd. in this litigation—is a defendant in a federal criminal antitrust case. *See United States v. Glenmark Pharms. Inc., USA et al.*, No. 20-200 (E.D. Pa. Aug. 25, 2020). Although the United States has requested a trial date in that case for January 2022, the court has not yet scheduled trial. *Id.*, ECF No. 91 at 2. The United States has

also requested that the related trial for individual Ara Aprahamian, who among other things is charged for his role in a conspiracy with Teva, occur before the Teva/Glenmark trial. *Id.*

Since moving to intervene, counsel for the United States has conferred with counsel for both the class plaintiffs and defendants to (1) understand what depositions the parties intend to take in this case and (2) attempt to sequence the timing of depositions of particular concern to the United States. As part of those negotiations, counsel for the United States and class plaintiffs reached an out-of-court agreement that class plaintiffs would not seek to take the depositions of the five following individuals:



(1) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
(2) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
(3) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
(4) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ and
(5) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

In particular, on December 1, 2021, counsel for class plaintiffs indicated that they did not intend to depose these five individuals at that time. They also confirmed in writing that they were amenable to the United States' request that these five depositions not occur until after the Glenmark/Teva and Aprahamian trials conclude, provided that the Court permits them to take out-of-time depositions of these witnesses and/or the criminal proceedings conclude (by verdict or other means) sufficiently in advance of trial in this matter.

Notwithstanding the class plaintiffs' representations to the United States in December, their oral representations to the Court at recent status conferences suggest that they may seek to depose some or all of the above five individuals before the conclusion of the criminal trials. Further, on June 17 and June 29, counsel for the class plaintiffs informed counsel for the United

States that they do not intend to raise the issue of the five depositions at the status conference, but left open the possibility of raising this issue with the Court in the future. Regardless of timing, the United States' position is unequivocal and has not changed since December—these depositions should be stayed until the conclusion of the criminal trials. As a result, to the extent that the class plaintiffs decide to schedule depositions for some or all of these five individuals, the United States will be prepared to file motions to stay as appropriate. As part of any such motions practice, the United States will also provide to chambers, *in camera* and on an *ex parte* basis, a declaration that further explains why allowing those depositions to proceed before the criminal trials conclude may compromise the integrity of those prosecutions. If it would assist the Court, the United States can also provide a declaration *in camera* and on an *ex parte* basis in advance of any motions practice on this issue.

Dated: July 13, 2021

Respectfully submitted,

*/s/ Veronica N. Onyema*
VERONICA N. ONYEMA
CATHERINE S. MONTEZUMA
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW
Washington, DC 20530
(202) 307-0302
Veronica.Onyema@usdoj.gov

*Counsel for Intervenor United States*

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 13, 2021, I caused the foregoing **UNITED STATES' SUBMISSION FOR THE JULY 15, 2021 STATUS CONFERENCE** to be filed with the Clerk of Court using the Court's Electronic Document Filing System, which served copies on all interested parties registered for electronic filing, and is available for viewing and downloading from the ECF system.

                                                    */s/ Veronica N. Onyema*
                                                    Veronica N. Onyema
                                                    *Counsel for Intervenor United States*