# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |

# CONFERENCE MEMORANDUM AND ORDER

On July 15, 2021, I held a telephonic status conference on the record with Joseph A. Fonti, J. Christopher Rooney, Susan R. Podolsky, and Benjamin Burry, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Emily E. Renshaw, Sheron Korpus, Andrew Schwartz, Cindy Kelly, Victor Brienza, and Jill M. O'Toole, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, Yitzhak Peterburg, and Teva Pharmaceuticals Finance Netherlands III B.V.[1]  Joshua A. Materese appeared as Liaison Counsel for the Direct Action Plaintiffs.[2] Veronica N. Onyema and Catherine Montezuma, counsel for Intervenor the United States of America, also joined the call.  David Kaplan, counsel for Intervenor-Plaintiffs California State Teachers' Retirement System, State of Wisconsin Investment Board, and TIAA-CREF Investment Management LLC, was also present.  Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case for pre-trial purposes—were also on the call.  Those counsel were:

---

[1] Ms. O'Toole is not counsel for Kåre Schultz.
[2] *See* Order, Doc. No. 352, at ¶ 17.  Although Matthew L. Mustokoff is named as Liaison Counsel, Mr. Materese, who works at the same firm as Mr. Mustokoff, was filling in as Liaison Counsel.

| Case | Counsel |
|---|---|
| *Nordea Inv. Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681<br><br>*Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721<br><br>*Franklin Mut. Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630 | Joshua A. Materese (also Liaison Counsel) |
| *Pacific Funds Series Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Jeffrey P. Nichols |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Luke Orion Brooks<br><br>William H. Narwold |
|  | Michael J. Wernke |

| | |
|---|---|
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513<br><br>*Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655<br><br>*Migdal Mut. Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mut. Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Boeing Co. Emp. Ret. Plans Master Tr. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-683 | Corban S. Rhodes<br><br>Jeffrey P. Nichols |

I scheduled this call as part of our series of regularly-scheduled status conferences to address discovery and other issues. *See* Conf. Mem. and Order, Doc. No. 299, at 2. Pursuant to my order, the parties and the DOJ submitted simultaneous pre-conference briefing. *See* Cal. Entry, Doc. No. 822; Pls.' Submissions, Doc. Nos. 829 and 830 (sealed); Defs.' Submissions, Doc. Nos. 831 and 833 (sealed); DOJ's Submissions, Doc. Nos. 826 (sealed) and 827. In addition, I scheduled this call to address the Plaintiffs' pending motion to compel the Defendants to produce certain interview memoranda that the DOJ has compiled in its parallel criminal investigation and produced to Teva. *See* Conf. Mem. and Order, Doc. No. 796, at 6; Mot. to Compel, Doc. No. 770.

First, we discussed Teva's potential production of certain text messages sent among various employees of Sandoz and Teva that have already been produced to Teva in the related

3

Generics MDL—*In Re: Generic Pharms. Pricing Antitrust Litig.*, No. 2:16-md-2724 (CMR) (E.D. Pa.). Although the parties expressed that they have not yet reached an agreement regarding the scope of that production, the parties conveyed some optimism about a compromise solution. Separately, I expressed my view that non-party Sandoz—from whom the Plaintiffs have sought these text messages pursuant to a Rule 45 subpoena, *see Ontario Teachers' Pension Plan Bd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1283 (SRU)—has at this time satisfied its production obligations.[3] On our call, I ordered that the parties could have two weeks to conclude their negotiations and that if, by then, the parties had not achieved a solution, we would have a brief call focused only on that question. However, given that we will need to take up other issues at a status conference (likely) in early September (see below), **the parties need not report back to me in two weeks regarding the Sandoz text message issue**. We will merely take it up at our next conference.

Second, we discussed the Plaintiffs' motion to compel the Defendants to produce certain interview memoranda that the DOJ has compiled in its parallel criminal investigation and produced to Teva. *See* Mot. to Compel, Doc. No. 770; *USA v. Glenmark Pharms., Inc., USA, et al.*, No. 2:20-cr-200-RBS (E.D. Pa.) (the "Criminal Case"). That motion was fully briefed by the Plaintiffs, the Defendants, and the DOJ. *See* Pls.' Mem. in Supp, Doc. Nos. 770-2 and 771 (sealed); DOJ's Opp'n, Doc. Nos. 800 and 801 (sealed); Defs.' Opp'n, Doc. Nos. 810 and 811 (sealed); Pls.' Reply, Doc. No. 814. After discussion, I **denied without prejudice** the Plaintiffs' motion to compel. The Plaintiffs may refile the motion either when the Criminal Case has resolved or when this case is much closer to trial. I made several observations regarding the relative strengths and weaknesses—in my view—of the parties' arguments. However, none of

---

[3]   *See* Burden Decl. of Margaret A. Rogers, *Ontario Teachers'*, 20-cv-1283 (SRU), Doc. No. 70.

those views constituted a ruling of any kind.  Thus, if the Plaintiffs' motion is ever renewed, all parties (and the DOJ) will be entitled to make whatever arguments they wish.

Although I denied without prejudice the Plaintiffs' motion, it is still important to know how important the information contained in the relevant FBI 302s might have already been in this case.  To that end, I ordered the Defendants to submit a list of all counsel (both private and in-house) who have worked on this case and who may have, at any time, had access to the relevant FBI 302s.  The Defendants shall file that list on this case's public docket by **Thursday, July 29 at 5:00 p.m.**  Depending on what the list shows, I may ask to see the relevant FBI 302s *in camera*.

Third, we discussed the Plaintiffs' request to take out-of-time depositions of Maureen Cavanaugh and Allan Oberman.  I expressed my view that those two depositions should take place at a later time—either at the conclusion of the Criminal Case or closer to trial in this case.  However, the Plaintiffs raised the possibility of taking depositions of Cavanaugh and Oberman limited in scope to the issue of potential spoliation of evidence (particularly, text messages).  The Defendants objected to that prospect.  I allowed the parties to brief the issue.  The parties' simultaneous briefs are due by **Thursday, July 29 at 5:00 p.m.**

Fourth, we discussed the Plaintiffs' gripes with the Defendants' production (and non-production) of various litigation holds.  One issue regarded whether it was appropriate for the Defendants to redact portions of those holds.  I asked the parties to brief the issue.  The Defendants shall submit a motion in support of the claimed redactions by **Thursday, August 5**.  That motion shall contain the relevant litigation holds in an unredacted form for *in camera* review.  The Plaintiffs' opposition is due by **Thursday, August 26**.  And the Defendants' reply is due by **Thursday, September 9**.  Another issue regarded whether the Defendants should be

required to produce a June 21, 2016 litigation hold.  Before further briefing regarding this issue, I ordered the Plaintiffs to send the Defendants a request to admit the information that the Plaintiffs seek.  In the event that the Defendants' response to the Plaintiffs' request to admit does not moot this dispute, the Plaintiffs may re-bring it to my attention before our next conference.

Fifth, the Defendants and the DOJ indicated that they may ask me to redact some portion of the transcript of our status conference.  The Plaintiffs indicated they oppose any such request.  I expressed skepticism that any portion of our conversation would need to be sealed.  The Defendants and the DOJ indicated that they would meet and confer in the near future regarding the issue.  Those parties may file a prompt motion to seal (which may itself be sealed) if they would like seal a portion of the status conference's transcript.

Finally, we briefly addressed a housekeeping matter regarding the Defendants' three omnibus motions to dismiss the Direct Action Plaintiffs' complaints.  *See* Mots. to Dismiss, Doc. Nos. 784, 786, and 787.  The Direct Action Plaintiffs' oppositions are due by Friday, July 23.  *See* Conf. Mem. and Order, Doc. No. 796, at 6.  I granted the Direct Action Plaintiffs' request to file three omnibus oppositions totaling 90 pages in length.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of July 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge