UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION | No. 3:17-cv-558 (SRU) |

### CONFERENCE MEMORANDUM AND ORDER

On September 15, 2021, I held a telephonic status conference on the record with Joseph A. Fonti, J. Christopher Rooney, and Evan A. Kubota, attorneys for the lead plaintiff, Ontario Teachers' Pension Plan Board, and the named plaintiff, Anchorage Police & Fire Retirement System; and Emily E. Renshaw, Sheron Korpus, Andrew Schwartz, Cindy Kelly, Sarah Leivick, and Diane Polletta, attorneys for the defendants, Teva Pharmaceutical Industries, Ltd., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, Yitzhak Peterburg, and Teva Pharmaceuticals Finance Netherlands III B.V.[1] Matthew L. Mustokoff appeared as Liaison Counsel for the Direct Action Plaintiffs. Veronica N. Onyema, counsel for Intervenor the United States of America, also joined the call. David Kaplan, counsel for Intervenor-Plaintiffs California State Teachers' Retirement System, State of Wisconsin Investment Board, and TIAA-CREF Investment Management LLC, was also present. Numerous plaintiffs' counsel in other Teva-related actions—that I have consolidated into this case for pre-trial purposes—were also on the call. Those counsel were:

| Case | Counsel |
|---|---|
| *Nordea Inv. Mgmt. AB v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1681 | Matthew L. Mustokoff (also Liaison Counsel) |

---

[1] Ms. O'Toole is not counsel for Kåre Schultz.

| | |
|---|---|
| *Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721<br><br>*Franklin Mut. Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630 | |
| *Pacific Funds Series Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956<br><br>*Schwab Capital Tr., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192<br><br>*Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173<br><br>*Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 | Jonathan Park |
| *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175<br><br>*Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 | Carol Gilden |
| *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449<br><br>*Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 | Chad Johnson<br><br>Jeffrey Stein<br><br>Mathew P. Jasinski |
| *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513<br><br>*Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543<br><br>*Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655 | Michael J. Wernke |

2

| | |
|---|---|
| *Migdal Mut. Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923<br><br>*Psagot Mut. Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 | |
| *Boeing Co. Emp. Ret. Plans Master Tr. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-588<br><br>*Fir Tree Value Master Fund, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-683 | Corban S. Rhodes |
| *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603 | Jennifer Randolph |
| *TIAA-CREF Investment Management LLC et al v. Teva Pharmaceutical Industries Ltd. et al.*, No. 3:21-cv-01188 | David Kaplan |

I scheduled this call as part of our series of regularly-scheduled status conferences to address discovery and other issues. *See* Conf. Mem. and Order, Doc. No. 299, at 2. Pursuant to my order, the parties submitted simultaneous pre-conference briefing. *See* Cal. Entry, Doc. No. 863; Pls.' Submissions, Doc. Nos. 884 (sealed) and 885; Defs.' Submissions, Doc. Nos. 887 (sealed) and 888.

First, we discussed Plaintiffs' pending motion to compel Defendants to produce mobile device(s) used by 6 Teva custodians[2] and any text messages between custodians, competitors, and each Individual Defendant. *See* Mot. to Compel, Doc. No. 554. Because this issue has been

---

[2] Those custodians are: (1) Maureen Cavanaugh, (2) Christine Baeder, (3) Teri Coward, (4) Kevin Galownia, (5) Nisha Patel, and (6) David Rekenthaler.

3

exhausted, parties were all in agreement that this motion is now moot. Accordingly, I will deny the motion without prejudice.

Second, we discussed Plaintiffs' request to take a limited deposition of Maureen Cavanaugh. *See* Mot. to Compel, Doc. No. 770. That motion was fully briefed by Plaintiffs and Defendants. *See* Pls.' Mem. in Supp, Doc. Nos. 851 and 852 (sealed); Defs.' Opp'n, Doc. Nos. 854 (sealed) and 855. It is clear to me that Plaintiffs intend to file a spoliation motion. To do so however, requires a full examination on the issue. For this reason, I am inclined to grant Plaintiffs' motion for a limited deposition of Cavanaugh, provided the duration is two hours or less, and the scope is restricted to the spoliation issue. But I will defer my decision until Cavanaugh has had an opportunity to file a motion to quash and raise any constitutional concerns she might have. Nevertheless, I told the parties they should meet and confer ahead of time to discuss the scope of the deposition. If the parties cannot reach an agreement, we will take that up once the litigation hold issue (discussed in the next paragraph) is resolved.

Third, we discussed the various redacted litigation holds by Defendants. Parties fully briefed this issue. *See* Defs.' Mem. in Supp, Doc. Nos. 860 (sealed) and 861; Pls.' Opp'n, Doc. Nos. 865 and 866 (sealed); Defs.' Reply Doc. Nos. 881 (sealed) and 882. Defendants submitted the unredacted litigation holds for *in camera* review to Chambers. *See* Doc. Nos. 860-1 and 860-2. I reviewed the documents *in camera* and clarification is requested. Not all the documents specified the sender or author of the hold. Nor was it always clear whether the holds were implemented for prospective or actual litigation. Some litigation holds made this information clear, but not all. Because this information could significantly affect whether the documents are privileged, I cannot yet reach a decision on the merits. Therefore, Defendants shall submit a

4

supplemental brief that clarifies the author of the holds and specifies which holds relate to pending or actual litigation. **Defendants will have 21 days from the date of this order to do so.**

Fourth, we discussed a new issue that emerged following the deposition of Jeff Davis, Ontario Teachers' Rule 30(b)(6) representative. Defendants request confirmation that Ontario's purchase of Teva securities occurred domestically. In my view, that issue is unrelated to the class because the defined class is *already* limited to those who engaged in domestic transactions. Accordingly, I will not order Mr. Davis to testify further. But Plaintiffs shall provide Defendants with documentation sufficient to show the transactions at issue were made domestically, even if in the form of an affidavit. **Plaintiffs will have 21 days from the date of this order to do so.**

Finally, we discussed scheduling moving forward. Parties have offered an amended schedule regarding the remaining deadlines in this case. *See* Doc. No. 888, at 9. I approved of the amended timeline in full. **The next status conference is scheduled to Monday, November 22 at 10:00 a.m.**

So ordered.

Dated at Bridgeport, Connecticut, this 22nd day of September 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge