## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE TEVA SECURITIES LITIGATION | : | No. 3:17-cv-00558 (SRU) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | All Actions |
| | : | |

## CLASS REPRESENTATIVES'
## MOTION FOR APPROVAL OF CLASS NOTICE

Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's Ruling and Order granting Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel (ECF 736), Class Representatives Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System (together, "Class Representatives"), hereby move for an order approving the Notice of Pendency of Class Action (the "Notice") and the Postcard Notice of Pendency of Class Action (the "Postcard Notice," and together with the Notice, the "Notices") to be disseminated to the Class, as well as the proposed method for dissemination of the Notices, as set forth in the attached Proposed Order. Defendants do not oppose the motion with the exception of one provision discussed below.

With regard to a class certified under Rule 23(b)(3), "the [C]ourt must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "To satisfy due process, class notice should be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Kemp-DeLisser v. Saint Francis Hosp. & Med. Ctr.*, No. 15-CV-1113 (VAB), 2016 WL 6542707, at *13 (D. Conn. Nov. 3, 2016).[1]

---

[1] All quotations and citations are omitted unless otherwise noted.

Here, the Notice provides all the information required under Rule 23(c)(2)(B), as it "clearly and concisely state[s] in plain, easily understood language":

(i)     the nature of the action;

(ii)    the definition of the class certified;

(iii)   the class claims, issues, or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

(v)     that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

As set forth in the Proposed Order, the Notice will be provided by direct mail to Class members identified through Teva and Teva Finance's transfer agent, and to nominees (such as banks, brokers and other financial institutions) that hold securities for their clients in "street name." Nominees will be instructed to send the Postcard Notice to beneficial owners or identify them for the Notice Administrator, who will do so.  In addition, publication in *The Wall Street Journal* and *Investor's Business Daily*, a press release transmitted over *PR Newswire*, a Hebrew publication in the *Globes* business newspaper in Israel, and a dedicated case website at www.TevaSecuritiesLitigation.com with the English and Hebrew copies of the Notice (among other materials), will ensure that potential Class members are alerted to the existence of this action and able to request exclusion from the Class if desired.

Similar notices and notice plans involving U.S. and Israeli publications have recently been approved in other securities class actions against generic pharmaceutical manufacturers.  *See* Order Establishing Program and Schedule for Class Notice, *In re Mylan N.V. Sec. Litig.*, No. 1:16-cv-07926 (JPO) (S.D.N.Y. Mar. 25, 2021), ECF 220; Stipulation and Order Approving Notice of Pendency of Class Action, *Roofer's Pension Fund v. Papa*, No. 16-cv-2805-MCA-LDW (D.N.J.

July 10, 2020), ECF 292.  This Court has approved notice plans, like that proposed here, that utilize direct mail, press releases, and posting of notice information on a dedicated website.  *See* Order, *In re Ethylene Propylene Diene Monomer (EPDM) Litig.*, No. 3:03-mdl-1542 (SRU) (D. Conn May 27, 2009), ECF 527 (approving plan for mailing and publication of notices); Order, *Sanborn v. Viridian Energy, Inc.*, No. 3:14-cv-01731 (SRU) (D. Conn. Feb. 16, 2018), ECF 163 (approving plan for mailing and internet posting of notice).

The only disputed issue in this Motion regards Paragraph 4 of the Proposed Order, which calls for Teva and Teva Finance to cause their securities transfer agent to provide a list of all persons who purchased or otherwise acquired ADS, Preferred Shares, and/or Notes during the Class Period.  Specifically, Class Representatives' position is that the following language should be included in Paragraph 4 of the Order:

> Within fourteen (14) days after entry of this Order, Defendant Teva Pharmaceutical Industries Ltd. ("Teva") and/or Teva Pharmaceutical Finance Netherlands III B.V. ("Teva Finance") shall cause their securities transfer agent to provide to the Notice Administrator a list, in electronic form, of all persons who purchased or otherwise acquired ADS, Preferred Shares, and/or Notes during the Class Period (the "Transfer List").

Defendants do not oppose the Motion, other than Section 4 of the accompanying proposed order, which Defendants believe should state: "Within fourteen (14) days after entry of this Order, Defendant Teva . . . shall instruct their securities transfer agent to provide . . ."

The difference between the two proposals is that under Defendants' language, they need only issue an "instruction" at some point during the 14-day period.  Courts regularly order defendants to "cause" such a list to be provided and this is a task routinely and commonly performed by securities transfer agents.  The securities transfer agent is under Teva and Teva Finance's control and maintains the records to produce the Transfer List.  Defendants' proposed

language fails to acknowledge this and provides no assurance that the securities transfer agent will timely provide the complete Transfer List.

For these reasons, Class Representatives respectfully request that the Court grant this Motion and enter an order in the form of the attached Proposed Order.

Date:  October 28, 2021

Respectfully submitted,

/s/ *Joseph A. Fonti*
Joseph A. Fonti (admitted *pro hac vice*)
Evan A. Kubota (admitted *pro hac vice*)
Benjamin F. Burry (admitted *pro hac vice*)
Thayne Stoddard (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
ekubota@bfalaw.com
bburry@bfalaw.com
tstoddard@bfalaw.com

*Counsel for Class Representatives Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System, and Lead Counsel for the Class*

Marc J. Kurzman (ct01545)
Christopher J. Rooney (ct04027)
James K. Robertson, Jr. (ct05301)
**CARMODY TORRANCE SANDAK & HENNESSEY LLP**
707 Summer Street, Suite 300
Stamford, CT 06901
Telephone: (203) 252-2680
Facsimile: (203) 325-8608
mkurzman@carmodylaw.com
crooney@carmodylaw.com
jrobertson@carmodylaw.com

*Local Counsel for Class Representatives*
*Ontario Teachers' Pension Plan Board and*
*Anchorage Police & Fire Retirement System,*
*and Class Liaison Counsel*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 28, 2021, a copy of the foregoing was filed electronically with the Clerk of Court via CM/ECF.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the court's CM/ECF system.

                                   */s/ Joseph A. Fonti*
                                     Joseph A. Fonti