**EXECUTION COPY**

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE TEVA SECURITIES LITIGATION | : | No. 3:17-cv-00558 (SRU) |
| | : | |
| THIS DOCUMENT RELATES TO: | : | All Class Actions |
| | : | |

### STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated January 18, 2022 (the "Stipulation"), is made and entered into by and among: (1) Class Representatives Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System (together, "Class Representatives"), on behalf of themselves and each member of the Settlement Class[1], by and through their counsel Bleichmar Fonti & Auld LLP ("Class Counsel"); and (2) Defendants Teva Pharmaceutical Industries Ltd., Teva Pharmaceutical Finance Netherlands III B.V., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, and Yitzhak Peterburg (collectively, "Defendants"), by and through their respective counsel of record in this securities class action.

The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims as against all Released Defendants, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

---

[1] Capitalized terms not otherwise defined shall have the meanings assigned to them in Section IV(1).

## I.     THE LITIGATION

The Litigation is currently pending in the United States District Court for the District of Connecticut before Chief Judge Stefan R. Underhill (the "Court").  The initial complaint in this consolidated action was filed on November 6, 2016 in the United States District Court for the Central District of California, styled as *Galmi v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 16-cv-08259, and on April 3, 2017, consolidated for all purposes with *Leone v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 16-cv-09545 (C.D. Cal.), and transferred to the Court.  (ECF 74.)

On July 11, 2017, the Court appointed Ontario Teachers' Pension Plan Board as Lead Plaintiff and Bleichmar Fonti & Auld LLP as Lead Counsel.  (ECF 124.)

The operative Second Amended Consolidated Class Action Complaint (ECF 310, the "Complaint") alleges that Defendants are liable for alleged violations of the Securities Exchange Act of 1934, the Securities Act of 1933, and state common law resulting from materially false and misleading statements and omissions of material facts necessary to make statements made in public filings and other public statements not misleading.  Defendants deny all of Class Representatives' allegations and contend that they did not make any false or misleading statements or omissions, that their statements complied with the federal securities laws, that they did not act with scienter, and that their statements and actions did not cause any losses to the Class.

The parties have vigorously litigated this case since it was filed over five years ago.  After extensive briefing and amendments to the complaint, the Court denied in substantial part Defendants' second motion to dismiss on September 25, 2019 (ECF 283).  Discovery commenced immediately.  Over the following two years, the parties completed extensive fact and expert discovery, with Defendants and third parties producing over 8.2 million pages of documents, and with the parties conducting the depositions of 40 fact and expert witnesses and exchanging 23

expert reports.  The parties also made extensive submissions regarding class certification and Defendants' petition for permission to appeal under Rule 23(f).

During the course of the Litigation, the parties engaged former United States District Judge Layn R. Phillips to serve as mediator.  The parties participated in three formal mediation sessions in July 2020 and September 2021, but were unable to reach an agreement.  Following numerous further teleconferences with Judge Phillips over a period of months, in response to a mediator's proposal, the Settling Parties agreed to settle the Litigation with all Defendants in return for a cash payment of $420,000,000 for the benefit of the Class, as specified in Section 2 below.  This Stipulation (together with the Exhibits thereto) reflects the final and binding agreement between the Settling Parties.

## II.     CLASS REPRESENTATIVES' CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Representatives believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.  However, Class Representatives and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through summary judgment, trial, and any appeals.  Class Representatives and their counsel also have taken into account the uncertain outcome and risk of any litigation, especially in complex actions such as this Litigation, the difficulties and delays inherent in such litigation, and the financial constraints and risks specific to Teva, all of which could significantly reduce or eliminate any recovery for the Settlement Class in this Litigation.  Class Representatives and their counsel believe that the settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their evaluation, Class Representatives and their counsel have determined that the settlement set forth in this Stipulation is in the best interests of the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, by Class Representatives and the Settlement Class.  Defendants also have denied and continue to deny, among other things, the allegations that the prices of Teva Securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that any Settlement Class member suffered damage, or was otherwise harmed by the conduct alleged in the Litigation.  Defendants have asserted and continue to assert that Defendants' statements to investors, potential investors, and market participants contained no material misstatements or omissions.  Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations and laws.  Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Defendants, however, have concluded that further litigation could be protracted and expensive.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation.  Defendants have, therefore, determined that it is desirable and beneficial to them that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth in ¶¶ 8.5 & 8.6 below, this Stipulation shall in no event be construed or be deemed to be evidence or an admission by Defendants or any of the Released Parties with respect to any claim or allegation, nor of any fault or liability or wrongdoing or damage whatsoever.

**IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Class Representatives (for themselves and the Settlement Class Members) and Defendants, by and through their respective counsel of record, that, subject to the approval of the Court, the Litigation and the Released Claims and Releasing Defendants' Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Released Claims and Releasing Defendants' Claims against all Released Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

**1.     Definitions**

As used in this Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed by the Claims Administrator.

1.2     "CAFA" means Class Action Fairness Act.

1.3     "Claims Administrator" means the firm of Epiq Class Action and Claims Solutions, Inc.

1.4     "Class Counsel" means Bleichmar Fonti & Auld LLP.

1.5     "Class Period" means the period from February 6, 2014 through May 10, 2019, inclusive.

1.6     "Class Representatives" means Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System.

1.7     "Class Representatives' Counsel" means Class Counsel, Bleichmar Fonti & Auld Canada, Carmody Torrance Sandak & Hennessey LLP, and the Law Offices of Susan R. Podolsky.

1.8     "Defendants" means Teva Pharmaceutical Industries Ltd., Teva Pharmaceutical Finance Netherlands III B.V., Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, and Yitzhak Peterburg.

1.9     "Direct Action Plaintiffs" means all plaintiffs in the following individual (non-class) U.S. securities actions pending in the *In re Teva Securities Litigation* in the United States District Court for the District of Connecticut: (1) *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314; (2) *Nordea Investment Mgmt. AB v. Teva Pharm. Industries Ltd., et al.*, No. 3:18-cv-1681; (3) *State of Alaska Dept. of Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721; (4) *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956; (5) *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175; (6) *Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192; (7) *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449; (8) *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513; (9) *Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543; (10) *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603; (11) *Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655; (12) *Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656; (13) *Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657; (14) *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923; (15) *Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167; (16) *Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173; (17) *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83; (18) *The Boeing Co. Emp. Ret. Plans Master Tr. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-588; (19) *Fir Tree Value Master Fund, LP, et al. v.*

*Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-683; (20) *BH Investments Funds, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1635; (21) *Franklin Mutual Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630; and (22) *TIAA-CREF Investment Management, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:21-cv-118.

1.10   "Effective Date," or the date upon which this settlement becomes "effective," means the date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.

1.11   "Escrow Accounts" means the segregated and separate escrow accounts designated and controlled by Class Counsel into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

1.12   "Escrow Agents" means The Huntington National Bank and Esquire Bank, National Association.

1.13   "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B attached hereto, shall occur:  (a) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59 without any such motion having been filed; (b) the time in which to appeal the Judgment has passed without any appeal having been taken; and (c) if a motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph only, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with

approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of any Class Representatives' Counsel's attorneys' fees and expenses, the Plan of Allocation of the Net Settlement Fund, as hereinafter defined, or the procedures for determining Authorized Claimants' recognized claims.

1.14    "Individual Defendants" mean Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, and Yitzhak Peterburg.

1.15    "Judgment" means the Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.16    "Litigation" means the class actions consolidated for all purposes under the caption *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 3:17-cv-558 (D. Conn.).

1.17    "Net Settlement Fund" means the Settlement Fund less any attorneys' fees and expenses provided for herein or approved by the Court and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.

1.18    "Notice" means the Notice of Proposed Settlement of Class Action, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

1.19    "Notice and Administration Expenses" means reasonable costs and expenses incurred in connection with providing notice to the Settlement Class.  Such amounts shall include, without limitation, the actual costs of printing, mailing and publishing both the Notice and any Summary Notice, locating Settlement Class Members, soliciting claims, assisting with the submission of claims, processing Proof of Claim and Release forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.20    "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, joint venture, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.21    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of the Stipulation and Released Defendants shall not have any responsibility or liability with respect thereto.  Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

1.22    "Preliminary Approval Order" means the Order Preliminarily Approving Settlement and Providing for Notice as approved by the Court, substantially in the form attached hereto as Exhibit A.

1.23    "Proof of Claim and Release" means a Proof of Claim and Release, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.

1.24    "Related Parties" means, as applicable, each and all of the following:  (a) each and every Defendant, including all defendants previously named in this action; (b) each and every member of the Settlement Class, Class Representatives, and Class Representatives' counsel; (c) the respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, employees, general partners and limited partners, and successors in interest of the Persons listed in subparts (a) and (b), including without limitation any Person in which a Person in subpart (a) and (b) has or had a controlling interest, in their respective capacities as such; and (d) the present and former members of the immediate family, heirs, principals, trustees, trusts, executors,

administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, attorneys, representatives, estates, divisions, estate managers, indemnifiers, insurers and reinsurers of each of the Persons (including entities, as defined above) listed in subparts (a), (b), and (c) of this definition, in their respective capacities as such.

  1.25 "Released Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature and description (including Unknown Claims as defined in ¶1.41 herein) whether arising under federal, state or foreign law, or statutory, common or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims or third party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, exist as of the date of the Court approval of the Settlement or that may arise in the future, that Class Representatives or any other member of the Settlement Class asserted in the Second Amended Consolidated Class Action Complaint (ECF 310) or could have asserted in the Litigation or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum, in the U.S. or elsewhere) that in any way arise out of, are based upon, relate to or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions or failures to act alleged, set forth, referred to, involved in, or which could have been raised in the Litigation or the Complaint, and that in any way arise out of, are based upon, relate to or concern the purchase or acquisition of Teva Securities during the Class Period, including, without

limitation, claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations or any other statements by Defendants during the Class Period. Released Claims do not include any claims asserted by Direct Action Plaintiffs who have not both (i) dismissed their claims and (ii) sought to be included in the Settlement Class by timely submitting a completed Proof of Claim and Release. Released Claims also do not include claims to enforce the settlement and the Stipulation, any and all claims against Defendants currently pending in the courts of Israel based on purchases of common stock trading on the Tel Aviv Stock Exchange, or any claims brought derivatively. For the avoidance of doubt, such non-released claims include those asserted in *Gat et al. v. Teva Pharmaceutical Industries Ltd., et al.*, No. 17017-11-16 (Tel Aviv – Jaffa District), *Lightcom (Israel) Ltd. et al. v. Teva Pharmaceutical Industries Ltd., et al.*, No. 5407-09-17 (Tel Aviv – Jaffa District), and the derivative actions consolidated in Israel as *Schneider v. Teva Pharmaceutical Industries Ltd., et al.*, No. 1944-03-20.

1.26    "Released Defendants" means each and all of the Defendants and the applicable Related Parties.

1.27    "Releasing Defendants' Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every kind, nature and description (including Unknown Claims as defined in ¶1.41 herein) whether arising under federal, state or foreign law, or statutory, common or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims or third party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-

liquidated, perfected or unperfected, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution or settlement of the Litigation or the Released Claims against the Released Defendants.  Notwithstanding the foregoing, "Releasing Defendants' Claims" does not include claims relating to the enforcement of the settlement.

1.28    "Released Parties" means each and all of the Released Defendants and the Released Plaintiff Parties.

1.29    "Released Plaintiff Parties" means each and all of Class Representatives, Settlement Class Members, and Class Representatives' Counsel and the applicable Related Parties.

1.30    "Settlement Class" means:

(1) As to claims under the Securities Exchange Act of 1934, all persons and entities who, in domestic transactions, purchased or otherwise acquired the following securities during the Class Period, and were damaged thereby:

    a.  Teva American Depositary Shares ("ADS");

    b.  Teva 7.00% mandatory convertible preferred shares issued on or about December 3, 2015 and January 6, 2016 ("Preferred Shares");

    c.  The following Teva Finance U.S.-dollar-denominated senior notes issued on or about July 21, 2016:

        i.    1.400% Senior Notes due July 20, 2018 ("2018 Notes");

        ii.   1.700% Senior Notes due July 19, 2019 ("2019 Notes");

        iii.  2.200% Senior Notes due July 21, 2021 ("2021 Notes");

        iv.   2.800% Senior Notes due July 21, 2023 ("2023 Notes");

        v.    3.150% Senior Notes due October 1, 2026 ("2026 Notes"); and

        vi.   4.100% Senior Notes due October 1, 2046 ("2046 Notes") (collectively, the "Notes"); and

(2) As to claims under the Securities Act of 1933, all persons and entities who, in domestic transactions, purchased or otherwise acquired ADS, Preferred Shares, and Notes pursuant or traceable to the offerings of ADS and Preferred Shares completed on or about December 3, 2015 and January 6, 2016, or the offering of the Notes completed on or about July 21, 2016; and as to the alleged additional state-law claims, all persons and entities who purchased or otherwise acquired ADS pursuant to Teva's Employee Stock Purchase Plan for U.S. Employees ("ESPP") during the Class Period, and were damaged thereby.

Excluded from the Settlement Class are (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Teva, Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Finance Netherlands III B.V., and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (4) any entity in which any Defendant has or has had a controlling interest; (5) Teva's employee retirement and benefit plan(s) (not including the ESPP); and (6) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Also excluded from the Settlement Class are (a) any person or entity that during the Class Period purchased or otherwise acquired Teva Securities and has been promised or received a payment from or on behalf of Defendants related to or arising from litigation, or otherwise released its claims, related to its Class Period transactions in Teva Securities other than a payment of attorneys' fees or costs incurred by such person or entity; (b) any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action; and (c) Direct Action Plaintiffs who have not both (i) dismissed their claims and (ii) sought to be included in the Settlement Class by timely submitting a completed Proof of Claim and Release.

1.31   "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.30 above.

1.32   "Settlement Amount" means Four Hundred and Twenty Million United States dollars ($420,000,000.00) in cash to be paid to the Escrow Agents by wire transfer (or as otherwise agreed by Class Representatives and Defendants) pursuant to ¶2.2 of this Stipulation.

1.33    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto and which may be reduced by payments or deductions as provided herein or by Court order.

1.34    "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed settlement is fair, reasonable, and adequate and should be approved.

1.35    "Settling Parties" means, collectively, Defendants, Class Representatives, and the Settlement Class.

1.36    "Summary Notice" means the Summary Notice for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

1.37    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority.

1.38    "Teva" means Teva Pharmaceutical Industries Ltd.

1.39    "Teva Finance" means Teva Pharmaceutical Finance Netherlands III B.V.

1.40    "Teva Securities" means the ADS, Preferred Shares, and Notes, each as defined above.

1.41    "Unknown Claims" means (i) any Released Claims which Class Representatives or Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendants which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Defendants, or might have affected his, her or its decision with respect to the settlement, including, but not limited to, whether or not to object to this settlement or seek exclusion from the Settlement Class, and (ii) any Releasing Defendants' Claims that Released Defendants do not know or suspect to exist in his, her or its favor at the time of the release, which, if known by him, her or it, might have affected his, her or its settlement with

and release of Class Representatives and Settlement Class Members. With respect to any and all Released Claims and Releasing Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Class Representatives and the Released Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived, the provisions, rights, and benefits of California Civil Code §1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her would have materially affected his or her settlement with the debtor or released party.**

Class Representatives, Settlement Class Members, and Released Defendants may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and Released Defendants shall expressly settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Class Representatives and Released Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing

waiver was separately bargained for and a key element of the settlement of which this release is a part.

### 2.    The Settlement

#### a.    Condition Precedent

2.1    The settlement is conditioned on the Court granting final approval of the settlement, and approval of the settlement becoming Final. Approval of the settlement becomes Final when the conditions set forth in ¶1.13 are satisfied.

#### b.    The Settlement Amount

2.2    **Within thirty (30) calendar days after the entry of the Preliminary Approval Order**, the Settlement Amount shall be paid by Defendants and/or Defendants' director and officer liability insurers ("D&O Insurers"), on behalf of Defendants, into the Escrow Accounts intended to constitute a "qualified settlement fund" ("Qualified Settlement Fund" or "QSF") within the meaning of Treas. Reg. § 1.468B-1.  The Settlement Amount may be paid by wire transfer or in any other manner agreed upon by Class Representatives and Defendants.  **Within fourteen (14) calendar days after filing the Stipulation and motion for preliminary approval**, Class Counsel will furnish to Defendants adequate payment instructions consisting of wire transfer instructions and a completed IRS Form W-9 for the Settlement Fund, including an address and tax ID number. Notwithstanding the foregoing, if Class Counsel has not provided Defendants before the entry of the Preliminary Approval Order (i) adequate written instructions for payment of the Settlement Amount by wire into the Escrow Accounts, and (ii) IRS Forms W-9 for the Escrow Accounts, the time limit for payment of the Settlement Amount shall be **30 calendar days after Class Counsel provides adequate written instructions for payment** of the Settlement Amount by wire into the Escrow Accounts and IRS Forms W-9 for the Escrow Accounts.

2.3     If the entire Settlement Amount is not timely paid to the Escrow Accounts, Class Representatives may terminate the settlement but only if (a) Class Counsel has notified Defendants' counsel in writing of Class Counsel's intention to terminate the settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Accounts **within ten (10) calendar days after Class Counsel has provided such written notice**.  Failure by Class Counsel to timely furnish adequate payment instructions to Defendants pursuant to ¶2.2 shall not be a basis for termination under this section.

2.4     The Escrow Agents shall deposit the Settlement Amount plus any accrued interest in segregated Escrow Accounts maintained by the Escrow Agents.

2.5     Other than the obligation of Defendants to cause the payment of the Settlement Amount pursuant to ¶2.2, the Released Defendants shall have no obligation to make any payments into the Escrow Accounts or to any Settlement Class Member or Class Counsel pursuant to this Stipulation.

> **c.     The Escrow Agents**

2.6     The Escrow Agents, with Class Counsel's prior written consent, shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the Federal Deposit Insurance Corporation ("FDIC") or the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in other such instruments at their then-current market rates.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and the Escrow Agents, provided

that they invest the Settlement Fund as set forth herein, shall have no liability whatsoever with respect to investment decisions made in connection with the Settlement Fund.

2.7     Except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants, the Settlement Fund shall remain in the Escrow Accounts.

2.8     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agents are authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agents, or any transaction executed by the Escrow Agents.

2.9     All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.10     The settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, or any other person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever (including, without limitation, the number of Proof of Claim and Release forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund), except as set forth in ¶7.5 below.

2.11     Prior to the Effective Date and without further order of the Court, up to $1,750,000 of the Settlement Fund may be used by Class Counsel, following entry of the Preliminary Approval Order, to pay reasonable Notice and Administration Expenses actually incurred.

2.12     It shall be Class Counsel's responsibility to disseminate the Notice and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Defendants with respect to any claims they may have that arise from any failure of the notice process.

### d.     Taxes

2.13     (a)     To the fullest extent allowed under applicable law, the Qualified Settlement Fund shall be treated as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1 *et seq*.  In addition, Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.13, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be Class Counsel. Class Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election described in ¶2.13(a) hereof) shall be consistent with this ¶2.13 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.13(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.13 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.13) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Defendants and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely caused to be paid by Class Counsel out of the Settlement Fund without prior order from the Court and Class Counsel shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Defendants nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  The parties hereto agree to cooperate with Class Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.13.

### e.     Termination of Settlement

2.14     In the event that the Stipulation is not approved, including if the Court does not grant final approval of the settlement, or the Stipulation is terminated, canceled, or fails to become

effective for any reason, including without limitation in the event the Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing in connection with the settlement provided for herein, shall be refunded pursuant to written instructions from counsel for Defendants in accordance with ¶7.5 herein.

**3.    Preliminary Approval Order and Settlement Hearing**

3.1    No later than **January 10, 2022**, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, approval for the mailing of the settlement Notice and publication of the Proof of Claim and Release, Summary Notice, and Long-Form Notice of Proposed Settlement of Class Action (the "Long-Form Notice"), substantially in the forms of Exhibits A-1, A-2, A-3, and A-4 attached hereto, and approval of their form and content. The Notice shall include the general terms of the settlement set forth in the Stipulation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, while the Long-Form Notice shall include the foregoing information and the proposed Plan of Allocation.

3.2    Defendants shall be responsible for compliance with any Class Action Fairness Act notice requirements and shall take steps to comply with such notice requirements in as expeditious a manner as possible (including without limitation by serving the notice required under 28 U.S.C. § 1715 **within five days of filing the Stipulation and motion for preliminary approval**) so as to not cause delay in the scheduling of a final settlement approval hearing.

3.3     Class Counsel shall request that after notice is given, the Court hold the Settlement Hearing and approve the settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.     Releases**

4.1     Upon the Effective Date, as defined in ¶1.10 hereof, Class Representatives shall, and all Settlement Class Members and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants, whether arising under federal, state, common or foreign law, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, whether or not such Settlement Class Member shares in the Settlement Fund, and whether or not such Settlement Class Member objects to the settlement.  Class Representatives shall, and all Settlement Class Members and anyone claiming through or on behalf of any of them are deemed to be aware of California Civil Code § 1542 and to expressly waive and relinquish any rights or benefits available to them under this statute and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

4.2     Claims to enforce the terms of this Stipulation are not released.

4.3     The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Defendants and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.4     Upon the Effective Date, as defined in ¶1.10 hereof, all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from

commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting any and all Released Claims against any of the Released Defendants (including, without limitation, Unknown Claims).

4.5     Upon the Effective Date, as defined in ¶1.10 hereof, the Released Defendants shall fully, finally, and forever release, relinquish, and discharge all of Releasing Defendants' Claims against the Released Plaintiff Parties, whether arising under federal, state, common or foreign law. Upon the Effective Date, the Released Defendants will be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting the Releasing Defendants' Claims against any of the Released Plaintiff Parties (including, without limitation, Unknown Claims).  Released Defendants are aware of California Civil Code § 1542 and expressly waive and relinquish any rights or benefits available to them under this statute and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

**5.     Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     **Within five (5) business days of the filing of the Stipulation and motion for entry of the Preliminary Approval Order,** Teva and Teva Finance shall use best efforts to cause their securities transfer agent to provide to the Claims Administrator, a list, in electronic form, of

all persons or custodians acting on their behalf (or both persons and custodians, where available) who purchased or otherwise acquired Teva Securities during the Class Period (the "Transfer List").

5.3      In accordance with the schedule set forth in the Preliminary Approval Order, the Claims Administrator will mail the Notice, substantially in the form of Exhibit A-1 attached hereto, to all shareholders of record identified on the Transfer List, all brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors, and all beneficial owners identified by such brokers and nominees who meet the definition of the Settlement Class.  The Claims Administrator shall also (1) cause copies of the Notice (in English and Hebrew), Proof of Claim and Release, Summary Notice, Long-Form Notice, and relevant Court documents to be posted on a website to be developed for the litigation (www.TevaSecuritiesLitigation.com), and (2) cause a one-time publication of the Summary Notice to be made in the online or print national edition of *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted over *PR Newswire*, and the Hebrew version thereof to be published once in the *Globes* business newspaper in Israel.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4      The Settlement Fund shall be applied as follows:

(a)      to pay all Notice and Administration Expenses;

(b)      to pay the Taxes and Tax Expenses described in ¶2.13 hereof;

(c)      to pay attorneys' fees and expenses of Class Representatives' Counsel and the award to Class Representatives of costs and expenses pursuant to 15 U.S.C. § 78u-4(a)(4) (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.6     **Within at least ninety (90) calendar days after the date specified by the Court to commence mailing of the Notice** (the "Notice Date"), or such other time specified by the Court, each Person claiming to be an Authorized Claimant (other than the Direct Action Plaintiffs) shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.7     Any Direct Action Plaintiffs who wish to participate in the Settlement must, **no later than seventy-five (75) calendar days after the Notice Date**, or such other time specified by the Court, both (a) dismiss their action and (b) postmark and electronically submit a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release (with simultaneous copies emailed to Class Counsel (tevasettlement@bfalaw.com) and counsel for Defendants (tevasettlement@kasowitz.com)).  Direct Action Plaintiffs who do not timely take these actions are not members of the Settlement Class.

5.8     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release within the period specified herein, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases

contained herein, and the Judgment.  Notwithstanding the foregoing, Class Counsel shall have the discretion (but not an obligation) to accept late-submitted claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  Class Counsel shall also have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim and Release submitted.

5.9    Proofs of Claim and Release that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under such supervision of Class Counsel, as necessary, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.10 below.

5.10    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.9 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the claimant's request for review to the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to

the Person's claim to the Net Settlement Fund.  All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Settlement Class Members, claimants, and parties to this settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.11    The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Class Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who would receive a minimum of $10.00 in an equitable and economic fashion.  Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund and is not feasible or economical to reallocate and distribute shall be donated to the Connecticut Food Bank or to another 501(c)(3) non-profit organization unaffiliated with the Parties or their counsel, subject to the approval of the Court.

5.12    The Released Defendants shall have no responsibility for, interest in, or liability whatsoever with respect to:  (i) any act, omission, or determination by Class Counsel, the Escrow Agents, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination,

administration, or calculation of claims to be paid from the Settlement Fund; or (v) the payment or withholding of Taxes or Tax Expenses, or any expenses or losses incurred in connection therewith.  No Person shall have any claim of any kind against the Released Defendants with respect to the matters set forth in ¶¶5.1-5.11 hereof; and the Settlement Class Members, Class Representatives, and Class Counsel release the Released Defendants from any and all liability and claims arising from or with respect to the administration, investment or distribution of the Settlement Fund.

5.13    Defendants take no position, and shall take no position, with respect to the Plan of Allocation or any other such plan as may be approved by the Court.  Defendants shall have no role in adjudicating any claims submitted by Settlement Class Members for participation in distribution of the Settlement Fund.

5.14    No Person shall have any claim against Class Representatives, Class Representatives' Counsel or the Claims Administrator, or any other Person designated by Class Counsel, based on determinations or distributions made substantially in accordance with this Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.15    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein.

6.      **Class Representatives' Counsel's Attorneys' Fees and Expenses**

6.1      Class Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses or charges incurred in connection with prosecuting the Litigation; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

6.2      Any fees and expenses awarded by the Court shall be paid to Class Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding any appeals.  Class Counsel may thereafter allocate the attorneys' fees among Class Representatives' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3      In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Class Counsel, including its partners and/or shareholders, and such other Class Representatives' Counsel, including their law firms, partners, and/or shareholders who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal, modification, cancellation, or termination.  Any refunds required pursuant to

this ¶6.3 shall be the several obligation of Class Counsel, including its partners and/or shareholders, and Class Representatives' Counsel, including their law firms, partners, and/or shareholders that received fees or expenses to make appropriate refunds or repayments to the Settlement Fund.  Class Counsel and each Class Representatives' Counsel receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by Class Counsel and any Class Representatives' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this settlement. The approval of the settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representatives, Class Counsel, and/or any Class Representatives' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  Released Defendants shall not take any position concerning, have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees

and/or expenses (including taxes) to Class Counsel or Class Representatives' Counsel.  Defendants are not entitled to any award of fees or expenses from the Settlement Fund.

6.6     Released Defendants shall not take any position concerning, have no responsibility for, and no liability whatsoever with respect to, the allocation among Class Representatives' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Defendants shall not take any position concerning, have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Preliminary Approval Order;

(b)     the Settlement Amount has been deposited into the Escrow Accounts;

(c)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto (and, for the avoidance of doubt, any non-substantive departure from Exhibit B shall not be a basis for any party to fail to perform under this Stipulation);

(d)     Neither Defendants nor Class Representatives have exercised their respective options to terminate the Stipulation pursuant to ¶7.4 hereof; and

(e)     the Judgment has become Final, as defined in ¶1.13 hereof.

7.2     Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.

7.3     If the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Class Counsel and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

7.4     A separate agreement (the "Supplemental Agreement") executed between Class Representatives and Defendants, by and through their counsel, provides specified options to terminate the settlement in the event that Settlement Class Members reach certain thresholds based on the Recognized Loss Amounts on Teva Securities subject to this settlement (calculated pursuant to the Plan of Allocation attached to the Long-Form Notice).  The Supplemental Agreement will be provided to the Court *in camera* upon request, but not filed with the Court unless required by the Court.

7.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within ten (10) business days after written notification of such event is sent by counsel for any Defendant or Class Counsel to the Escrow Agents, the Settlement Fund (including accrued interest), less expenses which have either been disbursed pursuant to ¶¶2.11 and 2.13 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.11 and 2.13 hereof, shall be refunded by the Escrow Agents based upon written instruction from Class Counsel pursuant to written instructions from Defendants' counsel.  Such written instructions shall be provided by Defendants' counsel within five (5) business days before any refund is to be made, provided that, in the event Defendants' counsel provides such written instructions fewer than five (5) business days before any refund is required to be made under the first sentence of this paragraph, the deadline to make the refund payment shall be extended to five (5) business days from the date that Defendants' counsel provides such written instructions.  Class Counsel or its designee shall apply for any tax refund owed on the Settlement Amount and pay the

proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written instructions from Defendants' counsel.

7.6     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of the date this Stipulation is executed.   In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.41, 2.10-2.14, 6.3-6.4, 7.1, 7.3, 7.5-7.7, 8.2, 8.6, 8.9, 8.11, 8.12, 8.15, and 8.17-8.20 hereof, shall be null and void, have no further force and effect, and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and shall not be used in this Litigation or in any other proceeding for any purpose.   No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses, and interest awarded by the Court shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.7     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Class Representatives nor any of their counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.11 or 2.13.   In addition, any expenses already incurred pursuant to ¶¶2.11 or 2.13 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid from the Settlement Fund upon written instruction by Class Counsel to the Escrow Agents in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.14 and 7.5 hereof.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties agree that this Stipulation is intended to inure to the benefit of, and be enforceable by, all Released Parties, including Teva and Teva Finance.

8.3    To the extent permitted by law, the commencement by or against any Defendant of a case or proceeding under Title 11 of the United States Code (including Chapter 15 thereunder) or any foreign equivalent, any foreign or state insolvency or receivership law, or any foreign or state law relating to general assignment for the benefit of creditors, composition, marshaling, or other similar arrangements and procedures, shall not operate to stay, terminate, cancel, suspend, excuse, delay, impede, or otherwise interfere with or impair (i) the rights, if any, of any other Settling Parties to receive the Settlement Fund pursuant to this Stipulation, or (ii) the duties of the Escrow Agents under this Stipulation, including but not limited to the Escrow Agents' obligation to release the Settlement Fund from escrow consistent with this Stipulation.

8.4    Upon the payment of the Settlement Amount into the Escrow Accounts, (a) this Stipulation shall not be, and shall not be deemed or considered to be, executory, as that term has been interpreted under 11 U.S.C. § 365, and (b) no further obligations of any of the Defendants pursuant to this Stipulation or any further effort or responsibility to defend against any appeal or proceeding seeking judicial review of any order contemplated by this Stipulation shall render the Settlement or all or any portion of this Stipulation executory, as that term has been interpreted under 11 U.S.C. § 365.

8.5     The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement resolves claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties and their respective counsel (Class Representatives' Counsel and all counsel for Defendants) shall not contest good faith or assert any claims against each other pursuant to Federal Rule of Civil Procedure 11 relating to this Litigation, and no Settling Party or its counsel will object to any finding by the Court in the Final Judgment or otherwise that the Settling Parties and their respective counsel have complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.  The Settling Parties agree that the Settlement Amount and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.6     Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigation of any wrongdoing, fault, or liability of the Released Defendants, or that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

8.7     The Released Defendants may file this Stipulation and/or the Judgment from this Litigation in any other action brought against them in order to support a defense or counterclaim

based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.8     The Settling Parties jointly request that the Judgment include the broadest bar order permissible by law barring all future claims for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Class Representatives or Settlement Class Members) among and against Class Representatives, any and all Settlement Class Members, and the Released Defendants arising out of the Litigation and Released Claims ("Bar Order"), provided, however, that the Bar Order shall not preclude either (i) the Released Defendants from seeking to enforce any rights they may have under any applicable insurance policies or (ii) any right of indemnification or contribution that the Released Defendants may have under contract or otherwise.  The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act.

8.9     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of documents and information shall survive this Stipulation.

8.10    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.11    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.12    No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or

provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.13    The Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

8.14    Class Counsel, on behalf of the Settlement Class, is expressly authorized by Class Representatives to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which it deems appropriate.

8.15    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.16    Neither the Settlement Class Members nor Defendants shall be bound by this Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the settlement if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or this Stipulation with respect to attorneys'

fees or expenses, Released Defendants shall be entitled to all benefits of the settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

8.17    The Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or PDF via e-mail shall be deemed originals.

8.18    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.19    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation and matters related to the settlement.

8.20    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to any choice-of-law principles that would result in applying substantive laws other than those of the State of New York.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated January 18, 2022.

**BLEICHMAR FONTI & AULD LLP**
JOSEPH A. FONTI
JAVIER BLEICHMAR
EVAN A. KUBOTA
BENJAMIN F. BURRY
THAYNE STODDARD

_____
Joseph A. Fonti

7 Times Square, 27th Floor
New York, NY 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jfonti@bfalaw.com
jbleichmar@bfalaw.com
ekubota@bfalaw.com
bburry@bfalaw.com
tstoddard@bfalaw.com

*Class Counsel and Counsel for Class*
*Representatives Ontario Teachers' Pension*
*Plan Board and Anchorage Police & Fire*
*Retirement System*

**KASOWITZ BENSON TORRES LLP**
SHERON KORPUS
CINDY CARANELLA KELLY
SARAH G. LEIVICK
ANDREW L. SCHWARTZ

_____
Sheron Korpus

1633 Broadway
New York, New York 10019
Tel.: (212) 506-1969
Fax: (212) 500-3469
skorpus@kasowitz.com
ckelly@kasowitz.com
sleivick@kasowitz.com
aschwartz@kasowitz.com

*Counsel for Defendants*

39