# Exhibit A-4

## Long-Form Notice of Pendency and Proposed Settlement of Class Action

EXHIBIT A-4

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE TEVA SECURITIES LITIGATION | : | No. 3:17-cv-00558 (SRU) |

## LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**TO:** **Purchasers and acquirers in domestic transactions of Teva Pharmaceutical Industries Ltd. ("Teva") American Depositary Shares, Teva 7.00% mandatory convertible preferred shares, and/or certain Teva Pharmaceutical Finance Netherlands III B.V. ("Teva Finance") U.S.-dollar-denominated senior notes during the period from February 6, 2014 through May 10, 2019, inclusive.**

**PLEASE READ THIS LONG-FORM NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT IN A LAWSUIT PENDING IN FEDERAL COURT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER, TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY ____. IF YOU DO NOT TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT HAVE ANY RIGHT TO COMPENSATION FROM THIS SETTLEMENT.**

**THIS LONG-FORM NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Long-Form Notice concerns a lawsuit that a federal court has certified as a class action on behalf of persons and entities who purchased or otherwise acquired Teva Securities during the period between February 6, 2014 and May 10, 2019 (the "Class Period"). "Teva Securities" includes:  Teva Pharmaceutical Industries Ltd. ("Teva") American Depositary Shares ("ADS") (ISIN No. US8816242098; CUSIP 881624209), Teva 7% mandatory convertible preferred shares ("Preferred Shares") (ISIN No. IL0062905489; CUSIP M8769Q 136), and the following Teva Pharmaceutical Finance Netherlands III B.V. ("Teva Finance") U.S.-dollar-denominated senior notes: 1.400% Senior Notes due July 20, 2018 (ISIN US88167AAA97; CUSIP 88167A AA9); 1.700% Senior Notes due July 19, 2019 (ISIN US88167AAB70; CUSIP 88167A AB7); 2.200% Senior Notes due July 21, 2021 (ISIN US88167AAC53; CUSIP 88167A AC5); 2.800% Senior Notes due July 21, 2023 (ISIN US88167AAD37; CUSIP 88167A AD3); 3.150% Senior Notes due October 1, 2026 (ISIN US88167AAE10; CUSIP 88167A AE1); and 4.100% Senior Notes due October 1, 2046 (ISIN US88167AAF84; CUSIP 88167A AF8) (collectively, the "Notes").[1]  The lawsuit is referred to as *In re Teva Securities Litigation*, Case No. 3:17-cv-00558 (SRU)

---

[1] All capitalized terms used in this Long-Form Notice that are not otherwise defined shall have the meanings provided in the Stipulation of Settlement dated January 18, 2022 (the "Stipulation"), which is available on the website for the litigation, **www.TevaSecuritiesLitigation.com**.

(the "Litigation") and is pending before the Honorable Stefan R. Underhill in the United States District Court for the District of Connecticut (the "Court").

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE FORM SUBMITTED ONLINE OR POSTMARKED BY _____, 2022 [90 days after Notice Date]**<br><br>**(THIS DEADLINE DOES NOT APPLY TO DIRECT ACTION PLAINTIFFS.)** | This is the only way to be eligible to get a payment from the settlement.  If you wish to participate in the settlement, you will need to complete and submit the Proof of Claim and Release Form.  Settlement Class Members who do not complete and submit the Proof of Claim and Release Form, in accordance with the instructions on the Proof of Claim and Release Form and within the time required, will be bound by the settlement but will not be eligible to participate in any distribution of the Net Settlement Fund. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SUBMITTED ONLINE OR POSTMARKED BY _____, 2022 [75 days after Notice Date]** | If you wish to exclude yourself from the settlement, you must submit a written request for exclusion that is submitted online or postmarked by ___, 2022.  You will not be bound by the results of the Litigation, you cannot object to the settlement, and you will not receive any payment.  This is the only option that allows you to ever bring or be part of any other lawsuit against the Released Defendants related to the issues raised in the Litigation. |
| **DIRECT ACTION PLAINTIFFS ONLY [75 days after Notice Date]** | Direct Action Plaintiffs (listed in Appendix B) who wish to participate in the settlement must (a) dismiss their action and (b) electronically submit or postmark their Proof of Claim and Release Forms (including copies of stockbroker confirmation slips, stockbroker statements, or other documents requested therein) no later than ___, 2022 (with simultaneous copies emailed to Class Counsel (tevasettlement@bfalaw.com) and counsel for Defendants (tevasettlement@kasowitz.com)). |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED OR FILED NO LATER THAN _____, 2022 [21 calendar days prior to Settlement Hearing]** | If you believe the settlement is objectionable in any respect, you may write to the Court about why you oppose the settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses.  You will still be a Settlement Class Member. |

| **ATTEND THE SETTLEMENT HEARING ON _____, 2022, AT __ __, AND PROVIDE A NOTICE OF INTENTION TO APPEAR TO CLASS COUNSEL SO THAT IT IS RECEIVED NO LATER THAN _____, 2022** | The hearing on whether to approve the settlement is scheduled for _____, 2022, at __ _.m. (the "Settlement Hearing") [at least 125 days from order], and is open to the public.  You do not need to attend the hearing unless you wish to speak either in support of the settlement or in support of any objection you may have submitted, and have submitted to Class Counsel a Notice of Intention to Appear so that it is received no later than _____, 2022.   The Court may postpone the Settlement Hearing without further notice to you. |
|---|---|
| **DO NOTHING** | If you are a Settlement Class Member but do not request exclusion and do not submit a Proof of Claim and Release Form submitted online or postmarked by _____, 2022, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, be bound by the settlement.<br><br>If you are a Direct Action Plaintiff and do not (a) dismiss your action and (b) electronically submit or postmark a Proof of Claim and Release Form (including copies of stockbroker confirmation slips, stockbroker statements, or other documents requested therein) no later than ___, 2022 (with simultaneous copies emailed to Class Counsel (tevasettlement@bfalaw.com) and counsel for Defendants  (tevasettlement@kasowitz.com)), you will not share in the proceeds of the settlement and your claims are not released. |

These rights and options are explained in further detail later in this Long-Form Notice, which supplements a Notice being sent by mail to potential Settlement Class Members.  The Notice and other materials are available at **www.TevaSecuritiesLitigation.com.**

## SUMMARY OF LONG-FORM NOTICE

This Long-Form Notice is to inform you that the Class Representatives Ontario Teachers' Pension Plan Board ("Ontario Teachers'") and Anchorage Police & Fire Retirement System ("Anchorage" and together, the "Class Representatives"), on behalf of themselves and the Settlement Class (defined in Questions 5 & 6 below), have reached a proposed settlement with Defendants Teva, Teva Finance, Erez Vigodman, Eyal Desheh, Sigurdur Olafsson, Deborah Griffin, Kåre Schultz, Michael McClellan, and Yitzhak Peterburg (collectively, "Defendants"). If the settlement is approved by the Court, all of the Released Claims against the Released Defendants (each defined in Question 25 below) will be resolved on behalf of all members of the Settlement Class ("Settlement Class Members," defined in Question 5 below).

**Overview of the Litigation and Settlement:** Class Representatives, on behalf of the Settlement Class, allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933.[2] Class Representatives allege that Defendants made material misstatements and omissions regarding Teva's business operations and financial performance. You may review the operative Complaint in the Litigation by visiting www.TevaSecuritiesLitigation.com.

**Reasons for Settlement:** Class Representatives entered into the settlement in order to secure a substantial and immediate benefit to the Settlement Class, without the further risk and delay of continued litigation of this complex action. The settlement provides certainty and protects the Settlement Class from risks specific to Teva that could significantly reduce or eliminate any recovery, even after a victory at trial and on appeal.

Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Litigation. Defendants have denied and continue to deny, among other things, the allegations that the prices of Teva Securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that any Settlement Class Member suffered damage, or was otherwise harmed by the conduct alleged in the Litigation. Defendants' principal reason for entering into the Settlement is to eliminate the uncertainty and risks inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further litigation could be protracted, expensive, and distracting.

**Overview of the Recovery:** Class Representatives have agreed to settle all claims and grant the Released Defendants a full and complete release of all Released Claims in exchange for a cash payment of $420,000,000 (the "Settlement Amount"). The Settlement Amount plus any interest earned thereon is called the "Settlement Fund." The "Net Settlement Fund" is the Settlement Fund less any Court-approved attorneys' fees (estimated not to exceed 23.75% of the Settlement Amount) and expenses (estimated not to exceed $11,000,000), including award(s) to Class

---

[2] Class Representatives also allege that Defendants violated state law as to Settlement Class Members who purchased ADS during the Class Period pursuant to Teva's Employee Stock Purchase Plan for U.S. employees ("ESPP" and "ESPP purchasers").

Representatives of no more than $100,000 in the aggregate pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Class, and less Notice and Administration Expenses, Taxes and Tax Expenses, and other Court-approved deductions.  The Net Settlement Fund will be distributed to Settlement Class Members who timely submit valid Proof of Claim and Release Forms pursuant to the plan of allocation that is approved by the Court (the "Plan of Allocation"). The proposed Plan of Allocation is described at Appendix A below.

Based on Class Representatives' estimate of the number of Teva Securities eligible to recover, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $0.37 per affected ADS (or $0.64 for ADS purchased in the Offering), $17.65 per affected Preferred Share, $0.13 per affected 2018 Note, $0.28 per affected 2019 Note, $0.61 per affected 2021 Note, $1.37 per affected 2023 Note, $2.08 per affected 2026 Note, and $3.57 per affected 2046 Note.  These amounts are based on a model designed to estimate the number of ADS, Preferred Shares, and Notes eligible for recovery, and assume that all eligible Settlement Class Members submit timely Proof of Claim and Release Forms.  If the timely submitted and valid Proof of Claim and Release Forms reflect fewer ADS, Preferred Shares, or Notes than the model predicted, the distributions per ADS, Preferred Share, or Note will be higher than these amounts.  If the timely submitted and valid Proof of Claim and Release Forms reflect more ADS, Preferred Shares, or Notes than the model predicted, the distributions per ADS, Preferred Share, or Note will be lower than these amounts.  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by the amount of that Settlement Class Member's Recognized Claim relative to the total amount of Recognized Claims of all Authorized Claimants.  (See the Plan of Allocation set forth in Appendix A below for details and more information.)

**Statement on Potential Outcome of Case:**  The Settling Parties disagree on both liability and damages and do not agree on the average amount of damages per ADS, Preferred Share, and Note, if any, that would be recoverable if Class Representatives prevailed on each claim alleged. Defendants deny any liability, fault or wrongdoing.  The issues on which the parties disagree include:  (1) whether Defendants engaged in conduct that would give rise to any liability under the federal securities laws and/or applicable state law; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Teva Securities were allegedly artificially inflated (if at all) during the Class Period; (4) the extent to which external factors influenced (if at all) the prices of Teva Securities during the Class Period; (5) the extent to which the various matters that Class Representatives alleged were materially false or misleading influenced (if at all) the prices of Teva Securities at various times during the Class Period; and (6) the extent to which the various allegedly adverse material facts that Class Representatives allege were omitted influenced (if at all) the prices of Teva Securities during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought:**  Class Counsel intend to apply to the Court on behalf of all Class Representatives' Counsel for an award of attorneys' fees not to exceed 23.75% of the Settlement Amount, plus charges and expenses not to exceed $11,000,000, including award(s) to Class Representatives of no more than $100,000 in the aggregate pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Class, plus interest earned on these amounts at the same rate as earned by the Settlement Fund.  If all eligible Settlement

Class Members (as estimated by the trading model referenced above) submit valid and timely Proof of Claim and Release Forms, these attorneys' fees, charges and expenses would amount to an average of approximately $0.10 per affected ADS (or $0.17 for ADS purchased in the Offering), $4.65 per affected Preferred Share, $0.03 per affected 2018 Note, $0.07 per affected 2019 Note, $0.16 per affected 2021 Note, $0.36 per affected 2023 Note, $0.55 per affected 2026 Note, and $0.94 per affected 2046 Note. Class Counsel have expended considerable time and effort litigating this case on behalf of Class Representatives and the Settlement Class on a wholly contingent basis for approximately five years, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced significant expenses necessary to prosecute this Litigation, in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. In this type of litigation, it is customary for counsel to be awarded a percentage of the settlement fund recovery as their attorneys' fees.

**Identification of Attorneys:**  Class Representatives and all other Settlement Class Members are represented by counsel identified in the answer to Question 16 below.

**Further Information:**  For further information regarding this settlement, visit **www.TevaSecuritiesLitigation.com** or contact the Claims Administrator, Epiq Class & Claims Solutions, Inc., *In re Teva Securities Litigation*, P.O. Box 3565, Portland, OR 97208-3565, Telephone: (855) 675-3124 (or 1-503-520-4435 outside the U.S. and Canada). You may also contact a representative of Class Counsel: Joseph A. Fonti, Bleichmar Fonti & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, Telephone: (888) 879-9418.

# TABLE OF CONTENTS

**Page No.**

BASIC INFORMATION ...................................................................................................9

    1.    Why did I get this Long-Form Notice?....................................................9

    2.    What is the Litigation about?.................................................................9

    3.    Why is this a class action? ...................................................................11

    4.    Why is there a settlement? ...................................................................11

WHO IS IN THE SETTLEMENT......................................................................................11

    5.    How do I know if I am part of the settlement? .....................................11

    6.    Are there exceptions to being included?...............................................12

    7.    What if I am still not sure if I am included? .........................................13

THE BENEFITS OF THE SETTLEMENT .........................................................................13

    8.    What does the settlement provide? .......................................................13

    9.    How much will my payment be? ...........................................................14

    10.    How can I receive a payment?.............................................................14

    11.    When would I receive my payment? .....................................................15

    12.    What am I giving up to receive a payment or to stay in the Settlement Class?.................................................................................................15

EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS ............................................15

    13.    How can I exclude myself from the Settlement Class? .........................15

    14.    If I do not exclude myself, can I sue the Released Defendants for the same thing later? ....................................................................................16

    15.    If I exclude myself, can I get money from the proposed settlement?...................16

THE LAWYERS REPRESENTING YOU ...........................................................................17

    16.    Do I have a lawyer in this case?..........................................................17

    17.    How will the lawyers be paid?.............................................................17

    18.    Can I hire my own lawyer?..................................................................18

OBJECTING TO THE SETTLEMENT ..............................................................................18

    19.    How do I tell the Court that I object to the proposed settlement? ........18

    20.    What is the difference between objecting and excluding myself?.........19

THE COURT'S SETTLEMENT HEARING .......................................................................19

    21.    When and where will the Court decide whether to approve the proposed settlement? ........................................................................................19

22.   Do I have to attend the hearing? ................................................................20

23.   May I speak at the hearing? .......................................................................20

24.   What happens if I do nothing at all? ..........................................................20

DISMISSALS AND RELEASES ................................................................................20

25.   What happens if the proposed settlement is approved? ..............................20

GETTING MORE INFORMATION ...........................................................................22

26.   How do I get more information about the proposed settlement? .................22

APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND ....................... A-1

APPENDIX B – DIRECT ACTION PLAINTIFFS .................................................................B-1

## BASIC INFORMATION

| 1. | Why did I get this Long-Form Notice? |
|---|---|

You have received this Long-Form Notice because the parties are seeking approval of a proposed settlement on behalf of Settlement Class Members, and you have been identified as a potential Settlement Class Member either from the transfer agent's record of ownership of Teva ADS, Preferred Shares, and/or Notes or by your broker or custodian if you purchased or acquired Teva ADS, Preferred Shares, and/or Notes in "street name."

The Court directed that this Notice be made available to Settlement Class Members to explain the Litigation, the settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | What is the Litigation about? |
|---|---|

On behalf of purchasers and acquirers of Teva ADS, Preferred Shares, and Notes from February 6, 2014 through May 10, 2019, Class Representatives allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 thereunder, and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, as well as state law. Specifically, Class Representatives allege that Defendants made material misstatements and omissions regarding Teva's business operations and financial performance. Class Representatives further allege that as the truth regarding Defendants' misstatements and omissions was revealed in piecemeal fashion, artificial inflation was removed from the prices of Teva Securities, damaging the Settlement Class.

**This Long-Form Notice is NOT an expression of the Court's opinion on the merits of any of the claims in the Litigation or whether Defendants engaged in any wrongdoing.**

**Procedural History**

The parties have vigorously litigated this action since it was filed on November 6, 2016. On July 11, 2017, the Court appointed Ontario Teachers' as lead plaintiff. (ECF 124.) On September 11, 2017, Ontario Teachers' and Anchorage filed the Consolidated Class Action Complaint. (ECF 141.) On November 9, 2017, Defendants moved to dismiss the Consolidated Class Action Complaint. During an April 3, 2018 hearing, the Court granted Defendants' motion to dismiss without prejudice, and permitted Class Representatives to file an amended complaint. (ECF 218.)

On June 22, 2018, Class Representatives filed the Amended Consolidated Class Action Complaint. (ECF 226.) Following more than 230 pages of briefing, on September 25, 2019, the Court denied in part and granted in part Defendants' motions to dismiss. (ECF 283.)

On December 13, 2019, Class Representatives filed the 165-page Second Amended Consolidated Class Action Complaint (the "Complaint"). (ECF 310.) The Complaint expanded

the Class Period to February 6, 2014 through May 10, 2019, included additional allegations and Defendants, and asserted additional claims. *Id.* That same day, the parties filed a joint motion to consolidate all of the Teva-related securities actions pending in the U.S., including class actions and actions filed by individual investors based on similar allegations to those at issue in the Litigation. (ECF 311.) The Court granted the consolidation motion on March 10, 2020. (ECF 341.)

On June 19, 2020, Class Representatives filed a motion to certify the Class. (ECF 419.) On March 9, 2021, following extensive briefing on the motion, the exchange of multiple expert reports, five expert depositions (including of three experts proffered by Defendants), briefing on Defendants' motion to exclude Class Representatives' expert, and a January 29, 2021 hearing, the Court entered an 88-page decision granting Class Representatives' motion in full, denying Defendants' motion to exclude, certifying the Class and appointing Class Counsel. (ECF 736.) On June 22, 2021, the Second Circuit denied Defendants' petition under Federal Rule 23(f) to appeal class certification. (ECF 817.)

In the course of completing fact and expert discovery over a two-year period, the parties litigated numerous discovery disputes. Those disputes involved formal briefing on multiple motions to compel, twenty-two case management, status, and discovery conferences held by the Court, and numerous related submissions. Class Counsel also propounded hundreds of document requests, interrogatories, requests for admission, and subpoenas, and Defendants and third parties produced more than 8.2 million pages of documents. Obtaining documents from certain third parties required extensive negotiations and the commencement of a separate court proceeding to compel production. Additionally, Class Counsel deposed 23 fact witnesses, including Rule 30(b)(6) witnesses for Teva, Teva Finance, and two third parties. These witnesses were located across the United States, Spain, and Israel, and Class Counsel deposed them all remotely via videoconference in six months of intensive effort. Further, the parties exchanged hundreds of pages of responses to interrogatories and requests for admission.

The parties also completed expert discovery, with Class Representatives serving ten (10) merits expert reports (totaling more than 600 pages) on a variety of critical matters. In addition, Class Counsel defended five expert depositions and took five depositions of Defendants' experts.

In total, the parties conducted 40 fact and expert depositions and exchanged 23 expert reports.

The parties were on the verge of filing motions for summary judgment and motions to exclude expert testimony when the parties agreed on the terms of the settlement.

**Settlement Proceedings**

Class Representatives and Defendants engaged in private mediation sessions before a mediator, former U.S. District Judge Layn R. Phillips. Over the course of three virtual settlement conferences in July 2020 and September 2021 and numerous subsequent communications over the course of several months, and through extensive submissions and presentations, the parties engaged in arms-length negotiations under the supervision of Judge Phillips. Finally, the parties



reached an agreement in principle to settle this Litigation, pursuant to a mediator's recommendation, for $420 million.

On _____, 2022, the Court entered an order preliminarily approving the proposed settlement, approving this Long-Form Notice, setting deadlines, and scheduling the Settlement Hearing to consider whether to grant final approval of the settlement.

To learn more about what has happened in the Litigation to date, including a detailed history, please see the Stipulation and other relevant pleadings, which are available at **www.TevaSecuritiesLitigation.com**. Instructions on how to get more information are also included in Question 26 below.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons or entities sue on behalf of people and entities who have similar claims. Together, these people and entities are referred to as a "class," and each person or entity is a "class member." One court resolves the issues for all class members at the same time, except for those class members who exclude themselves from the class (the process for which is described more fully in Question 13 below).

| 4. | Why is there a settlement? |
|---|---|

While Class Representatives believe their claims have merit, Defendants deny any wrongdoing or liability, and no court has decided in favor of either Defendants or the Settlement Class. The parties have agreed to the settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and to ensure that Settlement Class Members will receive substantial immediate compensation. Particularly in light of the possibility that continued litigation could result in no greater recovery than the settlement—or no recovery at all—Class Representatives and Class Counsel believe the settlement is in the best interest of all Settlement Class Members.

### WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court has preliminarily certified a settlement class (the "Settlement Class") comprised of the following:

(1) As to claims under the Securities Exchange Act of 1934, all persons and entities who, in domestic transactions, purchased or otherwise acquired the following securities during the period from February 6, 2014 through May 10, 2019, inclusive (the "Class Period"), and were damaged thereby:

    a. Teva American Depositary Shares ("ADS");

    b.   Teva 7.00% mandatory convertible preferred shares issued on or about December 3, 2015 and January 6, 2016 ("Preferred Shares");

    c.   The following Teva Finance U.S.-dollar-denominated senior notes issued on or about July 21, 2016:

         i.      1.400% Senior Notes due July 20, 2018 ("2018 Notes");

         ii.     1.700% Senior Notes due July 19, 2019 ("2019 Notes");

         iii.    2.200% Senior Notes due July 21, 2021 ("2021 Notes");

         iv.    2.800% Senior Notes due July 21, 2023 ("2023 Notes");

         v.      3.150% Senior Notes due October 1, 2026 ("2026 Notes"); and

         vi.    4.100% Senior Notes due October 1, 2046 ("2046 Notes") (collectively, the "Notes"); and

(2)  As to claims under the Securities Act of 1933, all persons and entities who, in domestic transactions, purchased or otherwise acquired ADS, Preferred Shares, and Notes pursuant or traceable to the offerings of ADS and Preferred Shares completed on or about December 3, 2015 and January 6, 2016, or the offering of the Notes completed on or about July 21, 2016; and as to the alleged additional state-law claims, all persons and entities who purchased or otherwise acquired ADS pursuant to Teva's Employee Stock Purchase Plan for U.S. Employees ("ESPP") during the Class Period, and were damaged thereby.

Certain persons and entities are excluded from this definition, as described below.

**PLEASE NOTE: RECEIPT OF A NOTICE DOES NOT MEAN YOU ARE A SETTLEMENT CLASS MEMBER OR ENTITLED TO RECEIVE A PAYMENT FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO GET A PAYMENT FROM THE SETTLEMENT, YOU MUST SUBMIT THE PROOF OF CLAIM AND RELEASE FORM AVAILABLE FROM www.TevaSecuritiesLitigation.com SO THAT IT IS SUBMITTED ONLINE OR POSTMARKED BY _____, 2022.**

**DIRECT ACTION PLAINTIFFS (LISTED IN APPENDIX B) WHO WISH TO PARTICIPATE IN THE SETTLEMENT MUST (A) DISMISS THEIR ACTION AND (B) ELECTRONICALLY SUBMIT OR POSTMARK PROOF OF CLAIM AND RELEASE FORMS (INCLUDING COPIES OF STOCKBROKER CONFIRMATION SLIPS, STOCKBROKER STATEMENTS, OR OTHER DOCUMENTS REQUESTED THEREIN) NO LATER THAN ___, 2022 (WITH SIMULTANEOUS COPIES EMAILED TO CLASS COUNSEL (TEVASETTLEMENT@BFALAW.COM) AND COUNSEL FOR DEFENDANTS (TEVASETTLEMENT@KASOWITZ.COM)).**

| **6.** | **Are there exceptions to being included?** |
|---|---|

Excluded from the Settlement Class are persons who timely and validly request exclusion from the Settlement Class. Also excluded from the Settlement Class are: (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Teva, Teva USA, and Teva Finance, and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (4) any entity in which any Defendant has or has had a controlling interest; (5) Teva's employee retirement and benefit plan(s) (not including the ESPP); and (6) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.

Also excluded from the Settlement Class are (a) any person or entity that during the Class Period purchased or otherwise acquired Teva Securities and has been promised or received a payment from or on behalf of Defendants related to or arising from litigation, or otherwise released its claims, related to its Class Period transactions in Teva Securities other than a payment of attorneys' fees or costs incurred by such person or entity; (b) any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court; and (c) Direct Action Plaintiffs (listed in Appendix B) that do not timely dismiss their claims and submit Proof of Claim and Release Forms by no later than __, 2022.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included in the settlement, you can ask for free help. You can contact the Claims Administrator toll-free at 1-855-675-3124 (or 1-503-520-4435 outside the U.S. and Canada), or you can fill out and return the Proof of Claim and Release Form available from **www.TevaSecuritiesLitigation.com** (in accordance with the instructions), to see if you qualify.

### THE BENEFITS OF THE SETTLEMENT

| 8. | What does the settlement provide? |
|---|---|

A settlement has been reached in the Litigation, the terms of conditions of which are set forth in the Stipulation and Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court and accessible at **www.TevaSecuritiesLitigation.com**, for a full statement of its provisions.

The Settlement Fund consists of Four Hundred and Twenty Million U.S. dollars ($420,000,000) in cash, plus any interest earned thereon.

The Settlement Fund will be used to pay expenses for the Litigation, to pay for distribution of the Notice and the processing of claims submitted by Settlement Class Members, to pay Taxes and Tax Expenses, and to pay attorneys' fees and expenses (including any awards to Class Representatives).

The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Settlement Class Members who submit valid and timely Proof of Claim and Release Forms.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

| **9.** | **How much will my payment be?** |
|---|---|

Your payment (if any) will depend on several things, including how many Settlement Class Members submit timely and valid Proof of Claim and Release Forms, the total dollar amount of the claims represented by valid Proof of Claim and Release Forms, the number of Teva Securities you purchased or acquired, how much you paid for those securities, when you purchased or acquired them, and if and when you sold your Teva Securities and for how much.

By following the instructions in the Plan of Allocation, you can estimate the amount of your Recognized Claim.  It is unlikely that you will get a payment for the full amount of your claim.  After all Settlement Class Members have sent in their Proof of Claim and Release Forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of all valid claimants' Recognized Claims.  (See the Plan of Allocation appended below as Appendix A for more information on how to estimate the amount of your Recognized Claim.)

| **10.** | **How can I receive a payment?** |
|---|---|

You may submit a Proof of Claim and Release Form as described below.  If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court.  If the Court grants final approval of the proposed settlement, you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM.** A Proof of Claim and Release Form may be downloaded at **www.TevaSecuritiesLitigation.com**. Read the instructions carefully, fill out the Proof of Claim and Release Form, include all the documents the form asks for, sign it, and electronically submit or mail it to the Claims Administrator so that it is *electronically submitted or postmarked no later than _____, 2022.* Direct Action Plaintiffs (listed in Appendix B) who wish to participate in the settlement must (a) dismiss their action and (b) electronically submit or postmark Proof of Claim and Release Forms (including copies of stockbroker confirmation slips, stockbroker statements, or other documents requested therein) no later than ___, 2022 (with simultaneous copies emailed to Class Counsel (tevasettlement@bfalaw.com) and counsel for Defendants (tevasettlement@kasowitz.com)). Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim and Release

Form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

| | |
|---|---|
| **11.** | **When would I receive my payment?** |

The Court will hold a Settlement Hearing on _____, *2022, at* _____ ___.*m.*, to decide whether to approve the settlement.  If the Court approves the settlement after that hearing, there might be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time.  It also takes time for all of the Proof of Claim and Release Forms to be processed. Please be patient.

| | |
|---|---|
| **12.** | **What am I giving up to receive a payment or to stay in the Settlement Class?** |

If you do not make a valid and timely request in writing to be excluded from the Settlement Class, you will be bound by any and all determinations or judgments in the Litigation in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Settlement Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants, whether or not you submit a valid Proof of Claim and Release Form or receive any payment from the Net Settlement Fund.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

| | |
|---|---|
| **13.** | **How can I exclude myself from the Settlement Class?** |

If you are not a Direct Action Plaintiff and wish to be excluded from the Settlement Class, meaning to opt out of the lawsuit, you must submit a request for exclusion in accordance with the instructions below.   Direct Action Plaintiffs are excluded from the Settlement Class unless they (a) dismiss their action and (b) electronically submit or postmark their Proof of Claim and Release Forms (including copies of stockbroker confirmation slips, stockbroker statements, or other documents requested therein) no later than ___, 2022 (with simultaneous copies emailed to Class Counsel (tevasettlement@bfalaw.com) and counsel for Defendants (tevasettlement@kasowitz.com)).

**If you choose to be excluded:  (1) you will NOT be entitled to share in any recovery from the Net Settlement Fund; (2) you will NOT be bound by any judgment or release entered in this lawsuit; and (3) AT YOUR OWN EXPENSE, you MAY pursue any claims that you have by filing your own lawsuit or taking other action.**

***If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in the Litigation, you should consult an attorney at your own expense and discuss whether it is too late to pursue your individual claim because it may be time-barred by the applicable statutes of limitations and/or repose.***

***If you are excluded from the Settlement Class and pursue your own individual action, you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.***

If you wish to be excluded, you must submit a written request stating that you wish to be excluded from the Settlement Class to the Claims Administrator, Epiq Class Action and Claims Solutions, Inc., online via **www.TevaSecuritiesLitigation.com** or mail the written request to the following address:

Epiq Class & Claims Solutions, Inc.
*In re Teva Securities Litigation*
EXCLUSIONS
P.O. Box 3565
Portland, OR 97208-3565

The request for exclusion must:  (1) include your name, address, and telephone number; (2) state that you wish to be "excluded from the Settlement Class in *In re Teva Securities Litigation*, No. 3:17-cv-00558 (SRU) (D. Conn.)"; (3) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all ADS, Preferred Shares, and/or Notes you purchased and/or sold during the Class Period; and (4) be signed by you.  If you are an entity requesting exclusion, your authorized representative may sign the request for exclusion (accompanied by proof of authorization).

***YOUR EXCLUSION REQUEST MUST BE ELECTRONICALLY SUBMITTED OR POSTMARKED NO LATER THAN _____, 2022.***

No request for exclusion will be considered valid unless all of the information described above is included in any such request.

| **14.**    **If I do not exclude myself, can I sue the Released Defendants for the same thing later?** |
| :--- |

No.  If you do not exclude yourself, you give up any rights to sue the Released Defendants for any and all Released Claims.  If you have a pending lawsuit against the Released Defendants, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class if you want to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2022.

| **15.**    **If I exclude myself, can I get money from the proposed settlement?** |
| :--- |

No.  If you exclude yourself, you are not a Settlement Class Member and may not send in a Proof of Claim and Release Form to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
| --- | --- |

To represent the Class, the Court has appointed the law firm of Bleichmar Fonti & Auld LLP as Class Counsel and Carmody Torrance Sandak & Hennessey LLP as Class Liaison Counsel, and the Court has preliminarily appointed both firms to the same roles for the Settlement Class. These lawyers represent you (assuming you are a Settlement Class Member).

You will not be charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
| --- | --- |

At the Settlement Hearing, Class Counsel will request that the Court award attorneys' fees not to exceed 23.75% of the Settlement Amount, plus charges and expenses not to exceed $11,000,000, including award(s) to Class Representatives of no more than $100,000 in the aggregate pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Class, plus interest earned on these amounts at the same rate as earned by the Settlement Fund.  These amounts, if approved, will be paid from the Settlement Fund.

As explained above, Class Counsel have litigated this case on behalf of Class Representatives and the Settlement Class on a wholly contingent basis, expending considerable time and effort over the last four years.  These activities have included investigating the claims and defeating Defendants' second round of motions to dismiss after extensive briefing; obtaining class certification based on extensive briefing, expert reports, and depositions; conducting extensive discovery, including taking 23 fact depositions; serving 10 merits expert reports; taking or defending 10 merits expert depositions; and preparing motions for partial summary judgment and exclusion of Defendants' experts.  Class Counsel have also advanced significant expenses, including to compensate four experts, process and analyze 8.2 million pages of documents, and conduct 40 depositions.

To date, Class Counsel have not received any payment for their services or been paid any of their expenses.  The fee award requested by Class Counsel will compensate counsel for their efforts in achieving the settlement for the benefit of the Settlement Class, and for the risks they have undertaken in representing the Settlement Class on a wholly contingent basis.  Class Counsel believe that their total fee request is well within the range of fees awarded under comparable circumstances in other litigations of this type, and will provide further explanation and documentation of the request in a forthcoming application for attorneys' fees and expenses to be filed in advance of the Settlement Hearing.

| 18. | Can I hire my own lawyer? |
|-----|---------------------------|

If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____, 2022, and must serve copies of such appearance on the attorneys listed below. If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel: Joseph A. Fonti, Bleichmar Fonti & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, Telephone: (888) 879-9418.

**Class Counsel**
Bleichmar Fonti & Auld LLP
Joseph A. Fonti
7 Times Square
27th Floor
New York, NY 10036
Telephone: (888) 879-9418

**Counsel for Defendants**
Kasowitz Benson Torres LLP
Sheron Korpus
1633 Broadway
New York, NY 10019
Telephone: (212) 506-1700

## OBJECTING TO THE SETTLEMENT

| 19. | How do I tell the Court that I object to the proposed settlement? |
|-----|------------------------------------------------------------------|

Any Settlement Class Member who objects to any aspect of the proposed settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and ask to be heard at the Settlement Hearing.

You may object to the proposed settlement in writing. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for any legal expenses charged by that attorney. Any objection must: (1) include your name, address, and telephone number; (2) clearly identify the case name and number (*In re Teva Securities Litigation*, No. 3:17-cv-00558 (SRU) (D. Conn.)); (3) demonstrate your membership in the Settlement Class by providing proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) of the date(s), price(s), and number(s) of all ADS, Preferred Shares, and/or Notes purchased and/or sold during the Class Period; (4) contain a statement of the reasons for objection; (5) identify all other class action settlements the objector or his, her or its counsel has previously objected to; (6) include copies of any papers, briefs, or other documents upon which the objection is based; (7) include the objector's signature, even if represented by counsel; and (8) be submitted to the Court either by mailing the objection and all supporting materials to the Clerk's Office of the District Court for the District of

Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, CT 06604, or by filing them electronically by ECF on the docket for this case or in person at any location of the United States District Court for the District of Connecticut.  Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____, 2022** [twenty-one (21) calendar days prior to the Settlement Hearing].

Only Settlement Class Members who have submitted written notices of objection in the manner and time provided above will be heard at the Settlement Hearing, unless the Court orders otherwise.  Any Settlement Class Member who does not make their objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

| | |
|---|---|
| **20.** | **What is the difference between objecting and excluding myself?** |

Objecting is telling the Court that you do not like something about the proposed settlement, the Plan of Allocation, or the attorneys' fee and expense application.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class; if you exclude yourself, you cannot object.  Do not submit both an objection and a request for exclusion.  If you submit both, your objection will be disregarded and you will be excluded from the Settlement Class.

## THE COURT'S SETTLEMENT HEARING

| | |
|---|---|
| **21.** | **When and where will the Court decide whether to approve the proposed settlement?** |

The Settlement Hearing will be held on **_____, 2022, at _____ _.m.** before the Honorable Stefan R. Underhill, Chief Judge for the United States District Court for the District of Connecticut, at the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604.  The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Four Hundred and Twenty Million U.S. dollars ($420,000,000) in cash, should be approved as fair, reasonable, and adequate to the Settlement Class Members; (2) whether the proposed plan to distribute the Net Settlement Fund (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the application by Class Counsel for attorneys' fees and expenses should be approved; and (4) whether the proposed Judgment should be entered.  **The Court may adjourn the Settlement Hearing to another time (*i.e.*, reschedule) without further notice to the Settlement Class.  Before the Settlement Hearing, Settlement Class Members who plan to attend should check www.TevaSecuritiesLitigation.com or the Court's PACER site (*see* Question 26 below) to confirm that the date of the Settlement Hearing has not changed.**

| 22. | Do I have to attend the hearing? |
|---|---|

No.  Class Counsel will answer questions the Court may have, and Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval. You may pay your own lawyer to attend, or attend at your own expense, but you are not required to do so.  If you send an objection or statement in support of the settlement, you are not required to go to Court to discuss it.

| 23. | May I speak at the hearing? |
|---|---|

If you object to any aspect of the settlement, you may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must include in your objection (*see* Question 19 above) a statement that it is your "Notice of Intention to Appear in *In re Teva Securities Litigation*, No. 3:17-cv-00558 (SRU) (D. Conn.)."  If you hire an attorney to appear on your behalf to make an objection, the attorney must file a notice of appearance with the Court and effect service on the parties to the Litigation on or before _____, 2022 [twenty-one (21) calendar days prior to the Settlement Hearing].  Persons who intend to object to any aspect of the settlement, and desire to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and the exhibits they intend to introduce into evidence at the Settlement Hearing.  You cannot speak at the hearing if you exclude yourself.

| 24. | What happens if I do nothing at all? |
|---|---|

You may do nothing at all.  If you choose this option, and:

- <u>You are a Direct Action Plaintiff:</u>  You will not share in the proceeds of the settlement and your claims are not released.

- <u>You are a Settlement Class Member (and not a Direct Action Plaintiff):</u>  You will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendants.

**DISMISSALS AND RELEASES**

| 25. | What happens if the proposed settlement is approved? |
|---|---|

As a Settlement Class Member, in consideration for the benefits of the settlement, you will be bound by the terms of the settlement and you will release the Released Defendants from the Released Claims as defined below.

"Released Claims" means any and all claims, rights, actions, issues, controversies, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements,

promises, damages, and liabilities of every kind, nature and description (including Unknown Claims as defined in ¶1.40 of the Stipulation) whether arising under federal, state or foreign law, or statutory, common or administrative law, or any other law, rule or regulation, whether asserted as claims, cross-claims, counterclaims or third party claims, whether fixed or contingent, choate or inchoate, accrued or not accrued, matured or unmatured, liquidated or un-liquidated, perfected or unperfected, whether class or individual in nature, that previously existed, currently exist, exist as of the date of the Court approval of the Settlement or that may arise in the future, that Plaintiffs or any other member of the Settlement Class asserted in the Second Amended Consolidated Class Action Complaint (ECF 310, the "Complaint") or could have asserted in the Action or in any other action or in any forum (including, without limitation, any federal or state court, or in any other court, arbitration proceeding, administrative agency or other forum, in the U.S. or elsewhere) that in any way arise out of, are based upon, relate to or concern the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions or failures to act alleged, set forth, referred to, involved in, or which could have been raised in the Action or the Complaint, and that in any way arise out of, are based upon, relate to or concern the purchase or acquisition of Teva Securities during the Class Period, including, without limitation, claims that arise out of or relate to any disclosures (including in financial statements), U.S. Securities and Exchange Commission filings, press releases, investor calls, registration statements, offering memoranda, web postings, presentations or any other statements by Defendants during the Class Period.  Released Claims do not include any claims asserted by Direct Action Plaintiffs who have not both (i) dismissed their claims and (ii) sought to be included in the Settlement Class by timely submitting a completed Proof of Claim and Release.  Released Claims also do not include claims to enforce the settlement and the Stipulation, any and all claims against Defendants currently pending in the courts of Israel based on purchases of common stock trading on the Tel Aviv Stock Exchange, or any claims brought derivatively.  For the avoidance of doubt, such non-released claims include those asserted in *Gat et al. v. Teva Pharmaceutical Industries Ltd., et al.*, No. 17017-11-16 (Tel Aviv – Jaffa District), *Lightcom (Israel) Ltd. et al. v. Teva Pharmaceutical Industries Ltd., et al.*, No. 5407-09-17 (Tel Aviv – Jaffa District), and the derivative actions consolidated in Israel as *Schneider v. Teva Pharmaceutical Industries Ltd., et al.*, No. 1944-03-20.

"Released Defendants" means each and all of the Defendants, and the applicable Related Parties.  "Related Parties" means, as applicable, each and all of the following: (a) each and every Defendant, including all defendants previously named in this action; (b) each and every member of the Settlement Class, Class Representatives, and Class Representatives' counsel; (c) the respective present and former parents, affiliates, subsidiaries, divisions, directors, officers, employees, general partners and limited partners, and successors in interest, including without limitation any Person in which a Person in subpart (a) and (b) has or had a controlling interest, in their respective capacities as such; and (d) the present and former members of the immediate family, heirs, principals, trustees, trusts, executors, administrators, predecessors, successors, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, attorneys, representatives, estates, divisions, estate managers, indemnifiers, insurers and reinsurers of each of the Persons listed in subparts (a), (b), and (c) of this definition, in their respective capacities as such.

If the proposed settlement is approved, the Court will enter a Judgment (the "Judgment"). In addition, upon the Effective Date of the Judgment, Class Representatives and all Settlement

Class Members and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendants, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release Form, whether or not such Settlement Class Member shares in the Settlement Fund, and whether or not such Settlement Class Member objects to the settlement, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum asserting any and all Released Claims against any of the Released Defendants, except to enforce the Stipulation.

## GETTING MORE INFORMATION

| **26.** | **How do I get more information about the proposed settlement?** |
| --- | --- |

This Long-Form Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation.  For the precise terms and conditions of the settlement, please see the Stipulation available at **www.TevaSecuritiesLitigation.com**; or you may contact Class Counsel at (888) 879-9418, access the Court docket in the Litigation through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ctd.uscourts.gov/, or visit the office of the Clerk at United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**DO NOT TELEPHONE THE COURT OR DEFENDANTS' COUNSEL REGARDING THIS LONG-FORM NOTICE.**

If you have any questions about the settlement, you may seek additional information at TevaSettlement@bfalaw.com; contact the Claims Administrator:  Epiq Class & Claims Solutions, Inc., *In re Teva Securities Litigation*, P.O. Box 3565, Portland, OR 97208-3565, Telephone: (855) 675-3124 (or 1-503-520-4435 outside the U.S. and Canada), or contact Class Counsel:  Joseph A. Fonti, Bleichmar Fonti & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, Telephone: (888) 879-9418.

**APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

1. For each purchase or acquisition of Teva ADS, Preferred Shares, and Notes between February 6, 2014 and May 10, 2019, inclusive (the "Class Period") that is listed in the Proof of Claim and Release Form and properly documented, a "Recognized Loss Amount" will be calculated according to the formula(s) described below.  Such "Recognized Loss Amounts" will be aggregated across all purchases to determine the "Recognized Claim" for each Settlement Class Member.

2. Pursuant to this Plan of Allocation, a Settlement Class Member may have Recognized Loss Amounts:  (i) under the Securities Act of 1933 (the "Securities Act") with respect to Teva Preferred Shares, Notes, and/or certain Teva ADS; and (ii) under the Securities Exchange Act of 1934 (the "Exchange Act") with respect to Teva ADS, as described below.  To the extent a Settlement Class Member has a Recognized Loss Amount under both the Exchange Act and the Securities Act resulting from the same purchase or acquisition of Teva ADS, the Recognized Loss Amount for such purchase or acquisition will be the greater of the Exchange Act Recognized Loss Amount (explained below) and the Securities Act Recognized Loss Amount (explained below).

3. To the extent that the calculation of a Recognized Loss Amount results in a negative number or zero, that Recognized Loss Amount will be zero.

4. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## I.     Exchange Act Recognized Loss Amount Calculations

5. Damages are recoverable under the Exchange Act where misstatements or omissions introduce or maintain artificial inflation in the price of a security, and disclosures or events that correct the misstatements or omissions reduce or eliminate the artificial inflation and cause the security price to decline.  Class Representatives' damages expert (David Tabak, Ph.D.) performed event studies to calculate the estimated amount of artificial inflation in the per-share closing prices of Teva ADS on each day during the Class Period.  These event studies measured how much Teva ADS prices allegedly declined as a result of disclosures and events that corrected the alleged misstatements and omissions.

6. An "Exchange Act Recognized Loss Amount" is calculated for each Settlement Class Member who purchased or acquired Teva ADS during the Class Period based on when that claimant purchased/acquired and sold Teva ADS, or retained Teva ADS beyond the end of the Class Period.[3]  Based on the formulas presented below, an Exchange Act Recognized

---

[3] The plan of allocation provides eligible ESPP purchasers with Recognized Loss Amounts under the Exchange Act, rather than the Securities Act or state law.  Defendants would argue that ESPP purchasers

Loss Amount will be calculated for each purchase or acquisition of Teva ADS during the Class Period that is listed on the Proof of Claim and Release Form and for which adequate documentation is provided.

7.  Exchange Act Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Teva ADS at the time of purchase or acquisition and at the time of sale, or on the difference between the actual purchase price and sale price.  Accordingly, to have an Exchange Act Recognized Loss Amount, an Authorized Claimant must have purchased or otherwise acquired Teva ADS during the Class Period and held such Teva ADS through at least one of the alleged corrective disclosures that removed artificial inflation from the price of Teva ADS.  For purposes of this Plan of Allocation, these alleged corrective disclosures occurred on:  November 3, 2016; December 5, 2016 (after market hours); January 6, 2017; February 6, 2017 (after market hours); August 3, 2017; February 8, 2018; December 9, 2018 (a Sunday); and May 10, 2019 (after market hours).

8.  For each share of Teva ADS purchased or otherwise acquired during the Class Period and:

    a.  Sold before November 3, 2016, the Recognized Loss Amount will be $0.00.

    b.  Sold on or after November 3, 2016 and prior to the close of trading on May 10, 2019, the Recognized Loss Amount will be *the lesser of*:

        i.  The amount of alleged artificial inflation per ADS on the date of purchase/acquisition as stated in Table A *minus* the amount of alleged artificial inflation per ADS on the date of sale as stated in Table A; and

        ii.  The difference between the purchase/acquisition price and the sale price.

    c.  Retained at the close of trading on May 10, 2019 and sold on or before the close of trading on August 8, 2019, the Recognized Loss Amount will be *the lesser of*:

        i.  The amount of alleged artificial inflation per ADS on the date of purchase/acquisition as stated in Table A;

        ii.  The difference between the purchase/acquisition price and the sale price; and

---

cannot satisfy the "tracing" requirement under Section 11 of the Securities Act, and that the state-law claims faced preclusion under the Securities Litigation Uniform Standards Act (SLUSA), and in any event would not yield greater damages than the Exchange Act claims.  In recognition of the additional Securities Act and state-law claims asserted on ESPP purchasers' behalf, however, ESPP purchasers' Exchange Act Recognized Loss Amounts are subject to a multiplier of 1.05 (*i.e.*, their Exchange Act Recognized Loss Amounts are increased by 5%).

iii. The difference between the purchase/acquisition price and the average closing price between May 13, 2019 and the date of sale as stated in Table B below.

d. Held as of the close of trading on August 8, 2019, the Recognized Loss Amount will be *the lesser of*:

i. The amount of alleged artificial inflation per ADS on the date of purchase/acquisition as stated in Table A;

ii. The difference between the purchase/acquisition price and the sale price; and

iii. The purchase/acquisition price minus $9.04.[4]

e. For ESPP purchasers, the Recognized Loss Amounts determined pursuant to (b), (c) and (d) above will be multiplied by 1.05.

## II. Securities Act Recognized Loss Amount Calculations

9. Class Representatives' damages expert also analyzed alleged damages under the Securities Act on (i) the ADS purchased or acquired in Teva's ADS/Preferred Offering (in December 2015 and January 2016), (ii) the Preferred Shares purchased or acquired in or traceable to Teva's ADS/Preferred Offering, and (iii) the Notes purchased or acquired in or traceable to Teva's Notes Offering (in July 2016). Section 11(e) of the Securities Act provides a damages formula with respect to claims under Section 11, and the formula below generally tracks the statutory scheme for causation and damages. For purposes of the calculations below, August 3, 2017 is the date of suit, and the Notice Date is the proxy for the date of judgment.

10. Based on the formulas set forth below, a "Securities Act Recognized Loss Amount" is calculated for each Settlement Class Member who lists on the Proof of Claim and Release Form and provides adequate documentation that he, she or it (i) purchased or acquired Teva ADS in the ADS/Preferred Offering or (ii) purchased or acquired Teva Preferred Shares or Notes in or traceable to the ADS/Preferred Offering or the Notes Offering.

11. Purchases and acquisitions of Teva ADS will be considered to have been made in the ADS Offering if and only if the ADS were purchased or acquired during the period from

---

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Teva ADS during the "90-day look-back period," May 13, 2019 through and including August 8, 2019. The mean (average) closing price for Teva ADS during this 90-day look-back period was $9.04.

December 3, 2015 through January 6, 2016 and (i) at the ADS Offering price of $62.50 and/or (ii) directly from an underwriter for the ADS Offering.[5]  Claimants must provide adequate documentation of these conditions.  Purchases and/or acquisitions of Teva ADS that do not satisfy these conditions are not eligible for a Securities Act Recognized Loss Amount.

### a.  Teva ADS

12. For each Teva ADS purchased or acquired in the ADS/Preferred Offering and:

   a.  Sold prior to August 3, 2017, the Recognized Loss Amount shall be the purchase/acquisition price per ADS (not to exceed $62.50, the issue price of the ADS in the Offering) minus the sale price per ADS.

   b.  Sold on or after August 3, 2017 and prior to the close of trading on [the Notice Date], the Recognized Loss Amount shall be *the lesser of*:   (i) the purchase/acquisition price per ADS (not to exceed $62.50, the issue price of the ADS in the Offering) minus the sale price per ADS, and (ii) the purchase/acquisition price per ADS (not to exceed $62.50, the issue price of the ADS in the Offering) minus $18.90 per ADS.

   c.  Held through the close of trading on [the Notice Date], the Recognized Loss Amount shall be the purchase/acquisition price per ADS (not to exceed $62.50, the issue price of the ADS in the Offering) minus $18.90 per ADS.

### b.  Teva Preferred Shares

13. For each Preferred Share purchased or acquired in or traceable to the ADS/Preferred Offering and:

   a.  Sold prior to August 3, 2017, the Recognized Loss Amount shall be the purchase/acquisition price per Preferred Share (not to exceed $1,000, the offering price of each Preferred Share in the Offering) minus the sale price per Preferred Share.

   b.  Sold on or after August 3, 2017 and prior to the close of trading on December 14, 2018, the Recognized Loss Amount shall be *the lesser of*:   (i) the purchase/acquisition price per Preferred Share (not to exceed $1,000, the offering price of each Preferred Share in the Offering) minus the sale price per Preferred Share, and (ii) the purchase/acquisition price per Preferred Share (not to exceed $1,000, the offering price of each Preferred Share in the Offering) minus $412.15 per Preferred Share.

---

[5] The underwriters for the ADS Offering include:  Barclays Capital Inc.; Citigroup Global Markets Inc.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Morgan Stanley & Co. LLC; BNP Paribas Securities Corp.; Credit Suisse Securities (USA) LLC; HSBC Securities (USA) Inc.; Mizuho Securities USA Inc.; RBC Capital Markets, LLC; and SMBC Nikko Securities America, Inc.

c.  Held at the close of trading on December 14, 2018 (the last trading day before each Preferred Share was converted on December 17, 2018 to 19.0262 ADS (the "Converted ADS")), the Recognized Loss Amount shall be the purchase/acquisition price per Preferred Share (not to exceed $1,000, the offering price of each Preferred Share in the Offering) minus $412.15 per Preferred Share.[6]

d.  For the avoidance of doubt, Settlement Class Members who held Preferred Shares at the close of trading on December 14, 2018 shall have no additional Recognized Loss Amount with respect to their Converted ADS (as determined by the Claims Administrator based on the Proof of Claim and Release Form and/or the documentation provided).

### c.  Teva Notes

14. For each Teva Note purchased or acquired in or traceable to the Notes Offering and:

a.  Sold prior to August 3, 2017, the Recognized Loss Amount shall be the purchase/acquisition price per Note (not to exceed the offering prices set forth in Table C below) minus the sale price per Note.

b.  Sold on or after August 3, 2017 and prior to the close of trading on [the Notice Date], the Recognized Loss Amount shall be *the lesser of*:   (i) the purchase/acquisition price per Note (not to exceed the offering prices set forth in Table C below) minus the sale price per Note, and (ii) the purchase/acquisition price per Note (not to exceed the offering prices set forth in Table C below) minus the price at suit set forth in Table C below.

c.  Held through the close of trading on [the Notice Date], the Recognized Loss Amount shall be the purchase/acquisition price per Note (not to exceed the offering prices set forth in Table C below) minus the price at suit set forth in Table C below.

d.  Held through redemption (in the case of 2018 Notes, 2019 Notes, or 2021 Notes) or validly tendered (in the case of 2023 Notes), the Recognized Loss Amount shall be zero.

### ADDITIONAL PROVISIONS

15. **Calculation of Claimant's "Recognized Claim":**  A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Teva Securities.

16. **FIFO Matching:**  If a Settlement Class Member made more than one purchase/acquisition or sale of Teva Securities during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first

---

[6] Early conversions of Preferred Shares (*i.e.*, before December 17, 2018) will be treated as sales of Preferred Shares pursuant to Paragraph 13(a)-(b) above (using the price at time of conversion as the sale price), and the resulting ADS will be treated as purchases of ADS pursuant to Paragraph 8 above.

against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

17. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Teva Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Teva Securities during the Class Period shall not be deemed a purchase, acquisition or sale of Teva Securities for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Teva Securities unless (i) the donor or decedent purchased or otherwise acquired or sold Teva Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Proof of Claim and Release Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Teva Securities.

18. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Teva Securities. The date of a "short sale" is deemed to be the date of sale of the Teva Securities.

19. In the event that a claimant has an opening short position in Teva Securities, the earliest purchases or acquisitions of Teva Securities during the Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

20. **Teva Securities Purchased/Sold Through the Exercise of Options:** With respect to Teva Securities purchased or sold through the exercise of an option, the purchase/sale date of the Teva Security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

21. **Domestic Transactions:** Solely for purposes of the settlement and the Plan of Allocation, transactions in Preferred Shares and Notes are deemed domestic transactions.

22. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

23. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

24. If an Authorized Claimant's Distribution Amount calculates to less than $10.00 (or, subject to the Court's approval, a larger amount that the Claims Administrator determines

is not economically feasible to distribute) no distribution will be made to that Authorized Claimant.

**TABLE A**
**Estimated Artificial Inflation with Respect to Teva ADS**
**February 6, 2014 through and including May 10, 2019**

| Date Range | Artificial Inflation Per ADS |
|---|---|
| February 6, 2014 – November 2, 2016 | $12.23 |
| November 3, 2016 – November 14, 2016 | $9.12 |
| November 15, 2016 – December 5, 2016 | $16.39 |
| December 6, 2016 – January 5, 2017 | $14.28 |
| January 6, 2017 – February 6, 2017 | $11.47 |
| February 7, 2017 – August 2, 2017 | $9.42 |
| August 3, 2017 – February 7, 2018 | $4.85 |
| February 8, 2018 – December 9, 2018 | $2.90 |
| December 10, 2018 – May 10, 2019 | $1.93 |

**Table B**
**90-Day Look-Back Table for Teva ADS**
**Closing Price and Average Closing Price**
**May 13, 2019 through August 8, 2019**

| Date | Closing Price | Average Closing Price Between May 13, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between May 13, 2019 and Date Shown |
|---|---|---|---|---|---|
| 5/13/2019 | $ 12.23 | $ 12.23 | 6/26/2019 | $ 8.89 | $ 9.69 |
| 5/14/2019 | 12.10 | 12.17 | 6/27/2019 | 9.08 | 9.67 |
| 5/15/2019 | 11.44 | 11.92 | 6/28/2019 | 9.23 | 9.66 |
| 5/16/2019 | 11.42 | 11.80 | 7/1/2019 | 9.32 | 9.65 |
| 5/17/2019 | 11.63 | 11.76 | 7/2/2019 | 9.43 | 9.64 |
| 5/20/2019 | 11.49 | 11.72 | 7/3/2019 | 9.60 | 9.64 |
| 5/21/2019 | 11.86 | 11.74 | 7/5/2019 | 9.47 | 9.64 |
| 5/22/2019 | 11.54 | 11.71 | 7/8/2019 | 9.17 | 9.63 |
| 5/23/2019 | 11.04 | 11.64 | 7/9/2019 | 9.37 | 9.62 |
| 5/24/2019 | 10.87 | 11.56 | 7/10/2019 | 9.18 | 9.61 |

A-8

| | | | | | |
|---|---|---|---|---|---|
| 5/28/2019 | 9.52 | 11.38 | 7/11/2019 | 8.97 | 9.59 |
| 5/29/2019 | 9.70 | 11.24 | 7/12/2019 | 9.25 | 9.59 |
| 5/30/2019 | 8.84 | 11.05 | 7/15/2019 | 8.56 | 9.56 |
| 5/31/2019 | 8.65 | 10.88 | 7/16/2019 | 8.20 | 9.53 |
| 6/3/2019 | 8.90 | 10.75 | 7/17/2019 | 8.11 | 9.50 |
| 6/4/2019 | 9.53 | 10.67 | 7/18/2019 | 7.83 | 9.47 |
| 6/5/2019 | 9.53 | 10.61 | 7/19/2019 | 7.91 | 9.43 |
| 6/6/2019 | 9.41 | 10.54 | 7/22/2019 | 7.69 | 9.40 |
| 6/7/2019 | 9.26 | 10.47 | 7/23/2019 | 7.68 | 9.36 |
| 6/10/2019 | 9.29 | 10.41 | 7/24/2019 | 8.00 | 9.34 |
| 6/11/2019 | 9.08 | 10.35 | 7/25/2019 | 7.60 | 9.30 |
| 6/12/2019 | 8.71 | 10.27 | 7/26/2019 | 7.54 | 9.27 |
| 6/13/2019 | 8.61 | 10.20 | 7/29/2019 | 7.86 | 9.24 |
| 6/14/2019 | 8.24 | 10.12 | 7/30/2019 | 7.91 | 9.22 |
| 6/17/2019 | 8.20 | 10.04 | 7/31/2019 | 7.93 | 9.20 |
| 6/18/2019 | 8.36 | 9.98 | 8/1/2019 | 7.83 | 9.17 |
| 6/19/2019 | 8.18 | 9.91 | 8/2/2019 | 7.86 | 9.15 |
| 6/20/2019 | 8.12 | 9.85 | 8/5/2019 | 7.83 | 9.13 |
| 6/21/2019 | 8.45 | 9.80 | 8/6/2019 | 7.06 | 9.09 |
| 6/24/2019 | 8.25 | 9.75 | 8/7/2019 | 7.29 | 9.06 |
| 6/25/2019 | 8.81 | 9.72 | 8/8/2019 | 7.29 | 9.04 |

**TABLE C**
**Teva Notes Offering Prices and Prices at Time of Suit**

| Note | Offering Price ($) | Price at Suit ($) |
|---|---|---|
| 2018 | 999.14 | 996.24 |
| 2019 | 999.91 | 993.51 |
| 2021 | 998.35 | 972.98 |
| 2023 | 996.66 | 962.59 |
| 2026 | 997.34 | 937.62 |
| 2046 | 991.67 | 889.12 |

A-9

## APPENDIX B – DIRECT ACTION PLAINTIFFS

"Direct Action Plaintiffs" mean all plaintiffs in the following individual (non-class) U.S. securities actions pending in the *In re Teva Securities Litigation* in the United States District Court for the District of Connecticut:

| | |
|---|---|
| 1 | *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 |
| 2 | *Nordea Investment Mgmt. AB v. Teva Pharm. Industries Ltd., et al.*, No. 3:18-cv-1681 |
| 3 | *State of Alaska Dept. of Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721 |
| 4 | *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956 |
| 5 | *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175 |
| 6 | *Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192 |
| 7 | *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449 |
| 8 | *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513 |
| 9 | *Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543 |
| 10 | *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603 |
| 11 | *Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655 |
| 12 | *Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 |
| 13 | *Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 |
| 14 | *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923 |
| 15 | *Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 |
| 16 | *Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173 |
| 17 | *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 |
| 18 | *The Boeing Co. Emp. Ret. Plans Master Tr. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-588 |
| 19 | *Fir Tree Value Master Fund, LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-683 |
| 20 | *BH Investments Funds, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1635 |
| 21 | *Franklin Mutual Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630 |
| 22 | *TIAA-CREF Investment Management, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:21-cv-118 |

Dated: _____, 2022

BY ORDER OF THE COURT:
United States District Court for the
District of Connecticut