**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

IN RE TEVA SECURITIES LITIGATION

THIS DOCUMENT RELATES TO:

:
:
:
:
:

No. 3:17-cv-00558 (SRU)

All Class Actions

**[PROPOSED] ORDER PRELIMINARILY APPROVING**
**SETTLEMENT AND PROVIDING FOR CLASS NOTICE**

WHEREAS, the class actions consolidated for all purposes under the caption *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Indus. Ltd., et al.*, No. 3:17-cv-558 (D. Conn.) (the "Litigation") are pending before the Court;

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement dated January 18, 2022 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and hereby preliminarily approves the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and the Court's prior class certification order (ECF 736), for purposes of this settlement only, the Court preliminarily certifies a Settlement Class comprised of:

(1) As to claims under the Securities Exchange Act of 1934, all persons and entities who, in domestic transactions, purchased or otherwise acquired the following securities during the Class Period, and were damaged thereby:

    a.  Teva American Depositary Shares ("ADS");

    b.  Teva 7.00% mandatory convertible preferred shares issued on or about December 3, 2015 and January 6, 2016 ("Preferred Shares");

    c.  The following Teva Finance U.S.-dollar-denominated senior notes issued on or about July 21, 2016:

        i.   1.400% Senior Notes due July 20, 2018 ("2018 Notes");

        ii.  1.700% Senior Notes due July 19, 2019 ("2019 Notes");

        iii. 2.200% Senior Notes due July 21, 2021 ("2021 Notes");

        iv.  2.800% Senior Notes due July 21, 2023 ("2023 Notes");

        v.   3.150% Senior Notes due October 1, 2026 ("2026 Notes"); and

        vi.  4.100% Senior Notes due October 1, 2046 ("2046 Notes") (collectively, the "Notes"); and

(2) As to claims under the Securities Act of 1933, all persons and entities who, in domestic transactions, purchased or otherwise acquired ADS, Preferred Shares, and Notes pursuant or traceable to the offerings of ADS and Preferred Shares completed on or about December 3, 2015 and January 6, 2016, or the offering of the Notes completed on or about July 21, 2016; and as to the alleged additional state-law claims, all persons and entities who purchased or otherwise acquired ADS pursuant to Teva's Employee Stock Purchase Plan for U.S. Employees ("ESPP") during the Class Period, and were damaged thereby.

Excluded from the Settlement Class are (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Teva, Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Finance Netherlands III B.V., and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (4) any entity in which any Defendant has or has had a controlling interest; (5) Teva's employee

2

retirement and benefit plan(s) (not including the ESPP); and (6) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories.  Also excluded from the Settlement Class are (a) any person or entity that during the Class Period purchased or otherwise acquired Teva Securities and has been promised or received a payment from or on behalf of Defendants related to or arising from litigation, or otherwise released its claims, related to its Class Period transactions in Teva Securities other than a payment of attorneys' fees or costs incurred by such person or entity; (b) any Settlement Class Member that validly and timely requests exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action; and (c) Direct Action Plaintiffs who have not both (i) dismissed their claims and (ii) submitted completed Proofs of Claim and Releases by no later than 75 days after the Notice Date (defined below).

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's prior class certification order (ECF 736), Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System are preliminarily appointed as Class Representatives for the Settlement Class, Bleichmar Fonti & Auld LLP is preliminarily appointed as Class Counsel for the Settlement Class, and Carmody Torrance Sandak & Hennessey LLP is preliminarily appointed as Class Liaison Counsel for the Settlement Class.

4.      The Court preliminarily finds that the proposed settlement should be approved as: (i) it is the result of extensive arm's-length and non-collusive negotiations; (ii) it falls within a range of reasonableness warranting final approval; (iii) it has no obvious deficiencies; and (iv) the proposed settlement warrants notice to Settlement Class Members and further consideration at the Settlement Hearing described below.

5.      A hearing (the "Settlement Hearing") shall be held before this Court on **____**, **2022** [a date that is at least 125 calendar days from the date of this Order], at the United States District Court for the District of Connecticut, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, CT 06604, to determine (1) whether the proposed settlement, as set forth in the Stipulation, should be approved as fair, reasonable, and adequate to Settlement Class Members; (2) whether the proposed plan to distribute the Net Settlement Fund (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the applications by Class Counsel for attorneys' fees and expenses should be approved; and (4) whether the proposed Judgment as provided in ¶1.15 of the Stipulation should be entered.

6.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and the Summary Notice and Long-Form Notice of Proposed Settlement of Class Action (the "Long-Form Notice") annexed to the Stipulation as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, Long-Form Notice, and Proof of Claim and Release, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Federal Rule of Civil Procedure 23 and due process, and are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.      The firm of Epiq Class Action and Claims Solutions, Inc. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

8.      **No later than _____, 2022** [twenty (20) calendar days after the Court signs and enters this Order] (the "Notice Date"), the Claims Administrator shall commence mailing the

Notice, substantially in the forms annexed to the Stipulation, by First-Class Mail in an envelope marked "United States District Court" to (a) all Settlement Class Members identified on the Transfer List, and (b) brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors.

9.      Nominee purchasers such as brokerage firms and other persons and entities who may have purchased or acquired Teva ADS, Preferred Shares, and/or Notes during the Class Period for the beneficial interest of persons or entities other than themselves shall either (i) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Litigation.   The Claims Administrator shall follow up with brokers and custodians to ensure the Notice is sent to beneficial owners in a timely manner.   Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.   Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

10.     Within twenty-eight (28) days after entry of this Order, the Claims Administrator shall (1) cause copies of the Notice (in English and Hebrew), Proof of Claim and Release, Summary Notice, Long-Form Notice, Stipulation, and relevant Court documents (including the operative Complaint, the Defendants' Answer to the operative Complaint, and the Court's order certifying the Class) to be posted on a website to be developed for the Litigation (www.TevaSecuritiesLitigation.com), and (2) cause a one-time publication of the Summary Notice to be made in the national edition of *The Wall Street Journal* and *Investor's Business Daily* and to be transmitted over *PR Newswire*, and the Hebrew version thereof to be published once in the *Globes* business newspaper in Israel.  In addition, Class Counsel shall post the Notice and other pertinent documents on its website, www.bfalaw.com.

11.     At least fourteen (14) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

12.     All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

13.     Settlement Class Members shall be bound by all determinations and judgments in this Litigation, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  Requests for exclusion from the Settlement Class shall be made by submitting a written request for exclusion to the Claims Administrator, and shall be timestamped (for online submissions) or received by the Claims Administrator **no later than ___,** seventy-five (75) calendar days after the Notice Date. The request for exclusion must:  (i) include the person's or entity's name, address, and telephone

number; (ii) state that the person or entity wishes to be "excluded from the Settlement Class in *In re Teva Securities Litigation*, No. 3:17-cv-00558 (SRU) (D. Conn.)"; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all ADS, Preferred Shares, and/or Notes purchased and/or sold during the Class Period; and (iv) be signed by the person or entity requesting exclusion or their authorized representative (accompanied by proof of authorization). No request for exclusion shall be effective unless it is timely and provides the required information.  Settlement Class Members who make an effective request for exclusion from the Settlement Class shall not be bound by the settlement and shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

14.    **No later than ___, 2022**, seventy-five (75) calendar days after the Notice Date, any Direct Action Plaintiffs who wish to participate in the settlement must (a) dismiss their action and (b) postmark or electronically submit Proof of Claim and Release forms, including copies of stockbroker confirmation slips, stockbroker statements, or other documents requested therein (with simultaneous copies emailed to Class Counsel at tevasettlement@bfalaw.com and counsel for Defendants at tevasettlement@kasowitz.com).

15.    Settlement Class Members who wish to participate in the settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein.  Except as provided in paragraph 14 above, all Proof of Claim and Release forms must be postmarked or submitted electronically **no later than _____, 2022**, ninety (90) calendar days after the Notice Date.   Any Settlement Class Member who does not timely submit a Proof of Claim and Release on or before the foregoing deadlines shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

Notwithstanding the foregoing, Class Counsel may, in its discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

16.     Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

17.     Any Member of the Settlement Class may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, and/or why attorneys' fees and expenses should or should not be awarded to Class Representatives' Counsel; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has submitted an objection in writing that must (1) include the objector's name, address, and telephone number; (2) clearly identify the case name and number (*In re Teva Securities Litigation*, No. 3:17-cv-00558 (SRU) (D. Conn.)); (3) demonstrate the objector's membership in the Settlement Class by providing proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) of the date(s), price(s), and number(s) of all ADS, Preferred Shares, and/or Notes purchased and/or sold during the Class Period; (4) contain a statement of the reasons for objection; (5) identify all other class action settlements the objector or his, her or its counsel has previously objected to; (6) include copies of any papers, briefs, or other documents upon which the objection is based; (7) include the objector's signature, even if represented by counsel; and (8) be submitted to the Court either by mailing them to the Clerk's Office of the District Court for the District of Connecticut, Brien McMahon Federal Building,

915 Lafayette Boulevard, Bridgeport, CT 06604, or by filing them in person at any location of the United States District Court for the District of Connecticut, or electronically by ECF on the docket for this case.  Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____, 2022** [twenty-one (21) calendar days prior to the Settlement Hearing].  Any Member of the Settlement Class who does not make his, her or its objection in the manner and time provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Class Representatives' Counsel, unless otherwise ordered by the Court.  Although attendance at the Settlement Hearing is not necessary, persons wishing to be heard orally in opposition to approval of the settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing.  If an objector hires an attorney to represent him, her, or it for the purposes of making an objection, the attorney must file a notice of appearance with the Court and effect service on the parties to the Litigation **on or before _____, 2022** [twenty-one (21) calendar days prior to the Settlement Hearing].

18.     The Court approves the establishment of the Escrow Accounts into which the Settlement Amount will be deposited for the benefit of the Settlement Class.  All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall

remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19.     All opening briefs and supporting documents in support of final approval of the settlement, the Plan of Allocation, and any application by Class Counsel for attorneys' fees and expenses shall be filed and served **by＿＿＿, 2022** [thirty-five (35) calendar days prior to the Settlement Hearing].  Replies to any objections shall be filed and served **by＿＿＿, 2022** [fourteen (14) calendar days prior to the Settlement Hearing].

20.     Neither the Released Defendants nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

21.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

22.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither Class Representatives nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

23.     Neither the Stipulation, nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the

validity of any Released Claim, the truth of any of the allegations in the Litigation, of any

wrongdoing, fault, or liability of the Released Defendants, or that Class Representatives or any

Settlement Class Members have suffered any damages, harm, or loss; or (b) is or may be deemed

to be or may be used as an admission of, or evidence of, any fault or omission of any Released

Defendants in any civil, criminal, or administrative proceeding in any court, administrative

agency, or other tribunal.

24.     The Court reserves the right to adjourn the date of the Settlement Hearing without

further notice to the Members of the Settlement Class, and retains jurisdiction to consider all

further applications arising out of or connected with the proposed settlement.  The Court may

approve the settlement, with such modifications as may be agreed to by the Settling Parties, if

appropriate, without further notice to the Settlement Class.

25.     In the event that the Stipulation is not approved by the Court or the settlement set

forth in the Stipulation is terminated or fails to become effective in accordance with its terms, (i)

the Settling Parties shall be restored to their respective positions in the Litigation as of January

18, 2022 and shall promptly raise with the Court any relief requested concerning the case

schedule; and (ii) the Settlement Amount shall be refunded, to the extent provided in Paragraph

7.5 and 7.7 of the Stipulation, pursuant to written instructions from counsel for Defendants as set

forth in the Stipulation.  In such event, the terms and provisions of the Stipulation, except as set

forth in the Stipulation, shall be null and void, have no further force and effect, and shall not be

used in the Litigation or in any other proceeding for any purpose, and this Order, in accordance

with the terms of the Stipulation, shall be treated as vacated, *nunc pro tunc*, and shall not be used

in this Litigation or in any other proceeding for any purpose.

26.     Pending final determination of whether the proposed settlement should be approved, neither Class Representatives nor any Settlement Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants any action or proceeding in any court or tribunal asserting any Released Claims. This provision shall not apply to Direct Action Plaintiffs.

27.     Pending further order of the Court, all litigation activity, except that contemplated herein, in the Stipulation, in the Notice, in the Summary Notice or Long-Form Notice, or in the Judgment, is hereby stayed, and all hearings, deadlines and other proceedings in this Litigation, except the Settlement Hearing and any deadlines set forth in this Order, are hereby taken off calendar.

IT IS SO ORDERED.

Dated: _____, 2022

_____
Stefan R. Underhill
Chief United States District Judge
District of Connecticut