**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION : | No. 3:17-cv-00558 (SRU) |
| THIS DOCUMENT RELATES TO: : | All Class Actions |

**ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND REASONABLE COSTS AND EXPENSES TO CLASS REPRESENTATIVES**

This matter came before the Court for hearing on June 2, 2022, pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice dated January 27, 2022 (the "Order"), on Lead Counsel's motion for the award of: (1) attorneys' fees, (2) litigation expenses, and (3) reasonable costs and expenses to Class Representatives pursuant to the Private Securities Litigation Reform Act of 1995.[1] Full and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated January 18, 2022 (the "Stipulation") (ECF 919-2), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. The Court finds that Settlement Class Members received the best notice practicable under the circumstances of these proceedings and of the requested awards, and that

---

[1] "Class Counsel" are Bleichmar Fonti & Auld LLP; Bleichmar Fonti & Auld Canada; The Law Offices of Susan R. Podolsky; and Carmody Torrance Sandak & Hennessey LLP. Capitalized terms not defined herein shall have the meanings specified in the Stipulation of Settlement, dated January 18, 2022 (ECF 919-2).

this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act, due process, and any other applicable law.

4. Lead Counsel is awarded attorneys' fees in the amount of 23.70% of the Settlement Fund, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

5. Lead Counsel shall allocate the attorneys' fees among Class Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6. Class Counsel are awarded litigation expenses in the amount of $9,717,887.47, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

7. In making these awards of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

   a. Class Counsel's efforts on behalf of Settlement Class Members have created a common fund of $420 million in cash;

   b. The requested attorneys' fee has been reviewed and approved as reasonable by Class Representatives, both of which are experienced institutional investors and PSLRA lead plaintiffs that actively oversaw the prosecution and resolution of the Litigation, as detailed in the Declaration of Jeffrey Davis on behalf of Ontario Teachers' Pension Plan Board and the Declaration of Edward A. Jarvis on behalf of Anchorage Police & Fire Retirement System;

     c.     Class Counsel secured the settlement through skilled advocacy and heavy investment of time and resources, achieving class certification, conducting extensive fact and expert discovery (including 40 depositions), and preparing for summary judgment and *Daubert* motions;

     d.     The Litigation involved a number of complex issues, and, absent the settlement, would involve lengthy further proceedings, leaving the Settlement Class exposed to significant risks of recovering less or nothing from Defendants;

     e.     Class Counsel prosecuted the Litigation for over five years on a contingent basis and devoted more than 77,000 hours to the Litigation, with a lodestar value of over $45.8 million;

     f.     Class Counsel worked efficiently, and the fee awarded results in a lodestar multiplier of 2.17, which is reasonable in light of comparable settlements;

     g.     The amounts of attorneys' fees and expenses awarded from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

     h.     Public policy considerations favor the attorneys' fee award.

8.     Consistent with the Stipulation, the fees and expenses awarded pursuant to this Order are payable immediately upon execution of the Judgment and entry of this Order, notwithstanding any appeals.

9.     In accordance with 15 U.S.C. § 78u-4(a)(4), the Court awards reasonable costs and expenses to Class Representatives in the amounts of $49,213.02 to Ontario Teachers'

Pension Plan Board and $7,080 to Anchorage Police & Fire Retirement System, to be paid from the Settlement Fund.

10. There have been no objections to the awards.

11. There is no just reason for delay in the entry of this Order, and the Court directs immediate entry of this Order by the Clerk of the Court.

IT IS SO ORDERED.

Dated: June 2, 2022

Stefan R. Underhill
United States District Judge
District of Connecticut