**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE TEVA SECURITIES LITIGATION : | No. 3:17-cv-00558 (SRU) |
| : | |
| THIS DOCUMENT RELATES TO: : | All Class Actions |
| : | |

## **FINAL JUDGMENT**

This matter came before the Court for hearing on June 2, 2022, pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice dated January 27, 2022 (the "Order"), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated January 18, 2022 (the "Stipulation"). Full and adequate notice having been given to the Settlement Class as required in the Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's prior class certification order (ECF 736), the Court hereby affirms its determinations in the Order and finally certifies a Settlement Class comprised of:

(1) As to claims under the Securities Exchange Act of 1934, all persons and entities who, in domestic transactions, purchased or otherwise acquired the following securities during the Class Period, and were damaged thereby:

a.   Teva American Depositary Shares ("ADS");

      b.  Teva 7.00% mandatory convertible preferred shares issued on or about December 3, 2015 and January 6, 2016 ("Preferred Shares");

      c.  The following Teva Finance U.S.-dollar-denominated senior notes issued on or about July 21, 2016:

        i.     1.400% Senior Notes due July 20, 2018 ("2018 Notes");

        ii.    1.700% Senior Notes due July 19, 2019 ("2019 Notes");

        iii.   2.200% Senior Notes due July 21, 2021 ("2021 Notes");

        iv.   2.800% Senior Notes due July 21, 2023 ("2023 Notes");

        v.    3.150% Senior Notes due October 1, 2026 ("2026 Notes"); and

        vi.   4.100% Senior Notes due October 1, 2046 ("2046 Notes") (collectively, the "Notes"); and

(2)  As to claims under the Securities Act of 1933, all persons and entities who, in domestic transactions, purchased or otherwise acquired ADS, Preferred Shares, and Notes pursuant or traceable to the offerings of ADS and Preferred Shares completed on or about December 3, 2015 and January 6, 2016, or the offering of the Notes completed on or about July 21, 2016; and as to the alleged additional state-law claims, all persons and entities who purchased or otherwise acquired ADS pursuant to Teva's Employee Stock Purchase Plan for U.S. Employees ("ESPP") during the Class Period, and were damaged thereby.

Excluded from the Settlement Class are (1) Defendants and any affiliates or subsidiaries thereof; (2) present and former officers and directors of Teva, Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Finance Netherlands III B.V., and their immediate family members (as defined in Item 404 of SEC Regulation S-K, 17 C.F.R. § 229.404, Instructions (1)(a)(iii) & (1)(b)(ii)); (3) Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof; (4) any entity in which any Defendant has or has had a controlling interest; (5) Teva's employee retirement and benefit plan(s) (not including the ESPP); and (6) the legal representatives, heirs, estates, agents, successors, or assigns of any person or entity described in the preceding five categories. Also excluded from the Settlement Class are (a) any person or entity that during the Class Period purchased or otherwise acquired Teva Securities and has been promised or received a payment from or on behalf of Defendants related to or arising from litigation, or otherwise

2

released its claims, related to its Class Period transactions in Teva Securities other than a payment of attorneys' fees or costs incurred by such person or entity; (b) the Settlement Class Members that validly and timely requested exclusion (identified in Exhibit 1 hereto); and (c) Direct Action Plaintiffs that did not timely dismiss their claims and submit Proof of Claim and Release forms (identified in Exhibit 2 attached hereto).

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Court's prior class certification order (ECF 736), the Court hereby affirms its determinations in the Order and finally appoints Ontario Teachers' Pension Plan Board and Anchorage Police & Fire Retirement System as Class Representatives for the Settlement Class, Bleichmar Fonti & Auld LLP as Class Counsel for the Settlement Class, and Carmody Torrance Sandak & Hennessey LLP as Class Liaison Counsel for the Settlement Class.

5.    The Court finds that the distribution of the Notice, Long-Form Notice and Proof of Claim and Release, and Summary Notice complied with the terms of the Stipulation and the Order, and provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and that this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act, due process, and any other applicable law.

6.    There have been no objections to the settlement.

7.    In light of the benefits to the Settlement Class, the complexity, expense, and possible duration of further litigation against Defendants, the risks of establishing liability and

damages, and the costs of continued litigation, pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the settlement set forth in the Stipulation and finds that:

a. the Stipulation and the settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

b. there was no collusion in connection with the Stipulation;

c. the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

d. the record is sufficiently developed and complete to have enabled Class Representatives and the Defendants to have adequately evaluated and considered their positions.

Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

8. Except as to any individual claim of (1) any Person who during the Class Period purchased or otherwise acquired Teva Securities and has been promised or received a payment from or on behalf of Defendants related to or arising from litigation, or otherwise released its claims, related to its Class Period transactions in Teva Securities other than a payment of attorneys' fees or costs incurred by such Person; (2) those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 attached hereto); and (3) Direct Action Plaintiffs that did not timely dismiss their claims and submit Proof of Claim and Release forms (identified in Exhibit 2 attached hereto), the Litigation and all claims contained therein, including the Released Claims, are dismissed with prejudice as to the Class Representatives, and all other Settlement Class Members, and as against the Released Defendants. The Settling Parties are to bear their own fees and costs except as otherwise

4

provided in the Stipulation or this Order, or any separate order with respect to the application for an award of attorneys' fees or expenses pursuant to the Stipulation.

9. Upon the Effective Date, and as provided in the Stipulation, Class Representatives shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all Released Claims (including Unknown Claims) against the Released Defendants, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Settlement Fund. Claims relating to the enforcement of the settlement and the Stipulation are not released.

10. Class Representatives and all Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendants.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, each and all of the Settlement Class Members, and Class Representatives' Counsel from all Releasing Defendants' Claims (including Unknown Claims) against the Released Plaintiff Parties. Claims relating to the enforcement of the settlement and the Stipulation are not released.

12. Except as provided in Paragraph 13 below, each Member of the Settlement Class, whether or not such Member of the Settlement Class executes and delivers a Proof of Claim and Release, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

5

13.     All Persons and entities whose names appear on Exhibit 1 and/or Exhibit 2 hereto are not members of the Settlement Class, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the settlement.

14.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, the truth of any of the allegations in the Litigation, or of any wrongdoing, fault, or liability of the Released Defendants, or that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Defendants may file the Stipulation and/or this Judgment from this action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the Releasing Defendants' Claims, or of any wrongdoing, fault, or liability of, or damage, harm, or loss caused by, the Released Plaintiff Parties.

16.     The Court hereby enters the broadest bar order permissible by law barring all future claims for contribution or indemnity (or any other claim or claim-over, however

denominated on whatsoever theory, for which the injury claimed is that person's or entity's alleged liability to Class Representatives or Settlement Class Members) among and against Class Representatives, any and all Settlement Class Members, and the Released Defendants arising out of the Litigation and Released Claims ("Bar Order"), provided, however, that the Bar Order shall not preclude either (i) the Released Defendants from seeking to enforce any rights they may have under any applicable insurance policies or (ii) any right of indemnification or contribution that the Released Defendants may have under contract or otherwise. The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act ("PSLRA").

17.     Any Plan of Allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Defendants have no responsibility with respect to the Plan of Allocation.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel (Class Representatives' Counsel and all counsel for Defendants) at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20.     In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.     Without further order of the Court, the Released Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

Dated: June 2 , 2022


Stefan R. Underhill
United States District Judge
District of Connecticut

8

**EXHIBIT 1**

*In re Teva Securities Litigation*, **No. 3:17-cv-00558-SRU (D. Conn.)**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

| | | |
|---|---|---|
| 1. | State of Wisconsin Investment Board[1] | Madison, Wisconsin |
| 2. | Robert Ray | Dunbarton, New Hampshire |
| 3. | Lynn Faenza | North Royalton, Ohio |
| 4. | Amit Khanna | Weston, Florida |
| 5. | Carolyn Lohse | Brazil, Indiana |
| 6. | Leonard H. Simms, Janette B. Simms, & Leonard H. Simms, III IRA | Rockport, Texas |
| 7. | John E. Johnson, CFA & Barbara Velez | Carmel, Indiana |
| 8. | Patrick N. Strang | Vermontville, Michigan |
| 9. | John Bohmfalk | Coulee Dam, Washington |
| 10. | Jen-kou Tzou | Lisle, Illinois |
| 11. | Nadine Saad | Coquitlam, British Columbia |
| 12. | Alain Vizier | Newark, California |
| 13. | Malta Pension Investments | St. Julians, Malta |
| 14. | John Peterman | Hatboro, Pennsylvania |
| 15. | Mary Lou Yindra | Ivoryton, Connecticut |
| 16. | Carolina Munro | Delray Beach, Florida |
| 17. | Robert H. Flowers & Irene S. Flowers | Youngstown, Ohio |

---

[1] On January 27, 2021, State of Wisconsin Investment Board ("SWIB") intervened in this action. (ECF 695.) On January 18, 2022, Class Representatives filed their Motion for Preliminary Approval of Class Settlement (ECF 919); two days later, on January 20, 2022, SWIB filed an individual action against Defendants, *State of Wisconsin Investment Bd. v. Teva Pharm. Indus. Ltd.*, No. 3:22-cv-00106 (D. Conn. filed Jan. 20, 2022).

| | | |
|---|---|---|
| 18. | Gregory Domsic | Erie, Pennsylvania |
| 19. | Sharon Brittle | Sevierville, Tennessee |
| 20. | Larry L. Hanes | Geneva, Illinois |
| 21. | Howard Bucci and Stephanie Bucci | West Richland, Washington |
| 22. | Yee Shin Kee | Singapore |
| 23. | James E. Ring | Palm Coast, Florida |
| 24. | Roderick Lin Tim Chong | Sun Valley, California |
| 25. | Francesca Drago | Pennsville, New Jersey |
| 26. | Thomas Cook | Hastings, Florida |
| 27. | Peter Handal | East Hampton, New York |
| 28. | Forest A. Benson | Glen Mills, Pennsylvania |
| 29. | W. Wister Pilling | Bokeelia, Florida |
| 30. | Ellen Karch | Rockville, Maryland |
| 31. | Scott J. Gustin | Springdale, Arkansas |
| 32. | John Fenmor-Collins | Victoria, British Columbia |
| 33. | Eunice B. Jones, f/k/a Eunice B. Baker | Folsom, California |
| 34. | Margaret Paterson, Angus Paterson, & Paterson Family Trust | Vancouver, British Columbia |
| 35. | Nancy G. Fuhr | Aurora, Colorado |
| 36. | Margarette D. Nieto | Bakersfield, California |
| 37. | Connor Mason | Filley, Nebraska |
| 38. | Antonius Wehrle | Hamburg, Germany |
| 39. | Eugene Coates | Houston, Texas |
| 40. | Geok Mui Tan | Singapore |
| 41. | Leigh Kuecker | Watertown, South Dakota |
| 42. | Joseph Lomonaco | Gun Barrel City, Texas |

| | | |
|---|---|---|
| 43. | Ward F. Milenski | Jackson, Tennessee |
| 44. | Cristie Summers | North Canton, Ohio |
| 45. | Carmen A. Allen | Kingsman, Arizona |
| 46. | Joseph Floyd | Columbus, Georgia |
| 47. | Miranda Stephens | Enfield, Connecticut |
| 48. | Eros Correa | San Jose, California |
| 49. | Taesoo Kim | Brooklyn, New York |

## EXHIBIT 2

*In re Teva Securities Litigation*, No. 3:17-cv-00558-SRU (D. Conn.)

### Direct Action Plaintiffs Excluded from the Settlement Class

All plaintiffs in the following individual (non-class) actions pending in the United States District Court for the District of Connecticut ("Direct Action Plaintiffs") are excluded from the Settlement Class:

| | |
|---|---|
| 1 | *OZ ELS Master Fund, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:17-cv-1314 |
| 2 | *Nordea Investment Mgmt. AB v. Teva Pharm. Industries Ltd., et al.*, No. 3:18-cv-1681 |
| 3 | *State of Alaska Dept. of Revenue, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1721 |
| 4 | *Pacific Funds Series Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:18-cv-1956 |
| 5 | *Public School Teachers Pension and Ret. Sys. of Chicago v. Teva Pharm. Indus., Ltd.*, No. 3:19-cv-175 |
| 6 | *Schwab Capital Trust, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-192 |
| 7 | *Phoenix Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-449 |
| 8 | *Mivtachim The Workers Social Ins. Fund Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-513 |
| 9 | *Clal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-543 |
| 10 | *Highfields Capital I LP, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-603 |
| 11 | *Migdal Ins. Co., Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-655 |
| 12 | *Harel Pension and Provident Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-656 |
| 13 | *Oregon v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-657 |
| 14 | *Migdal Mutual Funds, Ltd. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-923 |
| 15 | *Psagot Mutual Funds, Ltd., et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1167 |
| 16 | *Stichting PGGM Depositary, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:19-cv-1173 |
| 17 | *Internationale Kapitalanlagegesellschaft mbH v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-83 |
| 18 | *BH Investments Funds, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1635 |
| 19 | *Franklin Mutual Series Funds, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:20-cv-1630 |
| 20 | *TIAA-CREF Investment Management, LLC, et al. v. Teva Pharm. Indus., Ltd., et al.*, No. 3:21-cv-118 |